FILED
2021 Feb-22  PM 09:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| JANE DOE #1, and JANE DOE #2, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MG FREESITES, LTD, d/b/a "PORNHUB", a foreign entity; MG FREESITES II LTD, a foreign entity, MINDGEEK S.A.R.L., a foreign entity; MINDGEEK USA, INCORPORATED, a Delaware corporation; MG CY HOLDINGS LTD, a foreign entity; MINDGEEK CONTENT RT LIMITED, a Foreign entity; 9219-1568 QUEBEC INC. d/b/a MINDGEEK, a foreign entity; MG BILLING LTD, a foreign entity,<br><br>Defendants. | CIVIL ACTION NO: 7-21-CV-00220 - LSC |

## **PLAINTIFFS' MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY**

COME NOW the Plaintiffs, Jane Doe #1 and Jane Doe #2 (the "Plaintiffs"), by and through the undersigned counsel, and respectfully move this Honorable Court, pursuant to Fed. R. Civ. P. 5.2, Fed. R. Civ. P. 10, and Fed. R. Civ. P. 26, to allow them to litigate this case under the Pseudonyms Jane Doe #1 and Jane Doe #2 and to ensure the Defendants in this matter keep the Plaintiffs' identities confidential during the prosecution of this lawsuit and after its conclusion. In support of the instant Motion, the Plaintiffs state as follows:

### I. BACKGROUND

The Plaintiffs initiated this action on February 11, 2021, against entities involved in owning and operating various pornography websites alleging violations of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1591 and 1595, among other laws. (Doc. 1 at par. 3). This litigation is still in its early stages.

Although, Fed. R. Civ. P. 10(a) dictates that "[t]he title of the complaint must name all parties", the Plaintiffs in this case, survivors of child sex trafficking within the meaning of 18 U.S.C. § 1591, filed their case under the pseudonyms "Jane Doe #1" and "Jane Doe #2" and now formally seek the protection of these pseudonyms as previously requested in their Complaint. *See* Doc. 1, Compl. at par. 10 and 13. Accordingly, the Plaintiffs move this Honorable Court to permit them to proceed pseudonymously throughout this litigation.

## II. ARGUMENT

Generally, the complaint must identify the names of the Plaintiffs. *See* Fed. R. Civ. P. (10)(a). However, "[i]n some 'exceptional' cases, the public interest in knowing the identity of all the parties must yield 'to a policy of protecting privacy in a very private matter.'" *Freedom from Religion Found., Inc. v. Emanuel Cnty. Sch. Sys.*, 109 F. Supp. 3d 1353, 1356 (S.D. Ga. 2015)(quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)). A plaintiff may proceed anonymously by demonstrating "a substantial privacy right which outweighs the 'customary and constitutionally-imbedded presumption of openness in judicial proceedings.'" *Id*. (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)).

Like most federal courts, the Eleventh Circuit uses a multi-factor balancing test, in which no one factor is dispositive, to determine whether the plaintiff should be allowed to proceed anonymously. *See Freedom from Religion Found., Inc. v. Emanuel Cnty. Sch. Sys.*, 109 F. Supp. 3d 1353, 1356 (S.D. Ga. 2015). The court first considers "(1) whether the plaintiffs who seek

anonymity are challenging governmental activity; (2) whether the prosecution of their suit compels them to disclose information of the 'utmost intimacy;' and (3) whether plaintiffs will be compelled to admit their intention to engage in illegal conduct, thus risking criminal prosecution." *Id*. at 1356-57. In addition, the court "should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). For example, courts have also considered whether the plaintiffs are minors, whether proceeding under their own names puts them at risk for violence or physical harm, and whether it would be fundamentally unfair to the defendants to allow them to proceed anonymously. *See Plaintiff v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011).

