

FILED
2021 Mar-03  PM 04:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **JANE DOE #1, and JANE DOE #2,** on behalf of themselves and all others similarly situated, )<br>)<br>)<br>)<br>**Plaintiffs,** )<br>)<br>vs. )<br>)<br>**MG FREESITES, LTD, d/b/a "PORNHUB", a foreign entity; MG FREESITES II LTD, a foreign entity; MINDGEEK, S.A.R.L., a foreign entity; MINDGEEK USA, INCORPORATED, a Delaware corporation; MG CY HOLDINGS LTD, a foreign entity; MINDGEEK CONTENT RT LIMITED, a foreign entity; 9219-1568 QUEBEC INC. d/b/a MINDGEEK, a foreign entity; MG BILLING LTD, a foreign entity,** )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>**Defendants.** ) | **7:21-cv-00220-LSC** |

**MEMORANDUM OF OPINION AND ORDER**

## I.   Introduction

Plaintiffs have filed a "Motion for Leave to Proceed Pseudonymously." (Doc. 2.) Plaintiffs seek leave of this Court to litigate this case under the pseudonyms Jane Doe #1 and Jane Doe #2. For the reasons explained below, Plaintiffs' motion is due

to be granted without prejudice to the right of Defendants to respond if they so choose after they are served.

## II.    Background

Plaintiffs initiated this action on February 11, 2021, against entities allegedly involved in owning and operating various pornography websites. Plaintiffs allege violations of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1591 and 1595, among other laws. (Doc. 1 at ¶ 3). Plaintiffs allege that they are survivors of child sex trafficking within the meaning of the TVPRA. (*Id.*) The litigation is still in the early stages, and Defendants have not yet appeared.

## III.    Legal Standards

Federal Rule of Civil Procedure 10(a) requires that "[t]he title of the complaint. . . name all the parties." FED. R. CIV. P. 10 (a). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992). However, the rule is not absolute, and a party may proceed anonymously in a civil suit in federal court by showing that she "has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Plaintiff B v. Francis*, 631 F.3d 1310, 1315–16 (11th Cir. 2011) (quoting *Frank*, 951 F.2d

at 323). In evaluating whether to allow a plaintiff to proceed anonymously, courts should "carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* at 1316 (quoting *Frank*, 951 F.2d at 323). A first step in this evaluation is to consider (1) whether the plaintiffs are challenging governmental activity, (2) whether the plaintiffs will "be required to disclose information of the utmost intimacy," or (3) whether the plaintiffs will "be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution." *Id.* (citing S. *Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)).[1] However, the aforementioned inquiry is only the first step, and courts have since considered other contexts in analyzing all of the circumstances of a given case. *Id.* For example, courts have also considered whether the plaintiffs are minors, whether proceeding under their own names puts them at risk for violence or physical harm, and whether it would be fundamentally unfair to the defendants to allow the plaintiffs to proceed anonymously. *See id.* (citations omitted).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

In *Francis*, the Eleventh Circuit vacated a district court's denial of the plaintiffs' motion to maintain their anonymity at trial, ruling that requiring the plaintiffs to reveal their identities for trial would require them to disclose "information of the utmost intimacy." 631 F.3d at 1316. The court stated that "[t]he issues involved in this case could not be of a more sensitive and highly personal nature—they involve descriptions of the [p]laintiffs in various stages of nudity and engaged in explicit sexual conduct while they were minors who were coerced by the [d]efendants into those activities." *Id.* at 1317. The plaintiffs in *Francis* alleged that they were filmed displaying their breasts and that this footage was used by the defendants in films marketed as pornography. *Id.* The court further determined that the defendants would not be harmed by the plaintiffs proceeding anonymously because the defendants already knew the plaintiffs' identities and could "conduct[] a full range of discovery in building a defense at trial." *Id.* at 1319.

## IV.  Analysis

After considering the factors above and the circumstances of this case, the Court finds that Plaintiffs are entitled to proceed anonymously in this action at this juncture. Plaintiffs are concerned that they will be required to disclose information "of the utmost intimacy" if they are not allowed to proceed anonymously. Plaintiffs allege that they were minors when sexually explicit videos of them were sold to,

and/or downloaded from, Defendants' websites. (Doc. 1 at ¶ 1.) Because the commercial sex acts involving the then-underage Plaintiffs as described in the Complaint are by their very nature child sex trafficking, the need for protecting Plaintiffs' true identities is even more pronounced. The Complaint further alleges that due to their experiences being trafficked, Plaintiffs' personal safety could be jeopardized by making their names public. (Doc. 1 at ¶ 113.) Plaintiffs seek to be protected from being re-traumatized as survivors of sex trafficking, from exposure to public ridicule and scorn, and from the association of Plaintiffs' names online with the rape and sexual abuse they suffered. They also harbor safety concerns related to their former assailants or traffickers. The Court finds that these privacy concerns are substantial and that they outweigh the customary presumption of open judicial proceedings.

    The Court also preliminarily agrees with Plaintiffs that Defendants will not be prejudiced. Plaintiffs state that they will reveal their true identities to Defendants for the limited purpose of investigating Plaintiffs' claims once a protective order governing all documents containing their true names—or other information that could reveal their true names—is entered in this case. Plaintiffs merely seek redaction of their personal identifying information for the public docket and a

protective order preventing the publication of Plaintiffs' true identities because they allege in their Complaint that they are victims of sex trafficking.

Although the Court finds that Plaintiffs are entitled to proceed anonymously at this juncture, the Defendants shall have the opportunity, once they are served and appear in this action, to raise any challenge to this ruling that they seek to raise.

## V.    Conclusion

Given the foregoing, Plaintiffs' "Motion for Leave to Proceed Pseudonymously" (doc. 2) is hereby **GRANTED** without prejudice to the right of Defendants to respond if they feel necessary to do so after being served.

**DONE** and **ORDERED** on March 3, 2021.

_____
L. Scott Coogler
United States District Judge

160704