FILED
2023 May-23  PM 03:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A



# JUSTICE FOR y'ALL

August 3, 2022

*VIA EMAIL*
Kathleen Massey
Michelle Yeary
Hayden Coleman
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 1036
kathleen.massey@dechert.com
michelle.yeary@dechert.com
hayden.coleman@dechert.com

Sara M. Turner
Bethany Carroll
BAKER, DONELSON,
BEARMAN, CALDWELL, &
BERKOWITZ, PC
Shipt Tower
Suite 400
Birmingham, AL 35203
smturner@bakerdonelson.com
bcarroll@bakerdonelson.com

***Re: Plaintiffs' Request for Production to Defendants, Plan to Resolve the CSAM Production Issues, and Plaintiffs' Objections to Defendants' Intended Third Party Subpoenas to Production Companies***

Dear Counsel,

I am writing in follow up to yesterday's meet and confer regarding Plaintiffs' Requests for Production to Defendants as they relate to the broader CSAM production issue and to more formally object to Defendants' Intended Third Party Subpoenas to Production Companies.

With regard to Plaintiffs' Request for Production to Defendants served on December 22, 2021 ("Requests"), I am writing, as requested, to clarify further which Requests include potential Child Sexual Abuse Material

("CSAM"). These Requests necessitate continued work on resolving His Honor's inquiry on how the Parties can transfer, store, and review such material without violating state or federal law. The following Requests would include the production of potential CSAM:

Request for Production No. 1: "Please produce all Documents relating to complaints, from law enforcement, relating to CSAM from 2008 to the present on MindGeek's website(s) and MindGeek's response(s) to those Complaints." This Request includes the actual CSAM referenced in or related to law enforcement complaints and the actual CSAM referenced in or related to Mindgeek's websites responses to those complaints.

Request for Production No. 2: "Please provide all Documents, requests, reports, notifications, or complaints from the public to MindGeek related to CSAM from 2008 to present and any documents related to the resolution of these reports." This Request includes the actual CSAM referenced in or related to the public's requests, reports, notifications, or complaints and the actual CSAM referenced in or related to Mindgeek's resolution of such reports.

Request for Production No. 4: "Please produce all Documents relating to the removal of CSAM from MindGeek's websites, from 2008 to present." This Request includes the actual CSAM that was removed from the websites.

Request for Production No. 6: "Please produce all Documents containing or relating to the identities of persons appearing in CSAM content on your websites between 2008 and present." This includes the actual CSAM where the persons appeared.

Request for Production No. 17: "Please produce all Documents relating "playlists" of underage or nonconsensual content on MindGeek's website(s). [Note: This specifically includes documents relating to playlists that explicitly refer to potential underage content, including terms like "jailbait," "teen," "not 18/under 18", "flat hairless," "innocent little young girl/boy," "cheese pizza," "how old is she/he", "elementary," "school bus" or any other similar terms]." This includes the videos and images associated with such playlists, which could potentially include actual CSAM.

Request for Production No. 20: "Please produce all Documents relating to the use of outside consultants or experts to assist you in identifying or eliminating CSAM from MindGeek website(s)." This includes any CSAM the outside consultants and experts identified or eliminated.

The phrases "related to" and "relating to" are defined as meaning "evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, reflecting, concerning, showing, mentioning, pertaining to, dealing with, referring to or being in any way logically or factually connected with the matter described."

As Plaintiffs' Requests include requests for Documents that would consist of potential CSAM images or videos, there is a continuing need for us to propose a resolution regarding how to transfer, store, and review such material without violating state or federal law. Accordingly, Plaintiffs' team would like to move forward

with a proposal for the Court to consider. If we can't agree on a protocol, Plaintiffs' will put together a proposal and send it to you.

Finally, pursuant to the Protective Order in this case (ECF 61 at 16-17, ¶ 8.1 (k)) and our meet and confer over video conference on August 2, 2022, I am writing to more formally object to Defendants' third-party subpoenas on production studies Hustler Video, TT Boy Productions, West Coast Productions, Evasive Angels, DogFart Network, and Directech, Inc. As discussed during the conference, Plaintiffs' counsel is concerned that the subpoenas as currently worded will unnecessarily risk Jane Doe #2's safety. Further, the subpoenas request Documents that are not relevant to any party's claim or defense, particularly Documents from after Jane Doe #2 turned eighteen years old. This case concerns only Documents pertaining to Jane Doe #2's CSAM. Finally, Plaintiffs object to the subpoenas because they are not proportional to the needs of the case and will cause Jane Doe #2 embarrassment, oppression, and undue burden.

Based on our discussion, I understand that the subpoenas will not be issued while Defendants' counsel reviews search results relating to Jane Doe #2's CSAM titles that may eliminate the need for or potentially narrow the scope of the proposed third-party subpoenas. Upon completion of the Defendants' review of their files, Plaintiffs understand that Defendants will reach out to Plaintiffs to continue the discussion of how to prevent an avoidable risk to Jane Doe #2's safety.

Very truly yours,

*Greg Zarzaur*