IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JANE DOE, on behalf of herself and all others similarly situated, ) ) ) Plaintiffs, ) ) ) v. ) ) ) MG FREESITES, LTD, d/b/a ) "PORNHUB"; MG FREESITES II ) LTD; MINDGEEK S.A.R.L.; ) MINDGEEK USA INCORPORATED; ) MG CY HOLDINGS LTD; ) MINDGEEK CONTENT RT LIMITED; ) 9219-1568 QUEBEC, INC., d/b/a ) MINDGEEK; MG BILLING LTD, ) ) Defendants. ) ) | CIVIL ACTION NO: 7:21-cv-00220-LSC<br><br>Honorable L. Scott Coogler<br><br>**UNOPPOSED** |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL

Plaintiff Jane Doe respectfully moves this Honorable Court to issue an order allowing her to file under seal certain materials described below which are to be filed in connection with Plaintiff's Motion for Class Certification. Exhibit 18, Plaintiff's Declaration, contains information that reveals Plaintiff's true identity, which is protected from public disclosure under the terms of the Protective Order (doc. 61). In addition, Defendants MG Billing LTD, MG CY Holdings LTD, MG Freesites II LTD, MG Freesites LTD, Mindgeek Content RT Limited, Mindgeek S.A.R.L., and Mindgeek USA Incorporated (collectively "Defendants") have

1

marked certain materials as "confidential" pursuant to the Protective Order. In filing this motion, Plaintiff does not concede that any of the materials identified as "confidential" by the Defendants should be sealed. Defendants do not oppose this motion.

## RELEVANT BACKGROUND

Plaintiff is a survivor of childhood sexual abuse and has brought claims on behalf of herself and others similarly situated against Defendants for their violations of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1591 and 1595 and for the receipt and distribution of child pornography, 18 U.S.C. §§ 2252 and 2252A.

On March 3, 2021, this Court granted Plaintiff's Motion for Leave to Proceed Pseudonymously (doc. 2), finding that Plaintiff was entitled to proceed pseudonymously because Plaintiff's "privacy concerns are substantial and that they outweigh the customary presumption of open judicial proceedings." Doc. 7 at 5. The Court granted Plaintiff's motion without prejudice to the right of Defendants to respond. *Id*. at 6. Defendants did not object to Plaintiff's motion.

On June 2, 2022, the Court issued a Protective Order, which designates certain information as confidential and protected from public disclosure. Doc. 61.

## LEGAL STANDARD

The public's "right of access" to the courts "is not absolute, … and, where it does apply, [it] may be overcome by a showing of good cause." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). Specifically, the Eleventh Circuit has explained that

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *See In re Alexander Grant Co. Litig.*, 820 F.2d 352, 356 (11th Cir.1987); *Shingara v. Skiles*, 420 F.3d 301, 305-06 (3d Cir.2005); *Amodeo*, 71 F.3d at 1050-51. A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978); Arthur R. Miller, *Confidentiality, Protective Orders, and Public* Access *to the Courts*, 105 Harv. L. Rev. 427, 464-74 (1991).

*Id*. at 1246.

## ARGUMENT

Good cause exists to seal the materials described below, which are to be filed in connection with Plaintiff's Motion for Class Certification. Due to "the nature and character of the information" contained in these materials, the Parties' interest

3

in keeping the information confidential outweighs the common law right of public access. *Romero*, 480 F.3d at 1246.

## I. Jane Doe's Declaration and Gregory Zarzaur's Declaration

Exhibit 18 to the Plaintiff's Motion for Class Certification ("Ex. 18") is Jane Doe's Declaration which contains her unredacted name and date of birth as well as her trafficker's name. Exhibit 19 to Plaintiff's Motion for Class Certification ("Ex. 19") is Plaintiff's counsel Gregory Zarzaur's declaration. Exhibit 19 includes Plaintiff's unredacted trafficker's name. Plaintiff intends to file redacted versions of these documents with her Motion for Class Certification. Sealing the unredacted Exhibits 18 and 19 is necessary to prevent Plaintiff's true identity from being disclosed.

