# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| JANE DOE #1 and JANE DOE #2 on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MG FREESITES, LTD, d/b/a "PORNHUB"; MG FREESITES II, LTD; MINDGEEK S.A.R.L.; MINDGEEK USA INCORPORATED; MG CY HOLDINGS LTD; MINDGEEK CONTENT RT LIMITED; 9219-1568 QUEBEC, INC., d/b/a MINDGEEK);  MG BILLING LTD<br><br>Defendants. | CIVIL ACTION NO. 7:21-CV-00220<br><br>Honorable L. Scott Coogler<br><br>**UNOPPOSED** |

## DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL

Sara M. Turner
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
1901 Sixth Avenue North
Suite 2600
Birmingham, AL 35203
Phone: (205) 250-8316
smturner@bakerdonelson.com

Kathleen N. Massey (*pro hac vice*)
Hayden Coleman (*pro hac vice*)
DECHERT LLP
kathleen.massey@dechert.com
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500

*Attorneys for Defendants*

Defendants MG Billing LTD, MG CY Holdings LTD, MG Freesites II LTD, MG Freesites LTD, Mindgeek Content RT Limited, Mindgeek S.A.R.L., 9219-1568 Quebec Inc., and Mindgeek USA Incorporated (collectively "Defendants") respectfully move this Honorable Court to issue an order allowing them to file under seal two exhibits described below which are to be filed in connection with Defendants' Motion to Exclude Declaration of Timothy Weaver.

## **RELEVANT BACKGROUND**

Plaintiff initiated this putative class action against Defendants on February 11, 2021.  Less than a month later, this Court granted Plaintiff leave to proceed pseudonymously because Plaintiff's "privacy concerns are substantial and that they outweigh the customary presumption of open judicial proceedings."  ECF No. 7 at 5.  Defendants did not object to Plaintiff's motion.

On June 2, 2022, the Court issued a Protective Order, which requires the parties to redact all identifying information for Plaintiff(s) from all public filings. ECF No. 61 ¶ 13.3.  The Protective Order further requires the Parties refrain from filing all other Protected Material in the public record, except under seal, which requires leave of the court.  *Id.*

The Parties met and conferred in accordance with the Protective Order on October 20, 2023.  Plaintiff does not oppose this motion.

## **LEGAL STANDARD**

Attachments to pretrial motions that require judicial resolution on the merits are subject to the common law right of access to judicial proceedings. *See Chicago Tribune v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). A party may overcome the common-law right of access by a showing of good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). "In determining whether to seal court filings and other materials, a district court must balance competing interests—a party's interest in keeping information confidential and the public's legitimate interest in the subject matter and conduct of the proceedings." *See United States v. Lee Mem'l Health Sys.*, 2018 WL 4492271, at *4 (M.D. Fla. Sept. 19, 2018) (citing *Chicago Tribune Co.*, 263 F.3d at 1315). Specifically, the Eleventh Circuit has explained:

> [C]ourts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *See In re Alexander Grant Co. Litig.*, 820 F.2d 352, 356 (11th Cir.1987); *Shingara v. Skiles*, 420 F.3d 301, 305-06 (3d Cir.2005); *Amodeo*, 71 F.3d at 1050-51. A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978); Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 Harv. L. Rev. 427, 464-74 (1991).

*Romero*, 480 F.3d at 1246 (11th Cir. 2007).

Courts in the Eleventh Circuit have long recognized that, even in the course of litigation, there remains strong individual privacy interests, such as in one's medical records and information. *Carbiener v. Lender Processing Servs., Inc.*, *etc.*, 2015 WL 12835680, at *2 (M.D. Fla. Mar. 6, 2015) (citing *OPIS Mgmt. Resources, LLC v. Sec., Fla. Agency for Health Care Admin.*, 713 F.3d 1291, 1294 (11th Cir. 2013)). Indeed, certain subject matters have been found to implicate unique individual privacy concerns. *Globe Newspaper v. Superior Court*, 457 U.S. 596, 607, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982) (recognizing the governmental interest in the protection of minor victims of sex crimes from further trauma and embarrassment).

