FILED

2024 Feb-09 AM 09:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| JANE DOE #1, and JANE DOE #2, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO: 7:21-cv-00220-LSC |
| v. | ) ) | Honorable L. Scott Coogler |
| MG FREESITES, LTD, d/b/a "PORNHUB"; MG FREESITES II LTD; MINDGEEK S.A.R.L.; MINDGEEK USA INCORPORATED; MG CY HOLDINGS LTD; MINDGEEK CONTENT RT LIMITED; 9219-1568 QUEBEC, INC., d/b/a MINDGEEK; MG BILLING LTD, | ) ) ) ) ) ) ) ) ) ) | **DEFENDANTS TAKE NO POSITION** |
| Defendants. | ) ) | |

## PLAINTIFF'S MOTION FOR ISSUANCE OF LETTERS ROGATORY TO THE QUEBEC SUPERIOR COURT FOR ████████████████

Plaintiff Jane Doe #1 ("Plaintiff"), by and through the undersigned counsel, and respectfully moves this Honorable Court, to issue the accompanying Letters Rogatory to the Quebec Superior Court in Montreal, Quebec, Canada, seeking information from ████████████████ through the production of documents and depositions relevant to various issues in this litigation. Defendants do not oppose or support this motion.

## I.    INTRODUCTION

The issuance of this Letters Rogatory is necessary because the requested information is highly relevant to the claims and defenses in this case as it relates to Mindgeek's policies, procedures, and protocols for age verification; policies, procedures, and protocols for suspected or confirmed CSAM; monetization or financial benefit from CSAM; Mindgeek's knowledge of CSAM on its websites or platforms; Mindgeek's participation in the facilitation of CSAM on its websites or platforms; and Mindgeek's creation, moderation, or manipulation of content uploaded on its websites or platforms.

███████, a former technical product manager for MindGeek who worked for MindGeek for over ten years and who was among one of the first employees at the company, possesses unique information relevant to Plaintiff's claims and Mindgeek's defenses. Plaintiff plans to proceed with discovery in a non-duplicative manner to minimize any burden on foreign third parties. ████████, through counsel, had previously agreed to appear for this deposition without the need for judicial intervention, and the deposition was scheduled for February 7, 2024, in Montreal. However, undersigned counsel was recently informed that ██████ will no longer voluntarily appear for a deposition on February 7, 2024, rendering judicial intervention proper. Thus, Plaintiff respectfully requests that the Court grant this motion and issue the Letter Rogatory for ███████████.

## II.    RELEVANT BACKGROUND

For years, Mindgeek has encouraged and maintained ongoing business partnerships with child sex traffickers in order to market, advertise, and promote child sexual abuse material ("CSAM") through images and videos to generate website traffic and profits. (FAC ¶¶ 1-3.) Mindgeek's employees reviewed all content posted to its websites or platforms and went so far as to modify or add keywords to tags and titles to increase traffic to specific videos and images thereby facilitating illegal child exploitation activity across its platforms or websites. (FAC ¶ 56.) Mindgeek's policies of ignoring red flags and modifying titles and tags facilitated the child sexual exploitation and child sex trafficking of Jane Doe #1 and those similarly situated. (FAC ¶¶ 27, 103, 113, 148, 185.) Moreover, Mindgeek's policies have facilitated the dissemination of child pornography. (FAC ¶¶ 152, 155, 163, 171-173.)

## III.    ARGUMENT

### A.    Letters Rogatory are the proper method for a U.S. Court to seek discovery in a foreign jurisdiction.

A letter rogatory is a formal written request sent by a court to a foreign court asking that a witness residing within that foreign court's jurisdiction either provide documents, a deposition, or both for use in a pending action before the requesting court. 22 C.F.R. § 92.54; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) ("A letter rogatory is the request by a domestic court to a foreign

court to take evidence from a certain witness."); 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice & Procedure* § 2083 (3d ed. 2007). Rule 28(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1781(b)(2) authorize federal courts to issue letters rogatory that enable a U.S. litigant to obtain non-party discovery from a foreign entity. *Roche Diagnostics Corp. v. Priority Healthcare Corp.*, No. 218CV01479KOBHNJ, 2019 WL 4687016, at *12 (N.D. Ala. June 6, 2019).

