FILED

2024 Mar-09  AM 10:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **JANE DOE,** | ) | |
| **on behalf of herself and all** | ) | |
| **others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **7:21-cv-00220-LSC** |
| | ) | |
| | ) | |
| **MG FREESITES, LTD, d/b/a** | ) | |
| **"PORNHUB", a foreign entity;** | ) | |
| **MG FREESITES II LTD, a foreign** | ) | |
| **entity; MINDGEEK, S.A.R.L., a** | ) | |
| **foreign entity; MINDGEEK USA,** | ) | |
| **INCORPORATED, a Delaware** | ) | |
| **corporation; MG CY HOLDINGS** | ) | |
| **LTD, a foreign entity; MINDGEEK** | ) | |
| **CONTENT RT LIMITED, a** | ) | |
| **foreign entity; 9219-1568 QUEBEC** | ) | |
| **INC. d/b/a MINDGEEK, a foreign** | ) | |
| **entity; MG BILLING LTD, a** | ) | |
| **foreign entity,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OF OPINION AND ORDER

Before this Court is Defendants' Motion to Transfer Venue to the U.S. District Court for the Central District of California. (Doc. 160). Plaintiff has responded in opposition to the motion. (Doc. 171.) Defendants filed a reply in support. (Doc. 174.) For the reasons set forth below, the motion is due to be denied.

1

## I.    BACKGROUND[1]

This is a class action asserting claims against a group of interrelated entities that own and operate www.Pornhub.com and other pornography websites alleging that the entities illegally received, distributed, and benefitted from child sex abuse material ("CSAM") that they made publicly available for viewing on their websites.

On February 11, 2021, Plaintiff initiated this action against Defendants MG Freesites LTD d/b/a "Pornhub," MG Freesites II LTD, Mindgeek S.A.R.L., Mindgeek USA Incorporated, MG CY Holdings LTD, Mindgeek Content RT Limited, 9219-1568 Quebec Inc. d/b/a Mindgeek, and MG Billing LTD (collectively, "MindGeek"). Eight days later, a different plaintiff in California filed a class action complaint against all but two of the same MindGeek defendants, asserting the same federal claims as this action and additional California state law claims. *Doe v. MindGeek USA, Inc.*, No. 8:21-cv-00338-CJC-ADS (C.D. Cal.).

The parties have actively litigated these actions for the past three years. MindGeek brought and lost motions to dismiss the complaints in both cases, the parties have conducted considerable discovery in their respective cases, MindGeek has produced more than 95,000 documents in both cases, the parties have conducted multiple depositions throughout the United States and Canada. In *this* case, the

---

[1] The Court presumes the parties' familiarity with the facts alleged by Plaintiff.

Court has implemented a CSAM discovery protocol enlisting the Alabama Attorney General's Office as the repository for CSAM or suspected CSAM in MindGeek's possession. The Court is not aware of a similar protocol in the California action.

On August 29, 2023, Plaintiff filed a motion to intervene in the California action, seeking to stay or transfer the California action to this Court pursuant to the first-to-file rule. MindGeek neither opposed nor supported the motion. On September 28, 2023, the California court denied Plaintiff's motion, finding that the motion was untimely because the California plaintiff had "amended her complaint multiple times and substantially defeated Defendants' motion to dismiss," the parties had "undertaken significant discovery, and the Court ha[d] addressed related disputes," and because the Alabama plaintiff waited over two years to seek a stay or transfer of the California action. *See* California action, Doc. 160 at 6, 8. The California court also noted the prejudice the California plaintiff would suffer should her case be transferred to this district, explaining that "forc[ing her] to litigate in Alabama, a forum she did not choose, thousands of miles away" would "impose[] unreasonable burdens and expenses on her." *Id*. at 8.

On November 17, 2023, the California court granted class certification in the California action. On December 19, 2023, this Court granted class certification in this case. In both cases, MindGeek filed petitions for permission to appeal the class

certification rulings pursuant to Fed. R. Civ. P. 23(f). The Ninth Circuit denied MindGeek's Rule 23(f) petition in the California action on January 23, 2024, and the Eleventh Circuit denied MindGeek's Rule 23(f) petition in this case on February 12, 2024. The California court recently approved a notice plan and opt-out procedure for the class. Plaintiff filed a motion for approval of her notice plan in this case on March 6. (Doc. 179.)

