IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JANE DOE #1, and JANE DOE #2, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>MG FREESITES, LTD, d/b/a "PORNHUB," et al.,<br><br>    Defendants. | Civil Action No. 7:21-cv-00220-LSC<br><br>Honorable L. Scott Coogler<br><br>OPPOSED |

### DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES

Defendants MG Freesites, Ltd; MG Freesites II Ltd; MindGeek S.A.R.L.; MindGeek USA Incorporated; MG CY Holdings Ltd; MindGeek Content RT Limited; 9219-1568 Quebec, and MH Billing Ltd (collectively, "MindGeek") move to compel Plaintiff Jane Doe's further discovery responses to (1) MindGeek's Fourth Set of Interrogatories, *see* Ex. A (Pl.'s Resps. MindGeek's 4th Set Interrogs.), (2) MindGeek's First Set of Requests for Admission, *see* Ex. B (Pl.'s Resps. MindGeek's 1st Set RFAs), and (3) MindGeek's Third Set of

1

Requests for Production, *see* Ex. C (Pl.'s Resps. MindGeek's 3rd Set RFPs).[1] Specifically, MindGeek moves to compel further responses to: Interrogatory Nos. 26, 31, 32, 34, 36, 37, 38, 39, and 40; Request for Admission Nos. 22, 26, 29, and 30; and Request for Production Nos. 38, 39, and 40. Counsel for MindGeek emailed Plaintiff's counsel on March 14, 2024, and requested that Plaintiff address deficiencies relating to these responses. Ex. D (Mar. 18, 2024 email from D. Bonfigli to G. Zarzaur, et al.). The parties met and conferred regarding Plaintiff's responses via Zoom on March 18, 2024. Plaintiff's counsel did not agree to supplement any discovery responses, necessitating this motion.

## INTRODUCTION

With the fact-discovery cutoff approaching, MindGeek served discovery requests on Plaintiff Jane Doe seeking fundamental information and documents regarding her claims. Plaintiff has accused MindGeek of knowingly distributing child pornography and participating in a sex-trafficking venture. So MindGeek propounded interrogatories asking Plaintiff to identify the facts and documents supporting these serious accusations. But Plaintiff refused to provide a substantive

---

[1] Due to the impending discovery deadlines, MindGeek is seeking to file all documents marked by Plaintiff as confidential under seal rather than completing the meet-and-confer process in the Protective Order, Section 13.3. *See* ECF No. 22-23. The Order prescribes a procedure for minimizing filing under seal "when possible," but that procedure would require potentially up to another eight days of conferring with Plaintiff. *See id.*

response as to those interrogatories and others. MindGeek similarly propounded requests for admission seeking basic admissions regarding Plaintiff's claims, such as an admission that class members must show they were trafficked in violation of 18 U.S.C. § 1591(a)(1) to recover under 18 U.S.C. § 1595. Plaintiff, however, again stonewalled, refusing to admit or deny multiple requests for admission. Finally, MindGeek served requests for production seeking relevant documents, such as communications with potential class members regarding this action, but Plaintiff provided evasive responses that do not state whether Plaintiff will provide responsive documents or is instead withholding them based on objections. Plaintiff's failure to provide this fundamental discovery, days before the fact-discovery cutoff, is highly improper. The Court should order Plaintiff to provide full and complete responses to the requests identified above and any other relief the Court deems appropriate.

## **BACKGROUND**

On February 8, 2024, MindGeek served: (1) MindGeek's Fourth Set of Interrogatories, (2) MindGeek's First Set of Requests for Admission, and (3) MindGeek's Third Set of Requests for Production. Plaintiff served her responses on March 11. *See* Ex. A (Pl.'s Resps. MindGeek's 4th Set Interrogs.); Ex. B (Pl.'s Resps. MindGeek's 1st Set RFAs); Ex. C (Pl.'s Resps. MindGeek's

3rd Set RFPs). As shown below, in response to multiple discovery requests, Plaintiff provided either evasive responses or no substantive response at all.

