# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| JANE DOE, on behalf of herself and all others similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) MG FREESITES, LTD, d/b/a "PORNHUB"; MG FREESITES II LTD; MINDGEEK S.A.R.L.; MINDGEEK USA INCORPORATED; MG CY HOLDINGS LTD; MINDGEEK CONTENT RT LIMITED; 9219-1568 QUEBEC, INC., d/b/a MINDGEEK; MG BILLING LTD, ) ) ) ) ) ) ) ) ) Defendants. ) ) | CIVIL ACTION NO: 7:21-cv-00220-LSC<br><br>Honorable L. Scott Coogler<br><br>**UNOPPOSED** |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL

Plaintiff Jane Doe respectfully moves this Honorable Court to issue an order allowing her to file under seal an unredacted version of Plaintiff's Motion for Partial Summary Judgment ("Motion") and the accompanying confidential exhibits. Defendants MG Billing LTD, MG CY Holdings LTD, MG Freesites II LTD, MG Freesites LTD, Mindgeek Content RT Limited, Mindgeek S.A.R.L., and Mindgeek USA Incorporated (collectively "Defendants") have marked as confidential portions of the deposition testimony from the Defendants' corporate representatives, employees, and former employees including excerpts from

1

depositions being cited by the Plaintiff in support of her motion for partial summary judgment. Plaintiff intends to cite portions of these depositions in her Motion brief, along with documents produced by Defendants that they have also marked confidential. Plaintiff's Motion and exhibits also include information that reveals Plaintiff's true identity or information that may lead to the discovery of Plaintiff's true identity.

Plaintiff moves the Court to allow her to file under seal an unredacted version of her Motion along with the confidential exhibits that include Jane Doe's Declaration, Defendants' documents, and relevant portions of Defendants' current and former employee depositions that have all been marked as confidential. In filing this Motion, Plaintiff does not concede that any of the materials identified as "confidential" by Defendants should be sealed. Defendants do not oppose this Motion.

## **RELEVANT BACKGROUND**

Plaintiff is a survivor of childhood sexual abuse and has brought claims on behalf of herself and others similarly situated against Defendants for their violations of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1591 and 1595, and for the receipt and distribution of child pornography, 18 U.S.C. §§ 2252 and 2252A. This Court previously granted Plaintiff's Motion for Leave to Proceed Pseudonymously. Docs. 2 and 7. The Court has also issued a Protective

Order, which designates certain information as confidential and protected from public disclosure. Doc. 61. Plaintiff now seeks permission to file her unredacted Motion and its accompanying confidential exhibits under seal.

## **LEGAL STANDARD**

The public's "right of access" to the courts "is not absolute, … and, where it does apply, [it] may be overcome by a showing of good cause." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). Specifically, the Eleventh Circuit has explained that

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *See In re Alexander Grant Co. Litig.*, 820 F.2d 352, 356 (11th Cir.1987); *Shingara v. Skiles*, 420 F.3d 301, 305-06 (3d Cir.2005); *Amodeo*, 71 F.3d at 1050-51. A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978); Arthur R. Miller, *Confidentiality, Protective Orders, and Public* Access *to the Courts*, 105 Harv. L. Rev. 427, 464-74 (1991).

*Id*. at 1246.

## ARGUMENT

Good cause exists to seal the materials described below. Due to "the nature and character of the information" contained in these materials, the Parties' interest in keeping the information confidential outweighs the common law right of public access. *Romero*, 480 F.3d at 1246.

### I. Depositions of Defendants' Employees and Former Employees

Plaintiff intends to reference portions of the depositions of Defendants' employees and former employees. Defendants have marked certain portions of these depositions as confidential. Defendants allege that allowing public access to the confidential portions of these materials would harm Defendants' legitimate privacy and proprietary interests. Defendants also contend that identifying the names of their employees and former employees could place those individuals' safety at risk. Plaintiff does not concede that these portions of the depositions and the deponents' names should be confidential but does not object to these materials being sealed for the purposes of her motion for partial summary judgment.

### II. Materials Marked "Confidential" by Defendants

Plaintiff intends to cite to documents produced by Defendants that have been marked confidential. Plaintiff and Defendants have not yet reached an agreement regarding whether these documents may be redacted or filed publicly. Until such

an agreement has been achieved, Plaintiff moves to file these documents provisionally under seal.

### III.   Plaintiff's Motion for Partial Summary Judgment

Finally, Plaintiff moves to file her unredacted Motion under seal. This Motion includes Plaintiff's personal identifying information that is protected from public disclosure by this Court's prior order granting her the right to proceed pseudonymously. Doc. 7. The Motion also cites to and includes information from the depositions of Defendants' employees and former employees, as well as materials Defendants have marked confidential. For all of the reasons outlined above, those portions of the Motion should be sealed.

### CONCLUSION

Plaintiff respectfully requests that this Court enter an order granting leave for Plaintiff to file under seal the above-referenced materials.

Respectfully submitted this 6th day of September 2024.

    /s/ *Gregory Zarzaur*
Gregory Zarzaur (ASB-0759-E45Z)
Kelsie Overton (ASB-1791-F80L)
THE ZARZAUR LAW FIRM
2332 Second Avenue North
Birmingham, Alabama 35203
T: (205) 983-7985
E: gregory@zarzaur.com
   kelsie@zarzaur.com

Joshua P. Hayes
PRINCE GLOVER HAYES

5

701 Rice Mine Road
Tuscaloosa, Alabama 35406
T: (205) 345-1234
E: jhayes@princelaw.net

Kimberly Lambert Adams*
Kathryn L. Avila*
LEVIN PAPANTONIO
316 S. Bavlen Street, Suite 600
Pensacola, FL 32502
T: (850) 435-7056
E: kadams@levinlaw.com
   kavila@levinlaw.com
*pro hac vice


Gaetano D. Andrea*
Jill P. Roth*
M. Stewart Ryan*
Alexandria MacMaster*
LAFFEY BUCCI D'ANDREA REICH & RYAN
1100 Ludlow Street, Suite 300
Philadelphia, PA 19107
T: (215) 399-9255
E: dandrea@lbk-law.com
   jroth@lbk-law.com
   sryan@lbk-law.com
   amacmaster@lbk-law.com
*pro hac vice

Benjamin W. Bull*
Dani Bianculli Pinter*
Christen M. Price*
Peter A. Gentala*
NATIONAL CENTER ON SEXUAL
EXPLOITATION
1201 F Street NW, Suite 200
Washington, D.C. 20004
T: (202) 393-7245
E: lawcenter@ncose.com

6

*pro hac vice*

Kevin Dooley Kent*
Mark B. Schoeller*
Joseph W. Jesiolowski*
Vanessa Huber*
CONRAD O'BRIEN PC
Centre Square West Tower
1500 Market Street, Suite 3900
Philadelphia, PA 19102-2100
T: (215) 864-9600
E: kkent@conradobrien.com
mschoeller@conradobrein.com
jjesiolowski@conradobrien.com
vhuber@conradobrien.com
*pro hac vice*

*Counsel for the Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify on this 6th day of September 2024, this document was filed through the Electronic Case Filing System of the United States District Court for the Northern District of Alabama and will be served electronically by the court to all participants of record.

*/s/ Gregory Zarzaur*
Gregory Zarzaur