# DEFENDANTS' OPPOSITION TO PLAINTIFF JANE DOE #1'S MOTION FOR PARTIAL SUMMARY JUDGMENT

# [REDACTED]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| JANE DOE #1 on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. |
| MG FREESITES, LTD, d/b/a "PORNHUB"; MG FREESITES II, LTD; MINDGEEK S.A.R.L.; MINDGEEK USA INCORPORATED; MG CY HOLDINGS LTD; MINDGEEK CONTENT RT LIMITED; 9219-1568 QUEBEC INC., d/b/a MINDGEEK; and MG BILLING LTD, | ) ) ) ) ) ) ) ) ) ) ) | 7:21-CV-00220-LSC |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF
JANE DOE #1'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Seth R. Goldman
*(Pro hac vice)*
New York Bar 2815926
New Jersey Bar 42091996
**MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY and POPEO, P.C.**
919 Third Avenue
New York, New York 10022
Tel: (212) 692-6845
Fax: (212) 983-3115
SRGoldman@mintz.com

Arameh Zargham O'Boyle
*(Pro hac vice)*
California Bar 239495
Tel. (310) 226-7846
AZOboylc@mintz.com

Esteban Morales
*(Pro hac vice)*
California Bar 273948
Tel. (310) 226-7841
Emorales@mintz.com

**MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY and POPEO, P.C.**
Century Plaza Towers
2049 Century Park East, Suite 300
Los Angeles, California 90067
Fax: (310) 586-3200

Kevin M. McGinty
*(Pro hac vice)*
Massachusetts Bar 556780
**MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY and POPEO, P.C.**
One Financial Center
Boston, Massachusetts 02111
Tel. (617) 348-1688
Fax. (617) 542-2241
KMMcginty@mintz.com

OF COUNSEL:

Sara M. Turner (ASB-4388-R58T)
**BAKER, DONELSON,
BEARMAN, CALDWELL &
BERKOWITZ, P.C.**
1901 Sixth Avenue North
Suite 2600
Birmingham, Alabama 35203
Tel: (205) 328-0480
Fax: (205) 322-8007
smturner@bakerdonelson.com

*Counsel for MG Freesites Ltd, MG
Freesites II Ltd, MindGeek  S.à r.l.,
MindGeek USA Incorporated, MG CY
Holdings Ltd, MindGeek Content RT
Limited, 9219-1568 Quebec Inc., and
MG Billing Limited*

# <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ...................................................................................................1

FACTS.....................................................................................................................1

   I.   Defendants' Response to Plaintiff Jane Doe #1's Statement of
      Undisputed Facts ....................................................................................1

     A.   Undisputed issues of fact .................................................................2

         1.   Undisputed Material Facts. .................................................2

         2.   Undisputed and Immaterial Facts.. .....................................2

     B.   Disputed issues of fact .....................................................................2

         1.   Dispute of fact based on failure of facts cited to support
             assertions as to specific knowledge. ...................................2

         2.   Dispute of fact based on definition of the term "MindGeek."....2

         3.   Specific objections and disputed issues of fact..........................3

  II.   Defendants' Additional Undisputed Material Facts................................45

     A.   MindGeek operates websites that enable third-party content providers
         to upload videos created by them for viewing by other users.............45

     B.   ██████████ posts the Videos to a MindGeek website. ..............48

     C.   Plaintiff discovers the ██████ and ████████ but does not notify
         MindGeek. ......................................................................................51

     D.   MindGeek learns about the videos and immediately responds. ..........51

ARGUMENT ........................................................................................................52

   I.   Plaintiff Has No Right of Action for An Alleged Violation Of 18 U.S.C.
      §2552. ....................................................................................................52

  II.   Plaintiff Has Failed to Show Beyond Genuine Dispute That MindGeek
      Knowingly Violated Section 2252A. ....................................................53

     A.   Deliberate indifference is not enough: plaintiff must prove that
         MindGeek subjectively believed she was a minor and engaged in
         active efforts to avoid knowing this critical fact.................................53

     B.   Evidence of generalized knowledge cannot sustain a claim for
         knowing receipt or distribution of child sexual abuse material. .........56

C.    The record does not support a plausible inference that MindGeek deliberately acted to avoid learning that Plaintiff was a minor in the videos depicting her. ............................................................................. 61

III.   Defendants Are Immunized from Suit By Section 230 of the Communications Decency Act. ................................................................. 66

CONCLUSION ........................................................................................................ 66

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A.B. v. Hilton Worldwide Holdings Inc.*,
  484 F. Supp. 3d 921 (D. Or. 2020) ....................................................59

*Blazer v. eBay, Inc.*,
  2017 U.S. Dist. LEXIS 39217 (N.D. Ala. Mar. 20, 2017) .................................64

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011)....................................................................*passim*

*H.G. v. Inter-Continental Hotels Corp.*,
  489 F. Supp. 3d 697 (E.D. Mich. 2020) ............................................59

*Horwitt v. Sarroff*,
  2020 U.S. Dist. LEXIS 166497 (D. Conn. Sept. 11, 2020)................................63

*Jones v. United States*,
  362 U.S. 257 (1960)....................................................................58

*M.H. v. Omegle.com, LLC*,
  2022 WL 93575 (M.D. Fla. Jan. 10, 2022) ......................................58

*Malloy v. Peters*,
  2014 U.S. Dist. LEXIS 116061 (N.D. Ala. Aug. 4, 2014)................................65

*Picard v. Citibank, N.A.*,
  12 F.4th 171 (2d Cir. 2021) ..............................................................63

*S.J. v. Choice Hotels Int'l, Inc.*,
  473 F. Supp. 3d 147 (E.D.N.Y. 2020) ........................................59, 60

*Sommerville v. Warrior Met Coal Mining, LLC*,
  2020 U.S. Dist. LEXIS 240165 (N.D. Ala. Dec. 22, 2020) ............................62

*Tiffany Inc. v. eBay, Inc.*,
  600 F.3d 93 (2d Cir. 2010) ..............................................................60

iii

*Tiffany (NJ) Inc. v. eBay, Inc.*,
   576 F. Supp. 2d 463 (S.D.N.Y. 2008) ........................................................59, 60

*United States v. Alston-Graves*,
   435 F.3d 331 (D.C. Cir. 2006)........................................................................55

*United States v. Giovanetti*,
   919 F.2d 1223 (7th Cir. 1990) ................................................................55, 64

*United States v. Josefik*,
   753 F.2d 585 (7th Cir. 1985) ........................................................................64

*United States v. Miller*,
   416 Fed. Appx. 885 (11th Cir. 2011)............................................................53

*United States v. Perez-Tosta*,
   36 F.3d 1552 (11th Cir. 1994) ................................................................54, 55

*United States v. Potokri*,
   2024 U.S. App. LEXIS 14666 (11th Cir. June 17, 2024)...............................53

**Statutes**

18 U.S.C. § 1591 ....................................................................................58, 60

18 U.S.C. §§ 2252 and 2252A… ...............................................................*passim*

18 U.S.C. § 2252A(f) .....................................................................................52

18 U.S.C. § 2252A(f)(1) .................................................................................58

18 U.S.C. § 2255 ...........................................................................................52

35 U.S.C. § 271(a) .........................................................................................54

47 U.S.C. § 230............................................................................................1, 66

**Other Authorities**

Fed. R. Evid. 407 .................................................................................*passim*

Fed. R. Civ. P. 56.....................................................................................62, 65

## **INTRODUCTION**

Defendants submit this memorandum in opposition to Plaintiff Jane Doe #1's Motion for Partial Summary Judgment ("Plaintiff's MSJ" or "Plaintiff's Motion"). As shown below and in Defendants' own moving papers, the undisputed material facts fail to establish that Defendants had actual knowledge that Plaintiff was underage when videos of her were posted by a third party on the PornHub web site. Plaintiff's attempt to manufacture "knowledge" based on unrelated instances where child sexual abuse material ("CSAM") was posted online are factually and legally immaterial. She also fails entirely to reckon with Defendants' entitlement to immunity under 47 U.S.C. § 230. It is Defendants—not Plaintiff—who are entitled to judgment as a matter of law on Count II of the First Amended Complaint (the "FAC"). Therefore, the Court should (1) deny Plaintiff's Motion and (2) enter summary judgment for Defendants for the reasons stated in this Opposition and in the Memorandum of Law in Support of Defendants' Motion for Summary Judgment ("Defendants' MSJ") (Docket No. 221).

## **FACTS**

## I. **DEFENDANTS' RESPONSE TO PLAINTIFF JANE DOE #1'S STATEMENT OF UNDISPUTED FACTS**

Defendants respond as follows to Plaintiff's Undisputed Relevant Material Facts ("Plaintiff's Facts" or "Pl. Facts").

A.    <u>Undisputed issues of fact</u>

1.    **Undisputed Material Facts.** Paragraphs 2, 4, 6-10, and 16-18, 25.

2.    **Undisputed and Immaterial Facts.** Paragraphs 1, 21, 26, 36, 39, and 75.

B.    <u>Disputed issues of fact</u>

1.    **Dispute of fact based on failure of facts cited to support assertions as to specific knowledge.**

Defendants dispute Paragraphs 11 - 15, 30 - 37, 41, 47, 54, 58, 61- 64, 66-72, 74, 77-81, 83-86, 88, 91, 96-97, 99, 101, 105, 107–141, on the basis that the cited evidence in each paragraph is irrelevant and does not concern Plaintiff and/or videos allegedly depicting Plaintiff. Further disputed to the extent Plaintiff relies on the cited evidence to support her assertions concerning Defendants' generalized knowledge of receiving and distributing CSAM, or that Defendants left CSAM content on websites after learning of its presence. The cited evidence does not establish the requisite particularized knowledge of Defendants concerning Plaintiff.

2.    **Dispute of fact based on definition of the term "MindGeek."**

Plaintiff defines the term "MindGeek" to mean all Defendants. *See* Mot. at 1. The use of the term, so defined, in Plaintiff's facts improperly conflates the Defendants, obscuring which Defendant (if any) Plaintiff contends engaged in the conduct alleged. Defendants are distinct entities with distinct roles, actions, and

responsibilities. Defs.' Opp. Ex. A (████████ Opp. Dec.) ¶¶ 3, 6-48.[1] On that basis, Defendants dispute the allegations in Paragraphs 19, 20, 22, 23, 27-30-35, 38, 40, 41, 44. 48-50, 54-57, 59-61, 63, 64, 66, 68-74, 77-88, 90-110, 120-122, 130, 133, 134, and 141.

