FILED
2024 Oct-04 PM 08:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EVIDENTIARY SUBMISSION
# EXHIBIT C

FILED
2022 Mar-01 PM 02:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JANE DOE #1, and JANE DOE #2, on behalf of themselves and all others similarly situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION NO: 7-21-CV-00220-LSC |
| MG FREESITES, LTD, d/b/a "PORNHUB", a foreign entity; et al. | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND JURY DEMAND TO**
**<u>PLAINTIFFS' FIRST AMENDED COMPLAINT</u>**

Defendants MG Freesites Ltd, MG Freesites II Ltd, MindGeek S.à.r.l., MindGeek USA Inc., MG CY Holdings Ltd, MindGeek Content RT Limited, 9219-1568 Quebec Inc., and MG Billing, Ltd (collectively "Defendants") by and through their undersigned counsel, hereby respond to Plaintiffs' First Amended Complaint ("FAC") as follows:

## INTRODUCTORY STATEMENT

Many of the allegations of the FAC are vague, conclusory, and/or contain terms which are undefined and susceptible to different meanings. In particular, the FAC is replete with references to, summaries of, and purported quotations from

various documents, including newspaper articles, testimony, and an unsubstantiated advocacy presentation purporting to discuss and/or characterize activity that occurred on one or more of the websites operated by MG Freesites. Because much of the information concerning this alleged activity is anonymized, incomplete, and largely concerns a database of millions of pieces of content, Defendants reserve the right to amend and/or supplement this Answer to the extent further investigation or discovery reveals additional information.

The comments and objections in this Introductory Statement are incorporated into each numbered paragraph of this Answer.

**ANSWER TO ALLEGATIONS IN INTRODUCTION**

1. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the matters alleged regarding named anonymous and unnamed purported class plaintiffs. Defendants deny the remaining allegations of Paragraph 1 regarding their conduct.

2. Denied.

3. Defendants acknowledge that Plaintiffs have brought an action against Defendants. Plaintiffs' claims, being in writing, speak for themselves. Defendants deny that they are liable for any alleged injuries and that Plaintiffs are in any way entitled to damages or other relief. Any remaining or inconsistent allegations are denied.

## ANSWER TO ALLEGATIONS REGARDING JURISDICTION AND VENUE

4. The allegations of Paragraph 4 state legal conclusions to which no response is required.

5. The allegations of Paragraph 5 state legal conclusions to which no response is required.

6. The allegations of Paragraph 6 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny that there is any nexus between Jane Doe # 2's claims and Defendants' activities in the State of Alabama.

7. Denied.

8. The allegations of Paragraph 8 state legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding where the events giving rise to Plaintiffs' claims occurred; deny, based on the information alleged, that venue is proper in this District for the claims brought by Jane Doe #2; and deny any remaining or inconsistent allegations.

## ANSWER TO ALLEGATIONS REGARDING PARTIES

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged.

10. The allegations of Paragraph 10 state legal conclusions and/or are not directed to Defendants and therefore do not require a response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged.

11. The allegations of Paragraph 11 state legal conclusions and/or are not directed to Defendants and therefore do not require a response. To the extent a response is required, Defendants agree that the parties should be governed by a protective order that among other things protects personal identifying information from being publicly disclosed. Any remaining or inconsistent allegations are denied.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged.

13. The allegations of Paragraph 13 state legal conclusions and/or are not directed to Defendants and therefore do not require a response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged.

14. The allegations of Paragraph 14 state legal conclusions and/or are not directed to Defendants and therefore do not require a response. To the extent a response is required, Defendants agree that the parties should be governed by a protective order that among other things protects personal identifying information

from being publicly disclosed. Any remaining or inconsistent allegations are denied.

15. Defendants admit that MG Freesites is a private limited company organized and existing under the laws of Cyprus, is an indirect subsidiary of MindGeek S.à r.l. and operates certain websites referred to in the FAC. Any remaining or inconsistent allegations are denied.

16. Denied. As of December 10, 2020, MG Freesites II Ltd was dissolved. The entire business of MG Freesites II Ltd was transferred to MG Freesites.

17. Defendants admit that MindGeek S.à r.l. is a foreign holding company organized and existing under the laws of Luxembourg and that its affiliates own or operate over 100 adult entertainment websites or brands. Any remaining or inconsistent allegations are denied.

18. Defendants admit that MindGeek USA Incorporated is a corporation organized and existing under the laws of the state of Delaware that does business in the United States and is an indirect subsidiary of MindGeek S.à r.l. Any remaining or inconsistent allegations are denied.

19. Defendants admit that MG CY Holdings Ltd is a private limited company organized and existing under the laws of Cyprus. Any remaining or inconsistent allegations are denied.

20. Defendants admit that MindGeek Content RT Limited is a company organized under the laws of Ireland. Any remaining or inconsistent allegations are denied.

21. Defendants admit that 9219-1568 Quebec, Inc. is a company with its principal place of business in Montreal, Canada and that it has approximately 1000 employees. Any remaining or inconsistent allegations are denied.

22. Defendants admit that MG Billing Ltd is a company organized and existing under the laws of Ireland. Any remaining or inconsistent allegations are denied.

