# MOTION FOR LEAVE TO FILE UNDER SEAL

# [REDACTED]

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| JANE DOE #1 on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) ) | |
| vs. ) ) | Civil Action No. |
| MG FREESITES, LTD, d/b/a "PORNHUB"; MG FREESITES II, LTD; MINDGEEK S.A.R.L.; MINDGEEK USA INCORPORATED; MG CY HOLDINGS LTD; MINDGEEK CONTENT RT LIMITED; 9219-1568 QUEBEC INC., d/b/a MINDGEEK; and MG BILLING LTD, ) ) ) ) ) ) ) ) ) ) ) ) ) | 7:21-CV-00220-LSC  **Unopposed** |
| Defendants. ) | |

## **DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL**

Defendants MG Freesites Ltd, MG Freesites II Ltd, MindGeek S.à r.l., MindGeek USA Incorporated, MG CY Holdings Ltd, MG Content RT Limited, 9219-1568 Quebec Inc., and MG Billing Limited (collectively "Defendants") respectfully move this Honorable Court to issue an order allowing them to file under seal an unredacted copy of the Defendants' Opposition to Plaintiff Jane Doe #1's Motion for Partial Summary Judgment (the "Opposition"), an unredacted copy of the Evidentiary Submission in Support of Defendants' Opposition to Plaintiff Jane Doe #1's Motion for Partial Summary Judgment (the "Evidentiary Submission"), and certain additional materials described below which are also to be filed in connection with Defendants' Opposition to Plaintiff Jane Doe #1's Motion for Partial Summary Judgment.

## **RELEVANT BACKGROUND**

Plaintiff initiated this action against Defendants on February 11, 2021. Less than a month later, this Court granted Plaintiff leave to proceed pseudonymously because Plaintiff's "privacy concerns are substantial and . . . outweigh the customary presumption of open judicial proceedings." ECF No. 7 at 5. Defendants did not object to Plaintiff's motion.

On June 2, 2022, the Court issued a Protective Order, which requires the parties to redact all identifying information for Plaintiff from all public filings. ECF No. 61, ¶ 13.3. The Protective Order further requires the Parties to refrain from filing

all other Protected Material in the public record, except under seal, which requires leave of the Court. *Id.*

The Parties met and conferred in accordance with the Protective Order and Plaintiff does not oppose this motion.

## **LEGAL STANDARD**

Attachments to pretrial motions that require judicial resolution on the merits are subject to the common law right of access to judicial proceedings. *See Chicago Tribune* v. *Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). A party may overcome the common-law right of access by a showing of good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). "In determining whether to seal court filings and other materials, a district court must balance competing interests—a party's interest in keeping information confidential and the public's legitimate interest in the subject matter and conduct of the proceedings." *See United States v. Lee Mem'l Health Sys.*, 2018 WL 4492271, at *4 (M.D. Fla. Sept. 19, 2018) (*citing Chicago Tribune Co.*, 263 F.3d at 1315). Specifically, the Eleventh Circuit has explained:

> [C]ourts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *See In re Alexander Grant Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987); *Shingara v. Skiles*, 420 F.3d 301, 305-06 (3d Cir.

3

>   2005); *Amodeo*, 71 F.3d at 1050-51. A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); Arthur R. Miller, Confidentiality, Protective Orders, and Public Access to the Courts, 105 HARV. L. REV. 427, 464-74 (1991).

*Romero*, 480 F.3d at 1246 (11th Cir. 2007).

Courts in the Eleventh Circuit have long recognized that, even during litigation, there remains strong individual privacy interests, such as in one's medical records and information. *Carbiener v. Lender Processing Servs., Inc.*, etc., No. 13-cv-970, 2015 WL 12835680, at *2 (M.D. Fla. Mar. 6, 2015) (*citing OPIS Mgmt. Resources, LLC v. Sec., Fla. Agency for Health Care Admin.*, 713 F.3d 1291, 1294 (11th Cir. 2013)). Indeed, certain subject matters have been found to implicate unique individual privacy concerns. *Globe Newspaper v. Superior Court*, 457 U.S. 596, 607 (1982) (recognizing the governmental interest in the protection of minor victims of sex crimes from further trauma and embarrassment).

Additionally, courts routinely permit parties to file confidential business information under seal where public access could "violate the parties' privacy or proprietary interests." *Patent Asset Licensing LLC, v. Bright House Networks, LLC*, No. 15-cv-742, 2016 WL 2991057, at *2 (M.D. Fla. May 24, 2016). The same is true for sensitive and confidential business information that is proprietary. *See, e.g., Corbett v. Transportation Security Administration*, 767 F.3d 1171, 1183 (11th Cir. 2014) (sealing operations manual for advanced imaging scanner because it expressly

4

prohibited disclosure and required written permission for reproduction); *Local Access, LLC v. Peerless Network, Inc.*, No. 14-cv-399, 2017 WL 2021761, *2–3 (M.D. Fla. May 12, 2017) (permitting sealing of proprietary financial and business information). Lastly, courts have always carefully guarded trade secrets. *Barnes v. Woodard*, No. 20-cv-00230, 2020 WL 6273895, at *2 (M.D. Ala. Oct. 26, 2020), *citing Beard v. Dolgencorp, LLC*, No. 10-cv-1956, 2013 WL 12253571, at *3 (N.D. Ala. Mar. 29, 2013).

