FILED

2024 Oct-04  PM 11:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| JANE DOE #1, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MG FREESITES, LTD, d/b/a "PORNHUB"; MG FREESITES II LTD; MINDGEEK S.À.R.L.; MINDGEEK USA INCORPORATED; MG CY HOLDINGS LTD; MINDGEEK CONTENT RT LIMITED; 9219-1568 QUEBEC, INC., d/b/a MINDGEEK; MG BILLING LTD,<br><br>Defendants. | CIVIL ACTION NO:<br>7:21-cv-00220-LSC<br><br><br>Honorable L. Scott Coogler |

## PLAINTIFF JANE DOE #1'S OPPOSITION TO DEFENDANTS' MOTION

## FOR SUMMARY JUDGMENT

Gregory Zarzaur (ASB-0759-E45Z)        Kimberly Lambert Adams*
Kelsie Overton (ASB-1791-F80L)         James Michael Papantonio*
ZARZAUR LAW LLC                         LEVIN PAPANTONIO
2850 Cahaba Road, Suite 220            316 S. Baylen Street, Suite 600
Birmingham, Alabama 35223             Pensacola, FL 32502

T: (888) 505-0523
E: gregory@zarzaur.com
 kelsie@zarzaur.com

Joshua P. Hayes
Daniel Blake Williams
PRINCE GLOVER & HAYES
P.O. Box 20149
Tuscaloosa, Alabama 35402
T: (205) 345-1234
E: jhayes@princelaw.net
        bwilliams@princelaw.net

Benjamin W. Bull*
Dani Bianculli Pinter*
Christen M. Price*
Peter A. Gentala*
NATIONAL CENTER ON
SEXUAL EXPLOITATION
1201 F Street NW, Suite 200
Washington, D.C. 20004
T: (202) 393-7245
E: lawcenter@ncose.com

*pro hac vice

T: (850) 435-7056
E: kadams@levinlaw.com
mpapantonio@levinlaw.com

        Victor Paul Bucci II*
Gaetano D'Andrea*
Jill P. Roth*
M. Stewart Ryan*
Alexandria MacMaster*
LAFFEY, BUCCI & KENT, LLP
1100 Ludlow Street, Suite 300
Philadelphia, PA 19107
T: (215) 399-9255
E: pbucci@laffeybuccikent.com
gdandrea@laffeybuccikent.com
jroth@laffeybuccikent.com
sryan@laffeybuccikent.com
amacmaster@laffeybuccikent.com

Kevin Dooley Kent*
Mark B. Schoeller*
Vanessa L. Huber*
CLARK HILL PLC
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, PA 19103
T: (215) 640-8500
E: kkent@clarkhill.com
        mschoeller@clarkhill.com
vhuber@clarkhill.com

*Counsel for Plaintiff Jane Doe #1*

# TABLE OF CONTENTS

ARGUMENT .................................................................................................1

1.    Defendants are not entitled to judgment on Plaintiff's TVPRA claims. ...26

    b.    TVPRA claims do not treat the Defendants as a publisher. ...................36

    c.    This Court should not adopt the Ninth Circuit's interpretation of FOSTA

    under *Reddit*. ......................................................................................37

    d. Defendants are not entitled to Summary Judgment under the Eleventh

    Circuit standard for sex trafficking. ...............................................40

2.    Defendants are not entitled to summary judgment on Plaintiff's CSAM

claim. ......................................................................................................50

    a.    Section 230 does not apply to Plaintiff's CSAM claim. ......................51

    b.    Defendants knew Plaintiff was underage in her CSAM. ......................56

3.    MG Freesites II Ltd., MG Content RT Limited, MindGeek S.à.r.l.,

MindGeek USA Incorporated, and MG Billing, Limited are not entitled to

summary judgment. ...............................................................................60

    a.    Defendants admit MindGeek's group of entities is responsible for

    operating Pornhub and receiving money from sex trafficking.......................60

    b.    Defendants are alter egos operating a single business enterprise. .........61

c.     MG Freesites II Ltd. and MG Content RT Limited are not entitled to summary judgment based on their alleged dissolution. ..................................65

d.     Defendants' extraterritoriality arguments are wrong. ...........................65

# TABLE OF AUTHORITIES

## Cases

*Adhikari v. Kellogg Brown & Root, Inc.*, 845 F.3d 184 (5th Cir. 2017) .................66

*Anderson v. TikTok Inc.*, No. 22-3061, 2024 WL 3948248 (3d Cir. Aug. 27, 2024) ......................................................................................................................29, 35

*Barnes v. Yahoo!, Inc.*, 570 F.3d 1096 (9th Cir. 2009) ..............................37, 52, 53

*Calise v. Meta Platforms, Inc.*, 103 F.4th 732 (9th Cir. 2024) ...............................36

*Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119 (9th Cir. 2003) .......................50

*Dean v. U.S.*, 556 U.S. 568 (2009) ..........................................................................39

*Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021) .37, 40, 41, 42, 44, 45, 47, 60

*Doe #1 v. Twitter, Inc.*, No. 22-15103 (9th Cir. May 3, 2023) ...............................51

*Doe v. Bates*, 2006 WL 3813758 (E.D. Tex. 2006) ................................................52

*Doe v. MG Freesites, LTD*, 707 F. Supp. 3d 1157 (N.D. Ala. 2023).1, 2, 11, 12, 13, 14, 41, 43, 47, 59, 60, 64

*Does 1-6 v. Reddit, Inc.,* 51 F.4th 1137 (9th Cir. 2022).......................36, 37, 38, 41

*Estate of Bride v. Yolo Technologies, Inc.*, 2024 WL 3894341 (9th Cir. Aug. 22, 2024)................................................................................................36

*Fair Hous. Counc. of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157 (9th Cir. 2008) ..........................................27, 28, 30, 31, 32, 33

*G.G. v. Salesforce.com, Inc.*, 76 F.4th 544 (7th Cir. 2023)......................................36

*Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156 (S.D.N.Y. 2019).......41

*Goddard v. Google, Inc.*, 2008 WL 5245490 (N.D. Cal. Dec. 17, 2008) ...............51

*In re Cumbess*, 960 F.3d 1325 (11th Cir. 2020)......................................................38

*Malwarebytes, Inc. v. Enigma Software Grp. USA, LLC,* 141 S. Ct. 13 (2020) .....31

*Moody v. NetChoice, LLC*, 144 S. Ct. 2383 (2024) ................................................29

*Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) ................................64, 65

*N.Y. v. Ferber*, 458 U.S. 747 (1982) .......................................................................50

*Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519 (2012) ..................................39

*Osbourne v. Ohio*, 495 U.S. 103, 109-10 (1990) ....................................................54

*Paroline v. United States*, 572 U.S. 434, 457-458 (2014).......................................54

*Plaintiff A. v. Schair*, 2014 WL 12495639 (N.D. Ga. Sept. 9, 2014)......................66

*Ratha v. Phatthana Seafood Co.,* 35 F.4th 1159, 1168 (9th Cir.) ..........................66

*RJR Nabisco, Inc. v. Eur. Cmty.*, 579 U.S. 325 (2016) ...............................65, 66, 67

*Roe v. Howard*, 917 F.3d 229 (4th Cir. 2019)..........................................................66

*Russello v. U.S.*, 464 U.S. 16 (1983) .......................................................................67

*Simmons v. Clark Equipment Credit Corp.*, 554 So. 2d 398 (Ala. 1989) ..............60

*T.V. v. Grindr LLC,* 2024 WL 4128796 (M.D. Fl. 2024).........................................30

*Tilton v. Playboy Entertainment Group, Inc.*, 554 F.3d 1371, 1378 (11th Cir. 2009)

.....................................................................................................................................56

*TRW Inc. v. Andrews*, 534 U.S. 19 (2001) ...............................................................49

*U.S. v. Chiaradio*, 684 F.3d 265 (1st Cir. 2012) ......................................................35

*U.S. v. Duong*, 848 F.3d 928 (10th Cir. 2017) .........................................................49

*U.S. v. Flanders*, 752 F.3d 1317 (11th Cir. 2014)....................................................44

*U.S. v. Pate,* 84 F.4th 1196 (11th Cir. 2023)............................................................39

*U.S. v. Russell*, 776 F.2d 955 (11th Cir. 1985).........................................................38

*U.S. v. Skinner*, 536 F. Supp. 3d 23 (E.D. Va. 2021) ...............................................66

*U.S. v. Tollefson*, 367 F. Supp. 3d 865 (E.D. Wis. 2019) .......................................44

*United Steelworkers of Am. v. Connors Steel*, 855 F.2d 1499, 1505 (11th Cir. 1988)

................................................................................................................60

*WesternGeco v. ION Geophysical Corp.*, 585 U.S. 407 (2018).......................65, 66

