# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| JANE DOE #1 on behalf of herself and all others similarly situated, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Civil Action No. |
| MG FREESITES, LTD, d/b/a "PORNHUB"; MG FREESITES II, LTD; MINDGEEK S.A.R.L.; MINDGEEK USA INCORPORATED; MG CY HOLDINGS LTD; MINDGEEK CONTENT RT LIMITED; 9219-1568 QUEBEC INC., d/b/a MINDGEEK; and MG BILLING LTD, | ) | 7:21-CV-00220-LSC |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | | |

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Seth R. Goldman
*(Pro hac vice)*
New York Bar 2815926
New Jersey Bar 42091996
**MINTZ, LEVIN, COHN, FERRIS,**
 **GLOVSKY and POPEO, P.C.**
919 Third Avenue
New York, New York 10022
Tel: (212) 692-6845
Fax: (212) 983-3115
SRGoldman@mintz.com

Arameh Zargham O'Boyle
*(Pro hac vice)*
California Bar 239495
Tel. (310) 226-7846
AZOboyle@mintz.com

Esteban Morales
*(Pro hac vice)*
California Bar 273948
Tel. (310) 226-7841
Emorales@mintz.com

**MINTZ, LEVIN, COHN, FERRIS,**
 **GLOVSKY and POPEO, P.C.**
Century Plaza Towers
2049 Century Park East, Suite 300
Los Angeles, California 90067
Fax: (310) 586-3200

Kevin M. McGinty
*(Pro hac vice)*
Massachusetts Bar 556780
**MINTZ, LEVIN, COHN, FERRIS,**
 **GLOVSKY and POPEO, P.C.**
One Financial Center
Boston, Massachusetts 02111
Tel. (617) 348-1688
Fax. (617) 542-2241
KMMcginty@mintz.com

OF COUNSEL:

Sara M. Turner (ASB-4388-R58T)
**BAKER, DONELSON,**
**BEARMAN, CALDWELL &**
**BERKOWITZ, P.C.**
1901 Sixth Avenue North
Suite 2600
Birmingham, Alabama 35203
Tel: (205) 328-0480
Fax: (205) 322-8007
smturner@bakerdonelson.com

*Counsel for MG Freesites Ltd, MG*
*Freesites II Ltd, MindGeek S.à r.l.,*
*MindGeek USA Incorporated, MG CY*
*Holdings Ltd, MindGeek Content RT*
*Limited, 9219-1568 Quebec Inc., and*
*MG Billing Limited*

# **TABLE OF CONTENTS**

**Page**

FACTS...................................................................................................................1

   I.  Response to Plaintiff's Additional Undisputed Material Facts. ......................1

       A.   Dispute of fact: failure of facts cited to support assertions as to specific knowledge. ..................................................................................1

       B.   Dispute of fact: use of terms "MindGeek" and "Defendants.".............2

       C.   Specific objections and disputed issues of fact...................................2

ARGUMENT .......................................................................................................13

   I.  Plaintiff's Attempts to Salvage Her TVPRA Claim (Count I) Fail as a Matter of Fact and of Law. ........................................................................................13

       A.   Plaintiff's misplaced reliance on *Anderson v. TikTok* illustrates the inadequacy of her TVPRA claim. ......................................................13

       B.   Plaintiff must prove Defendants' own conduct violated 18 U.S.C. § 1591 to satisfy the "FOSTA" exception to Section 230 immunity. .16

       C.   The Court should grant summary judgment on the TVPRA claim because Plaintiff cannot prove Defendants knew she was being sex trafficked ██████████████████████████.......................19

   II.  The Court Should Grant Summary Judgment to Defendants on the CSAM Claim (Count II). .........................................................................................21

CONCLUSION ...................................................................................................24

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderson v. TikTok, Inc.*,
  2024 WL 3948248 (3d Cir. Aug. 27, 2024) .....................................13, 14, 15, 16

*Cadle v. GEICO Gen. Ins. Co.*,
  838 F.3d 1113 (11th Cir. 2016) ..........................................................................23

*Cordiano v. Metacon Gun Club, Inc.*,
  575 F.3d 199 (2d Cir. 2009) ...............................................................................19

*Doe v. Backpage.com, LLC*,
  817 F.3d 12 (1st Cir. 2016) ................................................................................23

*Doe v. Kik Interactive, Inc.*,
  482 F. Supp. 3d 1242 (S.D. Fla. 2020) .........................................................17, 19

*Doe v. MG Freesites*,
  676 F. Supp. 3d 1136 (N.D. Ala. 2022) .................................................21, 22, 23

*Doe v. Red Roof Inns, Inc.*,
  21 F.4th 714 (11th Cir. 2021) ............................................................................20

*Does, No. 1-6 v. Reddit, Inc.*,
  51 F.4th 1137 (9th Cir. 2022) .................................................................16, 18, 19

*Dyroff v. Ultimate Software Group, Inc.*,
  934 F.3d 1093 (9th Cir. 2019) ............................................................................15

