IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JANE DOE, on behalf of herself and all others similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) MG FREESITES, LTD, d/b/a "PORNHUB"; MG FREESITES II LTD; MINDGEEK S.A.R.L.; MINDGEEK USA INCORPORATED; MG CY HOLDINGS LTD; MINDGEEK CONTENT RT LIMITED; 9219-1568 QUEBEC, INC., d/b/a MINDGEEK; MG BILLING LTD, ) ) ) ) ) ) ) ) ) ) ) ) ) Defendants. ) ) | CIVIL ACTION NO: 7:21-cv-00220-LSC Honorable L. Scott Coogler **UNOPPOSED** |

### PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL

Plaintiff Jane Doe respectfully moves this Honorable Court to issue an order granting her leave to file under seal an unredacted version of Plaintiff's Reply in Support of Plaintiff's Motion for Partial Summary Judgment and the accompanying confidential exhibits. In filing this Motion, Plaintiff does not concede that any of the materials identified as "confidential" by Defendants should be sealed. Defendants do not oppose this Motion.

1

## RELEVANT BACKGROUND

Plaintiff is a survivor of childhood sexual abuse and has brought claims on behalf of herself and others similarly situated against Defendants for their violations of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1591 and 1595, and for the receipt and distribution of child pornography, 18 U.S.C. §§ 2252 and 2252A. This Court previously granted Plaintiff's Motion for Leave to Proceed Pseudonymously. Docs. 2 and 7. The Court has also issued a Protective Order, which designates certain information as confidential and protected from public disclosure. Doc. 61. Plaintiff now seeks permission to file her unredacted reply and its accompanying confidential exhibits under seal.

## LEGAL STANDARD

The public's "right of access" to the courts "is not absolute, … and, where it does apply, [it] may be overcome by a showing of good cause." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). Specifically, the Eleventh Circuit has explained that

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the

>   documents. *See In re Alexander Grant Co. Litig.*, 820 F.2d 352, 356 (11th Cir.1987); *Shingara v. Skiles*, 420 F.3d 301, 305-06 (3d Cir.2005); *Amodeo*, 71 F.3d at 1050-51. A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978); Arthur R. Miller, *Confidentiality, Protective Orders, and Public* Access *to the Courts*, 105 Harv. L. Rev. 427, 464-74 (1991).

*Id*. at 1246.

## ARGUMENT

Good cause exists to seal the materials described below. Due to "the nature and character of the information" contained in these materials, the Parties' interest in keeping the information confidential outweighs the common law right of public access. *Romero*, 480 F.3d at 1246.

**I.   Depositions of Defendants' Employees and Former Employees**

Plaintiff intends to reference portions of the depositions of Defendants' employees or former employees. Defendants have marked certain portions of these depositions as confidential. Defendants allege that allowing public access to the confidential portions of these materials would harm Defendants' legitimate privacy and proprietary interests. Defendants also contend that identifying the names of their employees and former employees could place those individuals' safety at risk. Plaintiff does not concede that these portions of the depositions and the deponents'

names should be confidential but does not object to these materials being sealed for the purposes of her reply in support of her Motion for Partial Summary Judgment.

## II. Materials Marked "Confidential" by Defendants

Plaintiff intends to cite documents produced by Defendants that have been marked confidential. Plaintiff and Defendants have not yet reached an agreement regarding whether these documents may be redacted or filed publicly. Until such an agreement has been achieved, Plaintiff moves to file these documents provisionally under seal.

## III. Plaintiff's Reply in Support of Plaintiff's' Motion for Partial Summary Judgment.

Finally, Plaintiff moves for leave to file under seal her Reply in Support of Plaintiff's Motion for Partial Summary Judgment ("Reply"). The Reply includes references to Plaintiff's personal identifying information or information that could lead to her true identity that is protected from public disclosure by this Court's prior order granting her the right to proceed pseudonymously. Doc. 7. The Reply also cites to and includes information from the depositions of Defendants' employees and former employees, as well as materials Defendants have marked confidential. For all of the reasons outlined above, those portions of the Reply should be sealed.

**CONCLUSION**

Plaintiff respectfully requests that this Court enter an order granting leave for Plaintiff to file under seal the above-referenced Reply and exhibits.

Respectfully submitted this 15th day of October 2024.

/s/ *Gregory Zarzaur*
Gregory Zarzaur (ASB-0759-E45Z)
Kelsie Overton (ASB-1791-F80L)
Denise Wiginton (ASB-5905-D27W)
THE ZARZAUR LAW FIRM
2332 Second Avenue North
Birmingham, Alabama 35203
T: (205) 983-7985
E: gregory@zarzaur.com / kelsie@zarzaur.com

Joshua P. Hayes
PRINCE GLOVER HAYES
701 Rice Mine Road
Tuscaloosa, Alabama 35406
T: (205) 345-1234
E: jhayes@princelaw.net

Kimberly Lambert Adams*
Kathryn L. Avila*
LEVIN PAPANTONIO
316 S. Bavlen Street, Suite 600
Pensacola, FL 32502
T: (850) 435-7056
E: kadams@levinlaw.com
    kavila@levinlaw.com
*pro hac vice*

Gaetano D. Andrea*
Jill P. Roth*
M. Stewart Ryan*
Alexandria MacMaster*
LAFFEY BUCCI D'ANDREA REICH & RYAN

5

1100 Ludlow Street, Suite 300
Philadelphia, PA 19107
T: (215) 399-9255
E: dandrea@lbk-law.com
   jroth@lbk-law.com
   sryan@lbk-law.com
   amacmaster@lbk-law.com
*pro hac vice*

Benjamin W. Bull*
Dani Bianculli Pinter*
Christen M. Price*
Peter A. Gentala*
NATIONAL CENTER ON SEXUAL EXPLOITATION
1201 F Street NW, Suite 200
Washington, D.C. 20004
T: (202) 393-7245
E: lawcenter@ncose.com
*pro hac vice*

Kevin Dooley Kent*
Mark B. Schoeller*
Joseph W. Jesiolowski*
Vanessa Huber*
CONRAD O'BRIEN PC
Centre Square West Tower
1500 Market Street, Suite 3900
Philadelphia, PA 19102-2100
T: (215) 864-9600
E: kkent@conradobrien.com
   mschoeller@conradobrein.com
   jjesiolowski@conradobrien.com
   vhuber@conradobrien.com
*pro hac vice*

*Counsel for the Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify on this the 15th day of October, 2024, this document was filed through the Electronic Case Filing System of the United States District Court for the Northern District of Alabama and will be served electronically by the court to all participants of record.

*/s/ Gregory Zarzaur*
Gregory Zarzaur