# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| JANE DOE #1 on behalf of herself and all others similarly situated, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>MG FREESITES, LTD, d/b/a )<br>"PORNHUB"; MG FREESITES II, LTD; )<br>MINDGEEK S.A.R.L.; MINDGEEK USA )<br>INCORPORATED; MG CY HOLDINGS )<br>LTD; MINDGEEK CONTENT RT )<br>LIMITED; 9219-1568 QUEBEC INC., )<br>d/b/a MINDGEEK; and MG BILLING )<br>LTD, )<br>)<br>Defendants. )<br>)<br>) | Civil Action No.<br><br>7:21-CV-00220-RDP |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DECERTIFY THE PLAINTIFF CLASS

Seth R. Goldman
*(Pro hac vice)*
New York Bar 2815926
New Jersey Bar 42091996
**MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY and POPEO, P.C.**
919 Third Avenue
New York, New York 10022
Tel: (212) 692-6845
Fax: (212) 983-3115
SRGoldman@mintz.com

Arameh Zargham O'Boyle
*(Pro hac vice)*
California Bar 239495
Tel. (310) 226-7846
AZOboyle@mintz.com

Esteban Morales
*(Pro hac vice)*
California Bar 273948
Tel. (310) 226-7841
Emorales@mintz.com

**MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY and POPEO, P.C.**
Century Plaza Towers
2049 Century Park East, Suite 300
Los Angeles, California 90067
Fax: (310) 586-3200

Kevin M. McGinty
*(Pro hac vice)*
Massachusetts Bar 556780
**MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY and POPEO, P.C.**
One Financial Center
Boston, Massachusetts 02111
Tel. (617) 348-1688
Fax. (617) 542-2241
KMMcginty@mintz.com

OF COUNSEL:

Sara M. Turner (ASB-4388-R58T)
**BAKER, DONELSON,
BEARMAN, CALDWELL &
BERKOWITZ, P.C.**
1901 Sixth Avenue North
Suite 2600
Birmingham, Alabama 35203
Tel: (205) 328-0480
Fax: (205) 322-8007
smturner@bakerdonelson.com


*Counsel for MG Freesites Ltd, MG Freesites II Ltd, MindGeek S.à r.l., MindGeek USA Incorporated, MG CY Holdings Ltd, MindGeek Content RT Limited, 9219-1568 Quebec Inc., and MG Billing Limited*

**TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................................................. 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ...................................................... 3

    I.    Plaintiff's knowledge-based causes of action ............................................................. 3

    II.    Class certification and the Court's summary judgment Order ..................................... 4

ARGUMENT .................................................................................................................................... 5

    I.    The Court has an ongoing obligation to ensure that the requirements of Rule 23 are satisfied. ................................................................................................................................ 5

    II.    The Court should decertify the Class. ......................................................................... 6

        A.    The money damages Class under Rule 23(b)(3) must be decertified because the individualized knowledge issues set for trial predominate over issues common to the Class. ................................................................................................................................ 6

            1.    By itself, the necessity to adjudicate direct knowledge destroys predominance ................................................................................................................................ 8

            2.    The need for individualized fact finding cannot be avoided by certifying a limited issue class to try only the issue of general knowledge ..................... 10

    III.    The Rule 23(b)(2) Class must be decertified because individualized proof required to establish knowledge precludes any showing that Defendants acted or refused to act on grounds that apply generally to the Class. .................................................................................................................. 11

CONCLUSION ................................................................................................................................ 12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alabama v. Blue Bird Body Co.*,
  573 F.2d 309 (5th Cir. 1978) ............................................................................................ 12

*Baker v. State Farm Mut. Auto. Ins. Co.*,
  No. 21-14197, 2022 WL 3452469 (11th Cir. Aug. 18, 2022) ................................................ 10

*Birmingham Steel Corp. v. Tenn. Valley Auth.*,
  353 F.3d 1331 (11th Cir. 2003) ........................................................................................... 7

*Bonner v. City of Prichard*,
  661 F.2d 1206 (11th Cir. 1981) ......................................................................................... 12

*Castano v. American Tobacco Co.*,
  84 F.3d 734 (5th Cir. 1996) ......................................................................................... 12, 13

*Compound Prop. Mgmt. LLC v. Build Realty, Inc.*,
  343 F.R.D. 378 (S.D. Ohio 2023) ........................................................................................ 9

