# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| JANE DOE #1 on behalf of herself and all others similarly situated, ) ) ) Plaintiff, ) ) vs. ) ) ) MG FREESITES, LTD, d/b/a ) "PORNHUB"; MG FREESITES II, LTD; ) MINDGEEK S.A.R.L.; MINDGEEK USA ) INCORPORATED; MG CY HOLDINGS ) LTD; MINDGEEK CONTENT RT ) LIMITED; 9219-1568 QUEBEC INC., ) d/b/a MINDGEEK; and MG BILLING ) LTD, ) ) Defendants. ) ) ) | Civil Action No.<br><br>7:21-CV-00220-RDP<br><br>**OPPOSED** |

## **DEFENDANTS' MOTION FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL**

COME NOW Defendants MG Freesites Ltd, MG Freesites II, Ltd, MindGeek S.à r.l., MindGeek USA Incorporated, MG CY Holdings Ltd, MG Content RT Limited, 9219-1568 Quebec Inc., and MG Billing Limited (collectively, "Defendants") pursuant to 28 U.S.C. § 1292(b), and move this Court to grant Defendants leave to appeal this Court's (Coogler, J.) order denying their Motion for Summary Judgment (the "Order"), Dkt. Nos. 261 & 262. Pursuant to the requirements of this Court's Uniform Initial Order, Dkt. No. 9 at 9, counsel for the Defendants have conferred with Plaintiff's counsel regarding the subject matter of this motion. Plaintiff has indicated that this motion is opposed in its entirety.

As grounds for this Motion, Defendants state there are two issues concerning the application of 47 U.S.C. § 230(c)(1) to Counts I and II of the First Amended Complaint (the

"FAC"), Dkt. No. 22, that involve controlling questions of law as to which there is substantial ground for difference of opinion, namely

> 1.  Whether the immunity conferred by Section 230(c)(1) is unavailable to an interactive computer service that exercises editorial judgments about compiling third-party speech simply because such activity also qualifies as "expressive" conduct protected by the First Amendment; and
>
> 2.  Whether the immunity conferred by Section 230(c)(1) is unavailable to an interactive computer service that allegedly distributed "child sexual abuse material" (CSAM) provided to it by a third person, on the grounds that, as such material is "contraband," it does not qualify as "information" within the meaning of the statute.

In support of this Motion, Defendants respectfully state as follows:

1.  Count I of the FAC alleges that the posting of the videos and images on MindGeek's website constituted participation in an illegal sex trafficking venture in violation of 18 U.S.C. §§ 1591 and 1595. Count II of the FAC alleges that the posting of the content also constituted receipt and distribution of child pornography (also referred to as child sexual abuse material, or "CSAM") in violation of 18 U.S.C. §§ 2252 and 2252A.[1]

2.  The Court denied Defendants' motion for summary judgment on the TVPRA claim, rejecting Defendants' dispositive defense that they were entitled to Section 230(c)(1) immunity, relying entirely on a decision by the Third Circuit, *Anderson v. TikTok Inc.*, 116 F.4th 180 (3d Cir. 2024). *See* Order at 27-30. In *Anderson*, the Third Circuit misapplies *Moody v. NetChoice, LLC*, 603 U.S. 707 (2024), a constitutional case that did not implicate Section 230(c)(1), and ignored a wealth of decisional law holding that Section 230(c)(1) immunity attaches to the "exercise of a publisher's traditional editorial functions . . . ." *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997). Defendants submit that the rationale articulated by the Third Circuit and adopted by this Court in the Order is untenable because it threatens to disrupt decades of case law and to

---

[1] Sections 1591 and 1595 are part of the Trafficking Victims Protection Reauthorization Act ("TVPRA"). Defendants will refer to Count I as "the TVPRA Claim" and they will refer to Count II as "the CSAM Claim."

radically shrink the scope of Section 230(c)(1) immunity. Thus, there is substantial ground for difference of opinion on this issue.

3. With respect to the CSAM Claim, the Court held that Section 230(c)(1) immunity was unavailable, drawing a distinction between (i) "information," which is immunized by the CDA, *see* 47 U.S.C. § 230(c)(1) (precluding treatment of an interactive computer service as the publisher of "any information" provided by a third party) and (ii) "contraband," which the Court excluded from the scope of Section 230(c)(1). Order at 35. CSAM, the Court ruled, is "itself a violent crime, a record of that crime, and contraband—not information." *Id.* The Court cited no authority for the distinction it made between "contraband" and "information." Defendants contend that in their ordinary senses, "information" and "contraband" do not denote mutually exclusive categories; "information," moreover, *does* encompass the sorts of sounds and images imparted by a video recording. Further, the existence of substantial grounds for a difference of opinion on this issue is demonstrated by the fact that a difference of opinion actually *exists* among the courts that have considered it. Three federal courts, including the Ninth Circuit, have reached a contrary conclusion, holding that Section 230(c)(1) can—and, in the cases before them, did—immunize a defendant against claims under Section 2255 for possession and distribution of CSAM. *See, e.g.*, *Doe #1 v. Twitter, Inc.*, 2023 WL 3220912, *2 (9th Cir. May 3, 2023).

4. An interlocutory appeal will materially advance the termination of this lawsuit because there are only two claims and both will be dismissed, ending the litigation, if the Eleventh Circuit determines that Section 230(c)(1) applies here. Interlocutory resolution of these controlling issues is especially warranted here because Section 230(c)(1) confers an immunity to suit that will effectively be lost if Defendants are required to try the case before obtaining appellate review. *See Jones v. Dirty World Entertainment Recordings LLC*, 755 F.3d 398, 417 & n.4 (6th Cir. 2014).

In support of this Motion, Defendants rely on the memorandum of law submitted with this Motion.

WHEREFORE, for all of the above-stated reasons, Defendants respectfully request that the Court allow this Motion, granting the following relief:

(1) Grant Defendants leave to appeal the Court's Order dated December 19, 2024 denying their Motion for Summary Judgment;

(2) Certify this Court's Order dated December 19, 2024, for interlocutory appeal pursuant to 28 U.S.C. § 1292(b); and

(3) Grant such other and further relief as the Court deems just and appropriate.

A proposed order granting the relief requested is submitted herewith.

Dated: January 15, 2025

/s/ Kevin M. McGinty
Kevin M. McGinty
*Pro hac vice approved*
Massachusetts Bar 556780
MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY and POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
Tel. (617) 348-1688
Fax. (617) 542-2241
Email KMMcginty@mintz.com

OF COUNSEL:

Dated: January 15, 2025

/s/ Sara M. Turner
Sara M. Turner (ASB-4388-R58T)
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
1901 Sixth Avenue North
Suite 2600
Birmingham, Alabama 35203
Tel: (205) 328-0480
Fax: (205) 322-8007
smturner@bakerdonelson.com

*Counsel for MG Freesites Ltd, MG Freesites II, Ltd, MindGeek S.à r.l., MindGeek USA*

4

*Incorporated, MG CY Holdings Ltd, MindGeek Content RT Limited, 9219-1568 Quebec Inc., and MG Billing Limited*

## **CERTIFICATE OF SERVICE**

    I certify that on this day, January 15, 2025, this document was filed conventionally with the Clerk of the United States District Court for the Northern District of Alabama and will be served electronically by the Defendants to all participants of record.

                                        */s/ Sara M. Turner*
                                        Sara M. Turner