In *Plaintiff v. Francis*, the Eleventh Circuit considered whether "denying the plaintiffs anonymity at trial [would] require them to disclose information of utmost intimacy[.]" 631 F.3d 1310, 1316 (11th Cir. 2011). The appellate court stated that "[t]he issues involved in this case could not be of a more sensitive and highly personal nature — they involve descriptions of the [p]laintiffs in various stages of nudity and engaged in explicit sexual conduct while they were minors who were coerced by the [d]efendants into those activities." *Id*. at 1317. The court determined that the defendants would not be harmed by the plaintiffs proceeding anonymously because they already knew the plaintiffs' identities and could "conduct[] a full range of discovery in building a defense at trial." *Id*. at 1319. In vacating the district court's denial of the plaintiffs' motion to maintain their anonymity, the Eleventh Circuit concluded that the lower "court failed to give due consideration to the concerns the [p]laintiffs raised about being forced to maintain the suits in their own names." *Id*. at 1319.

Likewise, in the present case, Plaintiffs are concerned they will be required to disclose information "of utmost intimacy" if they are not allowed to proceed pseudonymously.[1] The Plaintiffs allege they were minors when sexually explicit videos of them were sold, and/or downloaded from the Defendants' websites. *See* Doc. 1, Compl. at par. 1. Because the commercial sex acts involving the then underage Plaintiffs as described in the Complaint are by their very nature child sex trafficking, the need for a protecting the Plaintiffs' true identities is even more pronounced. The Complaint further alleges that due to their experiences being trafficked Plaintiffs' personal safety could be jeopardized by making their names public. Compl. at par. 113. In order to maintain their privacy and safety, the Plaintiffs should not be compelled to disclose their true identities publicly in this lawsuit. *See Doe v. Barrow Cty., Ga.*, 219 F.R.D. 189, 193 (N.D. Ga. 2003) (allowing plaintiff to proceed anonymously with challenge to religious monument because of fears for her safety in the community). In conducting its analysis of this request, the central question before the Court is, "whether the Plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe. V. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (internal citation and quotations omitted.) Here, the Plaintiffs have asserted privacy rights, such as protecting the Plaintiffs from being re-traumatized as survivors of sex trafficking, from exposure to public ridicule and scorn, from the association of the Plaintiffs' names online with the rape and sexual abuse they suffered, and safety concerns related to their former assailants or traffickers, that substantially outweigh the presumption of open judicial proceedings.

Moreover, the Defendants will not be prejudiced. The Plaintiffs hereby agree to reveal their true identities to the Defendants for the limited purpose of investigating Plaintiffs' claims

---

[1] Although "intimacy" is legally applicable terminology for the purposes of determining whether a protective order is due to be issued, it is more than a misnomer in the context of sex trafficking.

once a protective order governing all documents containing their true names or other information (e.g. drivers license number, medical record number) that could reveal their true names is entered in this case and the appropriate time for discovery is reached in this litigation. In seeking the protection of pseudonyms, the Plaintiffs simply seek redaction of their personal identifying information for the public docket and a protective order preventing the publication of the Plaintiffs' true identities because they allege in their Complaint that they are victims of sex trafficking.

### III. CONCLUSION

WHEREFORE, premises considered, the Plaintiffs respectfully and more formally move this Honorable Court to permit them to proceed pseudonymously throughout this litigation so that all Parties use the Plaintiffs' pseudonyms Jane Doe #1 and Jane Doe #2 in all documents filed in this action.

Respectfully submitted this the 22nd day of February,

/s/ Gregory Zarzaur
Gregory Zarzaur (ASB-0759-E45Z)
THE ZARZAUR LAW FIRM
2332 Second Avenue North
Birmingham, Alabama 35203
T: (205) 983-7985
E: gregory@zarzaur.com

/s/ Joshua P. Hayes
Joshua P. Hayes (ASB-4868-H68H)
PRINCE GLOVER HAYES
701 Rice Mine Road
Tuscaloosa, Alabama 35406
T: (205) 345-1234
E: jhayes@princelaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on all counsel of record in this matter via the Court's CM/ECF system on this the 22nd day of February, 2021.

I hereby further certify that a copy of the foregoing will be served on the Defendants at the time service is perfected.

/s/ Gregory Zarzaur
OF COUNSEL