Plaintiff's interest in protecting her identity from disclosure outweighs the public's interest in viewing the content of Exhibits 18 nad 19. This Court has already decided the circumstances warrant Plaintiff proceeding under a pseudonym in this case in order to protect Plaintiff's privacy and prevent any stigma resulting from Plaintiff's true identity being revealed. Doc. 7. The Court's reasoning is controlling here as well.

Allowing public access to the unredacted versions of Exhibit 18 and 19 would harm Plaintiff's legitimate privacy interest in keeping her true identity confidential. If members of the public were to view Exhibits 18 and 19, then they

could identify Plaintiff. This would cause Plaintiff to experience the stigma of her community knowing about her sexual abuse.

There is a very high likelihood of injury if the unredacted Exhibits 18 and 19 are made public. Plaintiff would know that her true identity and connection to this case were public information, and she would live in fear of her community discovering this. This fear alone would be retraumatizing to the Plaintiff, who has already undergone more trauma than one person should bear.

Exhibits 18 and 19 contains reliable information concerning Plaintiff's true identity or information that could lead to Plaintiff's true identity. Defendants have already had an opportunity to respond to Plaintiff's Motion for Leave to Proceed Pseudonymously (doc. 2). Furthermore, Exhibits 18 and 19 do not concern public officials or relate at all to public concerns. Finally, there is no alternative to sealing the unredacted versions of Exhibits 18 and 19 that will adequately protect Plaintiff's identity.

## II. Materials Marked "Confidential" by Defendants

Defendants have marked several of Plaintiff's exhibits to her Motion for Class Certification as either partially confidential or entirely confidential. Defendants allege that allowing public access to the confidential portions of these materials would harm Defendants' legitimate privacy and proprietary interests. Plaintiff has already had an opportunity to view and respond to Defendant's

documents as marked confidential, and she does not object to these materials being sealed. These materials do not concern public officials or relate at all to public concerns. Lastly, Defendants contend that there is no alternative to sealing these materials that will adequately protect Defendants' legitimate privacy and proprietary interests.

Plaintiff has cited to the following documents and intends to attach them as exhibits to her Motion for Class Certification. The exhibit numbers listed in this Motion to File Under Seal match those in her Motion for Class Certification.

The documents Defendants have marked as entirely confidential are Exhibit 2- Mindgeek_ NDAL_00479021; Exhibit 3- Mindgeek_ NDAL_00384196; Exhibit 4- Mindgeek_ NDAL_00033431; Exhibit 7- Mindgeek_ NDAL_00204103; Exhibit 8- Mindgeek_ NDAL_00551190; Exhibit 11- Mindgeek_ NDAL_00564963; Exhibit 16- Mindgeek_ NDAL_00492382; and Exhibit 21- Mindgeek_ NDAL_00428147. Plaintiff moves to file these documents under seal in their entirety.

The documents Defendants have marked as partially confidentially are Exhibit 5- Mindgeek_ NDAL_00003131; Exhibit 6- Mindgeek_ NDAL_00292243; Exhibit 10- Mindgeek_ NDAL_00516381; Exhibit 12- Mindgeek_ NDAL_00001921; Exhibit 13-Mindgeek_NDAL_00120434; Ex. 14- Mindgeek_ NDAL_00117082; Ex. 17- Mindgeek_ NDAL_00010369 & 00010371.

Plaintiff will file these exhibits redacted to support her Motion for Class Certification, and she moves to file the unredacted versions of these exhibits here.