Additionally, courts routinely permit parties to file confidential business information under seal where public access could "violate the parties' privacy or proprietary interests." *Patent Asset Licensing LLC, v. Bright House Networks, LLC*, 2016 WL 2991057, at *2 (M.D. Fla. May 24, 2016). The same is true for sensitive and confidential business information that is proprietary in nature. *See e.g.*, *Corbett v. Transportation Security Administration*, 767 F.3d 1171, 1183 (11th Cir. 2014) (sealing operations manual for advanced imaging scanner because it expressly prohibited disclosure and required written permission for reproduction); *Local Access, LLC v. Peerless Network, Inc.*, 2017 WL 2021761, *2–3 (M.D. Fla. May 12, 2017) (permitting sealing of proprietary financial and business information). Lastly,

courts have always carefully guarded trade secrets. *Barnes v. Woodard*, 2020 WL 6273895, at *2 (M.D. Ala. Oct. 26, 2020) (citing *Beard v. Dolgencorp*, LLC, 2013 WL 12253571, at *3 (N.D. Ala. Mar. 29, 2013).

## ARGUMENT

### I. Timothy Weaver Declaration

Defendants attach the declaration from Timothy Weaver, which contains both Personal Identifying Information (PII) protected under the Protective Order in this case (ECF No. 61) and references to and quotations from exhibits marked confidential by the Parties. The Court previously granted a motion by Plaintiff to file this declaration under seal in its entirety (ECF No. 96) and should also permit Defendants to do so for the reasons outlined above.

### II. Excerpts of the Deposition of Timothy Weaver

Defendants seek to file excerpts of the deposition of Timothy Weaver under seal. The deposition extensively cites to and provides analysis of the confidential information in documents that have been marked as confidential by Defendants. Furthermore, the documents contain PII protected under the Protective Order and European Union and Canadian Privacy laws. (ECF No. 61). *See* EU General Data Protection Regulation (GDPR): Regulation 2016/67 (2018) (EU); *see also* Personal Information and Protection and Electronic Documents Act (PIPEDA), R.S.C., ch. 5, § 4(1) (2000) (Can.). They also contain information that could be used to subvert

Defendant's verification policies, and therefore should not be made public in the interest of public safety. As such, the deposition excerpts should be filed under seal.

### III. Defendant's Expert Declaration

Defendants seek to file the Declaration of and Sherrie Caltagirone under seal in their entirety. The Court previously granted a request to submit this declaration under seal. (ECF No. 103). The declaration extensively cites to and provide analysis of the confidential information in documents that have been marked as confidential by Defendants. Furthermore, the documents contain PII protected under the Protective Order and European and Canadian Privacy Laws and information that could be used to subvert Defendant's verification policies, and therefore should not be made public in the interest of public safety. As such, the declaration should be filed under seal.

### CONCLUSION

Defendants respectfully request that this Court enter an order granting leave for Defendants to file under seal the above-referenced materials. Defendants will separately send to Plaintiff the unredacted documents that they are seeking to file under seal.

DATED: October 24, 2023                    Respectfully submitted,

/s/ *Sara M. Turner*
Sara M. Turner
BAKER, DONSELSON, BEARMAN,

CALDWELL & BERKOWITZ, PC
smturner@bakerdonelson.com
1901 Sixth Avenue North
Suite 2600
Birmingham, AL 35203
Phone: (205) 250-8316

Kathleen N. Massey (*pro hac vice*)
Hayden Coleman (*pro hac vice*)
DECHERT LLP
kathleen.massey@dechert.com
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify on October 24, 2023, this document was filed through the Electronic Case Filing System of the United States District Court for the Northern District of Alabama and will be served electronically by the court to all participants of record.

/s/ *Sara M. Turner*
Sara M. Turner

- 7 -