The decision to issue such a letter is within the Court's discretion, *United Kingdom v. United States*, 238 F.3d 1312, 1319 (11th Cir. 2001), and the proper inquiry for issuance is whether the discovery sought complies with the liberal standard of Federal Rule of Civil Procedure 26. *See DHA Corp. v. BRC Operating Co., LLC*, No. 1:13-cv-3186-WBH, 2015 WL 13388248, at *2 (N.D. Ga. May 6, 2015); *DBMS Consultants Ltd. v. Comp. Assocs. Int'l, Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990); *see also Barnes & Noble, Inc. v. LSI Corp.*, No. 11-2709, 2012 WL 1808849, at *2 ("A court's decision whether to issue a letter rogatory [compelling deposition testimony] . . . require[s] an application of Rule 28(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure.").

Here, Jane Doe #1's use of letters rogatory is the appropriate and sanctioned method of obtaining discovery from Canadian residents or entities.[1] Where a document custodian is located in a nation that is <u>not</u> a signatory to The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (like Canada), letters rogatory are standard. *Netherby Ltd. v. Jones Apparel Grp. Inc.*, No. 04-7028, 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005) (acknowledging that under Rule 28(b) of the Federal Rules of Civil Procedure, U.S. courts may issue letters rogatory for the purpose of taking discovery from Canada-based entities and granting motion for letters rogatory); *see also U.S. v. Walus*, 616 F.2d 283, 304 (7th Cir. 1980) (district court should have granted request by defendant for use of letter rogatory to obtain evidence located abroad that was relevant to defendant's case).

### B.    Letters Rogatory are appropriate under Canadian law.

Jane Doe #1's request complies with Canadian law. The Canada Evidence Act specifically provides that a court outside of Canada may serve letters rogatory upon a Canadian court. R.S.C.1985, c. C-5 §§ 46, 51. Judicial assistance between the United States and Canada is also governed by Article 5 of the Vienna Convention on Consular Relations, dated April 24, 1963 ("Vienna Convention"), which provides

---

[1] *See* Fed. R. Civ. P. 4(f)(2)(B); Fed. R. Civ. P. 28(b)(1)(B); the All Writs Act, 28 U.S.C. §§1651, 1781 (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner"); Vienna Convention on Consular Relations, art. 5(j), Apr. 24, 1963; 21 U.S.T. 77; 596 U.N.T.S. 261; and T.I.A.S. No. 6820.

that a letter rogatory is an appropriate method for requesting evidence located in a foreign state. Vienna Convention, art. 5(j); 21 U.S.T. 77; 596 U.N.T.S. 261; and T.I.A.S. 6820. Pursuant to these authorities, once Letters Rogatory are issued by this Court to the Appropriate Judicial Authority of Canada, the Judicial Authority of Canada has the power to transmit the letters to the relevant Canadian residents and entities. *Id.*; R.S.C.1985, c. C-5 §§ 46, 51.

### C.   Plaintiff seeks relevant discovery through the proposed Letters Rogatory.

The proposed Letters Rogatory (attached hereto as **Exhibit A**) demonstrates that the discovery requested from former MindGeek employee ███████ is directly relevant to the claims and the class's calculation of damages in this case.

███████ is a former employee of MindGeek who worked as a Technical Product Manager for more than ten years and was one of the first employees of MindGeek. As one of the first employees of MindGeek, and one of the longest serving employees, ███████ has information regarding any processes, procedures, or protocols implemented by MindGeek to remove or otherwise ban illegal content such as child sexual abuse material (CSAM), child sexual exploitation material (CSEM), or child pornography.

Through his counsel, ███████ had previously agreed to appear for a deposition and to comply with Plaintiffs' discovery requests without the need for judicial intervention. A deposition of ███████ was tentatively scheduled for

February 7, 2024, in Montreal, Canada. However, undersigned counsel was recently informed by counsel for ▄▄▄▄▄ that he would no longer appear voluntarily, rendering judicial intervention proper.