Fact discovery is set to conclude within the month. Trial is scheduled for August 20, 2024, in the California action (*see* California action doc. 99 at 2), and although Plaintiff has requested an expedited schedule, trial is currently set for late December 2024. (Doc. 66.) MindGeek now seeks transfer of this action to California under 28 U.S.C. § 1404(a).

## II.   LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The decision to transfer a case is left to "the sound discretion of the trial court," *Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991), and should be based upon "an individualized, case-by-case consideration of convenience and fairness," *S. Mills, Inc. v. Nunes*, 586 F. App'x 702,

705 (11th Cir. 2014) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

To assess transfer under § 1404(a), courts in the Eleventh Circuit employ a two-part test: (1) whether the plaintiff could have filed the action in the venue to which the defendant seeks transfer; and (2) whether the balance of convenience to the parties and the interest of justice favors transfer. *Cook v. Publix Supermarkets, Inc.*, 2020 WL 13157798, at *1 (N.D. Ala. Apr. 24, 2020). Where instructive, courts consider the following nine factors in applying the two-part test: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

## III. DISCUSSION

Plaintiff does not dispute that this case could have been brought in the Central District of California, thus satisfying the first requirement under § 1404(a). However, for the following reasons, the Court finds that the second factor—whether

the balance of convenience to the parties and the interest of justice favors transfer—
is not met here.

### 1.    the convenience of witnesses

This factor is neutral, as neither party identifies any witnesses who would be
inconvenienced by the Alabama or California forum.

### 2.    the location of relevant documents and the relative ease of access to sources of proof

This factor weighs heavily against transfer to California. MindGeek cites
*Halbert v. Credit Suisse AG*, 358 F. Supp. 3d 1283 (N.D. Ala. 2018), in which the
district court noted that "the physical location of [] documents is no longer a
significant factor in the transfer analysis" given "'the predominance of electronic
discovery in the modern era[.]'" *Id.* at 1287. MindGeek argues that since the
documents are electronic, Plaintiff will have equal ease of access to evidence in
California as here.

Not so. As noted, this Court has established a CSAM discovery protocol,
appointing the Alabama Attorney General's Office as the repository for CSAM and
suspected CSAM that MindGeek possesses or controls, and MindGeek's counsel
has confirmed that MindGeek already has begun to produce CSAM to the Alabama
Attorney General pursuant to that protocol. This Court is not aware of a similar
CSAM discovery protocol in the California action, and Plaintiff states that

MindGeek has not produced any CSAM or suspected CSAM in discovery in the California action whatsoever. This is not an ordinary case where the parties can easily transport all relevant documents to California. If this case were transferred to California, it is unclear whether or how the Alabama CSAM protocol and the discovery of CSAM would be handled in the California court, including whether the California court would have the same interest in working with, the Alabama Attorney General in this regard. Therefore, because transferring this action would create a litany of issues regarding the CSAM currently in the Alabama Attorney General's possession, this factor weighs significantly against transfer. *Cf. Operating Sys. Sols., LLC v. Apple Inc.*, 2012 WL 12906518, at *3 (M.D. Fla. Jan. 30, 2012) (location of relevant documents factor weighed against transfer where protective order "explicitly designate[d] New York as the location for discovery" and "New York is closer to this district than the Northern District of California").

### 3. the convenience of the parties

This factor weighs against transfer to California. Plaintiff would undoubtedly be inconvenienced if this action is transferred across the country to California. Plaintiff resides in Alabama and chose to file this action in her home state. Moreover, none of the attorneys representing Plaintiff are located, or barred, in California, so Plaintiff's counsel would have to retain local counsel, who would have to familiarize

themselves with the case. *See Abreu v. Pfizer, Inc.*, 2022 WL 2355541, at *19 (S.D. Fla. June 22, 2022) (allowing the court to consider "to some extent, the appearance of counsel" in considering the "convenience of the parties" factor in the transfer analysis, and stating, "Plaintiff's counsel does not reside in Miami—or even in Florida. Instead, his counsel is based out of Philadelphia, Pennsylvania, which is but a short drive from New York. . . . Thus, any expenses incurred by Plaintiff's counsel will likely be increased by litigating this case in Florida.").