On March 14, MindGeek identified the deficient discovery responses and asked that Plaintiff agree to supplement those responses by the close of fact discovery, March 19. Ex. D (Mar. 14, 2024 email from D. Bonfigli to G. Zarzaur, et al.). MindGeek requested that Plaintiff agree to do so before the close of business on March 15 and explained that, absent such agreement, it would have no choice but to move to compel. *Id.* The parties met and conferred regarding Plaintiff's responses via Zoom on March 18, 2024. Plaintiff's counsel did not agree to supplement any discovery responses, necessitating this motion.

## ARGUMENT

"The court has broad discretion to compel or deny discovery." *Pipkins v. City of Hoover*, 2022 WL 214756, at *2 (N.D. Ala. Jan. 7, 2022), *report and recommendation adopted*, 2022 WL 213862 (N.D. Ala. Jan. 24, 2022) (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011)). Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Additionally, the onus is on the party resisting discovery to demonstrate specifically how the objected-to request is unreasonable or otherwise burdensome." *Donahay v. Palm Beach Tours & Transp., Inc.*, 242 F.R.D. 685, 688 (S.D. Fla. 2007).

### I. THE COURT SHOULD COMPEL PLAINTIFF'S RESPONSES TO MINDGEEK'S INTERROGATORIES

Under Rule 33(b), "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)," Fed. R. Civ. P. 33(b), which authorizes discovery into "any nonprivileged matter that is relevant to any party's claim or defense," Fed. R. Civ. P. 26(b). Additionally, "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(b). Thus, "'[c]ontention interrogatories' that ask a party what it contends or to state all the facts upon which it bases a contention are perfectly legitimate." *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 281 F.R.D. 1, 4 (D.D.C. 2011) (collecting cases). As the Advisory Committee Notes recognize, "[o]pinion and contention interrogatories are used routinely." Advisory Committee Notes, 2007 Amendment. And they can be "most useful in narrowing and sharpening the issues, which is a major purpose of discovery." Advisory Committee Notes, 1970 Amendment.

5

Consistent with these authorities, MindGeek propounded the following interrogatories on Plaintiff:

- **Interrogatory No. 26**: If You contend that MindGeek materially contributed to the illegality of the Car Video, the Hotel Video, or both, state all facts supporting that contention. Ex. A at 10.[2]

- **Interrogatory No. 31**: Describe in detail how You will establish that a person was "under the age of 18 when [he or she] appeared in a video or image that has been made available for viewing on any website owned or operated by [Defendants]." *Id.* at 24.

- **Interrogatory No. 32**: Describe in detail how You will establish that a Class Member was trafficked in violation of 18 U.S.C. § 1591(a)(1). *Id.* at 25.

- **Interrogatory No. 34**: If you contend that MindGeek knowingly benefited from participating in what it knew or should have known was a sex trafficking venture involving Plaintiff, in violation of 18 U.S.C. §§ 1591(a)(2) and 1595(a), identify all facts and documents, by Bates number, that support the contention. *Id.* at 30.

---

[2] The Car Video and the Hotel Video refer to videos that allegedly depict Plaintiff while she was a minor and that were allegedly uploaded to MindGeek's websites.

- **Interrogatory No. 36**: Identify all facts and documents, by Bates number, that support the allegation in paragraph 184 of the Complaint that "Defendants knowingly benefited from, and/or received something of value for their participation in the venture [involving Plaintiff], in which Defendants knew, or should have known, or were in reckless disregard of the fact that [Plaintiff was] engaged in commercial sex acts while under the age of eighteen." *Id.* at 35.

- **Interrogatory No. 37**: If you contend that MindGeek had actual knowledge that Plaintiff was under 18 years of age in the Car Video or Hotel Video while the Car Video or the Hotel Video were available for viewing on any of Defendants' websites, identify all facts and documents, by Bates number, that support that contention. *Id.* at 36.

- **Interrogatory No. 38**: If You contend that MindGeek knowingly participated in a venture with Plaintiff's Trafficker that violated 18 U.S.C. § 1591(a)(1), identify all facts and documents, by Bates number, supporting that contention. *Id.* at 38.