### 3.    Specific objections and disputed issues of fact.[2]

████ **Objection**. Lacks foundation; hearsay. **Disputed and immaterial.** Cited evidence, ████████████████████████████ (Pl's Ex. 1)



████ **Objection**. Lacks foundation. **Disputed and immaterial.** Cited evidence, ████████████████████ (Pl.'s Ex. 1) ████████

### 11.    **Objection**. Lacks foundation; hearsay to the extent the evidence is

████████████████████████. **Disputed and immaterial.** *See* Section I. B. 1. Cited evidence ████████████████████

---

[1] "Defs.' Opp. Ex." refers to exhibits submitted in support of Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment. "Pl.'s Ex." refers to exhibits submitted by Plaintiff with her Motion for Partial Summary Judgment.

[2] Paragraph numbers correspond to the paragraph numbering in Plaintiff's Facts. The specific disputes of fact incorporate Defendants' dispute as to Plaintiffs' misleading use of the term "MindGeek."

██████████████████████████████████████████████████

████████████████████████████████████████

██████ **Objection**. Lacks foundation; hearsay to the extent the evidence is

████████████████████████████. **Disputed and immaterial.**

*See* Section I. B. 1. Cited evidence ████████████████████████

████████

██████ **Objection**. Lacks foundation; hearsay to the extent the evidence is

████████████████████████████. **Disputed and immaterial.**

*See* Section I. B. 1. Cited evidence ████████████████████████

████████

14 and 15. **Objection**. Lacks foundation; hearsay to the extent the evidence is

████████████████████████████. **Disputed and immaterial.**

*See* Section I. B. 1.

19.    **Objection**. Hearsay. **Disputed and immaterial**. Cited evidence ████

████████████████████████████ *See* Section I. B. 2.

20.    **Objection.** Inadmissible subsequent remedial measure ("FRE 407");

hearsay. **Disputed and immaterial**. Cited evidence ████████████████

██████████████████████████████████████████████████

████████████████████ *See* Section I. B. 2.

4

22.    **Objection**. FRE 407; hearsay. **Disputed**. Evidence does not establish

███████████████████████████████████ *See* Section I. B. 2.

23.    **Objection.** FRE 407; lacks foundation. **Disputed**. Cited evidence does

not establish that ███████████████████████████████████████████████

████████████████████. The document cited █████████████████████████████

█████████████████████████ *See* Pl.'s Ex. 5 (row 34). Pl. Ex. 4 further establishes

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████ *See* Section I. B. 2.

24.    **Disputed**. Cited evidence does not establish the assertion in its entirety.

████████████████████████████████████████████████████████████████

█████. *See* Pl.'s Ex. 11, at 1.

27.    **Disputed**. Cited evidence █████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████. *See* Section I. B. 2.

28.    **Disputed**. Cited evidence does not establish the assertion in its entirety.

Defendants' Answer, Doc. 45, at ¶¶ 45-46 (Defs.' Opp. Ex. ██) supports that MG

Freesites operates adult entertainment websites, including Pornhub.com, YouPorn.com, RedTube.com, and Tube8.com. Cited evidence does not establish that "MindGeek" "owns and controls" the websites. *See* Section I. B. 2.

29.    **Disputed and immaterial**. Cited evidence does not establish the assertion in its entirety. "MindGeek" does not collectively own each website. *See* Section I. B. 2. ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████.

Defs.' Opp. Ex. A (████████ Opp. Dec.) ¶ 16.

30.    **Disputed and immaterial**. *See* Section I. B. 1. Pl.'s Ex. 16 (Defs.' Resp. to RFA No. 1) ████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████ Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

31.    **Disputed and immaterial**. *See* Section I. B. 1. Further, ████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████ (Pl.'s Ex. 78 (████████ Dep. Tr. (1/30/24)) at 434:6-
8; 436:4-11) ████████████████████████████████████

██████████ *Id.* at 101:16-20. ████████████████████████████

███████████████████████████████████████████████

*See* Section I. B. 2.

    32.   **Objection.** Lacks foundation; ██████████████████████████

███████████████████████████████████████████████.

**Disputed and immaterial**. *See* Section I. B. 1. Pl.'s Ex. 82 (████████ Dep. Tr.
(4/18/24)) at 78:15-20. ████████████████████████████████████

██████████ *See* Section I. B. 2.

    33.   **Objection.** Lacks foundation; ██████████████████████████

███████████████████████████████████████████████

**Disputed and immaterial**. *See* Section I. B. 1.  Plaintiff's use of the term
"MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

    34.   **Objection.** Lacks foundation; hearsay. **Disputed and immaterial**. *See*
Section I. B. 1. Cited evidence ████████████████ ████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

*See* Pl.'s Ex. 82 (███████ Dep. Tr. (4/18/24)) at 90:24-91:3. Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

35.    **Disputed and immaterial**. *See* Section I. B. 1. Cited evidence does not establish the assertion. ████████████████████████████████. Pl.'s Ex. 15 (████████ Dep. Tr. (1/24/24)) at 237:24-240:2 ████████████████ ████████████████████; Pl.'s Ex. 18 (████████ Dep. Tr. (8/8/23)) at 64:4-11, 98:22-24, 225:16-24. Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

37.    **Objection.** Lacks foundation; FRE 407; hearsay. **Disputed but immaterial**. Cited evidence does not establish ████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████ *See* Pl.'s Ex. 4 at p. 3. *See* Section I. B. 1.

38.    **Objection.** FRE 407. **Undisputed and immaterial**. At all relevant times, ████████████████████████████████████████ ███████████████. Pl.'s Ex. 16 (Defs.' Resp. to RFA No. 3); Pl.'s Ex. 15 ████████ Dep. Tr. (1/24/24)) at 38:15-23. ████████████████ ████████████████████████████████████████ ██████████. Pl.'s Ex. 16 (Defs.' Resp. to RFA No. 3). Users were required to agree to the

Terms of Service, which prohibits uploading any content depicting a minor (Defs'

MSJ Ex. B (████████ MSJ Dec.) ¶ 36)[3] ████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████. *Id.*, Exs. 1-6.  *See also*

Pl.'s Ex. 17 (███████ Dep. Tr. (2/23/24)) at 33:11-15, 35:8-14, 35:25-36:15

████████████████████████████████████████████████████████████████████

████████ Plaintiff's use of the term "MindGeek" improperly conflates the

Defendants. *See* Section I. B. 2.

      39.   **Objection**. Duplicative of Paragraph 26.

      ████████ <u>Response all subparts</u>: **Objections**. FRE 407; hearsay. **Disputed and**

**immaterial**. Cited evidence does not establish the assertions in their entirety. ████

████████████████████████████████████████████████████████████████████

████████████. Pl.'s Ex. 16 (Defs.' Resp. to RFA No. 3); Pl.'s Ex. 15 ██████████

Dep. Tr. (1/24/24)) at 38:15-23. ███████████████████████████████

████████████████████████████████████████████████████████████████████

---

[3] "MSJ" Refers to Defendants' Motion for Summary Judgment, filed on September 6, 2024, Dkn. No. 221. Defendants incorporate herein certain evidence submitted as part of Defendants' Evidentiary Submission in Support of Defendants' Motion for Summary Judgment, Dkn No. 225, 225-1 – 225-5, 226-1 – 226-3.  Defendants refer to evidence previously submitted to the Court in connection with their Motion for Summary Judgment using the convention "MSJ" throughout this document.

██████. Pl.'s Ex. 16 (Defs.' Resp. to RFA No. 3). ███████████████████

███████████████████████████████████████████████

██████████████████. *See* Pl.'s Ex. 15 ███████████ Dep. Tr. (1/24/24)) at 54:18-
58:9. ████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████. Defs.' Opp. Ex. B (S. Caltagirone Decl.)
¶¶ 3 and 46. *See also* Defs.' Opp. Ex. D (███████ Dep. Tr. (8/9/23)) at 21:16-22:23,
25:3-9, 27:17-28:19; Defs.' Opp. Ex. E (███████ Dep. Tr. (7/14/23)) at 40:17-
41:8, 99:17-100:17; Defs.' Opp. Ex. F (███████ Dep. Tr. (1/11/24)) at 57:3-
59:15 ████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

*See* Pl.'s Ex. 105; Ex. 88. *See also* Defs.' Opp. Ex. F ███████████ Dep. Tr.
(1/11/24)) at 57:3-58:9 █████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████. Defs.' Opp.
Ex. B (S. Caltagirone Decl.) ¶ 36. *See also* Defs.' Opp. Ex. J (S. Caltagirone Tr.
(10/30/23)) at 261:1-262:18 ████████████████████████

██████████████████████████████████████████████

██████████████████████████████████. Defs.' Opp. Ex. B (S.

Caltagirone Decl.) ¶ 36. ████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████. See Pl.'s Ex. 87; Pl.'s Ex. 90; Ex. 91; Ex. 93;

Pl.'s Ex. 95; Ex. 97; See Section I. B. 2.

41.    **Objection**. Vague as to time. **Disputed and immaterial**. See Section I.

B. 1. Cited testimony ████████████████████████████████

██████████████████████████████████████████. See Pl.'s

Ex. 15 (███████ Dep. Tr. (1/24/24)) at 62:22-63:17.

██████████████████████████████████████████████

████. Pl.'s Ex. 16 (Defs.' Resp. to RFA No. 3). ████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████. Defs.' MSJ Ex. C (███████ MSJ Dec.) ¶¶ 11, 14, 16; Defs.' Opp. Ex.

A (███████ Opp. Dec.) ¶¶ 14, 16; Pl.'s Ex. 16 (Defs.' Resp. to RFA No. 3). Uploads

are not accepted on RedTube, YouPorn, or Tube8. Defs.' MSJ Ex. C (███████ MSJ

Dec.) ¶ 17; Pl.'s Ex. 21 (███████ (8/30/30)) at 23:21-24:4. Plaintiff's use of the

term "MindGeek" improperly conflates the Defendants. See Section I. B. 2.