23. Defendants admit that Plaintiffs refer in the FAC to MindGeek S.à r.l., MG Freesites Ltd, MG Freesites II Ltd, MG Content RT Limited, 9219-1568 Quebec Inc., MindGeek USA Incorporated, MG CY Holdings LTD, MG Billing Ltd, and all of their parents, subsidiaries and affiliates as "Defendants" or "MindGeek." It is denied that such characterization is reasonable, accurate, or appropriate insofar as it includes unidentified "parents, subsidiaries and affiliates" as among Defendants or as part of "MindGeek." Defendants do not file this Answer on behalf of any entities other than those specifically named as parties hereto.

24. Denied except that Defendants lack knowledge and information sufficient to form a belief as to the truth of Plaintiffs' allegations regarding their knowledge.

25. The allegations of Paragraph 25 state legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge and

information sufficient to form a belief as to the truth of Plaintiffs' allegations regarding their knowledge.

26. Denied, except Defendants admit that certain Defendants have appeared in United States courts to protect their intellectual property, contractual, and other rights.

27. Denied.

28. Denied.

**ANSWER TO ALLEGATIONS REGARDING BACKGROUND**

29. Defendants admit that Congress passed the TVPA in 2000 and deny the remaining allegations of Paragraph 29.

30. Defendants admit that Congress passed the TVPRA in 2003. The remaining allegations of Paragraph 30 state legal conclusions to which no response is required.

31. The allegations of Paragraph 31 state legal conclusions to which no response is required.

32. The allegations of Paragraph 32 purport to quote a transcript, which being in writing, speaks for itself.

33. The allegations of Paragraph 33 purport to quote or characterize the referenced document. That document, being in writing, speaks for itself. Defendants lack knowledge or information sufficient to form a belief regarding the

truth of any hearsay statements attributed to others. Any remaining or inconsistent allegations are denied.

34. The allegations of Paragraph 34 purport to quote or characterize the referenced documents. Those documents, being in writing, speak for themselves. Defendants lack knowledge or information sufficient to form a belief regarding the truth of any hearsay statements attributed to others. Any remaining or inconsistent allegations are denied.

35. Defendants admit that the National Center for Missing and Exploited Children ("NCMEC") serves as a clearinghouse for reports of suspected child sexual abuse material. Defendants lack the knowledge or information sufficient to admit or deny the balance of the allegations in Paragraph 35 regarding third party NCMEC. Insofar as the allegations of Paragraph 35 purport to quote or characterize the referenced document, that document, being in writing, speaks for itself. Defendants lack knowledge or information sufficient to form a belief regarding the truth of any hearsay statements attributed to others. Any remaining or inconsistent allegations are denied.

36. Defendants admit that NCMEC maintains hash databases of suspected child sexual abuse material that are available to companies like MG Freesites to help them combat CSAM on the websites they operate. Any remaining or inconsistent allegations are denied.

37. Defendants admit that between April 2020 and December 2020, Pornhub submitted 4,171 unique reports of suspected CSAM to NCMEC. Any and all remaining allegations are denied.

38. Denied.

39. Defendants admit that on January 31, 2020, President Trump entered the referenced Executive Order. The remaining allegations of Paragraph 39 purport to quote a transcript, which being in writing, speaks for itself.

**ANSWER TO FACTUAL ALLEGATIONS**

40. The allegations of Paragraph 40 state legal conclusion to which no response is required. To the extent the allegations of Paragraph 40 purport to quote or characterize the TVPRA, that document, being in writing, speaks for itself.

41. The allegations of Paragraph 41 state legal conclusion to which no response is required. To the extent the allegations of Paragraph 41 purport to quote or characterize the TVPRA, that document, being in writing, speaks for itself.

42. Defendants admit that Congress amended the TVPRA in 2008. The remaining allegations of Paragraph 42 state legal conclusions to which no response is required. To the extent the allegations of Paragraph 42 purport to quote or characterize the TVPRA, that document, being in writing, speaks for itself. To the extent a response is required, Defendants deny that Paragraph 42 fairly characterizes the TVPRA.

43. Defendants admit that Congress passed the Allow States and Victims to Fight Online Sex Trafficking/Stop Enabling Sex Traffickers Act ("FOSTA/SESTA") in 2018. To the extent the allegations of Paragraph 43 purport to quote or characterize FOSTA/SESTA or Section 230 of the Communications Decency Act, those documents, being in writing, speak for themselves. To the extent a response is required, Defendants deny that Paragraph 43 fairly characterizes FOSTA/SESTA.

44. The allegations of Paragraph 44 state legal conclusion to which no response is required.

45. Denied, except Defendants admit that MG Freesites operates several interactive adult video websites, which operations include publishing adult content in and outside the United States and operates a website named TrafficJunky that offers web advertising and digital marketing services. Any remaining or inconsistent allegations are denied.

46. Defendants admit that MG Freesites operates adult entertainment websites, including Pornhub, one of the most visited adult entertainment websites, YouPorn, RedTube, and Tube8. Any remaining or inconsistent allegations are denied.

47. The allegations of Paragraph 47 purport to quote or characterize the referenced document. That document, being in writing, speaks for itself.

48. Admitted that in 2019 the United States was the country with the highest daily traffic to Pornhub and that Pornhub visitors from Alabama had the second highest average visit duration. Any remaining or inconsistent allegations are denied.

49. The allegations of Paragraph 49 purport to quote or characterize the referenced document. That document, being in writing, speaks for itself. Defendants lack knowledge or information sufficient to form a belief regarding the truth of any hearsay statements attributed to others. Any remaining or inconsistent allegations are denied.