# ARGUMENT

**I.  Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment, Evidentiary Submission, and Supporting Exhibits Contain Personal Identifying Information, Other Private Information, and Sensitive Business Information.**

Defendants respectfully request that the Court allow them to file an unredacted version of their Opposition, an unredacted version of their Evidentiary Submission, and certain documents in support of their Opposition under seal. The foregoing documents refer to, and include, personal identifying information of Plaintiff and third parties, protected under privacy laws and principles as well as under the Protective Order in this case. Indeed, the Protective Order acknowledges that "Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted." ECF 61.

Additionally, the documents include and reference sexually explicit content relating to the Plaintiff, information about confidential business practices, policies, and procedures, confidential financial information, as well as other information that relates to the privacy rights of Plaintiff, third parties, and Defendants.

## II. Documents Subject to Redaction and Sealing.

The following exhibits contain protected information and should be sealed. Allowing public access to the redacted portions of these documents (or in some cases the documents in their entirety) would harm the parties' legitimate privacy interests. Plaintiff does not object to the documents herein being filed under seal. Furthermore, the documents do not concern public officials or relate at all to public concerns. Lastly, where the entirety of documents are sought to be sealed, there is no practical alternative to sealing the documents that will adequately protect the parties' legitimate privacy interests.

Defendants move to file the following documents under seal, with copies to be filed on the public record in partially redacted form:

- Defendants' Opposition to Plaintiff Jane Doe #1's Motion for Partial Summary Judgment;

- Evidentiary Submission in Support of Defendants' Opposition to Plaintiff Jane Doe #1's Motion for Partial Summary Judgment;

- **Exhibit A** to Evidentiary Submission, Declaration of ▮▮▮▮▮▮▮▮

Defendants move to file the following Exhibits under seal in their entirety

- **Exhibit B** to Evidentiary Submission, Declaration of Sherrie Caltagirone in Support of Defendants' Opposition to Plaintiff's Motion for Class Certification;

- **Exhibit D** to Evidentiary Submission, Transcript of August 9, 2023 Deposition of ███████;

- **Exhibit E** to Evidentiary Submission, Transcript of July 14, 2023 Deposition of ███████;

- **Exhibit F** to Evidentiary Submission, Transcript of January 11, 2024 Deposition of ███████;

- **Exhibit G** to Evidentiary Submission, Transcript of October 17, 2023 Deposition of ███████;

- **Exhibit H** to Evidentiary Submission, Transcript of March 6, 2024 Deposition of ███████;

- **Exhibit I** to Evidentiary Submission, Transcript of April 5, 2024 Deposition of ███████;

- **Exhibit J** to Evidentiary Submission, Transcript of October 30, 2023 Deposition of Sherrie Renee Bosisto Caltagirone;

- **Exhibit K** to Evidentiary Submission, Transcript of March 13, 2024 Deposition of ███████

## CONCLUSION

Defendants respectfully request that this Court enter an order granting leave for Defendants to file under seal the above-referenced materials. Defendants will separately send to Plaintiff the unredacted documents that they are seeking to file under seal.

Dated:  October 4, 2024         Respectfully submitted,

*/s/ Kevin M. McGinty*
Kevin M. McGinty
*Pro hac vice approved*
Massachusetts Bar 556780
MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY and POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
Tel. (617) 348-1688
Fax. (617) 542-2241
Email KMMcginty@mintz.com

OF COUNSEL:

*/s/ Sara M. Turner*
Sara M. Turner (ASB-4388-R58T)
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
1901 Sixth Street North
Suite 2600
Birmingham, Alabama 35203
Tel: (205) 328-0480
Fax: (205) 322-8007
smturner@bakerdonelson.com

*Counsel for MG Freesites Ltd, MG Freesites II Ltd, MindGeek S.à r.l., MindGeek USA Incorporated, MG CY Holdings Ltd, MindGeek Content RT Limited, 9219-1568 Quebec Inc., and MG Billing Limited*

## **CERTIFICATE OF SERVICE**

I certify that on this day, October 4, 2024, this document was filed conventionally with the Clerk of the United States District Court for the Northern District of Alabama and will be served electronically by the Defendants to all participants of record.

*/s/ Sara M. Turner*

Sara M. Turner