**Statutes**

18 U.S.C. § 1591 .......................27, 36, 38, 39, 40, 41, 43, 44, 45, 46, 47, 49, 60, 67

18 U.S.C. § 1595 ..............................................................................36, 40, 66

18 U.S.C. § 1596 ..................................................................................66, 68

18 U.S.C. § 2252 ..............................................................................30, 35, 53

18 U.S.C. § 2252A .................................................................................33, 35

22 U.S.C. § 7101 .........................................................................................65

47 U.S.C. § 230 ..............................26, 27, 28, 30, 35, 36, 37, 38, 48, 50, 51, 52, 53

**Other Authorities**

Black's Law Dictionary (11th ed. 2019)....................................................................47

**Rules**

1002 ...................................................................................................................13

Fed. R. Evid. 1002 ...........................................................12, 13, 14, 15, 16, 17, 18, 19

Fed. R. Evid. 602 .............................................................12, 13, 14, 15, 16, 17, 18, 19

Fed. R. Evid. 802 ...............................................................................................12

**Treatises**

Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal

Texts (2012) .............................................................................................39

**Congressional Enactments**

Online Pharmacy Consumer Protection Act of 1008, Pub. L. 110-425, Stat. 4820

(2008) .....................................................................................................67

Pub. L. 110–457, 122 Stat. 5044 (2008) ...................................................................67

Radiation Exposure Compensation Act, Pub. L. 101-426, 104 Stat. 920 (1990) ...67

USA PATRIOT Act, Pub. L. 107-56, 115 Stat. 272 (2001) ....................................67

**Legislative Hearings**

Hearing on Online Sex Trafficking and the Communications Decency Act: Before

the Subcomm. on Crime, Terrorism, and Homeland Sec. of the H. Comm. on the

Judiciary, 115th Cong., 1 Sess. (Oct. 3, 2017).......................................................39

Defendants' conduct was lawless with horrific consequences for abused children. Defendants themselves ████████████████████ In many cases, Defendants removed these videos only ████████████████████ ████████████. This ████████████████████████████████ ████████. Defendants' receipt, distribution, and profit from CSAM is just the tip of the iceberg. Discovery has shown that Defendants knew of its child pornography problem but chose not to take obvious steps to prevent it because they cared more about profits than protecting children.

### Plaintiff's Disputes with Defendants' Claimed Undisputed Facts

1. Plaintiff disputes that ████████████████████████████ because MindGeek S.à.r.l., the parent company, is located in Luxembourg and oversees MG Freesites Ltd.'s operations in Cyprus Pl.'s Ex. 110, Deferred Prosecution Agreement[1] ("DPA"), Attach. B, at ¶ 2; Ex. 144, ████████████ ████████████████████████████████; *see also* ████████████ ████████████████████████████.

2. - 4. Plaintiff does not dispute MG Freesites Ltd was one of MindGeek's group of entities formed to operate pornographic sites including Pornhub.com to

---

[1] https://www.justice.gov/d9/2023-12/2023.12.21_dpa_final_court_exhibit_version_0.pdf

distribute adult content. Pl.'s Ex. 110, DPA, Attach. B, ¶ 2. ███████████

███████████████████

5.  Defendants testified moderators would modify titles. ███████████

████████████████████████████████

████████████████████████████████

6.  Defendants testified ████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

███████ Defendants created a ██████████████████████

████████████████████████████████

████████████████████████████████

███████████ Defendants provided █████████████████

████████████████████████████████

████████████████████████████████

██████████████████████████████

7.  -  8. Undisputed.

**9.**  Plaintiff disputes that Defendants ████████████████

████████████████████████████████

████████████████████████████████



As recently as

A video uploaded in

As recently as

Defendants

[2]

Further, to the extent Defendants have

---

[2] Relative to Plaintiff's briefing involving both her Motion for Partial Summary Judgment, doc. 234, and her opposition to Defendants' Motion for Summary Judgment, Plaintiff will use sequential numbers for exhibits to avoid confusion.



**10.** Defendants moderators ████████████████████████

████████████████ For the majority of the class period, Defendants ████████

Defendants' moderators ███████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

███████████████████████████████████████████████████ Pl.'s

Ex. 123, Standing Committee on Access to Information, Privacy, and Ethics,

Evidence Number 019, February 5, 2021 at 11. ████████████████████

█████████████████████████████████████████ He had no

experience ████████████████████████████████████████████

█████████████████████████████████████████████████████████

███████████████████████████████████████████ believes

he ██████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████████████████

The ████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████

Defendants cite to their ███████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████ When asked ███████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████.

Further, no employee deposed ███████████████████████████

█████████████████████████████████████████████ Further,

Defendants █████████████████████████████████████

██████████████████████████████████████████████

████████████████████.

11. Defendants employed ███████████████████████████

████████████████████████████ █████████████████████

---

[3] Defendants did not implement ██████████████████████████
██████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

Defendants began

Presently, Defendants

For the

tool

██████████████████████████████████████████████

████████████████

    Defendants claim ████████████████████████████████

██████████████████████████████████████████████

██ They admit ███████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████

12. - 14. Undisputed.

15. Plaintiff disputes ███████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████

16.- 20. Undisputed.

21. First, Plaintiff disputes that ████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████  Plaintiff further objects as

she requested this information and moved to compel it, but Defendants never

produced it. ████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

---

[4] Plaintiff objects on several evidentiary grounds to the Declarations of ███████████ and
███████████ offered by Defendants to support facts alleged as undisputed in ███████████,
22, 25, 26, 38-43, 47, 48, 51, 52, 54, 57-60, 62-64, 66-68, and 73-76. For clarity, Plaintiff objects
under Fed. R. Evid. 802, 1002, and 602. The declarations fail to cite evidence that supports
conclusory assertions. For example, ████████████████████████████████
████████████████████████████████████  However,
████████████████████████████████████████████
████████████████████████████  To the extent the declarants are relying on an
(uncited) document or documents that show such information, the Defendants and declarants
have failed to lay the appropriate business records foundation, or establish that the declarants are
competent to lay such a foundation or the Defendants have simply not produced the record in
discovery (*i.e.* ███████████████████████████████████████
████████████████████████). MindGeek, moreover,
should also reference that documents in its statement of undisputed facts along with the proper
foundation, and not a declarants summary of it or opinions. See, e.g., Fed. R. Evid. 1002. For
example, ████████████████████████████████████████
████████████████████████████████████  See
Fed. R. Evid. 802. MindGeek has not identified any exclusion or exemption from the hearsay
rule.

████████████████████████████████████████████

██████████████████████

Plaintiff also disputes that ████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████ These phrases ████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

t███████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████

22. Plaintiff disputes that ████████████████████████████

███████████████ Plaintiff restates her ███████████ Hearsay, Requirement of the Original,

and Not Produced Objections. Plaintiff maintains that the ███████ indicates CSAM as stated in Plaintiff's Additional Disputed Facts at ¶ 5.

23. - 24. Undisputed.

25. Plaintiff disputes that ████████████████████████ ████████ Plaintiff restates her ██████ Hearsay and Requirement of the Original Objections. Plaintiff restates her Not Produced Objection.

26. Plaintiff disputes that ████████████████████████. Plaintiff restates her ████████ Hearsay, Not Produced, and Requirement of the Original Objections.

27. - 36. Undisputed. As to paragraph 28, for clarification, Plaintiff states that, through ████████████████████████████

████████████████████████████

████████████████████████████

████████████████████

37. Defendants did not report ████████████████████ ████████████████████.

38. Plaintiff objects to Defendants' reliance on ████████████ as he does not state he has any specific knowledge as it relates ████████████ ████████████████████████████ ████████████████████. This is an

insufficient foundation to state facts. Fed. R. Evid. 602 (hereafter ███████████

███████████. Further, ████████ does not cite any evidence to support his

statements relating to ██████████. If he is relying on uncited documents, his

statements are inadmissible hearsay. Fed. R. Evid. 802 and 1002 (hereafter

"███████Hearsay and Requirement of the Original Objections.")