*Force v. Facebook, Inc.*,
  934 F.3d 53 (2d Cir. 2019) .................................................................................15

*G.G. v. Salesforce.com, Inc.*,
  603 F. Supp. 3d 626 (N.D. Ill. 2022) ......................................................17, 18, 19

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011) ...........................................................................................20

*J.B. v. G6 Hosp., LLC*,
  2021 U.S. Dist. LEXIS 170338 (N.D. Cal. Sept. 8, 2021) .................................17

*Microf LLC v. Cumbess*,
  960 F.3d 1325 (11th Cir. 2020) ..........................................................................22

*Moody v. NetChoice, LLC*,
  144 S. Ct. 2383 (2024)........................................................................................14

*OBB Personenverkehr AG v. Sachs*,
  577 U.S. 27 (2015) ..............................................................................................18

*United States v. Castro*,
  837 F.2d 441 (11th Cir. 1988) ...........................................................................22

*United States v. Gonzalez*,
  520 U.S. 1 (1997)................................................................................................22

*United States v. Lozano*,
  711 Fed. Appx. 934 (11th Cir. 2017)..................................................................20

*United States v. Odekhiran*,
  2024 U.S. App. LEXIS 10974 (11th Cir. May 6, 2024)......................................20

*Woodhull Freedom Found. v. United States*,
  72 F.4th 1286 (D.C. Cir. 2023)..........................................................................17

**Statutes**

18 U.S.C. § 1591 ..........................................................................................*passim*

18 U.S.C. § 1595 ..........................................................................................*passim*

47 U.S.C. § 230 ............................................................................................*passim*

**Other Authorities**

Fed. R. Evid.  407 ......................................................................................4, 8, 12

Fed. R. Evid. 1006 ...............................................................................................8

Defendants hereby submit this reply memorandum ("Reply") in support of their Motion for Summary Judgment ("Def. MSJ") (Dkt. Nos. 221-22).[1]

## FACTS

### I. Response to Plaintiff's Additional Undisputed Material Facts.

Defendants incorporate their responses to the Undisputed Material Facts in support of Pl. MPSJ. *See* Def. Opp., pp. 1-45.

#### A. Dispute of fact: failure of facts cited to support assertions as to specific knowledge.

Defendants dispute Paragraphs 144, 149, 150, 151, 154, 157, and 161 on the basis that the cited evidence is irrelevant and does not concern Plaintiff and/or videos allegedly depicting Plaintiff. Further disputed to the extent cited to support assertions concerning Defendants' generalized knowledge of receiving and distributing child sexual abuse material ("CSAM"), or that Defendants left CSAM content on websites after learning of its presence, as this does not establish particularized knowledge concerning Plaintiff.

---

[1] Other source material abbreviations: "Def. MSJ Ex."—exhibits in support of Def. MSJ; "Pl. MPSJ"—Plaintiff Jane Doe #1's Motion for Partial Summary Judgment (Dkt. No. 223); "Pl. MPSJ Ex."—exhibits in support of Pl. MPSJ; "Def. Opp."—Defendants' Opposition to Pl. MPSJ (Dkt. No. 236); "Def. Opp. Ex."—exhibits in support of Def. Opp.; "Pl. Opp."—Plaintiff Jane Doe #1's Opposition to Def. MSJ (Dkt. No. 240); "Pl. Opp. Ex."—exhibits in support of Pl. Opp; "FAC" —First Amended Complaint (Dkt. No. 22); "Def. Mem." —Defendants' Memorandum of Law in Support of their Motion for Summary Judgment (Dkt. No. 222). References to the " ███████ ," " ██████████ ," and "Videos" are consistent with Defendants' opening brief.

**B.    Dispute of fact: use of terms "MindGeek" and "Defendants."**

Plaintiff previously defined "MindGeek" to mean all Defendants (*see* Pl. MPSJ at 1) and now uses "MindGeek" and "Defendants" throughout her Opposition. This improperly conflates the Defendants, obscuring which Defendant (if any) Plaintiff contends engaged in alleged conduct. Defendants are distinct entities with distinct roles, actions, and responsibilities. Def. Opp., Ex. A (██████ Opp. Dec.) ¶¶ 3, 6-48; Def. MSJ, Ex. A (██████ MSJ Dec.) ¶¶ 3, 6-48; Pl. Opp., Ex. 148 (██████ Tr. (3/26/24)) 81:20-23, 82:23-25 (discussing MindGeek S.à r.l.'s operations); 65:10-67:6, 146:4-8, 159:6-20 (discussing MG Freesites Ltd,'s operations); 92:14-93:9, 153:24-154:12 (discussing 9219-1568 Quebec Inc.'s operations); 85:10-14, 177:6-10 (discussing MindGeek USA Incorporated's operations); 146:25-147:15, 149:14-18 (discussing MG CY Holdings Ltd's operations); 93:21-94:20 (discussing MG Billing Limited's operations); 21:6-25:5, 39:9-40:2 (discussing audits). On that basis, Defendants dispute Paragraphs 144, 145, 147, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 164, 165.