*Dale v. Hahn*,
  440 F.2d 633 (2d Cir. 1971) .............................................................................................. 14

*Davis v. Mar-Jac Poultry, LLC*,
  No. 6:18-CV-1433-LSC, 2024 WL 218510 (N.D. Ala. Jan. 19, 2024) .................................... 6

*Echevarria v. Expedia, Inc.*,
  No. 19-22621-CIV, 2024 WL 3429106 (S.D. Fla. July 16, 2024) ........................................ 10

*Ezell v. Mobile Hous. Bd.*,
  709 F.2d 1376 (11th Cir. 1983) ........................................................................................... 7

*Fisher v. CIBA Specialty Chem. Corp.*,
  238 F.R.D. 273 (S.D. Ala. 2006) ....................................................................................... 12

*Klay v. Humana, Inc.*,
  382 F.3d 1241 (11th Cir. 2004) ......................................................................................... 14

*Klay v. United Healthgroup, Inc.*,
  376 F.3d 1092 (11th Cir. 2004) ......................................................................................... 14

*Matter of Rhone-Poulenc Rorer, Inc.*,
  51 F.3d 1293 (7th Cir. 1995) ....................................................................................... 11, 12

*McCamis v. Servis One, Inc.*,
  No. 8:16-CV-1130-T-30AEP, 2017 WL 589251 (M.D. Fla. Feb. 14, 2017) ......................... 10

*Nichols v. Mobile Cnty. Bd. of Realtors*,
    No. 76-619-P, 1980 WL 1975 (S.D. Ala. May 16, 1980)......................................................14

*Prado-Steiman ex rel. Prado v. Bush*,
    221 F.3d 1266 (11th Cir. 2000) ...........................................................................................7

*Reid v. Lockheed Martin Aeronautics Co.*,
    205 F.R.D. 655 (N.D. Ga. Aug. 2, 2001)............................................................................15

*Rink v. Cheminova, Inc.*,
    203 F.R.D. 648 (M.D. Fla. 2001)........................................................................................13

*Rivera v. Servis One, Inc.*,
    No. 3:17-CV-722-J-39JBT, 2019 WL 1034071 (M.D. Fla. Jan. 24, 2019)..........................10

*United States v. X-Citement Video*,
    513 U.S. 64 (1994)................................................................................................................4

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011)..............................................................................................................7

*Warranty Corp. v. Hans*,
    No. CIV. A. 98-0889-MJ-S, 2000 WL 284261 (S.D. Ala. Mar. 9, 2000) ...........................14

*Williams v. Jones*,
    No. 9:14-CV-00787-RMG-BM, 2014 WL 2155251 (D.S.C. May 22, 2014) ......................9

*Williams v. Mohawk Indus., Inc.*,
    568 F.3d 1350 (11th Cir. 2009) ............................................................................................9

**Constitution**

U.S. Const. amend. VII...............................................................................................2, 3, 11, 13, 15

**Statutes**

18 U.S.C.

§ 1591...........................................................................................................................................2, 4

§ 1595...........................................................................................................................................2, 4

§ 2252...........................................................................................................................................2, 4

§ 2252A........................................................................................................................................2, 4

28 U.S.C.

§ 1292.............................................................................................................................................1

**Rules**

Fed. R. Civ. P. 23 ......................................................................................................... *passim*

**INTRODUCTION**

The Court (Coogler, J.) previously certified a class of individuals (the "Class") who were under 18 when they were depicted in images and videos that purportedly appeared on adult content sharing websites operated by Defendant MG Freesites Ltd ("MindGeek")[1] over a period of more than ten years. Pursuant to Fed. R. Civ. P. 23(c)(1)(C), Defendants respectfully request that the Court decertify the Class. Rule 23(c)(1)(C) permits the Court to revisit the issue of class certification at any time before judgment is entered. The Court should do so now because the Memorandum of Opinion and Order Denying Cross Motions for Summary Judgment, dated December 19, 2024 (the "Order"), Dkt. Nos. 261 & 262, confirms that Plaintiff's and class members' sex trafficking and possession and distribution of child sexual abuse material ("CSAM") claims, if tried,[2] will require the jury to resolve highly individualized, class-member-specific issues of fact that predominate over issues common to the Class, thereby precluding continued certification of the Class.