There are several documents that Plaintiff and Defendants have not yet reached an agreement regarding whether they may be redacted or filed publicly. Until such an agreement has been achieved, Plaintiff moves to file these documents provisionally under seal. These documents include Exhibit 20- Mindgeek_ NDAL_00104652; Exhibit 25- Mindgeek_ NDAL_00440499; Exhibit 26- Mindgeek_ NDAL_00500819; Exhibit 27- Mindgeek_ NDAL_00117395; Exhibit 28- Mindgeek_ NDAL_00492353 Excerpts; Exhibit 29- Mindgeek_ NDAL_00004210 & 00004211; Exhibit 31- Mindgeek_ NDAL_00004493; and Exhibit 32- Mindgeek_ NDAL_00428230; and Exhibit 33- Mindgeek_ NDAL_00181353.

### III.   Plaintiff's Expert's Declaration

Plaintiff seeks to file Exhibit 15 to her Motion for Class Certification under seal in its entirety. Exhibit 15 is the declaration of her expert digital forensic examiner. It cites to and provides analysis of the confidential information in documents that have been marked as confidential by Defendants. As such, Exhibit 15 should be filed under seal for the same reasons Defendants' above documents should be filed under seal.

## IV. Plaintiff's Memorandum of Law In Support of Class Certification Motion

Finally, Plaintiff moves to file her Memorandum of Law in Support of Class Certification Motion ("Memorandum") under seal. This Memorandum cites to and includes information from the above-listed documents. For all of the reasons outlined above, those portions of the Memorandum should be sealed. Plaintiff intends to file a redacted Memorandum today, and moves to file the unredacted Memorandum under seal.

## CONCLUSION

Plaintiff respectfully requests that this Court enter an order granting leave for Plaintiff to file under seal the above-referenced materials. Plaintiff will separately send to Defendants the unredacted documents that she is seeking to file under seal.

Respectfully submitted this 8th day of September 2023.

/s/ *Gregory Zarzaur*
Gregory Zarzaur (ASB-0759-E45Z)
Kelsie Overton (ASB-1791-F80L)
THE ZARZAUR LAW FIRM
2332 Second Avenue North
Birmingham, Alabama 35203
T: (205) 983-7985
E: gregory@zarzaur.com
    kelsie@zarzaur.com

Joshua P. Hayes
PRINCE GLOVER HAYES
701 Rice Mine Road

Tuscaloosa, Alabama 35406
T: (205) 345-1234
E: jhayes@princelaw.net

Kimberly Lambert Adams*
Kathryn L. Avila*
LEVIN PAPANTONIO RAFFERTY
316 S. Bavlen Street, Suite 600
Pensacola, FL 32502
T: (850) 435-7056
E: kadams@levinlaw.com
   kavila@levinlaw.com
*pro hac vice

Brian Kent*
Gaetano D. Andrea*
Jill P. Roth*
M. Stewart Ryan*
Alexandria MacMaster*
LAFFEY, BUCCI & KENT, LLP
1100 Ludlow Street, Suite 300
Philadelphia, PA 19107
T: (215) 399-9255
E: bkent@lbk-law.com
   gdandrea@lbk-law.com
   jroth@lbk-law.com
   sryan@lbk-law.com
   amacmaster@lbk-law.com
*pro hac vice

Benjamin W. Bull*
Dani Bianculli Pinter*
Christen M. Price*
Peter A. Gentala*
NATIONAL CENTER ON SEXUAL
EXPLOITATION
1201 F Street NW, Suite 200
Washington, D.C. 20004
T: (202) 393-7245
E: lawcenter@ncose.com

9

*pro hac vice*

Kevin Dooley Kent*
Mark B. Schoeller*
Joseph W. Jesiolowski*
Vanessa Huber*
CONRAD O'BRIEN PC
Centre Square West Tower
1500 Market Street, Suite 3900
Philadelphia, PA 19102-2100
T: (215) 864-9600
E: kkent@conradobrien.com
mschoeller@conradobrein.com
jjesiolowski@conradobrien.com
vhuber@conradobrien.com
*pro hac vice*

*Counsel for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify on this 8th day of September 2023, this document was filed through the Electronic Case Filing System of the United States District Court for the Northern District of Alabama and will be served electronically by the court to all participants of record.

*/s/ Gregory Zarzaur*
Gregory Zarzaur