▄▄▄▄▄ will have vast information regarding content moderation "loopholes" that allowed for monetization of CSAM. ▄▄▄▄▄ may also have information regarding potential breach of procedure by any employees or content partners that led to the monetization of CSAM. ▄▄▄▄▄ has previously admitted to having technical knowledge of a loophole in the Defendants' sites that allows for the monetization of CSAM. ▄▄▄▄▄ has unique knowledge of the issues at the heart of this action, as well as MindGeek's failures to address loopholes where CSAM content was monetized. ▄▄▄▄▄ may also have information related to the processes, procedures, or protocols for reporting suspected or confirmed CSAM or child pornography to the proper law enforcement authorities. ▄▄▄▄▄ has knowledge of the Defendants' knowledge of CSAM monetization.

The proposed Letters Rogatory seeks information related to MindGeek's moderation policies and procedures; MindGeek's monetization or benefit from user uploaded content, such as CSAM or child pornography; and Mindgeek's moderation or communications with third parties with respect to suspected or confirmed CSAM.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff Jane Doe #1 respectfully requests that this Court approve, date, sign, and seal the proposed Letters Rogatory (Ex. A) accompanying this Motion. The documents and topics for deposition are set forth in the proposed Letters Rogatory, which is attached as Exhibit A.

After the Court signs the proposed Letters Rogatory, Plaintiff further requests that the clerk authenticate the Court's signature by affixing the Court's seal thereto, and that the Letters Rogatory be thereafter returned by the clerk to counsel for Plaintiff so that the Letters Rogatory may be promptly transmitted to the Appropriate Judicial Authority of Canada for execution.

Dated: February 9, 2024

/s/ *Joshua P. Hayes*
Joshua P. Hayes (ASB-4868-H68H)
Daniel Blake Williams (ASB-3728-P52O)
PRINCE GLOVER HAYES
701 Rice Mine Road
Tuscaloosa, Alabama 35406
T: (205) 345-1234
E: jhayes@princelaw.net
    bwilliams@princelaw.net

Gregory Zarzaur
Kelsie Overton
THE ZARZAUR LAW FIRM
2332 Second Avenue North
Birmingham, Alabama 35203
T: (205) 983-7985
E: gregory@zarzaur.com
    kelsie@zarzaur.com

Kimberly Lambert Adams*

James Michael Papantonio*
Kathryn L. Avila*
LEVIN PAPANTONIO RAFFERTY
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
T: (850) 435-7056
E: kadams@levinlaw.com
    kavila@levinlaw.com
    mpapantonio@levinlaw.com
*pro hac vice

Brian Kent*
Victor Paul Bucci, II*
Gaetano Anthony D'Andrea*
Jill P. Roth*
M. Stewart Ryan*
Alexandria MacMaster*
LAFFEY, BUCCI & KENT, LLP
1100 Ludlow Street, Suite 300
Philadelphia, PA 19107
T: (215) 399-9255
E: bkent@lbk-law.com
    pbucci@lbk-law.com
    gdandrea@lbk-law.com
    jroth@lbk-law.com
    sryan@lbk-law.com
    amacmaster@lbk-law.com
*pro hac vice

Benjamin W. Bull*
Dani Bianculli Pinter*
Christen M. Price*
Peter A. Gentala*
NATIONAL CENTER ON SEXUAL
EXPLOITATION
1201 F Street NW, Suite 200
Washington, D.C. 20004
T: (202) 393-7245
E: lawcenter@ncose.com

*pro hac vice*

Kevin Dooley Kent*
Mark B. Schoeller*
Vanessa L. Huber
CLARK HILL PC
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, PA 19103
T: 215-640-8500
E: kkent@clarkhill.com
   mschoeller@clarkhill.com
   vhuber@clarkhill.com
*pro hac vice*

*Counsel for the Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify on this 9th day of February 2024, this document was filed through the Electronic Case Filing System of the United States District Court for the Northern District of Alabama and will be served electronically by the court to all participants of record.

/s/ *Joshua P. Hayes*
Joshua P. Hayes