### 4.    the locus of operative facts

This factor is at the least, neutral, but certainly does not weigh in favor of transfer to California. Plaintiff is a lifelong Alabamian, and all of the circumstances surrounding her sexual abuse, her trafficking by her abuser, the creation of her CSAM and/or its uploading to MindGeek's websites, and her resulting injuries occurred in this district. There are obviously other loci of operative facts because MindGeek is a multi-national organization and this action is a class action. For example, the factors that this Court has found common to the class members—e.g., the adequacy of MindGeek's content moderation policy—flow from decisions made in the country of Cyprus or in Montreal, Canada. And Plaintiff asserts claims on behalf of a nationwide class alleging CSAM distribution and trafficking actions that are not focused in any one federal district. However, given the fact that the operative

facts pertaining to the named Plaintiff's circumstances occurred in this district, this factor certainly does not weigh in favor of transfer to California.

### 5.    the availability of process to compel the attendance of unwilling witnesses

Neither party has identified any key non-party witnesses whose testimony would be important and who would not be present for trial or would be unwilling to provide testimony in either forum. This factor is thus neutral.

### 6.    the relative means of the parties

This factor is at the least, neutral, but certainly does not weigh in favor of transfer to California. Here, there is a stark disparity between the relative means of the *actual parties*. Plaintiff is a 22-year-old individual, and MindGeek is a wealthy, multi-national group of interrelated corporate entities that run some of the largest pornography websites in the world. MindGeek argues that Plaintiff's limited means is irrelevant because this action is a class action and her counsel is financing the case on behalf of her and the class members, pointing out that she is represented by six law firms. Thus, while the actual disparity between the sides here may not be as stark as initially appears, courts in this circuit have still considered the relative means of the parties in class actions. *See, e.g., Fruitstone v. Spartan Race Inc.*, 464 F. Supp. 3d 1268, 1283 (S.D. Fla. 2020) (considering the relative means of the parties in a class

action); *Harvard v. Inch*, 408 F. Supp. 3d 1255, 1264 (N.D. Fla. 2019) (same). There is still no indication as to this factor that favors a transfer away from this district.

### 7.   the forum's familiarity with the governing law

This factor is neutral at a minimum and certainly does not weigh in favor of transfer to California. MindGeek argues that this factor weighs in favor of a transfer because the California court is better suited than this Court to resolve the California state law claims that are asserted *only in the California action*. The fact that the California plaintiff has also asserted four state law claims is irrelevant to this Court's transfer analysis. California law is not the governing law in *this* action. The "governing law" at issue here is the TVPRA and 18 U.S.C. § 2252A, and this Court is just as "familiar" with those federal laws as the Central District of California. 15 Wright & Miller, Fed. Prac. & Proc. Juris. § 3854 ("In federal question cases these issues generally do not arise, because all federal judges are considered adept at interpreting the various aspects of federal law.").

### 8.   the weight accorded to the plaintiff's choice of forum

Given the particular facts of this case, this factor weighs strongly against transfer to California. "The plaintiff's choice of forum is generally a factor heavily weighed in the plaintiff's favor," *Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc.,* 761 F. Supp. 2d 1322, 1330 (M.D. Fla. 2010), and "this choice

receives 'greater deference when the plaintiff has chosen the home forum,' as the plaintiff[] ha[s] done in this case." *Halbert*, 358 F. Supp. 3d at 1287 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 266 (1981)). Although Plaintiff has asserted claims on behalf of a nationwide class whose members are likely geographically diverse, her choice of forum should still be given some deference. *See Fruitstone*, 464 F. Supp. 3d at 1284 ("[T]he Court concludes that this factor does not tip in favor of transfer. Although Plaintiff's choice of forum is entitled to less deference in this [class action], the Court finds that some deference to this forum is still appropriate" because, *inter alia*, the chosen forum "is Plaintiff's home forum" and "certain operative facts occurred here."). And because of the kind of case this is, transferring this action to California would severely prejudice Plaintiff. Recently, in refusing Plaintiff's request to transfer the California action to *this* Court, the California court stated:

> Filing and prosecuting this action in this district was no easy task for Plaintiff. In doing so, she has relived horrific experiences . . . . But Plaintiff made the difficult decision nevertheless to come forward with her claims to seek justice on behalf of herself and others. By bringing and litigating her case, Plaintiff made that trade-off so she could seek justice when, where, and how she wanted to mitigate the burden, expense, and trauma on her.

*See* California action Doc. 160 at 7. The same is true here, of *this* Plaintiff. This is not a case brought by a consumer who has suffered a minor economic loss. Plaintiff has

made personal sacrifices in litigating this case for the past three years, providing intimate and confidential information to MindGeek, in her effort to benefit potentially thousands of other victims as well. Transferring this case across the country is unfairly prejudicial to her.