- **Interrogatory No. 39**: If You contend that MindGeek knowingly benefited, or attempted or conspired to benefit, financially or by receiving anything of value from participation in a venture involving Plaintiff that MindGeek knew or should have known had violated

7

Chapter 77 of the United States Code, identify all facts and documents, by Bates number, that support or relate to that contention. *Id.* at 40.

- **Interrogatory No. 40**: If You contend that any sex act depicted in the Car Video or Hotel Video is a "commercial sex act," identify (1) the thing of value that was given or received on account of the sex act, (2) the person or persons who received something of value on account of the sex act, (3) the person or persons who gave something of value on account of the sex act. *Id.* at 41.

Plaintiff did not provide substantive responses to these interrogatories. Instead, she responded with boilerplate objections. For example, even though Plaintiff responded to these interrogatories less than two weeks before the close of fact discovery, after having deposed multiple MindGeek employees, and after having received tens of thousands of documents from MindGeek, Plaintiff asserted they were "premature" and that she had "not fully completed her investigation of the facts." *See, e.g., id.* at 11. Plaintiff's failure to provide substantive responses to these interrogatories, which seek basic information relating to the parties' claims and defenses, is improper. MindGeek is entitled to know, for example, the facts that support Plaintiff's serious accusations that MindGeek engaged in sex trafficking and knowingly distributed child pornography.

There is no merit to Plaintiff's assertion that these interrogatories are "premature." Plaintiff has taken substantial discovery to date, such that she should be able to identify the facts, if any, that allegedly support her legal theories. *See Donahay*, 242 F.R.D. at 688 (contention interrogatories were not premature when "[d]iscovery … ha[d] been ongoing several months" and the party propounding the contention interrogatories had "already propounded basic … interrogatories"); *O'Brien v. Int'l Bhd. of Elec. Workers*, 443 F. Supp. 1182, 1187 (N.D. Ga. 1977) ("Since the discovery period is nearly complete, there is no danger of tying the defendant to a legal theory before he has had an opportunity to fully explore the case."). And to the extent Plaintiff later discovers additional facts allegedly supporting her theories, she can supplement her responses. *See* Fed. R. Civ. P. 26(e)(1). There is no excuse for Plaintiff's refusal to identify the facts allegedly supporting her contentions. The Court should order Plaintiff to provide full and complete responses.

## II. THE COURT SHOULD COMPEL PLAINTIFF'S RESPONSES TO MINDGEEK'S REQUESTS FOR ADMISSION

MindGeek propounded the following requests for admission on Plaintiff:

- **RFA No. 22**: Admit that You are seeking compensatory damages on behalf of Class Members. Ex. B at 17.

- **RFA No. 26**: Admit that 18 U.S.C. § 2258A(a)(1)(A) requires that a provider report to NCMEC when there are facts or circumstances

from which there is an "apparent" violation of 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B, or 2260 that involves child pornography. *Id.* at 19.

- **RFA No. 29**: Admit that for a Class Member to be entitled to relief based on Count I of the Complaint, the Class Member must establish that he or she was trafficked in violation of 18 U.S.C. § 1591(a)(1). *Id.* at 21.

- **RFA No. 30**: Admit that for a Class Member to be entitled to relief based on Count II of the Complaint, the Class Member must establish that Defendants or any of them knew that the Class Member was under the age of 18 when he or she appeared in a video or image that has been made available for viewing on any website owned or operated by Defendants. *Id.* at 21-22.

Plaintiff did not admit or deny any of these requests. Instead, she asserted that they were "not asking [her] to admit or deny a fact, application of law to fact, or opinion about a fact or application of law to fact." That is incorrect. Asking Plaintiff whether she is seeking compensatory damages on behalf of class members is seeking an admission regarding a "fact." And the remaining requests seek admission regarding Plaintiff's "opinions" about the "application of law to fact," such as whether class members must establish that they were trafficked in violation

10

of 18 U.S.C. § 1591(a)(1) to recover under Count I of her First Amended Complaint, which asserts a claim under 18 U.S.C. § 1595. Put simply, MindGeek's requests seek basic admissions regarding "facts" and "opinions" about "the application of law to fact." Fed. R. Civ. P. 36(a)(1)(A). That is permissible under the Federal Rules of Civil Procedure, and Plaintiff's refusal to admit or deny these requests was improper. The Court should order Plaintiff to provide full and complete responses.