11

42.    **Objection**. Vague as to time. **Disputed and immaterial**. Cited testimony ███████████████████████████████████████████████████

████████████████████████████████████████████. *See* Pl.'s Ex. 15 (██

████ Dep. Tr. (1/24/24)) at 62:22-63:17. ██████████████████████████

██████████████████████████████████████████████. Pl.'s Ex. 16 (Defs.' Resp. to RFA No. 3).

43.    **Objection**. Misstates the testimony; vague as to time. **Disputed and immaterial**. Cited testimony ████████████████████████████

███████████████████████ Pl.'s Ex. 109 (███████ (8/09/23)) at 80:2-5.

████**Objection**. FRE 407; misstates testimony. **Disputed and immaterial**. ████████████████████████████████████████. Defs.' MSJ Ex. F (████ MSJ Dec.) ¶ 17; Pl.'s Ex. 21 (████████ (8/30/30)) at 23:21-24:4. At all relevant times, users were required to agree to Terms of Service, which prohibits the upload of any content depicting a minor. Defs.' MSJ Ex. B (████ MSJ Dec.) ¶ 36, Exs. 1-6. Cited testimony is ████████████████████████████

████████████████████████████████████████████████████████

████████████████. Pl.'s Ex. 15 (████████ Dep. Tr. (1/24/24)) at 65:2-66:13.

████████████████████████████████████████████████████

███████████████████. Pl.'s Ex. 16 (Defs.' Resp. to RFA No. 3). ████████



██████████. *Id.* ████████████

████████████. Defs.' MSJ Ex. C (██████ MSJ Dec.) ¶¶ 11, 14, 16; Defs.' Opp. Ex. A (██████ Opp. Dec.) ¶¶ 14, 16; Pl.'s Ex. 16 (Defs.' Resp. to RFA No. 3). Plaintiff's use of the term "MindGeek's websites" improperly conflates the Defendants. *See* Section I. B. 2.

████ **Objection.** Misstates the testimony; FRE 407; vague as to time. **Disputed and immaterial**. The testimony ████████████████. Pl.'s Ex. 21 (█████ (8/30/30)) at 39:10-19. ███████████████. *Id.* at 43:11-44:12. ████████████████████ ████. *Id.* at 41:24-42:8. ██████████████████

46.    **Objection.** Misstates the testimony; vague as to time; FRE 407. **Disputed and immaterial**. Testimony ████████████████



. *See* Pl.'s Ex. 21 ▬▬▬▬ (8/30/30)) at

30:2-19. At all relevant times, the Terms of Service required that uploaders maintain

documentation establishing that performers are over the age of 18 and consent, and

moderators requested that documentation when necessary. Defs.' MSJ Ex. B

(▬▬▬ MSJ Dec.) ¶ 36, Exs. 1-6.

     47.   **Objection.** Misstates the testimony; vague as to time; FRE 407.

**Disputed and immaterial.** *See* Section I. (B)(i). At all relevant times, all users were

required to agree to the Terms of Service, which prohibits the upload of any content

depicting a minor and required that uploaders maintain documentation establishing

that performers are over the age of 18 and consent, and moderators requested that

documentation when necessary. Defs.' MSJ Ex. B (▬▬▬ MSJ Dec.) ¶ 36, Exs. 1-

6. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬. Pl.'s Ex. 16 (Defs.' Resp. to RFA No. 4). ▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬. *Id. See also* Pl.'s Ex. 17 (▬▬▬ Dep. Tr. (2/23/24)) at

95:15-23 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬); Defs.'

Opp. Ex. E (▬▬▬ Dep. Tr. (7/14/23)) at 118:3-119:3, 219:6-22 ▬▬▬

██████████████████████████████████████████████████████████

████████████████████████████

48.     **Objection**. FRE 407; hearsay; misstates the testimony. **Disputed and immaterial**. ███████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████. Defs.' MSJ Ex. B (█████████ MSJ Dec.) ¶ 5. At all relevant times, all users were required to agree to the Terms of Service, which prohibits the upload of any content depicting a minor and required that uploaders maintain documentation establishing that performers are over the age of 18 and consent, and moderators requested that documentation when necessary. Defs.' MSJ Ex. B (█████████ MSJ Dec.) ¶ 36, Exs. 1-6; Defs.' Opp. Ex. J (S. Caltagirone Tr. (10/30/23)) at 142:18-144:13 ████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████. Pl.'s Ex. 16 (Defs.' Resp. to RFA No. 3); Pl.'s Ex. 15 █████████ Dep. Tr. (1/24/24)) at 38:15-23. ████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

15

████████████████████ Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

49.    **Objection.** FRE 407. **Disputed and immaterial**. At all relevant times, all users and uploaders of content were required to agree to the Terms of Service, which prohibits the upload of any content depicting a minor and required that uploaders maintain documentation establishing that performers are over the age of 18 and consent, and moderators requested that documentation when necessary. Defs.' MSJ Ex. B (████ MSJ Dec.) ¶ 36, Exs. 1-6. ████████████████

████████████████████████████████████

██████████████████████████████. Pl.'s Ex. 16 (Defs.' Resp. to RFA No. 4). ████████████████████████████

████████████████████████████████████

██████████████████████████████. *Id*. Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

50.    **Objection.** FRE 407. **Disputed and immaterial**. Cited testimony ████████████████████████████████████

██████████████████████████████. Plaintiff's use of the term "MindGeek's websites" improperly conflates the Defendants. *See* Section I. B. 2.

16

51.    **Objection.** Vague as to time. **Disputed and immaterial.** Cited evidence does not establish the assertion. The testimony cited ██████████ ████████████████████████████████████. Pl.'s Ex. 15 (██ ████ Dep. Tr. (1/24/24)) at 167:7-18.

52.    **Objection.** Vague as to time. **Disputed and immaterial.** Cited evidence does not establish the assertion. The testimony cited ██████████ █████████████████████████████████ Pl.'s Ex. 15 (██ ████ Dep. Tr. (1/24/24)) at 167:7-18. The testimony does not support that the metadata will be "referenced when users search Pornhub.com's video collection." *Id.*

53.    **Objection**. Hearsay. **Disputed and immaterial**. Cited evidence does not establish the assertion. Cited document █████████████████████ █████████████████████████████ Pl.'s Ex. 101.

54.    **Objection.** Vague as to time; hearsay. **Disputed and immaterial.** *See* Section I. (B)(i). Cited evidence does not establish the assertion. Cited ████████ ████████████████████████████ Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

55.    **Objection.** Vague as to time; hearsay. **Disputed and immaterial.** Cited evidence does not concern Plaintiff and/or videos allegedly depicting Plaintiff; ███

17

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████. Defs.' MSJ Ex. B (████████ MSJ Dec.) ¶ 13. Videos ████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████. Pl.s' Ex. 15, at 168:2-7.

████████████████████████████. *Id.* at 149:14-150:14. ████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████. *Id.* at 168:8-172:7. Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

　　56.　**Disputed** to the extent Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

　　57.　**Disputed**. Cited evidence does not establish the assertion in its entirety. Pl.'s Ex. 21 (████████ (8/30/30)) at 50:7-20 ████████████████████ ████████████████████. Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

　　58.　**Objection**. FRE 407; lacks foundation; hearsay. **Disputed and immaterial**. *See* Section I. B. 1. Cited document ████████████████ ████████████████████████████████████████████████

███████████████████████████████████████████████████. *See* Pl.'s

Ex. 77, MindGeek_NDAL_00551196-97, 00551206-09. ████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████. Pl.'s Ex. 21 (████████ (8/30/30)) at

228:20-229:23.

59.    **Objection**. FRE 407; lacks foundation. **Disputed and immaterial**.

████████████████████████████████████████████████████████████

████████████████. Pl.'s Ex. 16 (Defs.' Resp. to RFA No. 3). Plaintiff's use of the term

"MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

60.    **Objection**. Vague as to time; lacks foundation; hearsay. **Disputed and**

**immaterial.** Plaintiff's use of the term "MindGeek" improperly conflates the

Defendants. *See* Section I. B. 2.

61.    **Objection**. Vague as to time and location; hearsay. **Disputed and**

**immaterial**. *See* Section I. B. 1. Further, ██████████████████████████

████████████████████████████████████████████████████████████

████████████████████████ Cited testimony ██████████████████████

████████████████████████████████████████████████████████████

████████████. Pl.'s Ex. 78 (████████ Dep. Tr. (1/30/24)) at 101:16-24. Plaintiff's

use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B.

2.

██████ **Objection**. Misstates the testimony; vague as to time. **Disputed and immaterial**. *See* Section I. B. 1. Further, ████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████. Pl.'s Ex. 15 (██████████ Dep. Tr. (1/24/24)) at 24:20-26:15.

63.     **Objection**. FRE 407; misstates the testimony; lacks foundation. **Disputed and immaterial**. *See* Section I. B. 1. Cited evidence does not establish the assertion. ██████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████ Pl.'s Ex. 21 (██████████ (8/30/30)) at 196:7-197:9. ██

████████████████████████████████████████

██████████████████ Pl.'s Ex. 15 (██████████ Dep. Tr. (1/24/24)) at 54:18-58:18.

████████████████████████████████████████

███████████████████████████████████████████████ *Id.* at 57:16-

58:18. ██████████████████████████████. Pl.'s Ex. 21 (█████████

(8/30/30)) at 87:22-88:2; Defs' MSJ Ex. B (█████ MSJ Dec.) ¶¶ 5-16. Plaintiff's

use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B.

2.

64.    **Objection**. FRE 407; misstates the testimony; lacks foundation.

**Disputed and immaterial**. *See* Section I. B. 1. Further, ████████████████

█████████████████████████████████████████████████████

██████████████████████████. Cited evidence does not establish the assertion.

Cited evidence ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

*See* Pl.'s Exs. 23, 21. ██████████████████████████████████

████████████. Pl.'s Ex. 15 (█████████ Tr. (1/24/24)) at 57:4-58:18. Plaintiff's use

of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

65.    **Objection**. Vague as to time; misstates testimony. **Disputed and**

**immaterial**. Cited evidence does not establish the assertion. Pl.'s Ex. 15 (████████

Dep. Tr. (1/24/24)) at 132:6-10 ████████████████████████████████

████████████████. *Id.* at 166:14-167:2 ████████████████████

████████████████████████. *Id.* at 264:2-17 ████████████████

21

████████████████████████████████████████████████████

████████████████████████████████████████. None of the cited

testimony establishes that moderators would review titles and tags for CSAM.