50. Denied.

51. Denied, except Defendants admit that in December 2020 Pornhub removed all user-generated content from unverified user accounts on its website bringing the total number of videos available on Pornhub down from approximately 13.7 million to approximately 4 million. To the extent Paragraph 51 purports to quote or characterize the referenced document, the document being in writing speaks for itself. Defendants lack knowledge or information sufficient to form a belief regarding the truth of any hearsay statements attributed to others.

52. Defendants admit that Pornhub.com is a tube site that includes content from verified uploaders and Content Partners, which include Brazzers, Fake Taxi, and Kink.com; that GirlsDoPorn was a Content Partner until 2019 when all content uploaded by GirlsDoPorn was removed from Pornhub; and that Defendants are

aware that the principals of GirlsDoPorn have been accused of sex trafficking. To the extent Paragraph 52 purports to quote or characterize the referenced website and document, they are in writing and speak for themselves. Defendants lack knowledge or information sufficient to form a belief regarding the truth of any hearsay statements attributed to others. Any remaining or inconsistent allegations are denied.

53. Admitted.

54. Admitted that certain Pornhub pages state that "The Pornhub team is always updating and adding more porn videos every day." All remaining or inconsistent allegations are denied.

55. To the extent Paragraph 55 purports to quote or characterize the referenced document, the document being in writing speaks for itself. Any remaining or inconsistent allegations are denied.

56. Denied. MG Freesites screens each piece of content uploaded to its website for suspected CSAM, non-consensual content, and other content that violates the relevant terms of service before it is made available to the public. MG Freesites uses a combination of technological tools and human moderators in this process. Account holders wishing to upload content can title and tag their content. MG Freesites maintains a list of banned terms that are not permitted to be used in any titles or tags.

These fields are subject to banned terms prevention software, as well as review and editing by moderators.

57. Defendants admit that they have policies, procedures, and processes that govern how and what content is posted; what comments or other text are permitted related to any particular content; how to and who is permitted to post content and create accounts; and how content can be monetized on websites operated by MG Freesites. Any remaining or inconsistent allegations are denied.

58. To the extent Paragraph 58 purports to quote or characterize the referenced document, the document being in writing speaks for itself. Any remaining or inconsistent allegations are denied.

59. To the extent Paragraph 59 purports to quote or characterize the referenced document, the document being in writing speaks for itself. Any remaining or inconsistent allegations are denied.

60. To the extent Paragraph 60 purports to quote or characterize the referenced document, the document being in writing speaks for itself. Any remaining or inconsistent allegations are denied.

61. To the extent Paragraph 61 purports to quote or characterize the referenced document, the document being in writing speaks for itself. Any remaining or inconsistent allegations are denied.

62. To the extent Paragraph 62 purports to quote or characterize the referenced document, the document being in writing speaks for itself.

63. Denied, except that Defendants admit that the banned terms list, which is regularly updated and now includes 28,000 banned terms, is no longer available to the public on Pornhub.com. Title and tag fields are subject to banned terms prevention software, as well as review and editing by moderators.

64. Denied.

65. Denied except that MG Freesites requires verified uploaders to choose a minimum of two tags for each video.

66. Denied, except that the pages on MindGeek.com that the allegations of Paragraph 66 purport to quote or characterize are documents, which being in writing speak for themselves.

67. Denied, except that to the extent Paragraph 67 purports to quote or characterize the referenced documents, the documents being in writing speak for themselves.

68. Denied, except that Defendants admit that they track and make publicly available data from Pornhub, including information about traffic and popular search terms; MG Freesites operates a blog known as Pornhub Insights and a search engine called PornMD. Those websites, including the pages that the allegations of

Paragraph 68 purport to quote or characterize are documents, which being in writing speak for themselves.

69. Denied, except that the page on Pornhub that the allegations of Paragraph 69 purport to quote or characterize is a document, which being in writing speaks for itself.

70. The page on Pornhub that the allegations of Paragraph 70 purport to quote or characterize is a document, which being in writing speaks for itself. Any remaining or inconsistent allegations are denied.

71. Denied.

72. Defendants admit that MG Freesites's video player offers the option for viewers to see a graph above the video timeline that shows the most watched parts of the video. Any remaining or inconsistent allegations are denied.

73. Defendants admit that action tags can be added to a video player's bar by verified uploaders and/or by MG Freesites's software. The action tags indicate where in a video significant events or actions take place. Any remaining or inconsistent allegations are denied.

74. Denied, except that Defendants admit thumbnails may attract viewers to a video and MG Freesites generates thumbnails from content uploaded to the sites it operates. To the extent Paragraph 74 purports to quote or characterize the referenced document, the document being in writing speaks for itself.

Case 7:21-cv-00220-LSC Document 47 Filed 03/10/22 Page 16 of 45

75. The pages on Pornhub that the allegations of Paragraph 75 purport to quote or characterize are documents, which being in writing speaks for themselves. Any remaining or inconsistent allegations are denied.