    Plaintiff disputes that ███████████████████████████

███████████████████████████████████████

███████████████████████████████████. Further,

Defendants treat ████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████To the extent that ████████████████

███████████████████████████████████

███████████████████████████████████

█████████████However, the financial charts provided for the

███████████████████████████████████

███████████████████████████████████

███████ ██████████████████████████████

███████████████████████████████████  ██████████

██████████████████████████████████████████████

39.   Plaintiff  restates  her  ██████  Rule  602,  1002  &  Hearsay  Objections.

Plaintiff  disputes  that  ██████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████

40. Plaintiff  restates  her  ██████  Rule  602  and  1002  Objections  and  ██████

██████████████████████████████████████████████

Defendants  should  be  required  to  show  the  legal  documents  ████████████

████████████████████████

41. Plaintiff  restates  her  ██████  Rule  602  and  1002  Objections  and  ██████

Hearsay  Objection  (*see*  defs.'  Ex.  A  at  ¶  47).   Defendants  should  be  required  to

show  the  legal  documents  ██████████████████████████████

42. Plaintiff  restates  her  ██████  Rule  602  and  1002  Objections  and  ██████

Hearsay  Objection  (*see*   defs.'  Ex.  A  at  ¶  48). Defendants  should  be  required  to

show  the  ██████████████████████████████████████

██████

43. Plaintiff restates her ▓▓▓▓▓ Rule 602 and 1002 Objections and ▓▓▓▓▓▓▓

Hearsay Objection (*see* defs.' Ex. A at ¶ 48). Plaintiff disputes that ▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

44. Undisputed.

45. MindGeek S.à.r.l. is more than a holding company. It admitted that between

January 2009-December 2020, MindGeek was a global group of entities (including

MindGeek USA Inc., MG Freesites Ltd. and MindGeek S.à.r.l.) that owned and

operated pornographic websites, including Pornhub.com. Pl.'s Ex. 110, DPA,

Attach. B, ¶ 1. MindGeek S.à.r.l. also admitted it has offices in the United States.

*Id.* at ¶¶ 1-2.

46. MindGeek S.à.r.l. admitted to its responsibility for the operation of the

pornography sites. Pl.'s Ex. 110, DPA, Attach. B, ¶¶ 2-3, Attach. C, ¶¶ 1, 2-5.

MindGeek S.à.r.l. also admitted to knowingly receiving proceeds derived from sex

trafficking. Pl.'s Ex. 110, Attach. B, ¶¶ 10, 35, Attach. C, ¶¶ 10. ▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████

47. Plaintiff restates her ████████ Rule 602 and 1002 Objections (not citing any

evidence to support his ████████████████████████████████████████████

████████████████████████████████████████████████████ Hearsay

Objection. Defendants should be required to show the legal documents indicating

sufficiency of ████████████████████████████████████████████████

████████████████████████████████

48. Plaintiff restates her ████████ Rule 602 and 1002 and Hearsay Objections.

████████ cites no evidence to support his statements relating to ████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████

49. MindGeek S.à.r.l. admits it was involved in Pornhub's operation and responsible for knowingly receiving payments derived from sex trafficking from content posted on Pornhub.com. Pl.'s Ex. 110, DPA, ¶ 2 and Attach. B, ¶ 10.

50. MindGeek S.à.r.l. admits it was involved in Pornhub's operation and responsible for knowingly receiving money derived from sex trafficking from content posted on Pornhub.com. *Id.*

51. Plaintiff restates her ███████ Rule 602, 1002, & Hearsay Objections. Plus, MindGeek S.à.r.l. admits to being involved in Pornhub's operation and responsible for knowingly receiving money derived from sex trafficking content on Pornhub.com. Pl.'s Ex. 110, DPA at ¶ 2 and Attach. B ¶¶ 9-10.

52. Plaintiff restates her ███████ Rule 602, 1002, & Hearsay Objections. MindGeek S.à.r.l. admits to being involved in Pornhub's operation and responsible for knowingly receiving payments derived from sex trafficking and other video content on Pornhub.com. Pl.'s Ex. 110, DPA at ¶ 2 and Attach. B ¶¶ 9-10.

53. Undisputed.

54. Plaintiff restates her ███████ Rule 602, 1002, & Hearsay Objections. ███████ testified that ████████████████████████

████████████████████████████████

████████████████████████████████

███████████████████████████████████

█████████████████████████████

55. MindGeek USA Incorporated admits it was involved in Pornhub's operation and responsible for knowingly receiving payments derived from sex trafficking content. Pl.'s Ex. 110, DPA at ¶ 2 and Attach. B ¶¶ 9-10.

56. MindGeek USA Incorporated admits that it was involved in Pornhub's operation and responsible for knowingly receiving payments derived from sex trafficking from content posted on Pornhub.com. *Id.*

57. Plaintiff restates her ████████ Rule 602, 1002, & Hearsay Objections. Furthermore, MindGeek USA Incorporated admits to being involved Pornhub's operation Pornhub and responsible for knowingly receiving payments derived from sex trafficking from other video content posted on Pornhub.com. Pl.'s Ex. 110, DPA at ¶ 2 and Attach. B ¶¶ 9-10.

58. Plaintiff restates her ████████ Rule 602, 1002, & Hearsay Objections. Furthermore, MindGeek USA Incorporated admits to being involved Pornhub's operation and responsible for knowingly receiving payments derived from sex trafficking from other video content posted on Pornhub.com. Pl.'s Ex. 110, DPA at ¶ 2 and Attach. B ¶¶ 9-10.

59.  Plaintiff restates her ████████ Rule 602, 1002, & Hearsay Objections.
Subsidia███████████████████████████████████████████

███████████████████████████████████

60.  Plaintiff restates her ████████ Rule 602, 1002, & Hearsay Objections.

████████████████████████████████████████

███████████████████████████████████

61. Undisputed.

62. Plaintiff restates her ██████ Rule 602, 1002, & Hearsay Objections.

63.  Plaintiff restates her ████████ Rule 602, 1002, & Hearsay Objections.

████████████████████████████████████████

████████████████████████

64.  Plaintiff restates her ████████ Rule 602, 1002, & Hearsay Objections.

████████████████████████████████████████

████████████████████████

65. Undisputed.

66. Plaintiff restates her ██████ Rule 602, 1002, & Hearsay Objections.

67.  Plaintiff restates her ████████ Rule 602, 1002, & Hearsay Objections.

████████████████████████████████████████

████████████████████████████████████████

68. Plaintiff restates her ██████ Rule 602, 1002, & Hearsay Objections.

18

69. Undisputed.

70. Undisputed.

71. ███████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████ MindGeek S.à.r.l. admits in the DPA
that MindGeek's global group of entities operate Pornhub and knowingly received
payments derived from sex trafficking from content posted on Pornhub. Pl.'s Ex.
110, DPA at Attach. B ¶ 10..

72. MindGeek S.à.r.l. admits that MindGeek's global group of entities were
involved with operating Pornhub and knowingly received payments derived from
sex trafficking from content posted on Pornhub. *Id.*

73. Plaintiff restates her ███████ Rule 602, 1002, & Hearsay Objections.

74. Plaintiff restates her ███████ Rule 602, 1002, & Hearsay Objections.

75. Plaintiff restates her ███████ Rule 602, 1002, & Hearsay Objections.

████████████████████████████████████████████

████████████████████████████████████████████

76. Plaintiff restates her Andreou Rule 602, 1002, & Hearsay Objections.

**<u>Plaintiff's Additional Undisputed Material Facts</u>**

Plaintiff incorporates the SUMF in her MPSJ, doc. 234, at ¶¶ 1-141.

142. Plaintiff has been ███████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████

143. While Plaintiff ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████

145. At the time that ████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████.

146. Defendant's employees ████████████████████████████████
████████████████████████████████████████████████████████
████████

147. Defendants ██████████████████████████████████████████
████████████████████████████████████████████████████████
███████████████████████ Instead, they ██████████████████████████
████████████████████████████████████

148. Both Plaintiff's ████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████

149. Defendants structure their platforms to monetize pornography, profiting from the content on their sites. Defs.Answer, Doc. 45 at ¶¶ 45-46, 52, 57, 101, 105.

150. Defendants ██████████████████████████████████████████
████████████████████████████████████. Doc. 45 at ¶¶ 52, 57, 87, 89, 101, 105;

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████ Defendants tracked how ████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████

151.  Defendants' business ███████████████████████████

█████████████████████████████████████████████████████

████████████████████████████

152.  To ██████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████

153.  Defendants ████████████████████████████████████████

███████████████████████████████████

154.  ███████ was a modelhub member. Doc. 45 at ¶ 151. ███████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████

155.  Defendants  screen  each  piece  of  content  uploaded  to  their  sites  for suspected CSAM before it is made available to the public. Doc. 45 at ¶ 56.

156.  Defendants  testified  █████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████

157.  Defendants ████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████

158.  Defendants ███████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████

159.  Defendants generate ████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████

160.  Defendants selected ██████████████████████████████████

████████████████████████████████████

161.  Defendants routinely ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████

162.  Defendants also ███████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

163. T███████████████████████████████

164. Defendants added ████████████████████████

█████████████████████████████████████

█████████████████████████████████████

███████████████████████████

165. ███████████████████████████████

█████████████████████████████████████.

The Defendants ███████████████████████████

█████████████████████████████████████

███████████████████████████

### Plaintiff's Additional Disputed Facts

1. ███████████████████████████████

██████████████████████ CSAM ███████████████

█████████████████████████████████████

█████████████████████████████████

2. Plaintiff took a █████████████████████████

███████████████████████

3. Plaintiff █████████████████████████████████████████

███████████████████████████████████████████████████

4. Plaintiff seeks injunctive relief designed to aid Defendants in preventing

CSAM before it is uploaded, so that they do not knowingly receive and possess it.