**C.    Specific objections and disputed issues of fact.[2]**

142. **Disputed and Immaterial.** Defendants dispute that the cited evidence supports the statement in its entirety. In the cited Responses, Plaintiff states: ██████

████████████████████████████████████████████

---

[2] Paragraph numbers correspond to the paragraph numbering in Plaintiff's Facts.

███████████████████████████████████████████████████

██████████████████████████ Def. MSJ, Ex. J (Responses to Rogs. 15 and 18).

143. **Objection.** Hearsay. **Immaterial and Disputed** to the extent that Plaintiff refers to "████████████," which is not referenced in the cited evidence. Def. MSJ, Ex. I (Pl. Tr. (9/29/23)) 210:2-212:12.

144. **Disputed and Immaterial.** *See* Section I. A. Cited evidence does not establish that ██████████████████████ *See* Section I. B. ████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████ Def. MSJ, Ex. B (████████ MSJ Dec.) ¶¶ 40-41; Def. MSJ, Ex. C (████████ MSJ Dec.) ¶¶ 13-16; Pl. MPSJ, Ex. 16 (Def. Resp. to RFA No. 3).

145. **Disputed and Immaterial.** Cited evidence does not establish that ██

███████████████████████████████████████████████████

██████████████ *See* Section I. B. Cited testimony states ██████████████████

███████████████████████████████████████████████████

██████████████ Pl. MPSJ, Ex. 9 (████████ Tr. (4/12/24)) 203:22-204:12.

146. **Objection.** Vague as to "Defendant's." **Disputed and Immaterial.** Statement and evidence do not explain which Defendant is referenced. The statement misrepresents the cited testimony. ████████████████████████████

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Pl. MPSJ, Ex.

15 (▆▆▆▆ Tr. (1/24/24)) 294:18-21. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆ Pl. MPSJ, Ex. 9 (▆▆▆▆ Tr. (4/12/24)) 167:19-22. ▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆ Def. MSJ, Ex. B (▆▆▆▆ MSJ Dec.) ¶¶ 6-7.

147. **Disputed and Immaterial.** Cited evidence does not establish the collective actions of "Defendants." *See* Section I. B. Defendants dispute that the

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆ Def. MSJ, Ex. C (▆▆▆▆ MSJ Dec.) ¶ 18; *see also* Def. MSJ, Ex. B (▆▆▆▆ MSJ Dec.) ¶¶ 43-44; Def. Opp., Ex. F (▆▆▆▆ Tr. (1/11/24)) 392:2-12; Pl. MPSJ, Ex. 9 (Franklin Tr. (4/12/24)) 201:11-211:9.

148. **Objection.** FRE 407. **Disputed and Immaterial.** Defendants dispute that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆ Def. MSJ, Ex. D (Fonseca Dec.) ¶¶ 19, 30-31; Def. MSJ, Ex. H (▆▆▆▆ Tr.

(10/18/23)) 100:17-22, 110:10-18; Def. Opp., Ex. K (████ Tr. (3/13/24)) 84:10-

23; Pl. MPSJ, Ex. 82 (████ Tr. (4/18/24)) 284:24-285:6. The cited evidence



149. **Objection.** Vague as to "platforms" and "their sites." **Disputed and

Immaterial.** *See* Section I. A. The cited evidence does not establish that

"Defendants" structure platforms or that "sites" belong to "Defendants." *See* Section

I. B. The cited paragraphs of the Answer explain that "MG Freesites" operates

various sites, including Pornhub.com, and that "MG Billing Ltd" collects fees. Def.

Opp, Ex. C (Answer) ¶¶ 45-46, 52, 57, 101, 105. *See also* Pl. MPSJ, Ex. 82 (El

████ Tr. (4/18/24)) 271:7-272:8.

150. **Disputed and Immaterial.** *See* Section I. A. Cited evidence does not

establish which "Defendants" allegedly ████████. *See* Section I. B.

The cited paragraphs of the Answer explain that "MG Freesites" operates various

sites, including Pornhub.com, and that "MG Billing Ltd" collects fees. *See* Def. Opp,

Ex. C (Answer) ¶¶ 52, 57, 87, 89, 101, 105. Nor does the evidence cited support the

conclusion that "██████████████." ████████

████████████████

████████. Def. MSJ, Ex. D (Fonseca Dec.) ¶¶ 19, 30-31; Def. MSJ,

Ex. H (████ Tr. (10/18/23)) 100:17-22, 110:10-18; Def. Opp., Ex. K (████ Tr. (3/13/24)) 84:10-23; Pl. MPSJ, Ex. 82 (████ Tr. (4/18/24)) 284:24-285:6. Plaintiff references "Pl. Ex. 153," but has not submitted a supporting document. Defendants dispute ████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████ Def. MSJ, Ex. B (████ MSJ Dec.) ¶¶ 5-7, 14-24, Ex. 1 at MindGeek_NDAL_00000588, Ex. 2 at MindGeek_NDAL_00000645, Ex. 3 at MindGeek_NDAL_00434181, Ex. 4 at MindGeek_NDAL_00000569, Ex. 5 at MindGeek_NDAL_00000621, Ex. 6 at MindGeek_NDAL_00000548 (prohibiting content depicting minors); Def. MSJ, Ex. C (████ Dec.) ¶¶ 9-18, Ex. 1 (████████); Def. Opp., Ex. H (████ Tr. (3/6/24)) 196:14-197:10.