*First*, the money damages Class under Rule 23(b)(3) must be decertified because both counts in Plaintiff's First Amended Complaint, Dkt. No. 22 (the "FAC"), allege knowledge-based offenses that specifically require individualized proof that Defendants knew that Plaintiff and each class member were under 18 years old when a video or image depicting them was created. In the Order, the Court found triable issues of fact as to Defendants' knowledge of whether Plaintiff was a minor when videos depicting her were created. To prove knowledge, the Court held that "'Plaintiff may rely on both direct evidence and circumstantial evidence based on the "totality" of

---

[1] Defendants in this action ("Defendants") are MindGeek, MG Freesites II, Ltd, MindGeek S.à r.l., MindGeek USA Incorporated, MG CY Holdings Ltd, MG Content RT Limited, 9219-1568 Quebec Inc., and MG Billing Limited.

[2] Defendants concurrently seek leave to petition the Eleventh Circuit for interlocutory review under 28 U.S.C. § 1292. Should Defendants obtain interlocutory review and the relief sought from the Eleventh Circuit, this Motion to Decertify would be rendered moot.

1

circumstances.'" Order at 36 (quoting *Does 1-4 v. Red Roof Inns, Inc.*, 688 F. Supp. 3d 1247, 1254 (N.D. Ga. 2023) (citation omitted)). It is impossible to evaluate the totality of the circumstances for an entire Class without individualized proof concerning each class member. This includes both what Defendants specifically knew about each class member's own alleged trafficking or CSAM and the generalized knowledge Defendants possessed at the time videos or images were posted.[3] The need for individualized inquiries cannot be avoided by limiting the Class to the issue of generalized knowledge because (1) doing so violates the Seventh Amendment by permitting separate juries to reexamine the facts concerning Defendants' knowledge and (2) facts relevant to Defendants' knowledge changed over time, making that issue inherently individualized. These considerations preclude continued certification of the Class under Rule 23(b)(3).

*Second*, the Class for injunctive relief under Rule 23(b)(2) must also be decertified because the individualized proof required to establish knowledge precludes showing that Defendants acted or refused to act on grounds that apply generally to the Class. Obtaining permanent injunctive relief requires success on the merits. Because class members' success on the merits can only be determined through individualized proof of knowledge, Plaintiff cannot demonstrate conduct generally applicable to the Class. And even if general applicability could be established, a Rule 23(b)(2) class cannot proceed separately from individual money damages claims for members of the decertified Rule 23(b)(3) Class because the required merits inquiry in both phases would violate the Seventh Amendment's reexamination clause. This precludes continued certification under Rule 23(b)(2).[4]

---

[3] By arguing that the knowledge standard set forth in the Order requires decertification of the Class, Defendants do not concede that the Order sets forth the appropriate standard, or that "generalized knowledge" is sufficient to prove claims relating to Sections 1591, 1595, 2252 or 2252A.

[4] While seeking decertification based only on the grounds stated herein, Defendants reserve the right to contest certification on any grounds not stated herein at any later appropriate time.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

**I.      Plaintiff's knowledge-based causes of action**

Plaintiff alleges that, between 2018 and 2020, two videos depicting her engaging in sexual activity while she was under the age of eighteen were posted on pornographic websites operated by MindGeek. FAC ¶¶ 152 & 168. The FAC contains two counts based on those allegations. Both require proof that Defendants knew that she was under the age of eighteen when those videos were made.

Count I alleges that Defendants, by permitting the videos to be posted on their websites, knowingly benefitted from a sex trafficking venture in violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1591 and 1595. FAC ¶¶ 178–187. As relevant here, an essential element of a Section 1591 trafficking violation is knowledge that the person allegedly trafficked "ha[d] not attained the age of 18 years[.]" 18 U.S.C. § 1591(a). Section 1595(a), in turn, permits a civil claim against a defendant who "knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in" a Section 1591 violation. 18 U.S.C. § 1595(a). Plaintiff claims that "Defendants knowingly benefited from participation in what they knew or should have known was a sex trafficking venture, in violation of 18 U.S.C. §§ 1591(a)(2) and 1595(a)." FAC ¶ 181.