**9.    trial efficiency and the interests of justice**

The Court is well aware that two similar class actions are pending, and that, sometimes, courts transfer identical class actions in order to permit consolidation in an effort to avoid duplication and promote judicial efficiency. *See, e.g., Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991). The Court has carefully considered the concerns that MindGeek has raised with regard to this factor but ultimately finds that they do not warrant a transfer.

MindGeek first argues that the "two separate and possibly conflicting notice plans" may confuse class members. (Doc. 160 at 9.) However, this Court and the California court are experienced with class actions and are both capable of ensuring that class members are not confused and that the notice plans do not conflict.

MindGeek next argues that transfer, leading to consolidation, will avoid duplication of effort and will be more efficient. MindGeek points out that several phases of litigation in both cases still remain: the remaining fact discovery, expert discovery, summary judgment briefing, motions *in limine*, pre-trial preparation,

trials, post-trial briefings, and any appeals; and that counsel for the parties will save valuable time and resources by avoiding duplication in these efforts. For example, MindGeek complains that the two trials will involve the same defense counsel and many overlapping witnesses, and that it will be impossible for defense counsel to prepare for two back-to-back jury trials thousands of miles apart. MindGeek also argues that duplication will tax the court's limited resources in two different jurisdictions.

This argument falls flat, as duplication of effort has been ongoing in these cases for the past three years. Rather than raise concerns about efficiency at any point over the past three years, MindGeek has chosen to litigate these cases separately, asking both courts to rule on motions to dismiss and discovery issues, and responding to class certification motions separately. And two different sets of lawyers representing the respective plaintiffs in the two actions have independently expended three years of time and resources as well, as have two courts.

MindGeek further worries about the risk of inconsistent rulings related to discovery, experts, and dispositive motions. Again, there have already been some inconsistent rulings in the two cases. For example, this Court has established the CSAM discovery protocol, and there is no similar CSAM discovery protocol in the California action. MindGeek has not objected to the risk of inconsistent rulings thus

far in the litigation of these two cases, as it *separately* pursued motions to dismiss and *separately* defended against motions for class certification. To be concerned about inconsistent rulings at this stage seems disingenuous. In any event, the Court finds that the risk of inconsistent rulings going forward is minimal.

The timing of the filing of this motion is not irrelevant to the transfer inquiry. Although "[section] 1404(a) does not set a time limitation for requesting transfer," 15 Charles Alan Wright, et al., Federal Practice & Procedure § 3844 n.25 (3d ed. 2007), "the prevailing rule is that the movant must act with 'reasonable promptness' in seeking transfer." *Willis v. Okeechobee Cnty.*, 2012 WL 12845648, at *2 (S.D. Fla. Aug. 16, 2012) (citing 15 Wright & Miller, Federal Practice & Procedure § 3844 n.25 (3d ed. 2007)). "Failure to act with reasonable promptness, and the likelihood of delay resulting from transfer, may constitute sufficient grounds for denying the transfer motion." *Id.* (citing 15 Wright & Miller, Federal Practice & Procedure § 3844). MindGeek's position is that that transfer to California was never appropriate before, and is only appropriate *now*, because only recently, with two class actions becoming certified, did the issues become "sufficiently refined." Doc. 160 at 16. The Court disagrees. Plaintiff's two causes of action against MindGeek—claims brought pursuant to the TVPRA and the federal child pornography statutes—have always

raised clear, discrete issues, regardless of whether Plaintiff was pursuing relief only for herself or on behalf of other victims.

Finally, MindGeek argues that the doctrine of *res judicata* will render the action that proceeds to final judgment second-in-time precluded, and all of the efforts made in connection with that case will have been wasted. The risk of *res judicata* is theoretically always an issue when there are similar actions pending in different districts. It is uncertain at this point what preclusive effect the resolution of one action may have on the other action. If preclusion becomes an issue at a further stage of this litigation, the Court is equipped to address it at that time.

## IV.   CONCLUSION

MindGeek has not demonstrated that the convenience of the parties and witnesses and the interest of justice clearly warrant a transfer of this case from this district to the Central District of California. Accordingly, MindGeek's motion to transfer (doc. 160) is **DENIED**.

**DONE** and **ORDERED** on March 9, 2024.

_____
L. Scott Coogler
United States District Judge

160704

15