### III. THE COURT SHOULD COMPEL PLAINTIFF'S RESPONSES TO MINDGEEK'S REQUESTS FOR PRODUCTION

Under Rule 34(b)(2)(B), each response to a request for production "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). And "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). As shown below, Plaintiff's responses to the three requests for production at issue fail to comply with these rules.

*First*, MindGeek requested that Plaintiff produce "[a]ll communications with the National Center for Missing & Exploited Children relating to this Action, including communications relating to Defendants, Content on Defendants' websites, any suspected Class Member, or any Trafficker." Ex. C at 6. Plaintiff responded by stating that she had "issued a subpoena to NCMEC, of which

11

Defendants were provided a copy." *Id.* at 7.  This response is evasive and inadequate.  It does not state that Plaintiff will produce responsive documents or that she is withholding responsive documents based on her objections.  *See* Fed. R. Civ. P. 34(b)(2).  And there is no indication that the subpoena that Plaintiff served on NCMEC is the only communication she has had with NCMEC.  If Plaintiff has relevant communications with NCMEC, she should carry out a reasonably diligent search for them and produce them.

*Second*, MindGeek requested that Plaintiff produce "[a]ll communications with any suspected Class Member relating to this Action, including communications relating to Defendants, Content on Defendants' websites, or any Trafficker." Ex. C at 7.  Plaintiff asserted objections to this request but did not state whether she is withholding documents based on those objections.  *Id.*  That is improper.  *See* Fed. R. Civ. P. 34(b)(2)(c).  Additionally, the documents sought by this request are plainly discoverable.  For example, Plaintiff may have communicated with suspected Class Members regarding her theories of the case and the evidence on which she may rely in attempting to establish class-wide liability.  Thus, Plaintiff's objections are meritless.

*Third*, MindGeek requested that Plaintiff produce "[a]ll communications with Law Enforcement relating to this Action, including communications relating to Defendants, Content on Defendants' websites, any suspected Class Member, or

any Trafficker." Ex. C at 7.  Plaintiff responded by stating that "Plaintiff has previously provided communications she had with law enforcement in connection to the investigation and prosecution of her abuser." *Id.*  This response is evasive and inadequate.  The response is inadequate in that it does not state that Plaintiff will produce responsive documents or that she is withholding responsive documents based on her objections.  *See* Fed. R. Civ. P. 34(b)(2).  The response is evasive in that MindGeek has requested communications with law enforcement that relate to topics other than "the investigation and prosecution of her" ex-boyfriend—i.e., MindGeek is seeking Plaintiff's communications with law enforcement relating to MindGeek, content on MindGeek's website, and suspected class members.

For these reasons, the Court should compel Plaintiff to provide full and complete responses to the requests for production identified above and to produce all responsive, non-privileged documents.

## **CONCLUSION**

This Court should order Plaintiff to provide full and complete responses to the discovery requests identified within 7 days of this Court's order.

Dated:  March 19, 2024

/s/ *Sara M. Turner*
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
Sara M. Turner
smturner@bakerdonelson.com
1901 Sixth Avenue North Suite 2600
Birmingham, AL 35203
Phone: (205) 250-8316

QUINN EMANUEL URQUHART & SULLIVAN, LLP
*/s/ Michael E. Williams*
Michael T. Zeller (*pro hac vice*)
michaelzeller@quinnemanuel.com
Michael E. Williams (*pro hac vice*)
michaelwilliams@quinnemanuel.com
Diane Cafferata (*pro hac vice*)
dianecafferata@quinnemanuel.com
Robert Becher (*pro hac vice*)
robertbecher@quinnemanuel.com
Thomas Nolan (*pro hac vice*)
thomasnolan@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on this day, March 19, 2024, this document was filed conventionally with the Clerk of the United States District Court for the Northern District of Alabama and will be served electronically by the Defendants to all participants of record along with copies of the sealed documents.

Dated:     March 19, 2024                                              */s/ Michael E. Williams*
                                                                                          Michael E. Williams