66.    **Objection.** Misstates the testimony. **Disputed and immaterial**. *See*

Section I. B. 1. Further, ████████████████████████████████

████████████████████████████████████████████████████

████████████████ Cited evidence does not establish the assertion. ████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████ Pl.'s Ex. 78 (████████

Dep. Tr. (1/30/24)) at 340:8-12. Plaintiff's use of the term "MindGeek" improperly

conflates the Defendants. *See* Section I. B. 2.

67.    **Objection**. FRE 407; vague as to time. **Disputed and immaterial**. *See*

Section I. B. 1. Cited evidence does not establish the assertion in its entirety. ████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████ Pl.'s Ex. 21 (████████ (8/30/30)) at 89:4-25. ████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

Pl.'s Ex. 15 (████████ Dep. Tr. (1/24/24)) at 332:2-333:6.

68.    **Objection.** FRE 407; vague as to time; lacks foundation; misstates the testimony. **Disputed and immaterial**. *See* Section I. B. 1. Cited evidence does not establish the assertion. ███████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

Pl.'s Ex. 15 (█████████ Dep. Tr. (1/24/24)) at 95:11-20. Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

69.    **Objection**. Misstates the testimony. **Disputed and immaterial**. *See* Section I. B. 1. Further, ███████████████████████████

██████████████████████████████████████████████████

███████████ Cited evidence does not establish the assertion. ████████████

██████████████████████████████████████████████████

████████████████████████████████ Pl.'s Ex. 15 (████████

Dep. Tr. (1/24/24)) at 102:4-104:15; 109:21-110:20. ██████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████ Pl.'s Ex. 9 (L████████ (4/12/24)) at 106:19-108:17. Per NCMEC, "international companies … have no obligation to report to [NCMEC's] CyberTipline."    UNITED STATES COMMITTEE ON THE JUDICIARY, *Protecting Our Children Online*, Testimony of Michelle De Lauren,

23

President and CEO of NCMEC at 8 (Feb. 14, 2023), available at https://www.missingkids.org/content/dam/missingkids/pdfs/Senate%20Judiciary%20Hearing%20-%20NCMEC%20Written%20Testimony%20(2-14-23)%20(final).pdf. Nevertheless, "certain international [Electronic Communication Service Providers, i.e.] ESPs, including …MindGeek that have no legal obligation to report to the CyberTipline, regularly submit more reports relating to child sexual exploitation than many U.S.-based ESPs that have a statutory obligation to report and also have significantly larger user bases." *Id.* Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

70.    **Objection**. Misstates the testimony. **Disputed and immaterial**. *See* Section I. B. 1. Further, ███████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████. Pl.'s Ex. 9 (████████ (4/12/24)) at 102:14-108:17. Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

71.    **Objection**. Misstates the testimony; vague as to time; lacks foundation; hearsay. **Disputed**. *See* Section I. B. 1. Cited evidence does not establish the

24

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████. Pl.'s Ex. 23. ██████████████████████

███████████████████████████████. Pl.'s Ex. 24. ████████████

██████████████████████████████████████. *See also*

Pl.'s Ex. 21 (███████ Tr. (8/30/23)) at 221:17-24 █████████████████

█████████████████████████████████████. Plaintiff's

use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B.

2.

72.    **Objection**. Misstates the testimony; vague as to time; lacks foundation;

hearsay. **Disputed**. *See* Section I. B. 1. Cited evidence does not establish that

████████████████████████████████. Pl.'s Ex. 21 (█

█████ Tr. (8/30/23)) at 221:17-24 ("████████████████████

████████████████████████████."); *see also* Pl.'s Ex. 15 (█

█████ Tr. (1/24/24)) at 168:2-4, 170:16-171:18 ████████████████

██████████████████████████. Instead, the evidence

██████████████████████████████████████████████

██████████████████████████████████████████████

██████. Pl.'s Ex. 102; Pl.'s Ex. 15 (██████ Dep. Tr.) at 78:4-18. ████████

██████████████████████████████████████████████

████████████████████████████████████████. Pl.'s Ex. 102. Disputed to the

extent ██████████████████████████████████████████

████████████████████. Pl.'s Ex. 21 (██████ Dep. Tr.) at 45:10-46:3. Plaintiff's

use of the term "MindGeek" improperly conflates the Defendants.  *See* Section I. B.

2.

   73.   **Objection**. FRE 407; lacks foundation. Misstates the testimony.

**Disputed**. Cited evidence does not establish the assertion in its entirety. Cited

testimony ███████████████████████████." Pl.'s Ex. 15 (█

█████ Dep. Tr. (1/24/24)) at 332:17-333:6; *see also* Pl.'s Ex. 21 (██████ Tr.

(8/30/23)) at 124:16-126:11 ("███████████████████████

████████████████████████████████████████

████████████████████,"). Plaintiff's use of the term

"MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

   74 and 75. **Objection**. Hearsay; lacks foundation. **Disputed and immaterial**.

*See* Section I. B. 1. Cited evidence ████████████████████████

████████████████████████████████████████

████████████████████████████████████████

Pl.'s Ex. 61; Defs.' Opp. Ex. I (██████ Tr. (4/5/24)) at 253:7-254:6 ████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████.") Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

76.    **Objection**. Hearsay; vague as to time; lacks foundation; misleading and incomplete citation to evidence and compilation of emails; FRE 407. **Disputed and immaterial**. Cited evidence ██████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████." Pl.'s Ex. 105.

77.    **Objection**. Hearsay; lacks foundation; misleading and incomplete citation to evidence and compilation of email; FRE 407. **Disputed and immaterial**. *See* Section I. B. 1. Further, █████████████████████████

██████████████████████████████████████████████

█████████████████████████. Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

78.    **Objection**. Hearsay; lacks foundation; vague as to time being discussed; misleading and incomplete citation to evidence; FRE 407. **Disputed and immaterial**. *See* Section I. B. 1. █████████████████████████

█████████████████████████. Pl.'s Ex. 21 (███████ Tr. (8/30/23)) at 134:14-25,

27

138:11-139:17, 140:18-141:2 ███████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████.”). Plaintiff's use of

the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

79.    **Objection**. Hearsay; lacks foundation; vague as to time being

discussed; FRE 407; misleading and incomplete citation to evidence. **Disputed and**

**immaterial**. *See* Section I. B. 1. Further, ██████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████. Pl.'s Ex. 60 ████████████████████████

████████████████████████████████████████████████████████████

██████████. Pl.'s Ex. 21 (█████████ Tr. (8/30/23)) at 134:14-25, 138:11-139:17,

140:18-141:2 ████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████. Plaintiff's use of the term

"MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

80.    **Objection**. FRE 407; hearsay; lacks foundation. **Disputed and**

**immaterial.** *See* Section I. B. 1. Further, ████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████. Pl.'s Ex.

60. Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See*

Section I. B. 2.

      81.    **Objection**. FRE 407; hearsay; lacks foundation. **Disputed and**

**immaterial.** *See* Section I. B. 1. Further, ████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████. Pl.'s Ex. 60 ███████████████████

█████. Plaintiff's use of the term "MindGeek" improperly conflates the

Defendants. *See* Section I. B. 2.

      82.    **Objection.** Lacks foundation; hearsay; FRE 407. **Disputed and**

**immaterial**. Cited evidence does not establish the assertion. ████████████████

█████████████████████████████████████████████

████████████████████████. Plaintiff's use of the term "MindGeek" improperly

conflates the Defendants. *See* Section I. B. 2.

      83.    **Objection**. FRE 407; hearsay; lacks foundation. **Disputed and**

**immaterial**. *See* Section I. B. 1. Further, ████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████. Pl.'s Ex. 60 ███████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████ Pl.'s Ex. 68. Plaintiff's use of the term "MindGeek" also improperly conflates the Defendants. *See* Section I. B. 2.

84.  **Objection**. Hearsay; lacks foundation. **Disputed and immaterial**. *See* Section I. B. 1. Further, ███████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████████████. Defs.' MSJ Ex. C (████████ MSJ Dec. ¶ 17); Defs.' MSJ Ex. D (Fonseca Dec.) ¶ 23; Defs.' Opp. Ex. K (████████ Dep. Tr. (3/13/24)) at 84:10-23; Pl.'s Ex. 82 (████████ Tr. (4/18/24)) at 284:24-285: 6; Defs.' MSJ Ex. H (████████ Dep. Tr. (10/18/23)) at 100:17-22 and 110:10-18. Plaintiff's use of the term "MindGeek" also improperly conflates the Defendants. *See* Section I. B. 2.

85.  **Objection**. Hearsay; lacks foundation. **Disputed and immaterial**. *See* Section I. B. 1. Further, ████████████████████████████████████

██████████████████████████████████████████████████████████

30

█████. Pl.'s Ex. 70 does not reference the information cited by Plaintiff. Plaintiff's use of the term "MindGeek" also improperly conflates the Defendants. *See* Section I. B. 2.