76. Denied, except that Defendants admit that Pornhub has a Model Program and a Content Partner Program.

77. Denied, except that Defendants admit that participants in Pornhub's Model Program who have complied with all of the requirements for becoming a verified uploader and who have at the time of upload (i) confirmed they have the consent of those depicted in the video and (ii) have produced one piece of photo ID from any additional performer who appears in the video as well as a photo of the additional performer holding their ID are allowed (a) to sell the video on Modelhub provided it is lawful and complies with Pornhub's terms of service, with Pornhub receiving a portion of the proceeds from such sales; (b) to allow the video available for sale on Modelhub to also be viewable on Pornhub Premium for which the member receives per-view compensation; (c) to create a subscription service, known as a Fan Club, where members can offer subscribers exclusive lawful content that complies with Pornhub's terms of service, with Pornhub receiving 20% of the subscription fees; and (d) to receive tips from Pornhub account holders, with Pornhub receiving 20%. Defendants further admit that members of Pornhub's Content Partner Program are third-party professional studios who contract with Pornhub to promote their own

Case 2:21-cv-00220-CCA-SC Document 175 Filed 03/10/24 Page 17 of 45

pay-sites or online marketplaces via dedicated video "channels" on Pornhub that contain links to the Content Partner's website or online marketplace. When a user clicks the link and purchases a subscription to the Content Partner's website or purchases content from the Content Partner, Defendants are paid a referral fee. Content Partners can also participate in a Viewshare Program, under which they may license content to Defendants for viewing by members who opt to join the Defendants' Premium Sites. Defendants pay Content Partners participating in the Viewshare Program a license fee based on the number of views of their content.

78. Defendants admit that GirlsDoPorn was a member of the Content Partner Program on Pornhub and that videos uploaded to the GirlsDoPorn channel on Pornhub collectively had more than 600 million views. To the extent Paragraph 78 purports to quote or characterize the referenced document, the document being in writing speaks for itself. Defendants lack knowledge or information sufficient to form a belief regarding the truth of any hearsay statements attributed to others. To the extent the allegations of Paragraph 78 concern the actions of third parties unrelated to Defendants, Defendants lack the knowledge or information sufficient to admit or deny those allegations. Any remaining or inconsistent allegations are denied.

79. Defendants admit that they are aware that certain individuals associated with GirlsDoPorn have been accused of sex trafficking and have been sentenced. To

the extent Paragraph 79 purports to quote or characterize the referenced document, the document being in writing speaks for itself. Defendants lack knowledge or information sufficient to form a belief regarding the truth of any hearsay statements attributed to others. Any remaining or inconsistent allegations are denied.

80. Denied, except Defendants admit that content created by GirlsDoPorn and uploaded to the GirlsDoPorn channel on Pornhub was removed from Pornhub as of October 14, 2019. To the extent the allegations of Paragraph 80 purport to quote or characterize the referenced documents, those documents, being in writing, speak for themselves. Defendants lack knowledge or information sufficient to form a belief regarding the truth of any hearsay statements attributed to others.

81. Defendants admit that they are aware that Czech Casting has been accused of sex trafficking and that it was a member of the Content Partner Program at Pornhub. To the extent the allegations of Paragraph 81 purport to quote or characterize the referenced documents, those documents, being in writing, speak for themselves. Defendants lack knowledge or information sufficient to form a belief regarding the truth of any hearsay statements attributed to others. Any remaining or inconsistent allegations are denied.

82. Denied, except that Defendants admit that participants in Pornhub's Model Program who have complied with all of the requirements for becoming a verified uploader and who have at the time of upload (i) confirmed they have the consent of

Case 7:21-cv-00220-LSC Document 175 Filed 01/02/24 Page 19 of 45

those depicted in the video and (ii) have produced one piece of photo ID from any additional performer who appears in the video as well as a photo of the additional performer holding their ID are allowed (a) to sell the video on Modelhub provided it is lawful and complies with Pornhub's terms of service, with Pornhub receiving a portion of the proceeds from such sales; (b) to allow the video available for sale on Modelhub to also be viewable on Pornhub Premium for which the member receives per-view compensation; (c) to create a subscription service, known as a Fan Club, where members can offer subscribers exclusive lawful content that complies with Pornhub's terms of service, with Pornhub receiving 20% of the subscription fees; and (d) to receive tips from Pornhub account holders, with Pornhub receiving 20%.

83. Defendants admit that in 2019, 98,000 new models joined Pornhub, bringing the total number of verified models to more than 130,000. Defendants further admit that participants in Pornhub's Model Program who have complied with all of the requirements for becoming a verified uploader and who have at the time of upload (i) confirmed they have the consent of those depicted in the video and (ii) have produced one piece of photo ID from any additional performer who appears in the video as well as a photo of the additional performer holding their ID are allowed (a) to sell the video on Modelhub provided it is lawful and complies with Pornhub's terms of service, with Pornhub receiving a portion of the proceeds from such sales; (b) to allow the video available for sale on Modelhub to also be viewable on Pornhub

Premium for which the member receives per-view compensation; (c) to create a subscription service, known as a Fan Club, where members can offer subscribers exclusive lawful content that complies with Pornhub’s terms of service, with Pornhub receiving 20% of the subscription fees; and (d) to receive tips from Pornhub account holders, with Pornhub receiving 20%. To the extent the allegations of Paragraph 83 purport to quote or characterize the referenced websites, those websites, being in writing, speak for themselves. Any remaining or inconsistent allegations are denied.

84. Denied except to the extent the allegations of Paragraph 84 purport to quote or characterize the referenced website, that website, being in writing, speaks for itself.

85. Denied.

86. Denied. To the extent the allegations of Paragraph 86 purport to quote or characterize the referenced document, that document, being in writing, speaks for itself. Defendants lack knowledge or information sufficient to form a belief regarding the truth of any hearsay statements attributed to others.

87. Defendants admit that MG Freesites provides instructions and directions to Model Program participants, including in a document entitled “How to Succeed” and in the form of FAQ and support pages on Pornhub. Those documents and

websites being in writing speak for themselves. Any remaining or inconsistent allegations are denied.