First Amended Complaint ("FAC"), doc. 22 at 63-66.

5. Using the word █████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████

6. ████████████████████████████████████████████████

████████████████████████

## Argument

### 1. Defendants are not entitled to judgment on Plaintiff's TVPRA claims.

#### a. Section 230 does not shield from Plaintiff's TVPRA Claims.

First, Defendants are content creators and thus disqualified from § 230

immunity altogether. Second, Plaintiffs' TVPRA claims do not hold Defendants

liable for their publishing activity, so those claims fall outside § 230's protections.

And third, the Ninth Circuit's FOSTA-SESTA interpretation in *Reddit* was wrong

and incorrectly required a heightened pleading standard. Lastly, even if this Court

---

[5] *See also* The Pornhub Playbook: How to make money with Pornhub, p. 17, available at webarchive of original web location (https://www.pornhub.com/content_partner_guide.pdf): https://web.archive.org/web/20201112013831/https://www.pornhub.com/content_partner_guide. pdf ("A well-chosen thumbnail will greatly impact the number of views by making videos more appealing for users to click on.").

follows *Reddit*, the undisputed facts in this case demonstrate Defendants' liability under 18 U.S.C. § 1591 as required under *Reddit* and therefore, FOSTA does not impose limitations on Plaintiff's claims.

### i.    Defendants materially contributed to the CSAM's illegality.

Defendants developed and materially contributed to the illegal content on their websites and therefore cannot claim § 230 immunity.

> A website operator can be both a service provider and a content provider: If it passively displays content that is created entirely by third parties, then it is only a service provider with respect to that content. But as to content that it creates itself, or is responsible, in whole or in part . . . , the website is also a content provider.

*Fair Hous. Counc. of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008) (cleaned up). The undisputed facts confirm Plaintiff's allegations—which this Court already found made Defendants content creators. Doc. 42 at 50–51.[6] So, Defendants are not immune under § 230.

The Ninth Circuit established in *Roommates* the material contribution test, clarifying that § 230 does not immunize websites for third-party content that the

---

[6] "Defendants encourage and materially contribute to the development, optimization, and advertising of CSAM on Pornhub . . . . Specifically, the complaint alleges that Defendants themselves generate tags, categories, and keywords that users wishing to post CSAM videos can use, and in fact are encouraged to use, to maximize views, such as "teen," "abused teen," and "middle school girls," Doc. 22 at ¶¶ 56, 59, 65-67, 71, 103, 112-18; Defendants admit to creating at least some of the pornography content on their sites and create thumbnails of CSAM videos, including of the videos of Plaintiffs, which amounts to new creation and possession of child pornography, id. ¶¶ 74-75; . . . In this way, Defendants do even more than merely encourage the posting of CSAM by providing a means for users to publish what they created but rather materially contribute to it by designing their platforms for an illicit purpose."

website "is responsible, in whole or in part for creating and developing." 521 F.3d at 1160. In *Roommates*, the plaintiff accused a website of encouraging illegal housing discrimination through a questionnaire. The Ninth Circuit deemed the website a content provider because it "created the questions and choice of answers, and designed its website registration process around them." *Id.* at 1164. "Roommate is 'responsible' at least 'in part' for each subscriber's profile page, because every such page is a collaborative effort between Roommate and the subscriber." *Id.* at 1167. That court also noted: "Roommate's search function is similarly designed to steer users based on discriminatory criteria." *Id.* at 1167. Holding, "'development' [ ] refer[s] not merely to augmenting the content generally, but to materially contributing to its alleged unlawfulness. In other words, a website helps to develop unlawful content, and thus falls within the exception to section 230 . . . ." *Id.* at 1167-68. The court further clarified that "even if the data are supplied by third parties, a website operator may still contribute to the content's illegality and thus be liable as a developer." *Id.* at 1171.

Recently, the Third Circuit ruled platforms that design and create algorithms which recommend third-party content to users are not immune under § 230. *See Anderson v. TikTok Inc.*, No. 22-3061, 2024 WL 3948248, at *4 (3d Cir. Aug. 27, 2024). In *Anderson*, the social media platform's "algorithm curates and recommends a tailored compilation of videos for a user's FYP based on a variety

28

of factors, including the user's age and other demographics, online interactions, and other metadata." *Id*. at *1. The Third Circuit, following *Moody v. NetChoice, LLC*, 144 S. Ct. 2383, 2393 (2024), found that, "[g]iven the Supreme Court's observations that platforms engage in protected first-party speech under the First Amendment when they curate compilations of others' content via their expressive algorithms, it follows that doing so amounts to first-party speech under § 230, too." *Anderson*, 2024 WL 3948248 at *3 (internal citation omitted). The court concluded that where the algorithm "decides on the third-party speech that will be included in or excluded from a compilation—and then organizes and presents the included items" it amounts to the platform's own speech or content, unprotected by § 230. *Id.* (cleaned up). The same is true here. This Court found the following amounted to content creation:

> [T]he allegations are that Defendants' tools themselves function in a way to direct users to CSAM in particular. . . . Indeed, Defendants exert extensive control over the development of pornographic content on their websites. Defendants have instructed uploaders and users, down to a granular level, on how to create content, and has made these instructions a condition of use for Modelhub members and Content Partners. Plaintiffs have alleged that Defendants intend to and do direct users to the CSAM that they are seeking by using criteria indicating the illegal nature of the content.

Doc. 42 at 51–52. Plaintiff can and will prove her allegations at trial. Defendants

created ████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████

ii.    **Defendants created** ██████████████████████

Curiously, Defendants forget, or intentionally disregard, that they ████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████[7] Because CSAM is contraband, such creation, possession, and distribution

---

[7] ████████████████████████████████████████
█████████████████████████████████████████████
████████████████████ *See* 18 U.S.C. § 2252.

can never be neutral.[8] And stated in *Roommates*, for content the website itself creates the website is "undoubtedly the 'information content provider' as to [that content] and can claim no immunity for posting [it] on its website." *Roommates*, 521 F.3d at 1164.

       iii.   **Defendants** 

This is similar to *Roommates* where that website created questions and answers that users had to choose from. *Roommates*, 521 F.3d at 1165.

Additionally,

---

[8] Doc. 42 at 68-72; *see also T.V. v. Grindr LLC,* 2024 WL 4128796, at *62 ("Neither the plain language of § 230(c)(1) nor any binding precedent includes a "neutral assistance" standard.) (*citing Malwarebytes,* 141 S. Ct. at 14 ("Courts have long emphasized non textual arguments when interpreting § 230, leaving questionable precedent in their wake.") (Thomas, J., opinion on the denial of certiorari)).

Additionally, Defendants ████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████ Furthermore, for ██████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████

Defendants ████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████

Through this process, every page is a "collaborative effort between [Defendant] and the [uploader]." *Roommates*, 521 F.3d at 1167. Thus, Defendants

contributed to the material's unlawfulness,[9] especially when ██████████

████████████████████████████████████████████Defendants now

attempt to minimize ████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████ 18 U.S.C. § 2252A(a)(3)(B), and it certainly

contributes to the illegal possession and distribution of the content when it actually

depicts CSAM. Defendants concede ███████████████████████

████████████████████████████████████████████████████

███████████████████████ These ███████████████████████

███████████████████████ means they developed this content. *Roommates*,

521 F.3d at 1167.

   **iv. Defendants'** ████████████████████████

████████████████████████████████████████████████

████████████████████████████████ **they can claim no**

**Section 230 immunity.**

  Defendants ██████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████ As a way to



---

[9] *Roommates* distinguishes between simple edits that are "unrelated" to content's illegality and edits that "contribute[] to the alleged illegality." 521 F.3d at 1169.
[10] See 18 U.S.C. § 2252A(a)(3)(B).
[11] Pl.'s Ex. 111, ███████████████
[12] Pl.'s Ex. 129, ███████████████████████
[13] Pl.'s SUMF at ¶ 87.

encourage tags and categories, Defendants ███████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████ For example, in October

2019, the category ██████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████

    Video ████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████ Defendants created ████████████████████████

███████████████████████████████████████████████████████████████

█████████████████████████████████████████████ This was all

part of Defendants' ████████████████████████████████ which meant they

needed more ████████████████████████████████████████████

███████████████████████████████████████████████████████████████

incl ████████████████████████████████████████████████████████████

████████████████████████████████████████████████ Every video on

Defendants' site ████████████████████████████████████████████

Additionally, like the platform in *Anderson*, Defendants' ███████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

These curation processes, including Defendants' proprietary algorithm, are

Defendants' own expressive—and in this case *illegal*—activity. *Anderson,* 2024

---

[14] *See* 18 U.S.C. § 2252A(a)(3)(B) ("Any person who—knowingly—advertises . . . using any means . . . including by computer, any material *or purported material* in a manner *that reflects the belief*, or that *is intended to cause another to believe* that the material or purported material is, or contains—an obscene visual depiction of a minor engaging in sexually explicit conduct . . . shall be punished as provided in subsection (b).") (emphasis added). Making CSAM available to others to view and download is a violation of 18 U.S.C. § 2252(a)(2). *See e.g. United States v. Chiaradio*, 684 F.3d 265, 282 (1st Cir. 2012) (explaining that distribution occurs where the defendant "consciously makes files available for others to take and those files are in fact taken" and further explaining that "[t]he fact that the defendant did not actively elect to transmit those files is irrelevant.")