151. **Disputed and Immaterial.** *See* Section I. A. Cited evidence does not establish that ████████████████████████ *See* Section I. B. ████████████████

████████████████████████████████

Pl. Opp., Ex. 154, pp. 1, 27. ████████████████

████████████████████████████████

██████████████████████████████████████████ *Id.* at p. 27. ██████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████ Def. MSJ, Ex. B (██████ MSJ Dec.) ¶¶ 5-7, 14-24, Ex. 1 at MindGeek_NDAL_00000588, Ex. 2 at MindGeek_NDAL_00000645, Ex. 3 at MindGeek_NDAL_00434181, Ex. 4 at MindGeek_NDAL_00000569, Ex. 5 at MindGeek_NDAL_00000621, Ex. 6 at MindGeek_NDAL_00000548 (prohibiting content depicting minors); Def. MSJ, Ex. C (██████ MSJ Dec.) ¶¶ 9-18, Ex. 1 (████████████████).

152. **Disputed and Immaterial.** Cited evidence does not establish that

████████████████████████████████████████████████████

██ *See* Section I. B. ██████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████

153. **Disputed and Immaterial.** Cited evidence does not establish that

████████████████████████████████████████████████████

████████████████████ *See* Section I. B. The cited paragraphs of the Answer state that

"MG Freesites provides instructions and directions to Model Program participants"

and do not ████████████████████████████████████████████████████

Def. Opp., Ex. C. (Answer) ¶¶ 87, 89.

154. **Disputed and Immaterial.** *See* Section I. A. Cited evidence does not

establish that ████████████████████████████████████ *See* Section

I. B. ████████████████████████████████████████████████

████████████████████████████ Def. MSJ, Ex. B (████ MSJ Dec.) ¶ 33; Def.

Opp., Ex. G (████ Tr. (10/17/23)) 179:3-20.

155. **Disputed.** Use of the term "Defendants" improperly conflates the

Defendants. *See* Section I. B. Cited paragraphs of the Answer state that "MG

Freesites screens each piece of content." Def. Opp., Ex. C. (Answer) ¶¶ 87, 89.

156. **Disputed** to the extent Plaintiff's use of the term "Defendants"

improperly conflates the Defendants. *See* Section I. B.

157. **Objection.** FRE 407, 1006. **Disputed and Immaterial.** *See* Section I. A.

Cited evidence does not establish that ████████████████████████ *See*

Section I. B. ████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████



Pl. MPSJ, Ex. 15 ( ▮ Tr. (1/24/24)) 332:2-16.

Def. MSJ, Ex. B ( ▮ MSJ Dec.) ¶¶ 5-7, 14-24, 40-44, Ex. 1 at MindGeek_NDAL_00000588, Ex. 2 at MindGeek_NDAL_00000645, Ex. 3 at MindGeek_NDAL_00434181, Ex. 4 at MindGeek_NDAL_00000569, Ex. 5 at MindGeek_NDAL_00000621, Ex. 6 at MindGeek_NDAL_00000548 (prohibiting content depicting minors), Ex. 9 (email received on ▮ ); Def. MSJ, Ex. C ( ▮ MSJ Dec.) ¶¶ 9-18, Ex. 1 ( ▮ ). Def. Opp., Ex. I ( ▮ Tr. (4/5/24)) at 253:7-254:6 ▮

▮ ).

158. **Disputed and Immaterial.** Plaintiff improperly conflates the Defendants. *See* Section I. B. Further, Pl. Opp., Exs. 161 and 174 do not support the conclusion ███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████ (at MindGeek_NDAL_00155374).

159. **Disputed and Immaterial**. Cited evidence does not establish that "Defendants" ██████████████████████████████████ *See* Section I. B. *See also* Def. Opp., Ex. C. (Answer) ¶ 74 (referring to "MG Freesites"). The statement mischaracterizes the testimony cited. ████████████████ ████████████████████████████████████████ Pl. MPSJ, Ex. 17 (████████ Tr. (2/23/24)) 281:6-282:8.

160. **Disputed and Immaterial**. Cited evidence does not establish that ████████████████████ *See* Section I. B. ██████████████████ ████████████████████████████████████████ ████████████████████████ Pl. MPSJ, Ex. 15 (████████ Tr. (1/24/24)) 171:11-172:7. ██████████████████████████████ ██████████████████ Def. MSJ, Ex. B (████████ MSJ Dec.) ¶¶ 13, 27, 29, 35, Ex.