Count II alleges that Defendants "knowingly received, possessed, and distributed child pornography" in violation of 18 U.S.C. §§ 2252 and 2252A (Count II). FAC ¶¶ 188–193. To establish a violation of 18 U.S.C. §§ 2252 and 2252A, Plaintiff must prove that Defendants had knowledge that the person appearing in alleged CSAM was under 18 when the image or video was created. 18 U.S.C. § 2252(a)(2); 18 U.S.C. § 2252A(a)(2); *United States v. X-Citement Video*, 513 U.S. 64, 78 (1994).

3

## II.  Class certification and the Court's summary judgment Order

By its order dated December 19, 2023, Dkt. No. 147, the Court certified the Class pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and defined it as follows:

> All persons who were under the age of 18 when they appeared in a video or image that has been made available for viewing on any website owned or operated by Defendants anytime from February 12, 2011, through the present.

After discovery concluded, Plaintiff and Defendants cross-moved for summary judgment on Plaintiff's individual claims. Defendants sought summary judgment on both counts of Plaintiff's Complaint, Dkt. No. 221, and Plaintiff sought summary judgment only as to her claim under Count II, Dkt. No. 223.

On December 19, 2024, the Court denied both motions, finding (among other things) triable issues of fact as to the essential element of Defendants' knowledge of whether Plaintiff was less than 18 years old when the videos depicting her were created. *See* Order at 36–42, 50. The Court determined that "a federal claim's knowledge element can be proved by demonstrating either actual knowledge or deliberate ignorance." Order at 36 (internal quotation marks and citations omitted). According to the Court, "to prove either actual knowledge or deliberate ignorance, Plaintiff may rely on both direct evidence and circumstantial evidence based on the totality of circumstances." *Id.* (internal quotation marks and citations omitted).

The Court found the following facts relevant to Defendants' generalized knowledge: (1) complaints from website users, law enforcement, and Internet watch groups that CSAM was on their websites during the Class period; and (2) Defendants' policies related to age verification, content downloads, content moderation, and CSAM reporting. Order at 37–39. The Court considered the following "circumstantial evidence" in assessing Defendants' specific "knowledge regarding Plaintiff's underage status": (1) whether Defendants verified the ages of anyone depicted in the videos of Plaintiff; (2) the titles and tags for videos uploaded by Plaintiff's perpetrator; (3)

4

content removal requests made related to videos uploaded by Plaintiff's perpetrator and Defendants' response; (4) the title of content Plaintiff was depicted in; and (5) Defendants' actions related to the content depicting Plaintiff. Order at 39–41. The Court then concluded that, "with regard to Defendants' knowledge of her underage status, disputes of fact remain that should be determined by the trier of fact," and on that basis denied the cross-motions for summary judgment. *Id.* at 37–42, 50–51.

## ARGUMENT

**I.     The Court has an ongoing obligation to ensure that the requirements of Rule 23 are satisfied.**

The order certifying the Class is not immutable. Rule 23(c)(1)(C) expressly states that "an order that grants or denies class certification may be altered or amended before final judgment." It is well-established in this district and in the Eleventh Circuit that "[a] district court may reevaluate its previous findings as to class certification 'in light of new or changing circumstances.'" *Davis v. Mar-Jac Poultry, LLC*, 2024 WL 218510, *3 (N.D. Ala. Jan. 19, 2024)) (quoting *Shin v. Cobb Cnty. Bd. of Educ.*, 248 F.3d 1061, 1064 (11th Cir. 2001)). Reevaluating class certification is especially warranted where, based on the court's summary judgment decision, the questions to be tried raise individualized issues of fact and law that predominate over issues that are common to the class. *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1273 (11th Cir. 2000) (the power to alter or amend class certification "is critical, because the scope and contour of a class may change radically as discovery progresses and more information is gathered about the nature of the putative class members' claims.").

In considering a motion to decertify, the Court must apply the same standard used when evaluating a motion to certify. *See Birmingham Steel Corp. v. Tenn. Valley Auth.*, 353 F.3d 1331, 1335 (11th Cir. 2003) (the decision to decertify a class is a certification decision "left to the sound

5

discretion of the district court"). Accordingly, the Court must conduct a "rigorous analysis" into whether the prerequisites of Rule 23 are met before this case may continue to proceed as a class action. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011); *Ezell v. Mobile Hous. Bd.*, 709 F.2d 1376, 1379 (11th Cir. 1983).

## II.  The Court should decertify the Class.

### A.  The money damages Class under Rule 23(b)(3) must be decertified because the individualized knowledge issues set for trial predominate over issues common to the Class.