86. **Objection.** Lacks foundation; hearsay. **Disputed and immaterial**. *See* Section I. B. 1. ████████████████████

████████████████████

████████████████████

████████████████. Defs.' MSJ Ex. C (███ MSJ Dec. ¶ 17); Defs.' MSJ Ex. D (Fonseca Dec.) ¶ 23; Defs.' Opp. Ex. K (████ Dep. Tr. (3/13/24)) at 84:10-23; Pl.'s Ex. 82 (███ Tr. (4/18/24)) at 284:24-285:6; Defs.' MSJ Ex. H (████ Dep. Tr. (10/18/23)) at 100:17-22 and 110:10-18. Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

87. <u>Response includes all subparts:</u> **Objection**. Lacks foundation; speculation; hearsay; vague as to time; misstates the evidence. **Disputed and immaterial**. Cited evidence, Pl.'s Ex. 67, ████████████

████████████████████

████████████████████

████████████████████

████████████████████



31

████████████████ Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

88.    **Objection**. Lacks foundation; hearsay; misstates the evidence. **Disputed and immaterial**. *See* Section I. B. 1. Further, ████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████ Pl.'s Ex. 15 (██████ Dep. Tr. (1/24/24)) at 168:8-169:20. Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

████ **Objection**. Lacks foundation; vague as to time; hearsay. **Disputed and immaterial**. ████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████. Pl.'s Ex. 15 (██████ Dep. Tr. (1/24/24)) at 168:8-169:20. ████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

90.    **Disputed** to the extent Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

32

91.    **Objection**. Lacks foundation; vague as to time; hearsay; misstates the evidence. **Disputed and immaterial**. *See* Section I. B. 1. Cited evidence does not establish the assertions. ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████. Pl.'s Ex. 106, Defs.' Resp. to Interrogatory No. 5. ███████████████████████████████████

████████████████████████████████████████████████

████████████████████████. Pl.'s Ex. 108. Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

92.    **Objection**. Lacks foundation; vague; FRE 407; misstates the evidence. **Disputed and immaterial**. ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████ (Pl.'s Ex. 106, Defs.' Resp. to Interrogatory No. 5) ██

████████████████████████████████████████████████████

████████████████████████████████████████████████████



████████████ . Pl.'s Ex. 15 (████████ Dep. Tr. (1/24/24)) at 448:4-21. At all relevant times, the Terms of Service required that uploaders maintain documentation establishing that performers are over the age of 18 and consent, and moderators requested that documentation when necessary. Defs.' MSJ Ex. B (████ MSJ Dec.), Exs. 1-6. ████████████████ ████████████ Pl's Ex. 106 at No. 5. Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

93.    **Objection**. FRE 407. **Disputed**. Cited evidence does not establish the assertion in its entirety. ████████████████ ████████████████████████████ ████████████████ . Defs.' Opp. Ex. C (Answer, Dkt. No. 45) at ¶ 135; Defs.' Opp. Ex. A (████ Opp. Dec.) ¶¶ 14, 16 (explaining Aylo Freesites Ltd (formerly MG Freesites Ltd) has during the relevant period been responsible for operating MindGeek's video sharing platforms, which

34

have included Pornhub.com). ████████████████████████████████

████████████████. Pl.'s Ex. 15 (█████████ Dep. Tr. (1/24/24)) at 237:24-239:2

████████████████████████████████████████████████████████████

████████████████████████████████ Pl.'s Ex. 18 (█████████ Dep. Tr.

(8/8/23)) at 64:4-11, 98:22-24, 225:16-24. Plaintiff's use of the term "MindGeek"

improperly conflates the Defendants. *See* Section I. B. 2.

94.    **Objection**. FRE 407. **Disputed and immaterial**. Disputed to the extent

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████. Defs.' MSJ Ex. C, (█████████ MSJ Dec.) ¶ 14. ████████

████████████████████████████████████████████████. Pl.'s Ex. 18 (████████

Dep. Tr. (8/8/23)) at 64:4-11, 98:22-24, 225:16-24. Plaintiff's use of the term

"MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

95.    **Objection**. FRE 407; hearsay. **Disputed and immaterial**. ████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████. Pl.'s.

Ex. 21, 83:2-11. Plaintiff's use of the term "MindGeek" improperly conflates the

Defendants. *See* Section I. B. 2.

      96.    **Objection**. Hearsay. **Disputed and immaterial**. *See* Section I. B. 1. ██

████████████████████████████████████████████████████████████

███████████████████. Pl.'s Ex. 15 (██████ Dep. Tr. (1/24/24)) at 38:15-

23; Pl.'s Ex. 16 (Defs.' Resp. to RFA No. 3). ███████████████████

████████████████████████████████████████████████████████████

████████████. *Id*. ██████████████████████████████. Pl.'s

Ex. 15, 332:13-333:6. ███████████████████████████████

████████ *Id*. Plaintiff's use of the term "MindGeek" improperly conflates the

Defendants. *See* Section I. B. 2.

      97.    **Objection**. FRE 407; hearsay; lacks foundation ███████████

████████████████████████████████████████████████████████████

████████████████████████ **Disputed and immaterial**. *See* Section I. B. 1.

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

(Ex. 39) ███████████████████████████████████████████████████

█████████████████████████████████████. Pl.'s Ex. 46. Plaintiff's use

of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

98.    **Objection**. Hearsay; Rule 407. **Disputed**.  Cited evidence does not

establish the assertion in its entirety. Defs.' Opp. Ex. A (████████ Opp. Dec.) ¶¶ 14,

16 (explaining Aylo Freesites Ltd (formerly MG Freesites Ltd) has during the

relevant period been responsible for operating MindGeek's video sharing platforms,

which have included Pornhub.com). ███████████████████████████████

█████████████████. Pl.'s Ex. 15 (████████ Dep. Tr. (1/24/24)) at 237:24-

239:2 ██████████████████████████████████████████████████

████████████████████████████. Pl.'s Ex. 18 (█████████

Dep. Tr. (8/8/23)) at 64:4-11, 98:22-24, 225:16-24. Plaintiff's use of the term

"MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

99.    **Objection**. Hearsay; vague as to time. **Disputed and immaterial**. *See*

Section I. B. 1. Further, ████████████████████████████████████

██████████████████████████████████████████████████████

██████████ Pl.'s Ex. 48 ████████████████████████████████

██████████████████████████████████████████████████████

Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See*

Section I. B. 2.

37

100.    **Objection**. Hearsay; FRE 407; vague as to time. **Disputed and immaterial**. Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

101.    **Objection**. Hearsay. **Disputed and immaterial**. *See* Section I. B. 1. Further, ████████████████████████████████████████████

███████████████████████████████████████. Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

102.    **Objection**. Hearsay; FRE 407. **Disputed and immaterial**. Cited evidence does not establish the assertion. ████████████████████

████████████████████████████████████████████████

███████████████████████████████████ Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

103.    **Objection**. Hearsay; FRE 407. **Disputed and immaterial**. Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

104.    **Objection**. Vague as to time; FRE 407. **Disputed and immaterial**. Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

105.    **Objection.** Lacks foundation; FRE 407; hearsay; vague as to time. **Disputed and immaterial.** *See* Section I. B. 1. ████████████████████████

████████████████████████████████████

████████, Pl.'s Ex. 12, ██████████████████████

████████████████████████████████████

████████████████████████████████████

████ Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

106. **Objection**. FRE 407; hearsay; misstates and misconstrues testimony regarding a hypothetical. **Disputed and immaterial.** *See* Section I. B. 1. Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

107. **Objection**. FRE 407; vague as to time; hearsay; ████████████

████████████████████████████████████

████████████████████████████████████

**Disputed and immaterial**.   *See* Section I. B. 1. Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

108. **Objection**. Misstates the evidence; hearsay; ████████████

████████████████████████████████████

████████████████████████████████████

**Disputed and immaterial**. *See* Section I. B. 1. ████████████

████████████████████████████████████

███████████████████████████████. *See also* Defs.' Opp. Ex. G (████████

30(b)(6) Tr. (10/17/23)) at 267:8-268:16 ███████████████████████████

████████████████████████████████████████████████████

████████████████████████. Plaintiff's use of the term "MindGeek"

improperly conflates the Defendants. *See* Section I. B. 2.

109.   **Objection**. FRE 407; hearsay. **Disputed and immaterial**. *See* Section
I. B. 1. Plaintiff's use of the term "MindGeek" improperly conflates the Defendants.
*See* Section I. B. 2.

110.   **Objection**. Lacks foundation; hearsay. **Disputed and immaterial**. *See*
Section I. B. 1. Cited evidence does not establish the assertion. ████████████

████████████████████████████████████████████████████

████████████████████████████ Pl.'s Ex. 76. Plaintiff's use

of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

111  through  119.   **Objection**. Lacks foundation; hearsay ████████████

████████████████████████████████████████████; vague as to time;

FRE 407. **Disputed and immaterial**. *See* Section I. B. 1. ████████████████

█████████████████████████ Defs.' MSJ Ex. C (████████ MSJ Dec. ¶ 17);

Defs.' MSJ Ex. D, (Fonseca Dec.) ¶ 23; Defs.' Opp. Ex. K (████████ Dep. Tr.

(3/13/24) at 84:10-23; Pl.'s Ex. 82 (████████████ Tr. (4/18/24)) at 284:25-285:6;

Defs.' MSJ Ex. H (████████ Dep. Tr. (10/18/23)) at 100:17-22 and 110:10-18. ██

██████, Ex. 12, ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████

120. **Objection**. Hearsay; lacks foundation; FRE 407. **Disputed and immaterial**. *See* Section I. B. 1. Further, ████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████ Pl.'s

Ex. 16 (Defs.' Resp. to RFA No. 3). At all relevant times, users were required to agree to Terms of Service, which prohibits the upload of any content depicting a minor. Defs.' MSJ Ex. B (██████ Decl.) ¶ 36. The Terms of Service required that uploaders maintain documentation establishing that performers are over the age of 18 and consent, and moderators requested that documentation when necessary. *Id.*, Exs. 1-6. Cited evidence ████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████. Pl.'s Ex.

55. Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

41

121.  **Objection**. Hearsay. **Disputed and immaterial**. *See* Section I. B. 1

Further, ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████. Pl.'s Ex. 16 (Defs.' Resp. to RFA No. 3). At all

relevant times, users were required to agree to Terms of Service, which prohibits the

upload of any content depicting a minor. Defs.' MSJ Ex. B (████████ Decl.) ¶ 36.

The Terms of Service required that uploaders maintain documentation establishing

that performers are over the age of 18 and consent, and moderators requested that

documentation when necessary. *Id.*, Exs. 1-6. ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████. Pl.'s Ex. 48, at 49-52 ████████████████████

████████████████████. Plaintiff's use of the term "MindGeek" improperly

conflates the Defendants. *See* Section I. B. 2.

122 through 130. Applicable to all paragraphs.  **Objection**. Hearsay ████████

██████████████████████████████████████████████; FRE

407; lacks foundation. **Disputed and immaterial**. *See* Section I. B. 1 Further,

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████. Pl.'s Ex. 16 (Defs.' Resp. to RFA No. 3). At all relevant times, users were required to agree to Terms of Service, which prohibits the upload of any content depicting a minor. Defs.' MSJ Ex. B (████████ Decl.) ¶ 36. The Terms of Service required that uploaders maintain documentation establishing that performers are over the age of 18 and consent, and moderators requested that documentation when necessary. *Id.*, 1-6. ██████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████; Paragraph 129, Pl.'s Ex. 59 ██████████

██████████████████████████████████████████████

██████████████████████████████. Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

131 and 132.  Applicable to both paragraphs and all subparts. **Objection**. Hearsay ██████████████████████████████████████████

██████; FRE 407; lacks foundation. **Disputed and immaterial**. *See* Section I. B. 1.