88. Denied.

89. Denied except that Defendants admit that if a Model Program member tags, categorizes, or titles content with an action or story line that is not present in the content, that may lead to a removal of earnings.

90. Denied except to the extent the allegations of Paragraph 90 purport to quote or characterize the referenced website, that website, being in writing, speaks for itself.

91. Defendants admit that participants in the Model Program, who have met all the requirements for participation, have the option to take requests from fans for custom videos, provided they are lawful and comply with Pornhub's terms of service, which is facilitated by use of a Custom Video order form, with Pornhub receiving a portion of the proceeds from such sales. To the extent the allegations of Paragraph 91 purport to quote or characterize the referenced website, that website, being in writing, speaks for itself. All remaining and inconsistent allegations are denied.

92. Denied except to the extent the allegations of Paragraph 92 purport to quote or characterize the referenced website, that website, being in writing, speaks for itself.

93. Denied except to the extent the allegations of Paragraph 93 purport to quote or characterize the referenced website, that website, being in writing, speaks for itself.

94. Denied. To the extent the allegations of Paragraph 94 purport to quote the referenced web pages, those web pages, being in writing, speak for themselves. To the extent that the allegations of Paragraph 94 purport to quote the referenced document, that document, being in writing, speaks for itself. Defendants lack knowledge or information sufficient to form a belief regarding the truth of any hearsay statements attributed to others. Defendants do not have sufficient information or knowledge to admit or deny allegations regarding Jane Doe #1 and Jane Doe #2 who have yet to be identified to Defendants.

95. Denied.

96. Denied.

97. Denied.

98. Defendants admit that participants in Pornhub's Model Program who have complied with all of the requirements for becoming a verified uploader and who have at the time of upload (i) confirmed they have the consent of those depicted in the video and (ii) have produced one piece of photo ID from any additional performer who appears in the video as well as a photo of the additional performer holding their ID are allowed to sell the video on Modelhub provided it is lawful and

complies with Pornhub's terms of service, with Pornhub receiving a portion of the proceeds from such sales; and/or to create a subscription service, known as a Fan Club, where members can offer subscribers exclusive lawful content that complies with Pornhub's terms of service, with Pornhub receiving 20% of the subscription fees. Any remaining or inconsistent allegations are denied.

99. Denied.

100. Denied, except that Defendants admit that MG Freesites operates a website named TrafficJunky that offers web advertising and digital marketing services and that revenue is generated from advertisements placed on Pornhub.

101. Defendants admit that advertisements appear on websites operated by MG Freesites. To the extent the allegations of Paragraph 101 purport to quote or characterize the referenced document, that document, being in writing, speaks for itself. Defendants lack knowledge or information sufficient to form a belief regarding the truth of any hearsay statements attributed to others. Further, the author of that document, which Plaintiffs rely on throughout the FAC, Laila Mickelwait, is the founder of Traffickinghub and also the spokesperson for Exodus Cry, a far-right organization that opposes legal pornography and which has been disavowed by media outlets and other organizations. The document itself is an advocacy piece prepared by Ms. Mickelwait in her admitted crusade to shut down Pornhub and MindGeek. Any remaining or inconsistent allegations are denied.

Case 7:21-cv-00220-LSC Document 175 Filed 10/02/24 Page 24 of 45

102. Denied.

103. Denied except that Defendants admit that MG Freesites operates a website named TrafficJunky that offers web advertising and digital marketing services. To the extent the allegations of Paragraph 103 purport to quote or characterize the referenced website, that website, being in writing, speaks for itself.

104. Denied.

105. Defendants admit that subscription fees are collected for access to premium websites and that MG Billing Ltd collects such fees from subscribers outside the United States. To the extent the allegations of Paragraph 105 purport to quote or characterize the referenced document, that document, being in writing, speaks for itself. Defendants lack knowledge or information sufficient to form a belief regarding the truth of any hearsay statements attributed to others. Any remaining or inconsistent allegations are denied.

106. Denied.

107. To the extent the allegations of Paragraph 107 purport to quote or characterize the referenced document, that document, being in writing, speaks for itself. Defendants lack knowledge or information sufficient to form a belief regarding the truth of any hearsay statements attributed to others. Any remaining or inconsistent allegations are denied.

108. Denied. To the extent the allegations of Paragraph 108 purport to quote or characterize the referenced document, that document, being in writing, speaks for itself. Defendants lack knowledge or information sufficient to form a belief regarding the truth of any hearsay statements attributed to others. Any remaining or inconsistent allegations are denied.

109. To the extent the allegations of Paragraph 109 purport to quote or characterize the referenced document, that document, being in writing, speaks for itself. Defendants lack knowledge or information sufficient to form a belief regarding the truth of any hearsay statements attributed to others. Any remaining or inconsistent allegations are denied.

110. Denied.

111. Denied.

112. Defendants admit that tags are essentially keywords that will be associated with a video and which are referenced when users search Pornhub's video collection. Defendants also admit that Pornhub maintains a list of banned terms that are not permitted to be used in any content titles or tags. These fields are subject to banned terms prevention software, as well as review by moderators who may edit a title or tag to remove a banned term. To the extent the allegations of Paragraph 112 purport to quote or characterize the referenced document, that document, being in writing, speaks for itself. Any remaining or inconsistent allegations are denied.

113. Denied.

114. Denied. To the extent the allegations of Paragraph 114 purport to quote or characterize the referenced document, that document, being in writing, speaks for itself. Defendants lack knowledge or information sufficient to form a belief regarding the truth of any hearsay statements attributed to others.