[15] Making CSAM available to others to view and download is a violation of 18 U.S.C. § 2252(a)(2). *See e.g. United States v. Chiaradio*, 684 F.3d 265, 282 (1st Cir. 2012) (explaining that distribution occurs where the defendant "consciously makes files available for others to take and those files are in fact taken" and further explaining that "[t]he fact that the defendant did not actively elect to transmit those files is irrelevant.").

WL 3948248, at *3. Because Defendants ███████████████████████████████

████████████████████████████████████████████████████████.

### b. **TVPRA claims do not treat the Defendants as a publisher.**

Section 230 also does not apply because the TVPRA claims do not treat Defendants as a publisher or speaker.[16] In a Ninth Circuit decision, *Calise v. Meta Platforms, Inc.*, a plaintiff alleged Meta collected user data and sold it to advertisers, who posted ads on Meta based on its targeted advertising software. 103 F.4th 732, 736 (9th Cir. 2024). *Calise* "clarif[ied]" Ninth Circuit case law. *Id.* Under *Calise*, courts "look to the legal duty" behind a claim in a two-part inquiry. *Id.* at 742. *First*, "what is the right from which the duty springs? If it springs from something separate from the defendant's status as a publisher, such as from an agreement, or from obligations the defendant has in a different capacity, then [Section] 230(c)(1) does not apply." *Id.* at 742. *Second*, courts ask "what is this duty requiring the defendant to do? If it obliges the defendant to 'monitor third-party content'—or else face liability—then that … is barred by § 230(c)(1)." *Id.* This analysis applies here. *See also Estate of Bride v. Yolo Technologies, Inc.*, 2024 WL 3894341 (9th Cir. Aug. 22, 2024) (citing *Calise* and applying the legal-duty framework). Under the TVPRA, Defendants ████████████████████

---

[16] ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████ *See* 18 U.S.C. §§ 1595, 1595; *see also G.G. v.*

*Salesforce.com, Inc.*, 76 F.4th 544, 567 (7th Cir. 2023)  (citing *Barnes v. Yahoo!,*

*Inc.*, 570 F.3d 1096, 1102 (9th Cir. 2009)); *see also Doe #1 v. Red Roof Inns, Inc.*,

21 F.4th 714, 726 (11th Cir. 2021).

      The second inquiry is to identify what the defendant's duty requires. It does

not require them to ████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████ *Red Roof Inns, Inc.,* 21 F.4th at 726. Under the

TVPRA,  Defendants ██████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████

    **c.** **<u>This Court should not adopt the Ninth Circuit's interpretation of</u>**
       **<u>FOSTA under *Reddit*.</u>**

Defendants  incorrectly  rely  on ███████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████

In *Reddit*, the Ninth Circuit held that a child sex trafficking victim bringing a TVPRA claim against a website must show that "a defendant-website's own conduct—rather than its users' conduct—resulted in a violation of 18 U.S.C. § 1591." 51 F.4th at 1139. This is wrong because Congress passed FOSTA as a direct result of courts routinely granting § 230 immunity to Backpage.com for its role in sex trafficking. *Id.* at 1144. Although often incorrectly referred to as an exception to § 230, FOSTA was an amendment to clarify that sex trafficking victims are not barred from suing websites by § 230. 47 U.S.C. §230(5)(A). *Reddit,* by contrast, turned the intent of FOSTA on it's head by creating yet another layer of protection for websites not enjoyed by any other TVPRA defendant. Therefore, this Court should reject *Reddit*'s interpretation of FOSTA and instead follow the statute's plain language giving victims recourse against websites who facilitate and benefit from their sex trafficking.

FOSTA is a remedial statute, so it "should be liberally construed." *United States v. Russell*, 776 F.2d 955, 957 (11th Cir. 1985) (quoting *Peyton v. Rowe,* 391 U.S. 54, 65 (1968)). The *Reddit* court, however, seized on the phrase "conduct underlying the claim" in § 230(e)(5)(A) and read it to require that the *civil defendant's* conduct violate § 1591. *Reddit*, 51 F.4th at 1141. The *Reddit* court essentially reads the word "defendant" into the statute: "if the *[defendant's]* conduct underlying the claim constitutes a violation of section 1591 of that title." §

230(e)(5)(A). That changes the statute's words to give it a narrow, restrictive meaning. Courts should "resist reading words or elements into a statute that do not appear on its face." *In re Cumbess*, 960 F.3d 1325, 1333 (11th Cir. 2020) (quoting *Dean v. United States*, 556 U.S. 568, 572 (2009); *see also* Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 93–94 (2012) (stating that the "judicial power" should not be used "to supply words . . . that have been omitted").[17]

Finally, one cannot assume that "conduct underlying the charge" and "conduct underlying the claim" have the same meaning, where one refers to criminal prosecution and the other civil lawsuits, regarding a statute that explicitly has different sections of the statute for criminal versus civil liability. *See United States v. Pate,* 84 F.4th 1196, 1203 (11th Cir. 2023) ("[W]hen Congress uses different language in similar sections, it intends different meanings."); *see also Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 544 (2012).

### d. <u>Defendants are not entitled to Summary Judgment under the Eleventh Circuit standard for sex trafficking.</u>

---

[17] The Honorable Chris Cox testified on behalf of amici Netchoice before the Subcommittee on Crime, Terrorism, and Homeland Security on this very issue. *See* Hearing on Online Sex Trafficking and the Communications Decency Act: Before the Subcomm. on Crime, Terrorism, and Homeland Sec. of the H. Comm. on the Judiciary, 115th Cong., 1 Sess., p. 7 (Oct. 3, 2017) (testimony of the Hon. Chris Cox) https://www.govinfo.gov/content/pkg/CHRG-115hhrg32353/pdf/CHRG-115hhrg32353.pdf ("If every State were free to adopt its own policy governing when an internet platform will be liable for criminal or tortious conduct—that is to say, for the criminal and tortious conduct of another—not only would compliance become oppressive, but the Federal policy itself would quickly become undone.").

**The Eleventh-Circuit standard for sex trafficking.**

The TVPRA criminalizes sex trafficking or any commercial sex act involving a person under 18. 18 U.S.C. § 1591(a). A direct perpetrator "recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means[18] a person," they know or recklessly disregard is a sex trafficking victim. *Id*. at § 1591(a)(1).[19] A beneficiary violator "benefits, financially, or by receiving anything of value," by "knowingly assisting, supporting, or facilitating a violation of subsection (a)(1)," where they know or recklessly disregard that sex trafficking is occurring. *Id*. at §§ 1591(a)(2), 1591(e)(4).

Sex trafficking victims can bring civil claims against the perpetrator or anyone else who "knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." *Id*. at § 1595(a). For beneficiary liability under § 1595, a plaintiff must show that the defendant:

> (1) knowingly benefited (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that the undertaking or enterprise violated the TVPRA as to the plaintiff, and (4) that the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff.

---

[18] Notably, the phrase "by any means" is not defined, and contains no exception for electronic or virtual actions. 18 U.S.C. § 1591 (a)(1).

[19] Unless the charge is advertising, in which case actual knowledge is required. 18 U.S.C. § 1591(a).

*Red Roof Inns*, 21 F.4th at 719.

**i.    Defendants are liable as perpetrators under Sections 1595 and 1591.**

Defendants ████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████

**ii.    Defendants knowingly benefited.**

In the Eleventh Circuit, the knowing benefit element is satisfied when the

defendant ███████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████

41

MindGeek argues that ███████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████ This argument

conflates "knowing benefit" and "participation in a venture." *Reddit* and *Geiss* are

not controlling. *Geiss* is also distinguishable because the undisputed facts show

Defendants ████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████

Regardless of which standard applies, Defendants *did* ██████████████

███████████████████████████████████████████████████████████

████████████████████████████████████The undisputed facts

show Defendants ██████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

Defendants note they never █████████████████████████████████

████████████████████████████████ Defs.' MSJ, at 8. Accordingly,

because Defendants ████████████████████████████████████████████

Defendants ████████████████████████████████████████████

████████████████████████████████████

### iii.    Defendants participated in a ███████████████████

Participation in a venture means "taking part in a common undertaking or enterprise involving risk and potential profit[.]" *Red Roof Inns*, 21 F.4th at 719. Citing *Red Roof Inns*, this Court stated that for the participation in a venture analysis, Defendants are like hotel franchisees who rented rooms to and otherwise had an "ongoing business relationship" directly with perpetrators engaging in sex trafficking on hotel premises:



*MG Freesites, LTD*, 707 F. Supp. 3d at 1181.