10

8; Pl. MPSJ, Ex. 15 (████ Tr. (1/24/24)) 168:2-7 ██████████

████), 168:8-172:7; Pl. MPSJ, Ex. 17 (████ Tr. (2/23/24)) 325:10-16.

161. **Disputed and Immaterial**. *See* Section I. A. Cited evidence does not

establish that ████████████████████████

████████████ *See* Section I. B. ████████████

████████████████████████

████████████████████ Def.

MSJ, Ex. B (████ MSJ Dec.) ¶¶ 12, 26, 28, 34, Ex. 7. Pl. MPSJ, Ex. 15 (██

Tr. (1/24/24)) 168:2-7 ████████████), 168:8-172:7. ████

████████████████████████

████████████ Def. MSJ, Ex. D (Fonseca Dec.) ¶¶ 19, 30-31; Def. MSJ, Ex. H

(████ Tr. (10/18/23)) 100:17-22, 110:10-18; Def. Opp., Ex. K (████ Tr.

(3/13/24)) 84:10-23; Pl. MPSJ, Ex. 82 (████ Tr. (4/18/24)) 284:24-285:6.

162. **Disputed and Immaterial**. Cited evidence does not establish that

████████████████████████

████████ *See* Section I. B. ████████████

████████████████████████

████████████████████████

████ Pl. MPSJ, Ex. 17 (████ Tr. (2/23/24)) 143:12-144:18, 152:8-14. ████

████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████ *Id.* at 167:18-22; Def. MSJ, Ex. B (█████ MSJ Dec.) ¶ 11.

163. **Objection.** Vague as to "Defendant's." **Disputed and Immaterial.** The statement and cited evidence do not explain which Defendant is referenced. Defendants dispute that ███████████████████████████████

████████████. *See* Pl. MPSJ, Ex. 17 (█████ Tr. (2/23/24)) 161:15-162:3

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████ Def. MSJ, Ex. B (█████ MSJ Dec.) ¶ 11.

164. **Objection.** FRE 407. **Disputed and Immaterial**. Plaintiff improperly conflates "Defendants." *See* Section I. B. Defendants dispute that ████████████

████████████████████████ Def. MSJ, Ex. D (Fonseca Dec.) ¶¶ 19, 30-31; Def. MSJ, Ex. H (█████ Tr. (10/18/23)) 100:17-22, 110:10-18; Def. Opp., Ex. K (█████ Tr. (3/13/24)) 84:10-23; Pl. MPSJ, Ex. 82 (█████ Tr. (4/18/24)) 284:24-285:6. Defendants dispute that ██████████████████████████████████

███████████████████████████████████████████████████████

███████████████ Pl. MPSJ, Ex. 101 at MindGeek_NDAL_00184481.

165. **Disputed and Immaterial**. Plaintiff improperly conflates "Defendants."

*See* Section I. B. Defendants dispute that  *See e.g.* Pl.

Opp., Ex. 148 (███████ Tr. (3/26/24)) 103:20-105:6, 107:16-108:1 (████████

█████████████████████████████████████████████████

███████████████████████████████████) and Pl. Opp., Ex.

144 (███████ Tr. (6/1/23)) 202:12-205:8. ████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████ Pl.  Opp.,  Ex.  151  at

MindGeek_NDAL_00562948, 00562950, 00563001.

## ARGUMENT

I. **Plaintiff's Attempts to Salvage Her TVPRA Claim (Count I) Fail as a Matter of Fact and of Law.**

    A.   **Plaintiff's misplaced reliance on *Anderson v. TikTok* illustrates the inadequacy of her TVPRA claim.**

To support her argument that Defendants are "content creators" and therefore disentitled to Section 230 immunity, Plaintiff relies on a recent Third Circuit decision for the proposition that "platforms that design and create algorithms which

***recommend third-party content to users*** are not immune under § 230." Pl. Opp. at

28 (citing *Anderson v. TikTok, Inc.*, 2024 WL 3948248, at *4 (3d Cir. Aug. 27, 2024))

(emphasis added). But *Anderson* is inapposite because, unlike the defendant in

*Anderson*, MG Freesites, Ltd. ("MG Freesites"), which hosted the Videos, did not

"recommend" the Videos to anyone.

    *Anderson* concerned a ten-year-old girl named Nylah, who died accidentally

after a video on TikTok's website encouraged her to engage in something called a

"Blackout Challenge." The video appeared on Nylah's "For You Page" (or "FYP").

TikTok had created the FYP using an algorithm that "curates and recommends a

tailored compilation of videos … based on a variety of factors, including the user's

age and other demographics, online interactions, and other metadata." The

compilation produced by such an "expressive algorithm," the Third Circuit held, was

"TikTok's own expressive activity," because it "'[d]ecid[es] on the third-party

speech that will be included or excluded from a compilation—and then organize[s]

and present[s] the included items' on users' FYPs." *Id.* (quoting *Moody v. NetChoice,

LLC*, 144 S. Ct. 2383, 2402 (2024)).