Pursuant to the Order, the claims that will be tried turn on individualized questions about Defendants' knowledge. The Court held that whether Defendants knew or deliberately avoided knowing that Plaintiff was a minor when materials depicting them were created must be based on the "totality of the circumstances." Order at 36–37. The Order engaged in a two-step process, first assessing Defendants' "generalized knowledge" regarding "users submitting CSAM, approving it to go live, users watching and downloading it, and Defendants' storage of it," and then considering evidence of Defendants' "knowledge regarding Plaintiff's underage status particularly." *Id.* at 37, 39. The Court concluded the circumstantial evidence of Defendants' generalized and specific knowledge was "certainly sufficient" to "enable Plaintiff to prove that Defendants were deliberately ignorant of the fact that Plaintiff was underage at the time" her CSAM was posted to Pornhub. *Id.* at 41.

These triable issues as to knowledge must be the same for all class members. Because proof of knowledge must be based on the totality of the circumstances, and doing so requires the presentation of *both* class member-specific knowledge and generalized knowledge, individualized fact finding is required for all class members, preventing aggregate adjudication.

### 1.  By itself, the necessity to adjudicate direct knowledge destroys predominance.

Rule 23(b)(3) permits certification of a money damages class only where "questions of law

6

or fact common to class members predominate over any questions affecting only individual members." "Where, after adjudication of the classwide issues, plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims, such claims are not suitable for class certification under Rule 23(b)(3)." *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1357 (11th Cir. 2009) (internal quotation marks and citation omitted).

Pursuant to the Order, Defendants' knowledge must be determined based on the "totality of the circumstances." Order at 36. Courts routinely determine that individual inquiries predominate over common evidence where a "totality-of-the-circumstances approach" must be employed. *Compound Prop. Mgmt. LLC v. Build Realty, Inc.*, 343 F.R.D. 378, 412 (S.D. Ohio 2023) (no predominance on unjust enrichment claim where "assessing liability" would "require a fact-sensitive, totality-of-the-circumstances analysis"); *Williams v. Jones*, No. 2014 WL 2155251, *8 (D.S.C. May 22, 2014) (same); *Casias v. Distribution Mgmt. Corp.*, Inc., 2014 WL 12710236, *18–19 (D.N.M. Mar. 31, 2014) (no predominance where the "Court must examine the individual circumstances of each putative class member" under a "totality-of-the-circumstances approach"). The Court should find likewise here.

The totality of circumstances inquiry is necessarily individualized because it requires considering direct evidence for each class member. Where "generalized evidence" does not "obviate [ ] the need to examine each class member[']s[ ] individual position," individualized inquiries predominate. *Baker v. State Farm Mut. Auto. Ins. Co.*, 2022 WL 3452469, *4 (11th Cir. Aug. 18, 2022) (internal quotation marks and citation omitted). Each question pertinent to direct knowledge as to any alleged instance of trafficking or CSAM is inherently class member-specific. Do the materials depict someone obviously underage? Did the person posting the materials use titles or tags that signify potential CSAM? Did comments suggest the materials depicted someone

7

underage? Did MindGeek receive reports about the materials from users, law enforcement, or the class members themselves? What did MindGeek know about the individuals who posted the materials? *See* Order at 39–41 (factors constituting "circumstantial evidence" of "Defendants' knowledge regarding Plaintiff's underage status particularly"). These class member-specific questions predominate over issues common to the Class, precluding continued class certification. *See Rivera v. Servis One, Inc.*, 2019 WL 1034071, *7 (M.D. Fla. Jan. 24, 2019), *report and recommendation adopted*, 2019 WL 1034220 (M.D. Fla. Mar. 4, 2019); *McCamis v. Servis One, Inc.*, 2017 WL 589251, *3 (M.D. Fla. Feb. 14, 2017); *Echevarria v. Expedia, Inc.*, 2024 WL 3429106, *9 (S.D. Fla. July 16, 2024).

### 2. The need for individualized fact finding cannot be avoided by certifying a limited issue class to try only the issue of general knowledge.