██████████████ Ex. 33 ████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████. Pl.'s Ex. 16 (Defs.' Resp. to RFA No. 3). At

all relevant times, users were required to agree to Terms of Service, which prohibits

the upload of any content depicting a minor. Defs.' MSJ Ex. B (██████ Decl.) ¶ 36.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████. Defs.' MSJ Ex. B (██████ MSJ Dec.), Exs. 1-6.

Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See*

Section I. B. 2.

133.  **Objection**. Lacks foundation; hearsay. **Disputed and immaterial**. *See*

Section I. B. 1. Plaintiff's use of the term "MindGeek" improperly conflates the

Defendants. *See* Section I. B. 2.

134 through 140. Applicable to all paragraphs.  **Objection**. Lacks foundation;

hearsay. **Disputed and immaterial**. *See* Section I. B. 1. Cited evidence does not

establish the assertions. █████████████████████████████████

████████████████████████████████████████████████████

████████████. Defs.' MSJ Ex. C (██████ MSJ Dec. ¶ 17); Defs.' MSJ Ex. D

(Fonseca Dec.) ¶ 23. Defs.' Opp. Ex. K (████████ Dep. Tr. (3/13/24)) at 84:10-23;

Pl.'s Ex. 82 (████████ Tr. (4/18/24)) at 284:25-285:6; Defs.' MSJ Ex. H. (█

██████ Dep. Tr. (10/18/23)) at 100:17-22 and 110:10-18. At all relevant times, users were required to agree to Terms of Service, which prohibits the upload of any content depicting a minor. Defs.' MSJ Ex. B (██████ Decl.) ¶ 36. The Terms of Service required that uploaders maintain documentation establishing that performers are over the age of 18 and consent, and moderators requested that documentation when necessary. *Id.*, Exs. 1-6. Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

141.    **Objection**. Hearsay; lacks foundation. **Disputed and immaterial.** *See* Section I. B. 1. Plaintiff's use of the term "MindGeek" improperly conflates the Defendants. *See* Section I. B. 2.

## II.    DEFENDANTS' ADDITIONAL UNDISPUTED MATERIAL FACTS

### A.    MindGeek operates websites that enable third-party content providers to upload videos created by them for viewing by other users.

1.    During the relevant time period, MG Freesites Ltd ("MindGeek")[4] has been responsible for operating video sharing websites, including Pornhub.com (the "websites"). Defs.' Opp. Ex. A (██████ Opp. Dec.) ¶ 16.

---

[4] As used hereinafter in Defendants' statement of additional undisputed facts and argument, the term "MindGeek" refers *only* to MG Freesites Ltd. and does not have the misleading collective meaning given that term in Plaintiff's Motion.

2.      The websites enable computer access by multiple users to a computer server and thus allow third-party content providers to upload videos created by them to the servers for viewing by other users. Defs.' MSJ Ex. B (███████ MSJ Dec.) ¶ 3.

3.      ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ███████. Defs.' MSJ Ex. B (█████████ MSJ Dec.) ¶ 12.

4.      ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ███████. Defs.' MSJ Ex. B (█████████ MSJ Dec.) ¶ 13.

5.      During the period in question, persons who uploaded videos to the websites were required to check a box indicating agreement to Terms of Service. Defs.' MSJ Ex. B (█████████ MSJ Dec.) ¶¶ 36, 37; Defs.' MSJ Ex. E (████████ Dep. Tr. (8/30/23)) at 86:4-87:6.

6.      During the relevant period, the Terms of Service prohibited "post[ing] any Content that depicts any person under 18 years of age …." Defs.' MSJ Ex. B (█████████ MSJ Dec.) ¶¶ 18, 19, 36, 37; MindGeek_NDAL_00000581 at 588 (█████████ MSJ Dec. Ex. 1); MindGeek_NDAL_00000635 at 645 (█████████ MSJ Dec. Ex. 2); MindGeek_NDAL_00434176 at 434181 (█████████ MSJ Dec. Ex. 3); MindGeek_NDAL_00000561 at 569 (█████████ MSJ Dec. Ex. 4); Defs.' MSJ Ex. G

(███████████ Dep. Tr. (7/12/23) at 194:7-20 (D. Evid. Sub., Ex. G); Defs.' MSJ

Ex. F (██████████ Dep. Tr. (8/8/23)) at 271:19-272:7; Defs.' MSJ Ex. E (█████████

Dep. Tr. (8/30/23)) at 280:20-25.

7.    MindGeek has always had a zero-tolerance policy for CSAM.

MindGeek proactively and voluntarily devotes millions of dollars to screening for

and removing potential CSAM. MindGeek has consistently added to its portfolio of

technological tools and improved its human-moderation techniques so as to advance

the accurate and prompt detection and removal of CSAM from its platforms. Defs.'

MSJ Ex. B (████████ MSJ Dec.) ¶ 5; Defs.' MSJ Ex. C (███████████ Dec.) ¶¶ 9, 10,

Ex. 1; Defs.' Opp. Ex. H (████████ Dep. Tr. (3/6/24)) at 196:14-197:10.

8.    During the period in question, ███████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████ Defs.' MSJ Ex. B (████████ MSJ

Dec.) ¶¶ 6, 7; Defs.' MSJ Ex. E (████████████ Dep. Tr. (8/30/23)) at 195:22-197:24,

213:13-216:7; Defs.' MSJ Ex. C (████████████ MSJ Dec.) ¶ 10; Defs.' Opp. Ex. E (█

████████████ Dep. Tr. (7/14/23)) at 96:8-97:4.

9.    During the period in question, ███████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████ Defs.' MSJ Ex. B

(███████ MSJ Dec.) ¶¶ 11-16; Defs.' MSJ Ex. C (███████ MSJ Dec.) ¶¶ 10, 16, 17,

Ex. 1; Defs.' MSJ Ex. G (████████ Dep. Tr. (7/12/23)) at 182:9-19, 183:8-22,

229:23-230:8; Defs.' MSJ Ex. F (████████ Dep. Tr. (8/08/2023)) at 12:3-14, 24:2-5,

38:5-16.

**B.      ███████████████ posts the Videos to a MindGeek website.**

10.      ███████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████ Defs.' MSJ Ex. J (Pl.'s Aug.

1, 2022 Resp. to Interrog. No. 11); Defs.' MSJ Ex. I (Pl. Dep. Tr. (9/29/23)) at

144:18-146:18; 155:17-20; 212:21-213:14.

11.      ███████████████████████████████████████

██████████████████████████████ Defs.' MSJ Ex. B (██████ MSJ

Dec.) ¶ 25.

12.      ███████████████████████████████████████

██████████████████████████████ Defs.' MSJ Ex. B (██████ MSJ

Dec.) ¶ 26; Defs.' MSJ Ex. I (Pl. Dep. Tr. (9/29/23)) at 230:7-22.

13.      ███████████████████████████████████████

███████████████████████████████████████ Defs.' MSJ Ex. B

(███████ MSJ Dec.) ¶¶ 26, 34, Ex. 7. █████████████████████ Defs.'

MSJ Ex. B (█████ MSJ Dec.) ¶ 26. █████████████████████████

█████████████ Defs.' MSJ Ex. B (█████ MSJ Dec.) ¶ 26. ██████████████

████████████████████████████████████████████████████

██████ Defs.' MSJ Ex. B (█████ MSJ Dec.) ¶ 26; Defs.' MSJ Ex. H (███████

Dep. Tr. (10/18/23)) at 100:14-22, 107:21-108:3, 110:10-112:5.

    14.   ████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████ Defs.' MSJ Ex. B (█████ MSJ Dec.) ¶¶ 27, 35, Ex. 8;

Defs.' MSJ Ex. H (███████ Dep. Tr. (10/18/23)) at 100:14-22, 107:21-108:3,

110:10-112:5; Defs.' MSJ Ex. D (Fonseca Dec.) ¶¶ 19, 30, 31.

    15.   ███████████████████████████████████████

██████████████████████████[5] Defs.' MSJ Ex. B (█████ MSJ Dec.) ¶¶

28, 34, Ex. 7.

    16.   ███████████████████████████████████████

███████████████████████ Defs.' MSJ Ex. I (Pl. Dep. Tr.

(9/29/23)) at 233:19-234:11.

---

[5] For consistency with their Motion for Summary Judgment, Defendants refer to the
second video (which Plaintiff describes as the "█████████") as the "█████████"
The █████████ and █████████ are collectively referred to as the "Videos."

17. ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████ Defs.' MSJ Ex. I (Pl. Dep. Tr.

(9/29/23)) at 199:3-200:1, 261:13-20; Defs.' MSJ Ex. B (███████ MSJ Dec.) ¶¶ 28,

34, Ex. 7. ████████████████████████████████████ Defs.' MSJ

Ex. B (███████ MSJ Dec.) ¶¶ 28. ████████████████████████████████

██████████████████████████████████████ Defs.' MSJ Ex. B

(███████ MSJ Dec.) ¶ 28; Defs.' MSJ Ex. H (███████ Dep. Tr. (10/18/23)) at

100:14-22, 107:21-108:3, 110:10-112:5.

18. ████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████ Defs.'

MSJ Ex. B (███████ MSJ Dec.) ¶¶ 29, 35, Ex. 8. ████████████████████

████████████████████████████████████████████████████

██████ Defs.' MSJ Ex. B (███████ MSJ Dec.) ¶¶ 29, 35, Ex. 8; Defs.' MSJ Ex. H

(███████ Dep. Tr. (10/18/23)) at 100:14-22, 107:21-108:3, 110:10-112:5; Defs.'

MSJ Ex. D (Fonseca Dec.) ¶¶ 19, 30, 31.

19. ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████ Defs.' MSJ Ex. B (██████ MSJ Dec.) ¶¶ 30, 35, Ex. 8.

    **C.**    **Plaintiff discovers the ████████ and ████████ but does not notify MindGeek.**

    20.    ████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████ Defs.' MSJ Ex. I (Pl. Dep. Tr. (9/29/23)) at 221:8-18.