115. The allegations of Paragraph 115 purport to quote or characterize the referenced document, that document, being in writing, speaks for itself.

116. Denied. To the extent the allegations of Paragraph 116 purport to quote or characterize the referenced document, that document, being in writing, speaks for itself. Defendants lack knowledge or information sufficient to form a belief regarding the truth of any hearsay statements attributed to others.

117. Denied.

118. Denied except that Defendants admit that the New York Times published an opinion article entitled *The Children of Pornhub* on December 4, 2020. The publication, being in writing, speaks for itself. Defendants lack knowledge or information sufficient to form a belief regarding the truth of any hearsay statements attributed to others.

119. Denied. Since mid-December 2020, MG Freesites does not allow content from any of the websites it operates to be downloaded, with the exception of paid downloads of lawful content posted by verified uploaders who have provided

express consent to having their content downloaded. The limitations on the downloading of content are designed to prevent inappropriate content being re-uploaded to Defendants' websites or further disseminated by third parties. Defendants also admit that all content uploaded to Pornhub is screened using automated detection technologies including fingerprinting tools that rely on a unique digital fingerprint to match a video or photograph to those already identified in databases including suspected child sexual abuse material. Those tools include YouTube's CSAI Match, Microsoft's Photo DNA, Vobile's MediaWise, and MindGeek's own tool, Safeguard. Any suspected child sexual abuse material identified by MG Freesites's moderation process or as a result of a flag or take down request is fingerprinted using MindGeek's fingerprinting tools, and the digital fingerprint is transmitted to Microsoft, YouTube, and Vobile to be added to their databases. The fingerprinting process helps protect against the same content being uploaded to Pornhub and any third-party platforms that use these technologies.

120. Denied except that Defendants admit that MG Freesites screens each piece of content uploaded to its website for suspected child sexual abuse material, non-consensual content, and other content that violates Pornhub's terms of service before the content is made available to the public. MG Freesites uses a combination of technological tools and human moderators in this process.

121. Denied except that Defendants admit that MG Freesites screens each piece of content uploaded to its website for suspected child sexual abuse material, non-consensual content, and other content that violates Pornhub's terms of service before the content is made available to the public. MG Freesites uses a combination of technological tools and human moderators in this process.

122. The allegations of Paragraph 122 purport to quote or characterize the referenced document, which being in writing, speaks for itself. Defendants lack knowledge or information sufficient to form a belief regarding the truth of any hearsay statements attributed to others.

123. Denied.

124. Denied.

125. Denied. To the extent the allegations of Paragraph 125 purport to quote or characterize the referenced document, that document, being in writing, speaks for itself. Defendants lack knowledge or information sufficient to form a belief regarding the truth of any hearsay statements attributed to others.

126. Denied.

127. Denied except that Defendants admit that in 2019 approximately 6.83 million videos or 1.36 million hours of videos were uploaded to Pornhub, that approximately 18,000 videos were uploaded daily, and that MG Freesites screens each piece of content uploaded to its website for suspected child sexual abuse

material, non-consensual content, and other content that violates Pornhub's terms of service, before it is made available to the public. MG Freesites uses a combination of technological tools and human moderators in this process.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied except that Defendants admit that not all moderators have the authority to remove videos.

135. Defendants admit that they registered with NCMEC as an electronic service provider in 2020 and that between April 2020 and December 2020, Pornhub made 4,171 unique reports of suspected CSAM to NCMEC. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Facebook's reports to NCMEC. Any remaining or inconsistent allegations are denied.

136. Denied. To the extent the allegations of Paragraph 136 purport to quote or characterize the referenced document, that document, being in writing, speaks for

itself. Further, the document is not sufficiently identified to allow Defendants to review it.

137. Denied.

138. Denied.

139. Denied except Defendants admit that users are permitted to use VPN connections when accessing sites operated by MG Freesites.

140. Denied except that Defendants admit that the VPNHUB app was launched in May 2018.

141. Denied except Defendants admit that VPNHUB has both a free and subscription version.

142. Denied.

143. Denied. Defendants preserve data related to all identified and reported CSAM incidents to permit law enforcement investigation. This includes the Content itself, the user's details, and, where available, the Internet Protocol addresses associated with the uploaded content and user's access to applicable websites. The data is preserved in a secure, limited-access location for a minimum of 90 days or for whatever longer period of time Defendants are obligated at law to retain the information.

144. Denied.

145. Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged, except that Defendants admit that a video with the title provided in the referenced document was uploaded and subsequently removed from Pornhub on multiple occasions. To the extent the allegations of Paragraph 145 purport to quote or characterize the referenced document apparently prepared by Laila Mickelwait, that document, being in writing, speaks for itself. Defendants lack knowledge or information sufficient to form a belief regarding the truth of any hearsay statements attributed to others. Any remaining or inconsistent allegations are denied.

146. Denied. To the extent the allegations of Paragraph 146 purport to quote or characterize the referenced documents, those documents, being in writing, speak for themselves. Defendants lack knowledge or information sufficient to form a belief regarding the truth of any hearsay statements attributed to others.

147. The allegations of Paragraph 147 state legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged.

148. Denied.

149. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

150. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

151. Denied except Defendants admit that the individual Jane Doe #1 has identified as her trafficker was a member of the Model Program.

152. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

153. Denied.

154. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the matters alleged. To the extent the allegations of Paragraph 154 purport to quote or characterize the referenced document, that document, being in writing, speaks for itself. Defendants lack knowledge or information sufficient to form a belief regarding the truth of any hearsay statements attributed to others.