There is no dispute ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████

        Defendants. ████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████

Plaintiff's abuser was a ████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

—

█████████████████████████████████████████████████████████

████████████████████████████ *See, e.g.*, *United States v. Flanders*, 752 F.3d 1317, 1330 (11th Cir. 2014) (upholding sex trafficking conviction for violating 1591(a)(1) by inducing adults via fraud to participate in pornography film); *United States v. Tollefson*, 367 F. Supp. 3d 865, 878-880 (E.D. Wis. 2019) (denying motion to dismiss § 1591(a) claim where defendant, who only interacted with victim online, induced 13 year old to create pornography of herself over an app).

Defendants assert that ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

Either way,

Finally, even if this Court had collapsed the distinction between direct and beneficiary perpetrators, which it has not, Plaintiff ███████████████████



███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████

    **iv.**   **The venture** ████████████████████████.

There is no dispute ██████████████████████████

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████████████████████████████

    **v.**   **Defendants  knew,** ██████████████
███████████████████████████████████

For civil liability, a defendant "must have either actual or constructive knowledge that the venture—in which it voluntarily participated and from which it knowingly benefited—violated the TVPRA as to the plaintiff." *Red Roof Inns*, 21

---

[20] Defendants claim in their Motion that ███████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

F.4th at 725. Constructive knowledge is "that knowledge which one using reasonable care or diligence should have." *Id.* (internal quotation marks omitted) (citing *Constructive Knowledge*, Black's Law Dictionary (11th ed. 2019)). *See also Doe v. MG Freesites, LTD*, 707 F. Supp. 3d 1157, 1178 (N.D. Ala. 2023). The undisputed facts establish Defendants should have known that ███████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████ Plaintiff was a ██████████████████████████████████████████████████████████ ██████████ . ██████████ was a direct sex trafficking perpetrator who created Plaintiff's CSAM. *Id.* at 2–5. █████████████████████████████████████████ ███████████████████████████ Defendants knew ████████████████████ ███████████████████████████████ █████████████████████████ ██████████████████ Defendants ████████████████ ████████s ████t after ██████████'s report but instead ██████████████████████████████ ███████████████████████████████████████ ███ . Defendants claim ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ████████████████████████████ . Had Defendants ████████████████████ █████████████████████████████████████████████ , they ██████████

███████████████████████████████████████████

██████████████████████

Defendants argue that Plaintiff must prove that they had actual knowledge that she was being sex trafficked. *Id.* at 35–36. But the *Reddit* reasoning Defendants cite is not controlling and relies on the implausible presumption that Congress, trying to reduce impunity that online sexual exploiters enjoyed under § 230, intended that a pornography site – whose entire business proposition is commercial sex – should be entitled to a higher knowledge standard than a hotel. Defendants also ask the court to read elements out of the statute. They collapse the distinction between reckless disregard and knowledge, suggesting that actual knowledge is always required. *Id.* at 35–36. But even if the criminal mens rea standard applied here, this reading would make the reckless disregard language in the statute pointless, violating a canon of statutory interpretation. *See, e.g.*, *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (cleaned up) ("It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant."). Moreover, as discussed above, even in prosecutions where the potential consequences are higher than in civil cases, a reasonable opportunity to observe a minor victim satisfies the mens rea for criminal liability under the

TVPRA. 18 U.S.C. § 1591(c).[21] "[R]easonable opportunity to observe" is sufficient even if the victim's age could *not* be determined based on observing the victim. *Sparks*, 2023 WL 2366607, at *3.



Moreover, the facts demonstrating . These undisputed facts are more than sufficient to satisfy the knowledge or reckless disregard mens rea. Because the undisputed material facts show , Defendants are not entitled to summary judgment as to the knowledge element.

## 2. Defendants are not entitled to summary judgment on Plaintiff's CSAM claim.

This Court should not only deny Defendants' Motion on Plaintiff's CSAM, but it should grant summary judgment to the Plaintiff on this claim.[22] § 230 does

---

[21] While this standard references only prosecutions for direct liability, the Tenth Circuit has applied it to a defendant charged under 18 U.S.C. § 1594 with conspiracy to violate 18 U.S.C. § 1591. *United States v. Duong*, 848 F.3d 928, 934-35 (10th Cir. 2017).

[22] Plaintiff moved for partial summary judgment on her CSAM claim on the same day the Defendants filed this Motion. Pl.'s MPSJ.

not apply to CSAM, and Defendants ███████████████████ .

### a.  Section 230 does not apply to Plaintiff's CSAM claim.

### i.    CSAM is not "information" under Section 230.

CSAM is not "information" under § 230, it is a record of a violent crime and "illegal contraband, stemming from the sexual abuse of a child[.]" Doc. 42 at 68–69 (citing 47 U.S.C. § 230(f)(3)); *see also N.Y. v. Ferber*, 458 U.S. 747, 764 (1982) (CSAM is "intrinsically related to the sexual abuse of children."). CSAM is contraband, and its possession triggers duties independent of being a speaker or publisher. Defendants knowingly allowed CSAM to remain on their servers.

Plaintiff does not dispute that § 230 immunizes websites from liability for information provided by third-parties to encourage review and screening. Defs.' MSJ, at 45. This incentive does not extend to CSAM. Defendants' citations to *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1122 (9th Cir. 2003) and *Goddard v. Google, Inc.*, 2008 WL 5245490, at *6 (N.D. Cal. Dec. 17, 2008) do not dictate otherwise. Neither dealt with claims regarding violent crimes or contraband. *Carafano*, 339 F.3d at 1122 (invasion of privacy, misappropriation of the right of publicity, defamation, negligence); *Goddard*, 2008 WL 5245490 at *4 (unlawful business practices, breach of contract, negligence).

Because CSAM is not speech or information, it is irrelevant that § 230 immunizes websites from claims involving unlawful speech or information. Defs.'

MSJ, at 44-45. Claims grounded in defamatory, discriminatory, deceptive speech or speech inciting terrorist activity involve a speaker imparting information, albeit unlawful, untrue, discriminatory, or dangerous. CSAM, by contrast, is a violent crime, a record of that crime, and contraband–not someone saying something they should not.

The Court's reasoning for denying the motion to dismiss was not that § 230 conflicted with the First Amendment. *See* Doc. 42 at 68-69; *see also* doc. 25 at 42. The First Amendment does not prohibit Congress from protecting speech that has no Constitutional basis for protection. Still, that the First Amendment does not protect CSAM supports the Court's holding that CSAM is not "information" or speech within § 230's meaning. Defendants support their argument that this Court got it wrong with non-binding decisions. *Doe #1 v. Twitter, Inc.*, No. 22-15103, at *1 (9th Cir. May 3, 2023). Further, no courts in the Eleventh Circuit have relied on *Twitter*. This Court already decided it "disagrees with *Doe v. Bates* insofar as it treats child pornography in the same way courts have treated speech, such as defamatory statements, instead of treating it as illegal contraband." Doc. 42 at 72-73 (discussing *Bates*, 2006 WL 3813758, at *20 (E.D. Tex. Dec. 27, 2006)).

### ii.    Plaintiff seeks to hold Defendants' liable for their own acts.

Plaintiff's CSAM claim seeks to hold Defendants accountable for their own actions, not simply publishing. Again, this Court has already decided this.[23] Doc. 42 at 68-69. "Section 230 immunity applies when an ICS is treated as a 'publisher or speaker' of the information provided by a third party, but Plaintiff's section 2252 and 2252A claims allege that Defendants are not only distributors of but also receivers and possessors of child pornography. Receipt and possession of child pornograpy, alone, are criminal acts, and are not shielded by Section 230." *Id.* Defendants suggest this Court got it wrong. Defs.' MSJ at 39. But, they still quote the very standard the Court already applied when it looked at this issue. *Id.* at 40. "'[C]ourts must ask whether the duty that the plaintiff alleges the defendant violated derives from the defendant's status or conduct as a 'publisher or speaker.''" *Id.* at 40 (quoting *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1101-02 (9th Cir. 2009)). Instead of conducting this analysis on what duty was violated and whether it was based on their status and conduct as a publisher, Defendants instead turn to focus on whether Plaintiff's injuries and relief sought relate to their receipt, possession, or dissemination. Defs.' MSJ at 40.

Under either test, Plaintiff's receipt and possession claims do not treat Defendants as a publisher. Defendants gloss over the rule outlined in *Barnes*, as

---

[23] If the Court is inclined to reconsider its prior finding that § 230 does not apply, the Court should find that Defendants are not immune under § 230 because they materially contribute to the CSAM's illegality. Doc. 42 at 72-73.