    In a passage omitted from Plaintiff's Opposition, the Third Circuit

emphasized the narrow scope of its holding. In particular, The Third Circuit stated

that Section 230 did not bar the plaintiff's claims "***specifically*** because TikTok's

promotion of a Blackout Challenge video on Nylah's FYP was ***not contingent on***

*any specific user input*." *Id.* at n.12 (emphasis added). TikTok became a content creator only because it selected the video and presented it directly to Nylah as something "for you." If Nylah had "viewed a Blackout Challenge video through TikTok's search function, rather than through her FYP," the Third Circuit said, "then TikTok may be viewed more like a repository of third-party content than an affirmative promoter of such content." *Id.*

Courts have uniformly held that a website does not forfeit Section 230 immunity by employing "tools meant to facilitate the communication and content of others." *Dyroff v. Ultimate Software Group, Inc.*, 934 F.3d 1093, 1098 (9th Cir. 2019). Defendants have cited a litany of decisions, *see* Def. Mem. at 28, granting Section 230 immunity to websites that employed algorithms and keywords to "form[] 'connections' and 'matches' among speakers, content, and viewers of content," a task that is 'an essential result of publishing.'" *Force v. Facebook, Inc.*, 934 F.3d 53, 66 (2d Cir. 2019)).

Plaintiff's Opposition mentions none of those cases, which are indistinguishable from this one. The tags, categories, keywords, and thumbnails of MG Freesites play exactly the same kind of non-expressive role, forming connections that facilitate searches *by* the viewers for third-party content that *they* (the viewers) then select. *See* FAC, ¶ 66 (alleging that keywords and tags "are essential for search engine optimization"). MG Freesites did not select the videos in

question for any purpose, recommend them to viewers, or compile them into a collection that might appeal to particular users. Unlike *Anderson,* the only way to access the videos of Plaintiff was to provide some kind of "specific user input." Compare *Anderson*, 2024 WL 3948248, at 184 n.12. This case, therefore, presents none of the circumstances that distinguished *Anderson* from the Section 230 paradigm.

### B. Plaintiff must prove Defendants' own conduct violated 18 U.S.C. § 1591 to satisfy the "FOSTA" exception to Section 230 immunity.

Defendants' Mem. explained that the recent Ninth Circuit decision in *Does, No. 1-6 v. Reddit, Inc.* ("*Reddit*"), put to rest any remaining controversy about the scope of the "FOSTA" amendment to Section 230. *See* Defendants' Br. at 31-32 (citing 51 F.4th 1137 (9th Cir. 2022). Plaintiff nonetheless argues that the Ninth Circuit was wrong. Pl. Opp. at 38.

FOSTA provides in relevant part that Section 230(c) does not apply to a civil claim brought under Section 1595 "if the conduct underlying the claim constitutes a violation of [the criminal prohibition in] section 1591...." *See* 47 U.S.C. § 230(e)(5)(A). The Ninth Circuit held that the phrase "conduct underlying the claim" refers to the defendant's conduct (not to the conduct of someone else, such as the alleged sex trafficker), and that "for a plaintiff to invoke FOSTA's immunity exception," she must plead and prove "that the website's ***own*** conduct violated [18 U.S.C. § 1591]." *Id.* at 1141 (emphasis added). In doing so, the Ninth Circuit

16

overruled a pair of contrary district court decisions and created unanimity among the courts that have considered the issue. *See Woodhull Freedom Found. v. United States*, 72 F.4th 1286, 1304, n.6 (D.C. Cir. 2023) ("all courts to have decided the issue thus far are now in alignment"); *see also G.G. v. Salesforce.com, Inc.*, 603 F. Supp. 3d 626, 642 (N.D. Ill. 2022); *J.B. v. G6 Hosp., LLC*, 2021 U.S. Dist. LEXIS 170338, at \*17 (N.D. Cal. Sept. 8, 2021); *Doe v. Kik Interactive, Inc.*, 482 F. Supp. 3d 1242, 1249-51 (S.D. Fla. 2020).

Plaintiff's argument to the contrary thus challenges a nationwide judicial consensus, yet she gives the Court no reason to disagree. She would simply have the Court disregard decisions which collectively establish a position that is sound as a matter of text, statutory structure, legislative history, and analogous precedent:

(1)     FOSTA refers to "any claim … brought" under Section 1595, and the exception applies only if "the conduct underlying the claim"—i.e., the Section 1595 claim—"constitutes a violation of section 1591." 47 U.S.C. § 230(e)(5)(A) (emphasis added). The FOSTA exception is thus limited to cases in which the qualifying conduct that "constitutes a [criminal] violation of section 1591" is the conduct underlying the civil "claim … brought" under Section 1595, i.e., the website-defendant's own conduct. *G.G.*, 603 F. Supp. 3d at 640.

(2)    "[I]f Congress meant to exempt all claims involving sex trafficking, it could have said 'if the claim arises out of a violation of section 1591,' or 'if the plaintiff is a victim of section 1591.'" *J.B.*, 2021 U.S. Dist. LEXIS 170338, at *18.