Rule 23(c)(4) provides that, "[w]hen appropriate, an action may be brought or maintained as a class action with respect to particular issues." However, doing so is unconstitutional where it violates the Seventh Amendment prohibition against reexamination of the issues tried by a jury. To the extent that Defendants' generalized knowledge is common to the Class (which, as discussed below, it is not), it would be unconstitutional to conduct a jury trial on that question alone because it would allow separate juries to reexamine facts relevant to Defendants' knowledge when adjudicating a class member's individual claims.

Under the Seventh Amendment, "no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII. A trial court may not certify a class to try only those issues that are common to the entire class if doing so would violate the Seventh Amendment prohibition on reexamination of facts relevant to a claim. *Matter of Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1302–03 (7th Cir. 1995) (Posner, J.).

8

When severing or bifurcating issues to be tried separately "the district judge must carve at the joint." *Id.* at 1302. "[T]he judge must not divide issues between separate trials in such a way that the same issue is reexamined by different juries" because "the right to a jury trial in federal civil cases, conferred by the Seventh Amendment, is a right to have juriable issues determined by the first jury impaneled to hear them (provided there are no errors warranting a new trial), and not reexamined by another finder of fact." *Id.* at 1303. Accordingly, "separation of issues is not the usual course that should be followed, and [] the issue to be tried must be so distinct and separable from the others that a trial of it alone may be had without injustice." *Alabama v. Blue Bird Body Co.*, 573 F.2d 309, 318 (5th Cir. 1978)[5] (court could not bifurcate antitrust liability and damages because "fact of injury," an element of antitrust liability, could be reexamined by a jury trying damages).

A limited issue class to try only general knowledge would violate the injunction to "carve at the joint," disregarding the Court's own holding that knowledge must be based on the totality of the circumstances and, instead, cleaving that inquiry into separate pieces. *See Fisher v. CIBA Specialty Chem. Corp.*, 238 F.R.D. 273, 316 (S.D. Ala. 2006) (denying bifurcation because doing so "would artificially split hopelessly intertwined factual issues that are not severable"). The Fifth Circuit notably rejected a similar attempt to artificially bifurcate inquiry on a single issue in *Castano v. American Tobacco Co.*, 84 F.3d 734 (5th Cir. 1996). There, the court held that the defendant's negligence could not be tried on a class-wide basis separately from individual trials as to class members' comparative negligence because both inquiries required overlapping examination of defendants' conduct. *Id.* at 751. "[I]n apportioning fault, the second jury could reevaluate the defendant's fault," and therefore "impermissibly reconsider[] the findings of a first

---

[5] Opinions of the Fifth Circuit issued prior to October 1, 1981 are precedential in this Court. *See Bonner v. City of Prichard,* 661 F.2d 1206, 1209–11 (11th Cir. 1981) (en banc).

jury." *Id.*

Severing general knowledge from direct knowledge would present the same obstacles as in *Castano*. Determining Defendants' specific knowledge about any class member inevitably involves inquiry into the general knowledge, practices, and processes in effect when materials were posted. Policies and practices related to age verification, content downloads, content moderation, and CSAM reporting, all deemed germane to general knowledge, *see* Order at 37–39, would overlap with and inform the adjudication of direct evidence, such as verification of the ages of persons depicted in a particular video, evaluation of specific titles and tags, and responses to specific content removal requests, *see id*. at 37–42, 50–51. Allowing a second jury to reexamine these intertwined facts is precisely what the Seventh Amendment forbids. *See Rink v. Cheminova, Inc.*, 203 F.R.D. 648, 672 (M.D. Fla. 2001).

In addition to being unconstitutional, a general knowledge limited issue class also fails to satisfy the Rule 23(b)(3) predominance requirement. Plaintiff's theory of general knowledge is that MindGeek's alleged lack of rigor in its moderation process and trust and safety environment establishes deliberate ignorance as to Plaintiff's minority. *See* Order at 37–39. However, as the Order makes clear, Defendants' practices as to moderation, detection, removal, and reporting of CSAM evolved and changed over time. *See, e.g.*, Order at 6–9, 12–13. The totality of the circumstances for any class member turns on the practices and procedures in effect when materials were posted. Thus, the general knowledge inquiry is as individualized as the direct knowledge inquiry, precluding limited issue certification. *Klay v. Humana, Inc.*, 382 F.3d 1241, 1264 (11th Cir. 2004).