    21.    ████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████ Defs.' MSJ Ex. I (Pl. Dep. Tr. (9/29/23)) at 207:1-8.

    22.    ████████████████████████████████████████████

████████████████████████████████████████████████████████████

Defs.' MSJ Ex. I (Pl. Dep. Tr. (9/29/23)) at 209:19-210:1.

    **D.**    **MindGeek learns about the videos and immediately responds.**

    23.    ████████████████████████████████████████████

████████████████████████ Defs.' MSJ Ex. K (JaneDoe!_0000405-406); Defs.'

MSJ Ex. I (Pl. Dep. Tr. (9/29/23)) at 226:15-227:15.

51

24.     Defs.' MSJ Ex. B (

MSJ Dec.) ¶¶ 43-44.

## **ARGUMENT**

## I.    **PLAINTIFF HAS NO RIGHT OF ACTION FOR AN ALLEGED VIOLATION OF 18 U.S.C. §2552.**

In her Motion, as in the FAC, Plaintiff maintains that Count II was brought "under 18 U.S.C. §§ 2252 and 2252A…." Plaintiff's MSJ at 1; *see also* FAC, ¶ 189. Sections 2252 and 2252A are criminal statutes. Section 2252A creates civil remedies for violations of its terms, *see* 18 U.S.C. §2252A(f), but Section 2252 does not, and Plaintiff has never pretended to sue under authority of 18 U.S.C. § 2255, which creates a separate right of action for violations of a number of statutes, including Section 2252. Indeed, neither the FAC nor the Plaintiff's Motion so much as mentions Section 2255. Because Plaintiff has not sued under Section 2255 and has no right of action under Section 2252, Count II fails as a matter of law insofar as it seeks relief for an alleged violation of Section 2252. The claim rests on Plaintiff's allegations that MindGeek violated Section 2252A.

## II.    PLAINTIFF HAS FAILED TO SHOW BEYOND GENUINE DISPUTE THAT MINDGEEK KNOWINGLY VIOLATED SECTION 2252A.

A critical question posed by Count II is whether MindGeek *knew* that ███

███████████████████████████████████████████████████████████████

███████████. *See United States v. Miller*, 416 Fed. Appx. 885, 887 (11th

Cir. 2011); *see also* Plaintiff's MSJ at 41-42. Because Plaintiff has no evidence that

MindGeek actually knew her age, she predicates her motion on "an alternative to

actual knowledge," *United States v. Potokri*, 2024 U.S. App. LEXIS 14666, at *3

(11th Cir. June 17, 2024), contending that the record demonstrates that "MindGeek

was deliberately indifferent to—and thus had knowledge of—the CSAM it received,

possessed, and distributed on its websites." Plaintiff's MSJ at 42. This argument rests

on two incorrect propositions: (1) that showing "deliberate indifference" is a viable

alternative to proving knowledge, and (2) that the statutory knowledge element can

be satisfied by evidence of a generalized awareness of similar facts rather than

particularized knowledge of a material fact about Plaintiff. Once those errors are

corrected, the factual insufficiency of Plaintiff's Motion becomes apparent.

### A.    Deliberate indifference is not enough: plaintiff must prove that MindGeek subjectively believed she was a minor and engaged in active efforts to avoid knowing this critical fact.

Plaintiff repeatedly invokes the wrong standard, insisting that she can satisfy

the statutory knowledge requirement by showing that MindGeek was "deliberately

indifferent" to the CSAM it received. Plaintiff's MSJ at 42, 50, 57. The Supreme

Court rejected the deliberate indifference standard for *mens rea* more than a dozen years ago, holding that knowledge cannot be proven by demonstrating mere indifference to the probable existence of a fact. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 770 (2011).

*Global-Tech* was a copyright infringement case. To prevail on its claim of "induced infringement" under 35 U.S.C. § 271(a), the plaintiff had to prove that the defendant knew its product infringed a patent held by the plaintiff. *Id.* at 759. Almost exactly as Plaintiff argues here, the trial court held that the defendant's "deliberate indifference to a known risk that a patent exist[ed]," *id.* at 766, was "not different from actual knowledge, but is a form of actual knowledge." *Id.* at 759.

The Supreme Court disagreed. Using the term "willful blindness" to describe what courts in this Circuit often call "deliberate ignorance," *United States v. Perez-Tosta*, 36 F.3d 1552, 1564 (11th Cir. 1994), the Supreme Court held that the alternative method of proving knowledge has "two basic requirements: (1) the defendant must subjectively believe that there is a high probability that a fact exists; and (2) the defendant must take deliberate actions to avoid learning of that fact." *Global-Tech*, 563 U.S. at 769. A willfully blind defendant, in other words, "is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts." *Id.* A deliberate indifference standard is insufficient because it "does not require active efforts by an

inducer to avoid knowing about the infringing nature of the activities," *id.* at 770, and may therefore exacerbate the danger of "skat[ing] too close to . . . a negligence standard." *Perez-Tosta*, 36 F.3d at 1564; *see also Global-Tech Appliances, Inc.*, 563 U.S. at 770 (distinguishing willful blindness from negligence and recklessness); *United States v. Giovanetti*, 919 F.2d 1223, 1228 (7th Cir. 1990) ("The most powerful criticism of [willful blindness doctrine] is, precisely, that its tendency is to allow juries to convict upon a finding of negligence for crimes that require intent.").[6]

Although it rejected the deliberate indifference standard applied by the trial and circuit courts, the Supreme Court affirmed the judgment in *Global-Tech* because it found ample evidence of willful blindness in, among other things, the behavior of the defendant's chief executive officer, Mr. Sham. When he asked a patent lawyer to provide a "right-to-use" about the product in question, Sham knew, but did not tell the attorney, that his company's deep fryer was "simply a knockoff" of the plaintiff's. *Id.* at 771. The Court could not "fathom what motive Sham could have had for withholding this information other than to manufacture a claim of plausible

---

[6]     Even when a willful blindness instruction is correctly formulated, the risks associated with its use are such that "many of the courts of appeals admonish that 'caution is necessary,'" and that the doctrine should be used only "sparingly" and in "rare cases." *United States v. Alston-Graves*, 435 F.3d 331, 340-41 (D.C. Cir. 2006). (citations omitted) (citing decisions from First, Fourth, Fifth, Ninth, Tenth, and Eleventh Circuits).

deniability in the event that his company was accused of patent infringement." *Id.* In the absence of a fathomable alternative, an inference of willful blindness was justified and the judgment against the defendant could stand.

The record in this case cannot support a finding of willful blindness. The non-culpable inferences—that Defendants did not subjectively believe Plaintiff was a minor and did not actively avoid knowledge of the alleged fact—are not just "fathomable," but far more plausible than Plaintiff's strained alternatives. *See* Section II.C, below.

### B.    Evidence of generalized knowledge cannot sustain a claim for knowing receipt or distribution of child sexual abuse material.

Plaintiff's second legal error is a mistake of misdirection. The statute requires her to prove *particularized* knowledge— ██████████████████████████ ████████████████████████████████████████████ ██████ Lacking evidence of particularized knowledge, Plaintiff turns to evidence of *generalized* knowledge—evidence indicating ██████████████████████████ ████████████████████████████████

Thus, most of the "Statement of Undisputed Relevant Material Facts" in Plaintiff's Motion has nothing to do with Plaintiff. *See generally* Plaintiff's MSJ at 2-36. Insofar as the enumerated facts speak in any way to MindGeek's putative knowledge of objectionable content on its websites, they talk only about "CSAM"

in general—*e.g.,* 

Plaintiff's legal argument similarly focuses on MindGeek's general awareness of CSAM on its websites. Plaintiff devotes nineteen pages of argument to the knowledge element, Plaintiff's MSJ at 41-59, but only three pertain to the argument

that MindGeek was "deliberately indifferent to Jane Doe's CSAM" in particular. *Id.* at 57-59. The rest of the argument consists of legal boilerplate, *id.* at 41-42, and the contention that MindGeek "was deliberately indifferent to—and thus had knowledge of—the CSAM it received, possessed, and distributed on its websites," again, CSAM in general, not the videos of Plaintiff. *Id.* at 42-57.

Most of Plaintiff's Motion, therefore, is a distraction from Plaintiff's specific burden of proving knowledge. Plaintiff's right to sue under Section 2252A depends on her putative status as a "person aggrieved by reason of the conduct prohibited" in that statute. 18 U.S.C. §2252A(f)(1). To qualify as a "person aggrieved," Plaintiff must have been a victim of the unlawful conduct. *See Jones v. United States*, 362 U.S. 257, 260-61 (1960). Thus, to obtain judgment on a willful blindness theory, Plaintiff must prove that Defendants victimized *her* by willfully blinding themselves to the fact ███████████████████████████████████████████. Evidence about other videos depicting other people will not suffice.

The particularized knowledge requirement generally applies in cases involving allegations of knowing misconduct. So, for example, two courts in this Circuit have interpreted Section 1591—the sex-trafficking prohibition that is the ostensible basis for Count I of the FAC—to mean that "generalized knowledge that sex trafficking occurs on a website is insufficient to maintain a plausible 18 U.S.C. § 1591 claim. . . ." *M.H. v. Omegle.com, LLC*, 2022 WL 93575, at *6 (M.D. Fla. Jan.

58

10, 2022) (citing *Doe v. Kik Interactive, Inc.*, 482 F. Supp. 3d 1242, 1250 (S.D. Fla. 2020)). *See also S.J. v. Choice Hotels Int'l, Inc.*, 473 F. Supp. 3d 147, 154 (E.D.N.Y. 2020) (knowledge element cannot be satisfied by evidence that a hotel franchisor was "generally aware that sex trafficking sometimes occurred on their franchisees' properties"); *A.B. v. Hilton Worldwide Holdings Inc.*, 484 F. Supp. 3d 921, 938 (D. Or. 2020) (allegations that defendants had notice of sex trafficking generally occurring at their hotels did not sufficiently link them to notice of plaintiff's alleged trafficking); *H.G. v. Inter-Continental Hotels Corp.*, 489 F. Supp. 3d 697, 705 (E.D. Mich. 2020).