155. Denied except Defendants admit that the individual Jane Doe #1 has identified as her trafficker was a member of the Model Program.

156. To the extent the allegations of Paragraph 156 purport to quote or characterize the referenced document, that document, being in writing, speaks for itself. Defendants lack knowledge or information sufficient to form a belief regarding the truth of any hearsay statements attributed to others. Any remaining or inconsistent allegations are denied.

157. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

158. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

159. The allegations of Paragraph 159 state legal conclusions and therefore do not require a response. To the extent a response is required, the allegations of Paragraph 159 are denied.

160. The allegations of Paragraph 160 state legal conclusions and therefore do not require a response. To the extent a response is required, the allegations of Paragraph 160 are denied.

161. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

162. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

163. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

164. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

165. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

166. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

167. Denied except that to the extent the allegations of Paragraph 167 purport to quote or characterize the referenced document and website, that document and website, being in writing, speak for themselves. Defendants lack knowledge or information sufficient to form a belief regarding the truth of any hearsay statements attributed to others.

168. Denied.

169. Denied.

170. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

171. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the matters alleged.

172. The allegations of Paragraph 172 state legal conclusions and therefore do not require a response. To the extent a response is required, the allegations of Paragraph 172 are denied.

173. Denied.

174. The allegations of Paragraph 174 state legal conclusions and therefore do not require a response. To the extent a response is required, the allegations of Paragraph 174 are denied.

175. Denied.

176. The allegations of Paragraph 176 state legal conclusions and therefore do not require a response. To the extent a response is required, Defendants acknowledge that Plaintiffs are seeking injunctive and equitable relief but deny that they are entitled to same. Defendants deny that they are liable for any alleged injuries and that Plaintiffs are in any way entitled to relief. Any remaining or inconsistent allegations are denied.

177. The allegations of Paragraph 177 state legal conclusions and therefore do not require a response. To the extent a response is required, the allegations of Paragraph 177 are denied.

## ANSWER TO COUNT I

### Violation of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1591 and 1595

178. Defendants incorporate by reference the preceding paragraphs of this Answer as if fully set forth herein. By way of further response, Defendants assert that Count I should be dismissed for the reasons set forth in Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint and Incorporated Memorandum of Law in Support Thereof (Dkt. # 24), and their Reply in Further Support of Their Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. #26). Defendants incorporate by reference the reasons for dismissal set forth in the above-referenced filings and preserve all rights to appeal from the Court's February 9, 2022

Memorandum of Opinion and Order (Dkt. #42) and otherwise relative to those arguments. Nothing in this pleading should be construed as a waiver of such rights.

179. The allegations of Paragraph 179 state legal conclusions and therefore do not require a response. To the extent a response is required, the allegations of Paragraph 179 are denied.

180. The allegations of Paragraph 180 state legal conclusions and therefore do not require a response. To the extent a response is required, Defendants admit that MG Freesites engages in interstate and/or foreign commerce and that MindGeek USA engages in interstate commerce. Any remaining or inconsistent allegations are denied.

181. The allegations of Paragraph 181 state legal conclusions and therefore do not require a response. To the extent a response is required, the allegations of Paragraph 181 are denied.

182. Denied.

183. Denied.

184. The allegations of Paragraph 184 state legal conclusions and therefore do not require a response. To the extent a response is required, the allegations of Paragraph 184 are denied.

185. Denied.

186. The allegations of Paragraph 186 state legal conclusions and therefore do not require a response. To the extent a response is required, the allegations of Paragraph 186 are denied.

187. The allegations of Paragraph 187 state legal conclusions and therefore do not require a response. To the extent a response is required, the allegations of Paragraph 187 are denied.

## ANSWER TO COUNT II

### Receipt and Distribution of Child Pornography, 18 U.S.C. § 2252 and 2252A

188. Defendants incorporate by reference the preceding paragraphs of this Answer as if fully set forth herein. By way of further response, Defendants assert that Count II should be dismissed for the reasons set forth in Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint and Incorporated Memorandum of Law in Support Thereof (Dkt. # 24), and their Reply in Further Support of Their Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. #26). Defendants incorporate by reference the reasons for dismissal set forth in the above-referenced filings and preserve all rights to appeal from the Court's February 9, 2022 Memorandum of Opinion and Order (Dkt. #42) and otherwise relative to those arguments. Nothing in this pleading should be construed as a waiver of such rights.

189. The allegations of Paragraph 189 state legal conclusions and therefore do not require a response. To the extent a response is required, the allegations of Paragraph 189 are denied.

190. Denied.

191. The allegations of Paragraph 191 state legal conclusions and therefore do not require a response. To the extent a response is required, the allegations of Paragraph 191 are denied.

192. The allegations of Paragraph 192 state legal conclusions and therefore do not require a response. To the extent a response is required, the allegations of Paragraph 192 are denied.

193. The allegations of Paragraph 193 state legal conclusions and therefore do not require a response. To the extent a response is required, the allegations of Paragraph 193 are denied.

## ANSWER TO CLASS ACTION ALLEGATIONS

194. Defendants admit that Plaintiffs purport to being a class action and that Plaintiffs purport to define the members in their purported class action. Defendants deny that a class action is appropriate. Any remaining or inconsistent allegations are denied.

195. The allegations of Paragraph 195 state legal conclusions and therefore do not require a response. To the extent a response is required, the allegations of Paragraph 195 are denied.