Plaintiff has shown that Defendants violated the duty imposed by §§ 2252, 2252A, and 2255 to not receive or possess CSAM. Pl.'s MPSJ at 37-59. Even looking to what other state courts and district courts describe as the "gravamen" of the claims–the injury alleged and relief sought– Plaintiff is not seeking to treat Defendants as a publisher. Defendants try to separate their receipt and possession of Plaintiff's CSAM from their lawless dissemination of it. Defs.' MSJ at 41. They contend Plaintiff's injuries relate to dissemination and that she seeks injunctive relief to only stop dissemination. *Id.* This argument fails. First, Defendants cannot separate their receipt, creation, and possession of CSAM from their dissemination of it. Second, Plaintiff was harmed by Defendants' receipt, creation, and possession of her CSAM. Third, Plaintiff seeks injunctive relief to prevent Defendants from receiving and possessing CSAM in the first place.

Defendants cannot disseminate CSAM without creating or receiving it and possessing it first. Defendants argue § 230 requires this Court to ignore that they are not in the commercial sex industry but rather akin to some random pedophile who downloaded CSAM. Even if true, Plaintiff can still prove injury caused by Defendants' receipt and possession. ████████████████████████████████

████████████████████████████████████████████████████████

██  ████████████████████████████████████████████████████

██████████████████████████████  ██████████████████████████



It has been long known that CSAM production will decrease "if [the government] penalizes those who possess and view the product, thereby decreasing demand." *Osbourne v. Ohio*, 495 U.S. 103, 109-10 (1990). Criminals who receive and possess CSAM must pay restitution even when the victim does not know the defendant or know the defendant had their CSAM because "every viewing of [CSAM] is a repetition of the victim's abuse," and possessing CSAM "produces concrete and devastating harms for real, identifiable victims." *Paroline v. United States*, 572 U.S. 434, 457-458 (2014). As the Supreme Court makes clear, "[t]he cause of the victim's general losses is the trade in her images, and [possessor defendants] [are] a part of that cause." *Id.* at 427.

Further, Defendants incorrectly argue that Plaintiff only seeks injunctive relief relating to dissemination. Plaintiff seeks to help Defendants catch CSAM on

the front end so they do not knowingly receive and possess CSAM. FAC, doc. 22 at 63.

### b. Defendants knew ███████████████████████

Defendants s██████████████████████████████████

██████████████████ Defendants misstate the record, and their ███████

████████████████████████ conflict with prior testimony. There is no dispute that Defendants knew █████████████████████████

██████████████████████████. Plaintiff can prove Defendants' actual knowledge by circumstantial evidence. Doc. 42 at 65. Plaintiff incorporates by reference her arguments regarding Defendants' knowing receipt, possession, and dissemination of CSAM generally, Pl.'s MPSJ at 41-59, but will address Defendants' arguments more fully below.

#### i. Defendants knew ████████████████████████

Defendants contend "there is no evidence that ████████████████

███████████████████████████████████████ Defs.' MSJ at 49

(citing *Tilton v. Playboy Entertainment Group, Inc.*, 554 F.3d 1371, 1378 (11th Cir. 2009)).[24] Defendants' *Tilton* discussion glosses over key differences that

---

[24] First, the plaintiff, Tilton, was participating in public contests with sexual themes–not being filmed engaging in oral sex and being raped. *Id.* at 1374. Second, the contests were specifically for adults, whereas ████████████████████████████████. In *Tilton*, the minor plaintiff had participated in several public contests while on Spring Break that lead to audience members taking her photo and video. *Id.* at 1374. The public contests included wet T-shirt contests, a "banana-sucking

distinguish it, and the major one is that the Court decided based on its review of the

subject pictures and videos in *Tilton*. *Id.* at 1378. Defendants cannot reasonably

allege that ███████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████.

████████████████████████████████████████████████

██ ██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████ There is no logic in disputing that ████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████.

████████████████████████████████████████████████████████████

██████████████████████████████ ██████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████

contest," a "muff eating contest," and a "sexual positions" contest. *Id.* Plaintiff sued an audience member who posted photos and video from the public contests to a website he created for "spring break activities, wet t-shirt contests, bikini contests, and other events." *Id.* The Court held that the defendant was not deliberately ignorant of the plaintiff's age because she looked like an adult, [and] participated in sexually-themed contests where alcohol was served." *Id.* at 1378.

Further, █████████████████████████████████████████████████████

███████████████████████████████████████████████████. At trial, ████████

████████████████████████████████████████████████████████

████████████████████████ Further, Defendants misstate the facts by ████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████ This, along with the fact that ████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████

     **ii.   Defendants knew** █████████████████████████████

████████████████████████████.

Defendants also knew ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████████. At this

point, ██████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████

      iii.    **Defendants knew** ███████████████
████████████████████████.

The Defendants also knew ██████████████████████
█████████████████████████████ Defendants

concede this. Defs.' MSJ at 48-49. At that time, Defendants' process ███████

█████████████████████████████ Defendants ████

██████████████████████████ However

–contrary to what Defendants' argue– there is clear evidence that they ████

███████████████████████████████████████

██████████████ Defendants ████████████████████

███████████████████████████████████████

██████████████████ Defendants █████████

███████████████████████████████████████

██████████████████

      iv.    **Defendants knew** ███████████████
████████████████████.

Defendants had even more details regarding Plaintiff's ███████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████

**3. MG Freesites II Ltd., MG Content RT Limited, MindGeek S.à.r.l., MindGeek USA Incorporated, and MG Billing, Limited are not entitled to summary judgment.**

**a. Defendants admit MindGeek's group of entities is responsible for operating Pornhub and receiving money from sex trafficking.**

In the DPA, MindGeek S.à.r.l. admits that MindGeek's group of entities (including MindGeek S.à.r.l., MindGeek USA Incorporated, and MG Freesites Ltd) operated Pornhub and knowingly received payments derived from sex trafficking victims on Pornhub. Pl.'s Ex. 110, DPA at Attach. B ¶ 10. MindGeek S.à.r.l. admits it is the "ultimate parent company" and is responsible for the acts of its directors and employees. Pl.'s Ex. 110, DPA at ¶ 2 and Attach. B ¶¶ 1-2. MindGeek agreed to not "make any public statement, in litigation or otherwise, contracting the acceptance of responsibility by [MindGeek] set forth [in the DPA] or the facts described in the Statement of Facts." Pl.'s Ex. 110, DPA at ¶ 25. In addition, MindGeek Billing Limited is also part of MindGeek's group of entities, as it hired merchants to scan sites for CSAM. Pl.'s Ex. 149.

### b. Defendants are alter egos operating a single business enterprise.[25]

Whether a subsidiary is the alter ego of a parent corporation is usually a question of fact. *Simmons v. Clark Equipment Credit Corp.*, 554 So. 2d 398, 400 (Ala. 1989). A 12-factor "laundry list" is used to determine whether a subsidiary is the alter ego of its parent, including: "(1) the parent and subsidiary have common stock ownership; (2) the parent and subsidiary have common directors or officers; (3) the parent and subsidiary have common business departments; (4) the parent and subsidiary have consolidated financial statements and tax returns; . . . (11) the daily operations of the two corporations are not kept separate; and (12) the subsidiary does not observe basic corporate formalities, such as keeping separate books and records and holding shareholder and board meetings." *United Steelworkers of Am. v. Connors Steel*, 855 F.2d 1499, 1505 (11th Cir. 1988)."[I]t

---

[25] These entities are each liable for "benefit[ing], financially," by participating in what they knew or should have known was a sex trafficking venture as defined by *Red Roof Inns*, 21 F.4th at 719, and by "knowingly assisting, supporting, or facilitating" what they knew or recklessly disregarded was a sex trafficking venture, 18 U.S.C. § 1591(a)(2), (e)(4). As discussed below, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Accordingly, ████████████ MindGeek S.à.r.l., MindGeek USA Incorporated, MG Billing Limited, MG Freesites II Ltd., and MG Content RT Limited are not entitled to summary judgment regardless of whether they are alter egos of each other.

is not necessary that plaintiffs prove the existence of all twelve factors." *United Steelworkers of Am. v. Connors Steel,* 855 F.2d 1499, 1506 (11th Cir. 1988).

**Common Stock Ownership.** ████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████

**Common Directors and Officers.** ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████.

**Common Business Departments with Shared Daily Operations.**

████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████

**Consolidated Financial Statements and Parent's Financing of Subsidiary's Expenses.** ████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████

**The subsidiary ignores basic corporate formalities.** ████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████

### c. MG Freesites II Ltd. and MG Content RT Limited are not entitled to summary judgment based on their alleged dissolution.