(3)    The legislative history confirms Congress considered—but rejected—a broad version of the FOSTA amendment that would have expressly exempted "***any*** violation of § 1595." *G.G.*, 603 F. Supp. 3d at 642 (emphasis in original).

(4)    Section 230(e)(5)(A) is one of three provisions added by FOSTA to Section 230. *See also* 47 U.S.C. §§ 230(e)(5)(B) and (C). All three use the phrase "conduct underlying," but subsections (B) and (C) use it to authorize criminal prosecutions when the "conduct underlying" the charge meets certain parameters. Because those provisions must as a matter of due process be referring to the criminal defendant's own underlying conduct, it follows—according to the principle that "identical words and phrases within the same statute should normally be given the same meaning"—that the same phrase, as used in Section 230(e)(5)(A), must also refer to the defendant's own conduct. *Does, No. 1-6*, 51 F.4th at 1143.

(5)    In *OBB Personenverkehr AG v. Sachs*, 577 U.S. 27, 29 (2015), the Supreme Court considered "analogous language," which exempted from the Foreign Sovereign Immunities Act any claim "based upon a commercial activity carried on in the United States," and held that the scope of the exemption depended on "the gravamen of the complaint." Because a complaint against a website that merely

alleges trafficking by its users, without the participation of the website itself, would not survive, the gravamen of a Section 1595 claim against a website must be the website's alleged "participation" in sex trafficking in violation of Section 1591, and the relevant "conduct underlying the claim" must be the website's own conduct, not the conduct of a third party. *Does, No. 1-6*, 51 F.4th at 1142.

In response, Plaintiff offers only platitudes about "liberal construction of remedial statutes" and maxims of statutory construction. Pl. Opp. at 38-39. These bromides "cannot override the plain text and structure of the statute." *Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199, 224 (2d Cir. 2009); *see also G.G.*, 603 F. Supp. 3d at 641 ("[E]ven assuming the statute is 'remedial,' the Court must first turn to the text of the statute"). The FOSTA exception does not apply, therefore, unless Plaintiff can prove that Defendants' own conduct violated Section 1591.

### C. The Court should grant summary judgment on the TVPRA claim because Plaintiff cannot prove Defendants knew she was being sex trafficked ████████████████████████████.

To show that Defendants violated Section 1591, Plaintiff must prove Defendants "knowingly benefit[ed] from knowingly participating in child sex trafficking." *Does, No. 1-6*, 51 F.4th at 1145; *see also Kik Interactive, Inc.*, 482 F. Supp. 2d at 1251 ("section 1591 requires knowing and active participation in sex trafficking by the defendants"). Section 1591 is a criminal statute, and in this Circuit a defendant acts "knowingly" in violation of a criminal statute only when it "acts

with actual knowledge or deliberate ignorance." *United States v. Odekhiran*, 2024 U.S. App. LEXIS 10974, at *16 (11th Cir. May 6, 2024).

Deliberate ignorance suffices to prove knowledge "only when the facts support an inference the defendant was aware of a high probability of the existence of a fact in question and purposely avoided learning all of the facts." *United States v. Lozano*, 711 Fed. Appx. 934, 940-41 (11th Cir. 2017). More importantly, deliberate ignorance—sometimes called, "willful blindness"—is not mere negligence, recklessness, or indifference. The term applies only to a defendant "who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011).

Plaintiff cannot prove Defendants' actual knowledge or deliberate ignorance of an alleged sex trafficking scheme involving Plaintiff. Plaintiff invokes a "constructive knowledge" standard that would require merely showing negligence, i.e., "Defendants should have known that Plaintiff was being trafficked…." Pl. Opp. at 48. Plaintiff relies on a case involving a Section 1595 claim against a hotel franchisor that (1) did not involve claims against a provider of interactive computer services, and (2) thus did not require the plaintiff to satisfy the FOSTA exception to Section 230 immunity by proving a criminal violation of Section 1591. *See* Pl. Opp. at 47-48 (citing *Doe v. Red Roof Inns, Inc.*, 21 F.4th 714, 725 (11th Cir. 2021)). That

is the wrong standard, and Plaintiff's reliance on it betrays the evidentiary insufficiency that is fatal to her TVPRA claim. Plaintiff disclaims any ability to prove actual knowledge or deliberate ignorance, arguing only that the evidence might create a triable issue as to negligence or "reckless disregard." *See* Pl. Opp. at 48-49. But proof of negligence or recklessness, even if it exists, would not suffice. Plaintiff's focus on the wrong standard effectively concedes the absence of a genuine dispute about whether Defendants actually knew of or deliberately ignored the alleged sex trafficking of Plaintiff, and shows that Defendants are entitled to judgment as a matter of law on the TVPRA claim. *See* Def. Opp. to Pl. MSJ at 61-66 (no evidence to support deliberate ignorance theory).