10

**III.     The Rule 23(b)(2) Class must be decertified because individualized proof required to establish knowledge precludes any showing that Defendants acted or refused to act on grounds that apply generally to the Class.**

A Rule 23(b)(2) class for injunctive relief may be certified only where "the party opposing the class has acted or refused to act on grounds that apply generally to the class. . . ." The general applicability requirement is not satisfied where proof of claims turns on conduct that is not generally applicable to the class. *Nichols v. Mobile Cnty. Bd. of Realtors*, 1980 WL 1975, *8 (S.D. Ala. May 16, 1980) (Rule 23(b)(2) class was not proper in case where the plaintiff theorized that MLS kept commissions high, but the effect on class members was indirect, requiring individualized proof of actions of intermediary actors); *Dale v. Hahn*, 440 F.2d 633, 640 (2d Cir. 1971) (injunctive class could not be certified where class members may have experienced different treatment).

Obtaining a permanent injunction, as Plaintiff requests, requires success on the merits. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004); *Warranty Corp. v. Hans*, 2000 WL 284261, *1–2 (S.D. Ala. Mar. 9, 2000). Each class member's entitlement to permanent injunctive relief requires establishing his or her success on the merits. For the reasons set out above, that can only be done through evidence specific to that class member. Because entitlement to relief is not amenable to common proof, the general applicability requirement of Rule 23(b)(2) is not satisfied.

Finally, even if the injunctive relief Class did not fail to satisfy Rule 23(b)(2), bifurcation of class members' claims for injunctive relief from the money damages claims of a decertified Rule 23(b)(3) class would yield its own Seventh Amendment violation by permitting different juries to reexamine the merits of each class member's claims in both phases. *See Reid v. Lockheed Martin Aeronautics Co.*, 205 F.R.D. 655, 686–87 (N.D. Ga. Aug. 2, 2001) (under Seventh Amendment, the need to address the merits to resolve request for injunctive relief precluded

11

severing damages claim to be tried separately on the merits). Because the class for injunctive relief fails the general applicability requirement and, if tried separately from damages claims, would improperly sever the merits determination in violation of the Seventh Amendment, the Rule 23(b)(2) Class must also be decertified.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court decertify the money damages Class under Rule 23(b)(3) and the injunctive relief Class under Rule 23(b)(2).


Dated: January 15, 2025    */s/ Kevin M. McGinty*
　　　　　　　　　　　　　　Kevin M. McGinty
　　　　　　　　　　　　　　*Pro hac vice approved*
　　　　　　　　　　　　　　Massachusetts Bar 556780
　　　　　　　　　　　　　　MINTZ, LEVIN, COHN, FERRIS,
　　　　　　　　　　　　　　 GLOVSKY and POPEO, P.C.
　　　　　　　　　　　　　　One Financial Center
　　　　　　　　　　　　　　Boston, Massachusetts 02111
　　　　　　　　　　　　　　Tel. (617) 348-1688
　　　　　　　　　　　　　　Fax. (617) 542-2241
　　　　　　　　　　　　　　Email KMMcginty@mintz.com

　　　　　　　　　　　　　　OF COUNSEL:

Dated: January 15, 2025    */s/ Sara M. Turner*
　　　　　　　　　　　　　　Sara M. Turner (ASB-4388-R58T)
　　　　　　　　　　　　　　**BAKER, DONELSON,**
　　　　　　　　　　　　　　**BEARMAN, CALDWELL &**
　　　　　　　　　　　　　　**BERKOWITZ, P.C.**
　　　　　　　　　　　　　　1901 Sixth Avenue North
　　　　　　　　　　　　　　Suite 2600
　　　　　　　　　　　　　　Birmingham, Alabama 35203
　　　　　　　　　　　　　　Tel: (205) 328-0480
　　　　　　　　　　　　　　Fax: (205) 322-8007
　　　　　　　　　　　　　　smturner@bakerdonelson.com


　　　　　　　　　　　　　　*Counsel for MG Freesites Ltd, MG Freesites II, Ltd, MindGeek S.à r.l., MindGeek USA Incorporated, MG CY Holdings Ltd, MindGeek*

*Content RT Limited, 9219-1568 Quebec Inc., and MG Billing Limited*

13

**CERTIFICATE OF SERVICE**

    I certify that on this day, January 15, 2025, this document was filed conventionally with the Clerk of the United States District Court for the Northern District of Alabama and will be served electronically by the Defendants to all participants of record.

                                      */s/ Sara M. Turner*
                                      Sara M. Turner