The particularized knowledge requirement is not limited to statutes proscribing sexual exploitation. The intellectual property cases are again instructive. A relevant example is *Tiffany (NJ) Inc. v. eBay, Inc.*, 576 F. Supp. 2d 463 (S.D.N.Y. 2008), in which Tiffany sued eBay for contributory trademark infringement, claiming that eBay had turned a blind eye to third parties who listed offers to sell counterfeit jewelry on its website. Like MindGeek, eBay had immediately removed the offending listings when put "on notice of specific items that Tiffany believed to be infringing." *Id.* at 470. Like Plaintiff here, Tiffany therefore relied on evidence "that eBay had *generalized* notice that some portion of the Tiffany goods on its website might be counterfeit." *Id.* at 507 (emphasis in original).

59

Judgment went to eBay on the District Court's holding that "such generalized knowledge is insufficient" to satisfy the statutory knowledge requirement: "Given the presence of authentic [Tiffany] goods on eBay, it . . . cannot be said that generalized knowledge of counterfeiting is sufficient to impute knowledge to eBay of any specific acts of actual infringement." *Id.* at 510. The Second Circuit affirmed with instructions that "[f]or contributory trademark infringement liability to lie," the defendant "must have more than general knowledge or reason to know that its service is being used to sell counterfeit goods. Some contemporary knowledge of which particular listings are infringing . . . is necessary." *Tiffany Inc. v. eBay, Inc.*, 600 F.3d 93, 107 (2d Cir. 2010).

Plaintiff's heavy reliance on evidence of "generalized knowledge" is bootless. Like the defendants in both the sex-trafficking and contributory infringement cases, MindGeek may have had reason to believe, as a general proposition, that *some* content depicting minors had been posted to its website by third parties, but it also knew that *most* of the content on its websites did *not* depict people under the age of eighteen. Consequently, as with Section 1591 and the trademark infringement laws, there is "no interpretive logic" by which a defendant like MindGeek could be held liable under Section 2252A "for having only an abstract awareness of [illegal conduct] in general." *S.J.*, 473 F. Supp. 3d at 154.

60

C.    **The record does not support a plausible inference that MindGeek deliberately acted to avoid learning that Plaintiff was a minor in the videos depicting her.**

Count II therefore depends on Plaintiff's ability to prove that MindGeek knew or engaged in "active efforts . . . to avoid knowing" that the two videos at issue depicted Plaintiff as a minor engaged in sexually explicit activities. *Global-Tech*, 563 U.S. at 769. The scant evidence of particularized knowledge marshaled by Plaintiff is not up to this considerable task.

According to Plaintiff, MindGeek's "deliberate indifference" is demonstrated by ██████████████████████████████████████████████ Plaintiff's MSJ at 57. ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████. *Id.* ████████████████████

████████████████████████████████████████████████████████

████████████████████████████████. *Id.* ████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████. *Id.* at 57-58; *see also id.* at 5-6, ¶¶ 11- 13. ██████████████████

██████████████████████████████████ *id.* at 5-6, ¶¶ 14-15. ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████ *Id.*
at 58-59.

Rule 56, of course, requires the Court to indulge all reasonable inferences in
favor of Defendants, *see Sommerville v. Warrior Met Coal Mining, LLC*, 2020 U.S.
Dist. LEXIS 240165, at *9 (N.D. Ala. Dec. 22, 2020), but even if the Court were to
invert that standard and give Plaintiff the benefit of inferential doubt, the only
reasonable conclusions that could even potentially flow from the evidence are (i)

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████

This record is insufficient to support Plaintiff's deliberate-indifference theory
of knowledge. Even as Plaintiff herself reads the evidence, it could at most create a

triable dispute about whether MindGeek had inquiry notice in the form of an "actual awareness of suspicious facts that would have led a reasonable [person], acting diligently, to investigate further and by doing so discover" the fact in question, *Picard v. Citibank, N.A.*, 12 F.4th 171, 191 (2d Cir. 2021), and whether ███████

████████████████████████████████████████████████

████████████████████████████████

As a matter of law, this fails to establish knowledge. A defendant "who should have known of a . . . risk but . . . did not," is *negligent* at worst, not willfully blind. *Global-Tech*, 563 U.S. at 769. To show willful blindness a plaintiff must prove not that the defendant *could have* or *should have* done more with the information at hand, but that it "intentionally chose to blind itself to 'red flags' that suggest a high probability" of illegality. *Horwitt v. Sarroff*, 2020 U.S. Dist. LEXIS 166497, at *46 (D. Conn. Sept. 11, 2020); *see also Global-Tech*, 563 U.S. at 769.

The plaintiff who relies on a willful blindness theory must prove, moreover, that the defendant engaged in "active efforts . . . to avoid knowing" the fact indicated by those waving red flags. *Id.* at 770. The three "particular circumstances" cited in Plaintiff's brief show no such active avoidance; again, the most one could reasonably infer from Plaintiff's evidence is *inaction* in the face of supposed inquiry notice: a passive failure to investigate, not "deliberate actions to avoid learning of [the] fact" at issue. *Id.* at 769.

63

To be sure, willful blindness can sometimes be shown through a "mental, as well as a physical effort," *Giovanetti*, 919 F.2d at 1229, but this method of proof works only in extreme cases of "pure psychological avoidance," where the context makes it "inconceivable" that the defendant did not subjectively believe the critical fact existed. *Id.* at 1228-29. Thus, in *Global-Tech* the Supreme Court found support for a willful blindness claim where the defendant withheld key information from his patent attorney and the Court could not "fathom what motive [defendant] could have had for withholding this information other than to manufacture a claim of plausible deniability in the event that his company was later accused of patent infringement." 563 U.S. at 771. *See also United States v. Josefik*, 753 F.2d 585, 589 (7th Cir. 1985) (willful blindness instruction was justified in prosecution for possession of stolen liquor where it was "inconceivable that Josefik did not believe that the scotch was stolen").[7]

This is not such an extreme case. A non-culpable explanation is both "conceivable" and "fathomable"—MindGeek may or may not have missed a

---

[7]     *Cf. Blazer v. eBay, Inc.*, 2017 U.S. Dist. LEXIS 39217, at *17-18 (N.D. Ala. Mar. 20, 2017) (rejecting failure-to-investigate theory of willful blindness and granting summary judgment to defendant where defendant did not promise or undertake to investigate plaintiff's allegations of infringement); *Giovanetti*, 919 F.2d at 1228 (error to give willful blindness instruction on basis of evidence that it "would have been easy" for defendant to drive by the house he rented to gamblers who used it as a "wireroom," and that "if he had done so he might have discovered its use").

warning sign about ████████████ but it did not actively avoid confirming a fact about Plaintiff's age that it already believed to be true. Indeed, the innocent inference—which the Court is constrained by Rule 56 to make in favor of the non-moving party—is far more plausible than the strained deduction that Plaintiff advocates. *See Malloy v. Peters*, 2014 U.S. Dist. LEXIS 116061, at *30-31 (N.D. Ala. Aug. 4, 2014) (even where a case "is before the court on motions for summary judgment, not the sufficiency of the pleadings, one can still draw from *Iqbal*'s logic that the evidence must be such that a plausible inference of [the material fact] can be drawn from the undisputed evidence"). Plaintiff's own statement of facts

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████

Hence the essential question: If MindGeek had subjectively believed at any time before it received such notice that the videos of Plaintiff contained CSAM, why would it have intentionally avoided finding out when doing so meant (1) deviating

65

from its own practices and policies, (2) wasting its considerable investment in investigative and enforcement resources, and (3) risking its legal and reputational interests? What was it about these particular videos that motivated MindGeek to play "ostrich" in this particular case? The only plausible answer is that MindGeek had no such motivation and did not "take deliberate actions to avoid learning" Plaintiff's age, *Global-Tech*, 563 U.S. at 769, and that there is no basis in the record for a finding of willful blindness.

## III.    DEFENDANTS ARE IMMUNIZED FROM SUIT BY SECTION 230 OF THE COMMUNICATIONS DECENCY ACT.

Plaintiff's Motion does not mention Section 230 of the Communications Decency Act. In the memorandum supporting their Motion for Summary Judgment, Defendants argued that Section 230 of the Communications Decency Act immunizes them from suit on Count II as well as Count I. *See* Defendants' MSJ at 39-42; *see also id.* at 19-32 (argued application of Section 230 to Count I). Defendants refer the Court to that brief for their rationale and will reply in due course to any arguments made by Plaintiff in her opposition to Defendants' Motion.

## CONCLUSION

Plaintiff's Motion cannot surmount either her inability to show that Defendants had actual knowledge of her underage status or that Defendants are otherwise entitled to immunity under Section 230. Therefore, for all of the above-

stated reason, the Court should deny Plaintiffs' Motion, grant Defendants' Motion, and enter judgment for Defendants on Count II of the FAC.

Dated:    October 4, 2024          */s/ Kevin M. McGinty*
                                   Kevin M. McGinty
                                   *Pro hac vice approved*
                                   Massachusetts Bar 556780
                                   MINTZ, LEVIN, COHN, FERRIS,
                                    GLOVSKY and POPEO, P.C.
                                   One Financial Center
                                   Boston, Massachusetts 02111
                                   Tel. (617) 348-1688
                                   Fax. (617) 542-2241
                                   Email KMMcginty@mintz.com

                                   OF COUNSEL:

Dated:    October 4, 2024          */s/ Sara M. Turner*
                                   Sara M. Turner (ASB-4388-R58T)
                                   **BAKER, DONELSON,
                                   BEARMAN, CALDWELL &
                                   BERKOWITZ, P.C.**
                                   1901 Sixth Street North
                                   Suite 2600
                                   Birmingham, Alabama 35203
                                   Tel: (205) 328-0480
                                   Fax: (205) 322-8007
                                   smturner@bakerdonelson.com


                                   *Counsel for MG Freesites Ltd, MG
                                   Freesites II Ltd, MindGeek  S.à r.l.,
                                   MindGeek USA Incorporated, MG CY
                                   Holdings Ltd, MindGeek Content RT
                                   Limited, 9219-1568 Quebec Inc., and
                                   MG Billing Limited*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this day, October 4, 2024, this document was filed conventionally with the Clerk of the United States District Court for the Northern District of Alabama and will be served electronically by the Defendants to all participants of record.


/s/ *Sara M. Turner*
Sara M. Turner

521337925v.11

68