196. The allegations of Paragraph 196 state legal conclusions and therefore do not require a response. To the extent a response is required, the allegations of Paragraph 196 are denied.

197. The allegations of Paragraph 197 state legal conclusions and therefore do not require a response. To the extent a response is required, the allegations of Paragraph 197 are denied.

198. The allegations of Paragraph 198 state legal conclusions and therefore do not require a response. To the extent a response is required, the allegations of Paragraph 198 are denied.

199. The allegations of Paragraph 199 state legal conclusions and therefore do not require a response. To the extent a response is required, the allegations of Paragraph 199 are denied.

200. The allegations of Paragraph 200 state legal conclusions and therefore do not require a response. To the extent a response is required, the allegations of Paragraph 200 are denied.

201. The allegations of Paragraph 201 state legal conclusions and therefore do not require a response. To the extent a response is required, the allegations of Paragraph 201 are denied.

**RESPONSE TO "PRAYER FOR RELIEF"**

Defendants deny that Plaintiffs are entitled to the relief enumerated in the "PRAYER FOR RELIEF", including its subparts, or to any relief whatsoever.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants demand a trial by jury on all issues so triable.

**STATEMENT OF AFFIRMATIVE DEFENSES**

Defendants undertake the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated below. As and for its affirmative and other defenses, Defendants state as follows:

**FIRST DEFENSE**

Plaintiffs' First Amended Complaint fails to state facts sufficient to constitute a claim or claims upon which relief can be granted against Defendants.

**SECOND DEFENSE**

Plaintiffs' claims against Defendants are barred, in whole or in part, by 47 U.S.C. § 230(c)(1).

**THIRD DEFENSE**

Plaintiffs' claims against Defendants are barred, in whole or in part, by the protections of the First and Fourteenth Amendments to the United States Constitution and any freedom of speech protections afforded by the Alabama Constitution.

**FOURTH DEFENSE**

Plaintiffs' claims against Defendants are barred, in whole or in part, by the doctrine of unclean hands.

**FIFTH DEFENSE**

Plaintiffs' claims against Defendants are barred, in whole or in part, by the failure to join one or more necessary parties.

**SIXTH DEFENSE**

Plaintiffs' claims against Defendants are barred, in whole or in part, because any injuries Plaintiffs suffered were not directly or proximately caused by any act or omission by Defendants.

**SEVENTH DEFENSE**

Plaintiffs are not entitled to relief because the injuries alleged, if any, were caused by the intervening and/or unlawful acts of third parties.

**EIGHTH DEFENSE**

Plaintiffs' claims against Defendants are barred, in whole or in part, because the alleged acts or omissions were not committed by agents or employees of Defendants or, to the extent Defendants' agents or employees did commit any of the alleged acts or omissions, it was outside the scope of authority conferred by Defendants and not ratified by Defendants.

**NINTH DEFENSE**

Plaintiffs' claims against Defendants are barred, in whole or in part, because any damage, loss, or liability alleged by Plaintiffs must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Defendants, including third parties such as Plaintiffs' alleged traffickers, and others who may have published sexually explicit images of Plaintiffs, under the principles of proportionate responsibility, equitable allocation, recoupment, set-off, and/or comparative fault.

**TENTH DEFENSE**

Plaintiffs' claims against Defendants are barred, in whole or in part, by the applicable statute of limitations.

**ELEVENTH DEFENSE**

Plaintiffs' claims against Defendants are barred, in whole or in part, by the doctrines of laches, waiver, or estoppel.

**TWELFTH DEFENSE**

MG Freesites II Ltd has been dissolved and its entire business was transferred to MG Freesites Ltd, and therefore, it is not liable for the Plaintiffs' alleged damages.

**THIRTEENTH DEFENSE**

Plaintiffs' claims against Defendants fail to establish that Defendants acted with intentional and outrageous conduct, as required to justify the imposition of punitive damages under federal common law.

**FOURTEENTH DEFENSE**

With respect to Plaintiffs' claims for punitive damages, Defendants specifically incorporate by reference any and all standards of limitation regarding the determination and/or enforceability of punitive damage awards which arose in the decisions of *BMW of No. America v. Gore*, 116 U.S. 1589 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 438 (2003), and their progeny.

**FIFTEENTH DEFENSE**

With respect to Plaintiffs' claims for punitive damages, any such damages claims are in violation of and are barred by the Constitution of the United States and any relevant comparable state constitutional provisions, including but not limited to, the Due-Process and Equal Protection Clauses contained in the Fifth and Fourteenth

Amendments; the Excessive Fines Clause of the Eighth Amendment; and the Tenth Amendment.

**<u>SIXTEENTH DEFENSE</u>**

Defendants intend to rely upon any additional defenses that become available during the course of investigation and/or discovery and reserves the right to amend its Answer to assert those defenses.

WHEREFORE, Defendants request that Plaintiffs' First Amended Complaint be dismissed in its entirety with prejudice, that judgment be entered in favor of Defendants, that Defendants be awarded costs and, to the extent provided by law, attorneys' fee, and any such other relief as the Court may deem proper.

DATED: March 1, 2022 RESPECTFULLY SUBMITTED,

*s/ Sara M. Turner*
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
Shipt Tower
420 20th Street North, Suite 1400
Birmingham, Alabama 352013
smturner@bakerdonelson.com

Kathleen M. Massey (pro hac vice)
Hayden Coleman (pro hac vice)
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036
kathleen.massey@dechert.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that on this day, March 1, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

/s/ *Sara M. Turner*
Sara M. Turner