According to Defendants, Cyprus law allows courts to void a company's dissolution to allow lawsuits against it within two years of its dissolution. Defs.' MSJ at 61. Plaintiff filed her Complaint on February 11, 2021 (doc. 1), approximately two months after MG Freesites II Ltd. was allegedly dissolved. Therefore, this lawsuit is permitted against MG Freesites II Ltd. Defendants allege MG Content RT Limited's dissolution date was December 21, 2020. The official records in Ireland's Company Registration Office show it dissolved May 22, 2022. Pl.'s Ex. 145. Furthermore, Defendants have produced no official documents confirming that the entities transferred assets and liabilities to another entity. These facts contradict Defendants' claim that MG Freesites II Ltd. and MG Content RT Limited both dissolved in December 2020. Defs.' MSJ at 60-61. Neither entity is entitled to summary judgment.

### d. Defendants' extraterritoriality arguments are wrong.

*First*, there is no extraterritoriality issue because Plaintiff's trafficking claims involve a permissible *domestic* application of the TVPRA and ▉▉▉▉▉ ▉▉▉ physical location has no bearing on whether the TVPRA can be applied. Whether a case involves extraterritorial application of U.S. law is not "self-evident" simply from the parties' location, their conduct, or the resulting harm. *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 265-66 (2010). Rather,

there is "a two-step framework for analyzing extraterritoriality issues. At the first step, we ask . . . whether the statute gives a clear, affirmative indication that it applies extraterritorially. . . . If the statute is not extraterritorial, then at the second step we determine whether the case involves a domestic application of the statute, and we do this by looking to the statute's 'focus.'" *RJR Nabisco, Inc. v. Eur. Cmty.*, 579 U.S. 325, 337 (2016). Courts have discretion to begin at step two "in appropriate cases," especially where ruling on the scope of a statute in step one "would require resolving 'difficult questions' that do not change 'the outcome of the case.'" *WesternGeco v. ION Geophysical Corp.*, 585 U.S. 407, 413 (2018).

In the second step, determining whether U.S. law is being applied domestically requires "identifying the statute's 'focus' and asking whether the conduct relevant to that focus occurred in United States territory." *WesternGeco*, 585 U.S. at 413. "The focus of a statute is 'the objec[t] of [its] solicitude,' which can include the conduct it 'seeks to regulate,' as well as the parties and interests it 'seeks to 'protec[t]' or vindicate." *Id.* at 413-14 (quoting *Morrison*, *supra*).

The "focus" of the TVPRA–including protecting and assisting victims and holding traffickers and those who benefit from their trafficking accountable for their illegal conduct[26] –is centered in the U.S. here. Plaintiff, a U.S. citizen and resident, was trafficked and abused in the U.S., the acts related to her underlying

---

[26] *See* 22 U.S.C. § 7101(a) (TVPRA works "to combat trafficking in persons, . . . to ensure just and effective punishment of traffickers, and to protect their victims.")

trafficking occurred in the U.S., and her TVPRA claims are based on the evidence that Defendants promoted, participated in, and profited from that sex trafficking in the U.S.. *See, e.g.*, Pl.'s SUMF at ¶¶ 1-2, 9, 16, 21, 24-25, 28, 30-31, 37, 44, 142-144, 160, 161, 165. Accordingly, this case "involves a permissible domestic application" of the TVPRA, regardless of Defendants' location or conduct abroad. *WesternGeco*, 585 U.S. at 413; *RJR*, 579 U.S. at 337; *see also United States v. Skinner*, 536 F. Supp. 3d 23, 37-41 (E.D. Va. 2021) (CSAM prosecution against New Zealand resident who recorded images of a Virginia minor but whose conducted occurred entirely in New Zealand constituted permissible "domestic application" of federal CSAM statute).[27]

*Second*, assuming *arguendo* that the TVPRA applies *extraterritorially* here, the TVPRA provides that it can be applied when the defendant is "present" in the U.S.[28] 18 U.S.C. § 1596. Contrary to Defendants' narrow argument that § 1596 is

---

[27] *Plaintiff A. v. Schair*, 2014 WL 12495639, *1 (N.D. Ga. Sept. 9, 2014) is not applicable here. Defs.' MSJ, at 57. Not only is *Schair* an unpublished district court opinion, but it was also decided before the Supreme Court decided *RJR Nabisco, Inc.* in 2016 and *WesternGeco* in 2018. *RJR Nabisco, Inc.*, 579 U.S. 325; *WesternGeco*, 585 U.S. 407. The most important distinction, however, was that *Shair* involved a true extraterritorial application of § 1595. 2014 WL 12495639, at *1. All of the defendant's actions occurred in Brazil. *Id.* The victims were Brazilian, and they were sex trafficked by defendant in Brazil. *Id.*

[28] Contrary to Defendants' suggestion § 1596 encompasses civil suits brought under § 1595. *Ratha*, 35 F.4th at 1168; *Roe v. Howard*, 917 F.3d 229, 241-42 (4th Cir. 2019); *Adhikari v. Kellogg Brown & Root, Inc.*, 845 F.3d 184, 200-01 (5th Cir. 2017). "To hold that the jurisdictional grant of Section 1596 excludes the remedies provided in Section 1595 would be both illogical and in contravention of the purpose of the statute." *Adhikari*, 697 F. Supp. 2d at 683; *see also Roe*, 918 F.3d at 242 ("[T]he TVPA's civil remedy provision [§ 1595] directly incorporates a set of predicate offenses [including § 1591] 'that plainly apply to at least some foreign conduct'" under § 1596), quoting *RJR Nabisco*, 136 S.Ct. at 2101.

limited to physical presence in the U.S., Defs.' MSJ, at 58, Congress did not limit the extraterritorial scope of the TVPRA in § 1596 to *physical* "presence" as it has explicitly done in other statutes.[29] Congress specifically required physical presence elsewhere in the TVPRA by including the words "*physical presence*" in the section on adjustment of immigration status. *See* Pub. L. 110–457, 122 Stat. 5044, § 201 (2008). The textual distinction between "presence" and "physical presence" in two sections of the same law proves that Congress intended no physical presence requirement in the extraterritoriality section. *See Russello v. United States*, 464 U.S. 16, 23 (1983).

In this case, ███████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████ ███████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████

---

[29] *See, e.g.*, USA PATRIOT Act, Pub. L. 107-56, 115 Stat. 272 (2001) (foreign banks must "have a physical presence in any country" before the U.S. can have accounts with them); Online Pharmacy Consumer Protection Act of 1008, Pub. L. 110-425, Stat. 4820 (2008) (medical evaluations must be "conducted with the patient in the physical presence of the practitioner"); Radiation Exposure Compensation Act, Pub. L. 101-426, 104 Stat. 920 (1990) (act covers "individual who was physically present in the affected area").

Respectfully submitted this 4th day of October  2024,

/s/ Gregory Zarzaur
Gregory Zarzaur (ASB-0759-E45Z)
Kelsie Overton (ASB-1791-F80L)
 ZARZAUR LAW LLC
2850 Cahaba Road, Suite 220
Birmingham, Alabama 35223
T: (888) 505-0523
E: gregory@zarzaur.com
kelsie@zarzaur.com

Joshua P. Hayes
Daniel Blake Williams
PRINCE GLOVER & HAYES
P.O. Box 20149
Tuscaloosa, Alabama 35402
T: (205) 345-1234
E: jhayes@princelaw.net
bwilliams@princelaw.net

Kimberly Lambert Adams*
James Michael Papantonio*
LEVIN PAPANTONIO
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
T: (850) 435-7056
E: kadams@levinlaw.com
       mpapantonio@levinlaw.com
*pro hac vice

Victor Paul Bucci II*
Gaetano D'Andrea*
Jill P. Roth*

69

M. Stewart Ryan*
Alexandria MacMaster*
LAFFEY, BUCCI & KENT, LLP
1100 Ludlow Street, Suite 300
Philadelphia, PA 19107
T: (215) 399-9255
E: pbucci@laffeybuccikent.com
gdandrea@laffeybuccikent.com
jroth@laffeybuccikent.com
sryan@laffeybuccikent.com
amacmaster@laffeybuccikent.com
*pro hac vice

Benjamin W. Bull*
Dani Bianculli Pinter*
Christen M. Price*
Peter A. Gentala*
NATIONAL CENTER ON SEXUAL
EXPLOITATION
1201 F Street NW, Suite 200
Washington, D.C. 20004
T: (202) 393-7245
E: lawcenter@ncose.com
*pro hac vice

Kevin Dooley Kent*
Mark B. Schoeller*
Vanessa L. Huber*
CLARK HILL PLC
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, PA 19103
T: (215) 640-8500
E: kkent@clarkhill.com

70

mschoeller@clarkhill.com
vhuber@clarkhill.com
*pro hac vice*

*Counsel for Plaintiff Jane Doe #1*

## **CERTIFICATE OF SERVICE**

I hereby certify on this 4th day of October, 2024, this document was filed through the Electronic Case Filing System of the United States District Court for the Northern District of Alabama and will be served electronically by the court to all participants of record.

*/s/ Gregory Zarzaur*
Gregory Zarzaur