## II.    The Court Should Grant Summary Judgment to Defendants on the CSAM Claim (Count II).

Defendants' position on Count II, including their response to arguments made by Plaintiff in her motion for partial summary judgment on that count, has already been briefed in detail. *See* Def. Mem. at 38-51; Def. Opp. to Pl. MSJ at 52-66. Defendants make one additional point here, and ask the Court to reconsider its position that Section 230 does not apply to Count II because CSAM "is not 'information under § 230, it is a record of a violent crime and 'illegal contraband, stemming from the sexual abuse of a child.'" *See* Pl. Opp. at 51 (quoting *Doe v. MG Freesites*, 676 F. Supp. 3d 1136, 1169 (N.D. Ala. 2022)).

Section 230(c)(1) provides that no interactive computer services shall be treated as the publisher or speaker of "any information" provided to it by another information content provider. 47 U.S.C. § 230(c)(1). Although the statute does not define "information," streaming videos indisputably qualify as information in the sense of communicating "knowledge or intelligence" of their contents. *See* Webster's Third New International Dictionary at 1160 (2002).

The Court's Rule 12(b)(6) decision concluded that videos containing CSAM nevertheless fall outside the protection of Section 230(c) because they do not convey "***lawful*** 'information…' as contemplated by Section 230." 676 F. Supp. 3d at 1169 (emphasis added). The statute, however, does not limit its scope to publication of "lawful" information—that word appears nowhere in Section 230. Instead, Congress expressly made Section 230(c) applicable to "***any***" information. 47 U.S.C. § 230(c) (emphasis added). The Court's decision on the motion to dismiss thus added a word ("lawful") to the statute that does not appear in it and omitted a word ("any") that does. "That, it should go without saying, [courts] cannot do." *Microf LLC v. Cumbess*, 960 F.3d 1325, 1333 (11th Cir. 2020).

"Read naturally, the word 'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.'" *United States v. Gonzalez*, 520 U.S. 1, 4 (1997) (quoting Webster's Third New International Dictionary 97 (1976)); *see also United States v. Castro*, 837 F.2d 441, 445 (11th Cir. 1988) (as used in a statute,

"any" means "ever" and "all"). On its face, then, Section 230(c) makes no distinction between "lawful" information and information that may be "contraband" in the possession of unauthorized persons. It protects an ICS from being held liable as the publisher of any information that might be provided to it by a third party.

This does not mean that (as the Court put it) "a corporate defendant" in possession of CSAM can "escape punishment for the same illegal conduct" that is "prosecuted in proceedings against individuals every day." *MG Freesites*, 676 F. Supp. 3d at 1171. Nothing in Section 230 shall be construed to "impair the enforcement" of "any … Federal criminal statute." 47 U.S.C. § 230(e)(1). Section 230(c), in other words, immunizes ICSs only from civil liability; it does not legalize that which is otherwise criminal. Thus, when Sections 230(c) and 230(e)(1) are read "in harmony," *see Cadle v. GEICO Gen. Ins. Co.*, 838 F.3d 1113, 1126 n.12 (11th Cir. 2016), the distinctions they draw between civil and criminal actions reflect the "pellucid" Congressional judgment "that it is best to avoid the potential chilling effects that private *civil* actions might have on internet free speech," and that Section 230(c) can accomplish this purpose while "coexist[ing] comfortably" with the "'vigorous enforcement of Federal *criminal* laws to deter and punish' illicit activities online." *Doe v. Backpage.com, LLC*, 817 F.3d 12, 23 (1st Cir. 2016) (quoting 47 U.S.C. § 230(b)(5)) (emphasis added).

## **CONCLUSION**

For all of the above-stated reason, the Court should grant Defendants' Motion, and enter judgment for Defendants on Counts I and II of the FAC.

Dated: October 15, 2024

/s/ Kevin M. McGinty
Kevin M. McGinty
*Pro hac vice approved*
Massachusetts Bar 556780
MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY and POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
Tel. (617) 348-1688
Fax. (617) 542-2241
Email KMMcginty@mintz.com

OF COUNSEL:

Dated: October 15, 2024

/s/ Sara M. Turner
Sara M. Turner (ASB-4388-R58T)
**BAKER, DONELSON,
BEARMAN, CALDWELL &
BERKOWITZ, P.C.**
1901 Sixth Street North
Suite 2600
Birmingham, Alabama 35203
Tel: (205) 328-0480
Fax: (205) 322-8007
smturner@bakerdonelson.com

*Counsel for MG Freesites Ltd, MG
Freesites II Ltd, MindGeek S.à r.l.,
MindGeek USA Incorporated, MG CY
Holdings Ltd, MindGeek Content RT
Limited, 9219-1568 Quebec Inc., and
MG Billing Limited*

24

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this day, October 15, 2024, this document was filed conventionally with the Clerk of the United States District Court for the Northern District of Alabama and will be served electronically by the Defendants to all participants of record.

/s/ *Sara M. Turner*
Sara M. Turner
