FILED
2025 Mar-31  PM 03:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit B

THE IMPACT FUND
Jocelyn D. Larkin (SBN: 110817)
Robert Schug (SBN: 249640)
125 University Avenue, Suite 102
Berkeley, CA 94710
Telephone: (510) 845-3473
Facsimile: (510) 845-3654
jlarkin@impactfund.org

DAVIS, COWELL & BOWE, LLP
Steve Stemerman (SBN: 067690)
Elizabeth A. Lawrence (SBN: 111781)
595 Market Street, #1400
San Francisco, CA 94105
Telephone: (415) 597-7200
Facsimile: (415) 597-7201
eal@dcbsf.com

LEWIS, FEINBERG, LEE,
RENAKER & JACKSON, P.C.
Bill Lann Lee (SBN: 108452)
Lindsay Nako (SBN: 239090)
476 9th Street
Oakland, CA 94607
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
blee@lewisfeinberg.com

ALTSHULER BERZON LLP
James M. Finberg (SBN: 114850)
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
jfinberg@altshulerberzon.com

LIEFF, CABRASER, HEIMANN
& BERNSTEIN, LLP
Kelly Dermody (SBN: 171716)
Daniel Hutchinson (SBN: 239458)
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
kdermody@lchb.com

Attorneys for Plaintiffs and Certified Classes

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHIRLEY "RAE" ELLIS, et al.,

Plaintiffs,

v.

COSTCO WHOLESALE CORPORATION

Defendant.

Case No. C04-3341 EMC

Assigned to: Hon. Edward M. Chen

**[PROPOSED] ORDER GRANTING MOTION FOR (1) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; (2) APPROVAL OF CLASS NOTICE AND NOTICE PLAN; AND (3) SETTING OF SCHEDULE FOR FINAL APPROVAL**

Hearing Date:     February 6, 2014
Hearing Time:     1:30 PM
Courtroom:        5 (17th Floor)

1    Having reviewed Plaintiffs' Motion for (1) Preliminary Approval of Class Action

2    Settlement, (2) Approval of Class Action Notice Plan, and (3) Setting of Schedule for Final

3    Approval; the Memorandum of Points and Authorities in support thereof; the Declarations of

4    Jocelyn D. Larkin, Shirley "Rae" Ellis, Elaine Sasaki, and Leah Horstman; the proposed

5    Settlement Agreement and Amended Settlement Agreement; the proposed Notice and Amended

6    Notice; the parties' Stipulation Regarding Amended Settlement Agreement; the parties' Joint

7    Supplemental Brief in Response to January 22, 2014 Order and Regarding Contingent

8    Distribution of Excess Funds; Plaintiffs' Supplemental Application for Service Awards to Class

9    Representatives; and the arguments of counsel, along with the files and records of this case, the

10   Court now FINDS, CONCLUDES, and ORDERS as follows:

11

12                        **PRELIMINARY APPROVAL OF SETTLEMENT**

13    The Court has reviewed the terms of the proposed Amended Settlement Agreement and

14   the parties' Stipulation Regarding Amended Settlement Agreement (together, the "Amended

15   Settlement Agreement"), attached as Exhibit 1, including specifically the programmatic relief

16   and monetary relief provisions.  The Court has also reviewed the Motion papers and the

17   declaration of Jocelyn D. Larkin, which describe Class Counsel's legal and factual investigation,

18   and the settlement process.  Based on review of those papers, and the Court's familiarity with

19   this case, the Court concludes that the settlement and Settlement Agreement are the result of

20   extensive, arms' length negotiations between the parties after Class Counsel investigated the

21   claims and became familiar with the strengths and weaknesses of Plaintiffs' case.  The Court

22   finds that the settlement process was non-collusive.  Based on the Court's review of the papers

23   submitted in support of preliminary approval, and the Court's familiarity with the issues in the

24   case, the Court concludes that the proposed Settlement Agreement has no obvious defects and is

25   within the range of possible settlement approval such that notice to the Class is appropriate.

26    It is therefore ORDERED:

27    That the Amended Settlement Agreement and the settlement it embodies are hereby

28   PRELIMINARILY APPROVED.  Final approval and entry of the Amended Settlement

Agreement is subject to the hearing of any objections of members of the classes to the proposed Agreement.

## **APPROVAL OF THE FORM AND MANNER OF DISTRIBUTING NOTICE**

Plaintiffs have also submitted for this Court's approval a proposed form of Class Notice, which the Court has carefully reviewed, and the parties have amended pursuant to the Court's Order of January 22, 2014 and the Court's suggestion at the February 6, 2014 hearing.  The Court finds and concludes as follows:

1.    The proposed Notice allows class members a full and fair opportunity to consider the proposed Amended Settlement Agreement, fees and costs application, and proposed service payments.  The proposed plan for distributing the Notice, which is attached to the proposed Amended Settlement Agreement, is a reasonable method to inform class members of the terms of the settlement, the application for attorneys' fees and costs, and proposed service payments, and of class members' opportunity to comment on, or object to, these motions.  Under the proposed settlement agreement, a respected claims administrator will mail a notice packet to class members by First Class U.S. Mail.  The administrator will take reasonable steps to determine the most recent address of each class member.

2.    The Notice fairly, plainly, accurately, and reasonably informs Class Members of, among other things: (1) the nature of the action; (2) the identities of class counsel; (3) the terms and provisions of the proposed settlement; (4) the relief to which the members of each class will be entitled, including detailed summaries of the programmatic relief and claims process; (5) the process by which class members may make a claim for monetary relief if the settlement is approved; (6) how administrative costs, attorneys' fees, and potential service payments will be handled; (7) the procedures and deadlines for submitting objections, and/or requests for exclusion; and (8) the date, time, and place of the final approval hearing.

3.    The Court FINDS and CONCLUDES that the proposed plan for distributing the Notice satisfies the notice requirements of Rule 23, and satisfies all other legal and due process requirements.

4.    Accordingly, it is therefore ORDERED:

[PROPOSED] ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL
Case No. C04-3341 EMC

1         a.     The form of the Notice is approved.

2         b.     The manner of distributing Notice is approved.

3         c.     The Notice shall be distributed as set forth in the proposed Settlement

Agreement within 14 days of the date of this Order.

## PROCEDURES FOR FINAL SETTLEMENT APPROVAL

**1.    Fairness Hearing**

The Court will hold a hearing to determine whether to grant final approval of the Settlement Agreement, to hear the application for attorneys' fees and costs, and to hear the motion for service payments to the Class Representatives (the "Fairness Hearing") on May 22, 2014 at 1:30 PM.

**2.    Deadline for Objections and Exclusions**

Any objection to the Settlement, application for attorneys' fees and costs, or proposed service payments must be postmarked no later than 60 days from the date that the Claims Administrator finishes the first mailing of the Notice to the Class Members. Class Counsel will record all objections and comments with the Court prior to the Fairness Hearing.

**3.    Deadline for Filing Motion for Final Settlement Approval**

No later than 35 days before the Fairness Hearing, Plaintiffs shall file a motion for final approval of the settlement.

**4.    Deadline for Briefs Responding to Objections**

On or before one week before the Fairness Hearing, the Parties may file briefs responding to any filed objections to the Settlement Agreement, application for attorneys' fees and costs, or motion for service payments.

IT IS SO ORDERED.

Dated:  2/12/14

EDWA[RD]
United S[tates]

APPROVED

Judge Edward M. Chen

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

[PROPOSED] ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL
Case No. C04-3341 EMC

# EXHIBIT 1

COUNSEL LISTED ON NEXT PAGE

<br>

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHIRLEY "RAE" ELLIS, et al., | ) | Case No. C04 3341 EMC |
| Plaintiffs, | ) ) | **AMENDED CLASS ACTION SETTLEMENT AGREEMENT** |
| v. | ) ) | |
| COSTCO WHOLESALE CORPORATION | ) ) | |
| Defendant. | ) ) | |
| | ) | |

THE IMPACT FUND
Jocelyn D. Larkin (SBN 110817)
Robert Schug (SBN 249640)
125 University Avenue, Suite 102
Berkeley, CA 94710
Telephone: (510) 845-3473
Facsimile: (510) 845-3654
jlarkin@impactfund.org

LEWIS, FEINBERG, LEE,
RENAKER & JACKSON, P.C.
Bill Lann Lee (SBN 108452)
Lindsay Nako (SBN 239090)
476 9th Street
Oakland, CA 94607
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
blee@lewisfeinberg.com

LIEFF, CABRASER, HEIMANN
& BERNSTEIN, LLP
Kelly Dermody (SBN 171716)
Daniel Hutchinson (SBN 239458)
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
kdermody@lchb.com

DAVIS, COWELL & BOWE, LLP
Steve Stemerman (SBN 067690)
Elizabeth A. Lawrence (SBN 111781)
595 Market Street, #1400
San Francisco, CA 94105
Telephone: (415) 597-7200
Facsimile: (415) 597-7201
eal@dcbsf.com

ALTSHULER BERZON LLP
James M. Finberg (SBN 114850)
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
jfinberg@altshulerberzon.com

Attorneys for Plaintiffs and Certified Classes

SEYFARTH SHAW LLP
Kenwood C. Youmans (SBN 68258)
David D. Kadue (SBN 113578)
2029 Century Park East, Suite 3500
Los Angeles, California 90067-2901
Telephone: (310) 201-5211
Facsimile: (310) 201-5219
dkadue@seyfarth.com

SEYFARTH SHAW LLP
Gerald L. Maatman (admitted pro hac vice)
Annette Tyman (admitted pro hac vice)
131 South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 460-5965
Facsimile: (312) 460-7965
gmaatman@seyfarth.com

SEYFARTH SHAW LLP
Thomas J. Wybenga (admitted pro hac vice)
c/o Costco Wholesale Corporation
999 Lake Drive
Issaquah, WA 98027-5367
Telephone: (425) 313-6794
Facsimile: (425) 313-6922
twybenga@seyfarth.com

SEYFARTH SHAW LLP
David B. Ross (admitted pro hac vice)
620 8th Avenue
32nd Floor
New York, New York 10018
(212) 218-5500
dross@seyfarth.com

Attorneys for Defendant Costco Wholesale
Corporation

Table of Contents

Page

1.   Background and Recitals ............................................................................... 1

2.   Definitions ...................................................................................................... 2

3.   Settlement Fund ............................................................................................ 6

4.   Programmatic Terms .................................................................................... 7

5.   Monetary Claims Process .......................................................................... 12

6.   Release of Claims by Class Members ...................................................... 21

7.   Class Administration ................................................................................. 21

8.   Procedure for Court Approval and Class Notice .................................... 23

9.   Costco's Right to Rescind .......................................................................... 24

10.  Relief for the Named Plaintiffs ................................................................ 24

11.  Attorneys' Fees and Costs ........................................................................ 24

12.  Publicity ...................................................................................................... 25

13.  Compliance Procedure .............................................................................. 25

14.  Retention of Jurisdiction .......................................................................... 27

15.  Miscellaneous Provisions .......................................................................... 27

AMENDED CLASS ACTION SETTLEMENT AGREEMENT

1. **Background and Recitals**

    1.1    This Class Action Settlement Agreement—between (i) Costco Wholesale Corporation and (ii) Class Representatives Rae Ellis, Leah Horstman, and Elaine Sasaki—is intended to settle, subject to Court approval, the above-captioned class action, *Ellis v. Costco Wholesale Corp.*, Civ. No. C-04-3341 EMC (N.D. Cal.), through two principal means:

        1.1.1    implementation of certain programmatic terms, described in Section 4, and

        1.1.2    implementation of a claims process to address monetary claims, described in Section 5.

    1.2    The Parties have entered into this Class Action Settlement Agreement with reference to the following facts.

        1.2.1    This action was filed in the United States District Court for the Northern District of California, in August 2004. The Fourth Amended Complaint asserts claims on behalf of two classes of employees, alleging that Costco has maintained a promotion system that discriminated against women in making promotions to Assistant General Manager and General Manager in U.S. warehouses.

        1.2.2    Costco has answered the complaint, denying its material allegations while presenting various defenses. Costco disputes all claims alleged and does not by this Agreement admit any liability or wrongdoing whatsoever.

        1.2.3    The United States District Court Judge, the Honorable Edward Chen, issued an order on September 25, 2012, certifying the following two classes:

            1.2.3.1    Injunctive Relief Class: "All women who are currently employed or who will be employed at any Costco warehouse in the U.S. who have been or will be subject to Costco's system for promotion to Assistant General Manager or General Manager."

            1.2.3.2    Monetary Relief Class: "All women who have been employed at any Costco warehouse store in the U.S. since January 3, 2002 who have been subject to Costco's system for promotion to Assistant General Manager or General Manager positions."

        1.2.4    The Parties have engaged in substantial discovery, including dozens of deposition sessions and production of hundreds of thousands of pages of documents.

        1.2.5    The Parties jointly retained a neutral mediator, Mark S. Rudy, and engaged in multiple in-person and telephone mediation sessions over several months. Mr. Rudy has extensive experience in mediating complex employment discrimination and class action cases. The Parties submitted to the Court in camera on October 14, 2013, a memorandum of understanding setting forth the principal terms that were a product of that

negotiation. This Class Action Settlement Agreement supersedes that memorandum.

1.3     No court has made any finding of liability.

2.     Definitions

The following terms in this Class Action Settlement Agreement, including any Exhibits and Notices, shall have the meanings assigned to them below.

2.1     "Action"

"Action" refers to *Ellis v. Costco Wholesale Corp.*, Civ. No. C-04-3341 EMC (N.D. Cal.).

2.2     "Administrative Costs"

"Administrative Costs" means the fees and costs incurred for activities traditionally undertaken by a class administrator, including the mailing, tracing and re-mailing of the Notice of Class Settlement; the receiving and reporting of Opt-Outs and Objections; the receiving and reporting of Claim-related Forms; the calculating of Claim Awards; and tax reporting and payment of required tax withholding out of settlement proceeds.

2.3     "AGM" and "GM"

"GM" refers to a General Manager, also known as a Warehouse Manager, of a Costco warehouse in the United States; "AGM" refers to an Assistant General Manager, also known as an Assistant Manager, of a Costco warehouse in the United States.

2.4     "Award"

"Award" refers to an arbitral award issued pursuant to Section 5, to the effect that a Claimant either has or has not been discriminated against because of her gender in a promotion to AGM or GM.

2.5     "Award Amount"

"Award Amount" refers to the amount of the economic damages to which a Claimant is provisionally entitled as the result of winning an Award. An Award Amount is subject to potential upward or downward adjustment as described in Sections 5.12 and 5.13.

2.6     "Claim"

"Claim" refers to a Claim perfected pursuant to Section 5.

2.7     "Claimant"

"Claimant" refers to a Settlement Class Member who has timely elected to participate in the Monetary Claims Process described in Section 5.

2.8     "Claim Form"

"Claim Form" refers to the form by which a Settlement Class Member initiates a Claim in the Monetary Claims Process described in Section 5.

AMENDED CLASS ACTION SETTLEMENT

### 2.9    "Claim Form Submission Deadline"

"Claim Form Submission Deadline" refers to the deadline (sixty (60) days after the date of Final Approval) by which a Claim must be submitted to the Class Administrator.

### 2.10    "Claim Settlement"

"Claim Settlement" refers to money an individual Claimant has been promised to resolve a Claim initiated under Section 5.

### 2.11    "Class" and "Class Member"

"Class" means the Monetary Relief Class (as referred to in Section 1.2.3.2): "All women who have been employed at any Costco warehouse store in the U.S. since January 3, 2002 who have been subject to Costco's system for promotion to Assistant General Manager or General Manager positions," minus those who opted out in response to the Initial Class Notice. The Parties agree that these are the individuals who, at any time since January 3, 2002, have held, in a U.S. warehouse, either an AGM position or a Senior Staff position. These individuals will be identified through use of the Lawson job codes in Costco's databases (job code 2001 for the AGM position, and job codes 2002-2005, 2027, 3002-3005, and 3027 for the various Senior Staff positions).

### 2.12    "Class Administrator"

"Class Administrator" refers to Settlement Services, Inc., a subsidiary of Garden City Group.

### 2.13    "Class Counsel"

"Class Counsel" refers to the following firms and organizations: Impact Fund; Lieff, Cabraser, Heimann & Bernstein, LLP; Lewis, Feinberg, Lee, Renaker & Jackson, P.C.; Davis, Cowell & Bowe, LLP; Altshuler Berzon LLP.

### 2.14    "Class Period"

"Class Period" refers to the time from January 3, 2002, to the date of Preliminary Approval.

### 2.15    "Class Representatives" or "Named Plaintiffs"

The terms "Class Representatives" and "Named Plaintiffs" refers to the three Plaintiffs acting in their capacity as class representatives.

### 2.16    "Court"

"Court" refers to the United States District Court for the Northern District of California.

### 2.17    "Defendant" or "Costco"

The terms "Defendant" and "Costco" both refer to the Defendant, Costco Wholesale Corporation.

AMENDED CLASS ACTION SETTLEMENT

2.18    "Effective Date"

The "Effective Date" of this Agreement shall mean the first day following the last of the following:

> 2.18.1  If no objections to the Settlement Agreement are pending as of the Final Approval, then the date of the Court's Final Approval of this Settlement Agreement.

> 2.18.2  If objections are pending as of the Final Approval, but no appeal or other judicial review eventuates, then thirty (30) days following the Final Approval.

> 2.18.3  If an appeal is filed and Final Approval is affirmed, then the date on which no further judicial appellate review is possible.

2.19    "Gross Settlement Fund"

The "Gross Settlement Fund" is the $8,000,000 fund described in Section 3.

2.20    "Final Approval"

"Final Approval" means the entry of a Court order granting final approval of this Agreement, following a fairness hearing.

2.21    "Good Faith"

The duty of good faith requires a party to be active and constructive in maintaining a productive relationship, to be responsive and communicative, to engage in thoughtful and measured evaluation of proposals with an open mind, taking Costco's business needs and the terms of this Agreement into account, and to reach accord absent a genuine reason not to do so. Good faith does not require parties to set aside their own interests, or to come to an agreement.

2.22    "GM" and "AGM"

"GM" refers to a General Manager, also known as a Warehouse Manager, of a Costco warehouse in the United States. "AGM" refers to an Assistant General Manager, also known as an Assistant Manager, of a Costco warehouse in the United States.

2.23    "Implementation Date"

The "Implementation Date" is the date on which Costco, under Section 4, implements any selection criteria and assessment tools, initiates its AGM posting program, or activates its Registration of Interest program, whichever is later.

2.24    "Independent Consultant"

The Independent Consultant will be DCI Consulting Group.

2.25    "Initial Class Notice"

The term "Initial Class Notice" refers to the Court-approved notice that went to approximately 1,258 individuals in December 2012.

2.26    "Monetary Claims Process"

"Monetary Claims Process" includes the adjudication of Claims submitted under Section 5, and concludes with the award that an arbitrator makes on the last pending Claim.

2.27    "Net Settlement Fund"

The "Net Settlement Fund" is the Gross Settlement Fund minus any Administrative Costs, and minus any Service Payments awarded to the Named Plaintiffs by the Court under Section 10.4.

2.28    "Notice of Class Action Settlement"

The "Notice of Class Action Settlement" (copied as Exhibit 1) is the notice, approved by the Court, that the Class Members will be sent within ten (10) days of the Preliminary Approval of the Class Action Settlement Agreement.

2.29    "Notice Packet"

The "Notice Packet" consists of the Notice of Class Action Settlement and the Opt Out Form, and will be mailed to each Class Member who has not already opted out.

2.30    "Objection Deadline"

"Objection Deadline" is the date by which a Class Member must submit an objection to the proposed Settlement. The Objection Deadline is 60 days after the Class Administrator mails the Notice of Class Action Settlement.

2.31    "Opt Out Form"

The "Opt Out Form" is the form, copied as Exhibit 2, that a Class Member must complete to exclude herself from the Settlement Class.

2.32    "Opt Outs"

An "Opt Out" is a person who has validly requested exclusion from the Class in response to the Initial Class Notice or the Notice of Class Action Settlement identifying the opportunity to opt out.

2.33    "Opt Out Deadline"

"Opt Out Deadline" is the date by which a Class Member must act to exercise the right to opt out of the Settlement Class. The Opt Out Deadline is 60 days after the Class Administrator mails the Notice of Class Action Settlement.

2.34    "The Parties"

The term "the Parties" refers collectively to the Plaintiffs and Costco.

2.35    "Plaintiffs" or "Named Plaintiffs"

The terms "Plaintiffs" or "Named Plaintiffs" means the three named Plaintiffs: Rae Ellis, Leah Horstman, Elaine Sasaki.

AMENDED CLASS ACTION SETTLEMENT

2.36 "Preliminary Approval"

"Preliminary Approval" means the entry of a Court order granting preliminary approval of this Agreement, reflecting the Court's conclusion that the terms of this Agreement appear sufficiently fair to the Class to warrant issuance of Notice of Class Action Settlement, giving Class Members an opportunity to object or opt out, and providing for a fairness hearing to consider Final Approval.

2.37 "RSUs"

"RSUs" means restricted stock units.

2.38 "Senior Staff Manager" or "Senior Staff"

The terms "Senior Staff Manager" and "Senior Staff" refer to U.S. warehouse managers holding the title of Front End Manager, Administration Manager, Receiving Manager, or Merchandise Manager.

2.39 "Service Payments"

"Service Payments" means the award by the Court, if any, to the Class Representatives for service provided to the Class in the course of the litigation as provided in Section 10.4.

2.40 "Settlement Class"

The "Settlement Class" means all Settlement Class Members as defined herein.

2.41 "Settlement Class Member"

A "Settlement Class Member" is any Class Member who has not timely opted out from the Class pursuant to either the Initial Class Notice or to the Notice of Class Action Settlement.

3. Settlement Fund

3.1 Costco will pay a gross settlement of $8 million on a non-reversionary basis, which will include any interest awarded as part of a Claimant's economic damages. This sum of money shall be known as the Gross Settlement Fund.

3.2 Costco will make an initial deposit, sufficient to cover anticipated costs of administration and any Service Payments approved by the Court, within ten (10) days of Final Approval of the Class Action Settlement Agreement. Costco will, unless otherwise agreed by the Parties, deposit the balance of the $8 million upon the entry of the final award made during the Monetary Claims Process.

3.3 The Net Settlement Fund will be the Gross Settlement Fund minus Administrative Costs, and minus any Service Payments awarded to the named plaintiffs by the Court under Section 10.4.

3.4 Described below is the process for determining which class members, if any, are entitled to share in the Net Settlement Fund, and in what amounts, if any.

3.5    Any funds not awarded to Class Members who prevail in the Monetary Claims Process will be used as follows: (i) the first $100,000, or fraction thereof, will be used to pay the Independent Consultant to the extent that Independent Consultant fees exceed $100,000; (ii) any remainder will be donated to Network of Executive Women, Consumer Products/Retail ("NEW"), (www.newoline.org), to fund scholarships or otherwise assist women pursuing leadership roles in retail management. Within thirty (30) days of any determination that there are funds available to distribute to NEW, the Parties will confer as to whether the funds should go entirely to scholarship recipients or to other NEW-related recipients as well. Those other recipients may include female Costco employees or programs whose interests reasonably approximate those of the Class Members, and conform to the legal principles guiding *cy pres* distributions.

3.6    The Net Settlement Fund shall not be used to pay attorneys' fees and costs, or fees and costs for arbitrators, or the Named Plaintiffs' claims brought in court pursuant to Section 10.2.

4.    Programmatic Terms

    4.1    Independent Consultant

        4.1.1    <u>Selection</u> – The Parties have selected DCI Consulting Group as the Independent Consultant who will have the responsibilities listed below. Dr. Michael Aamodt and Dr. Eric Dunleavy of that firm, Industrial Organizational Psychologists (IOPs) who have experience conducting professional job analyses and developing selection criteria for management-level positions, will lead and supervise this engagement and make assignments to other DCI staff as they require.

        4.1.2    <u>Responsibilities</u> – The Independent Consultant will work with Costco to conduct job analyses, to evaluate promotion processes, and to develop selection criteria and assessment tools as further described below.

        4.1.3    <u>Communication with the Independent Consultant</u> – Costco, its counsel, and Class Counsel will be free to communicate with the Independent Consultant concerning any aspect of the work conducted in connection with this Agreement.

        4.1.4    <u>Compensation of the Independent Consultant</u> – Costco will pay all fees and expenses of the Independent Consultant, except to the extent provided in Section 3.5.

    4.2    Job Analyses and Selection Criteria

        4.2.1    <u>Job Analyses</u> – The Independent Consultant will work with Costco's subject matter experts to prepare Job Analyses for the positions of Assistant General Manager ("AGM") and General Manager ("GM") in U.S. warehouses. The Job Analyses will identify the knowledge, skills, abilities, experiences, and competencies associated with AGMs and GMs whom Costco deems successful in those positions. The Parties anticipate that preparation of Job Analyses will entail structured interviews of Costco's subject-matter experts, review of relevant Costco personnel practices, and observations of a sample of AGMs and GMs at work.

4.2.2 The Independent Consultant will provide the completed Job Analyses to the Parties. Absent a good-faith concern, Costco will accept the Job Analyses. If Class Counsel dispute Costco's good faith in raising a concern, then the Parties and the Independent Consultant will confer in an effort to resolve the issues that prompted Costco's stated concerns.

4.2.3 Costco will make available to its U.S. warehouse management staff revised job descriptions reflecting any accepted Job Analyses.

4.2.4 <u>Development of Proposed Selection Criteria</u> – The Independent Consultant will use the Job Analyses that Costco has accepted to develop proposed Selection Criteria and tools for their assessment, which may include modifications to the AGM selection process, if necessary, and suggestions for Costco to consider in connection with the GM selection process.

4.2.5 The proposed Selection Criteria will be developed based on the Independent Consultant's professional judgment. To the extent that Costco adopts Selection Criteria, they will be in writing, non-discriminatory, and job-related.

4.2.6 To the extent that the proposed Selection Criteria take into account performance evaluations, "Ready Now" ratings, or other similar evaluative tools, then these tools will also incorporate non-discriminatory, job-related selection criteria.

4.2.7 If the proposed Selection Criteria take into account an employee's merchandising experience, then women will have the same opportunity for merchandising training and experience that are available to similarly situated male employees. Costco may use performance evaluation forms to document merchandising opportunities offered to, accepted by, and declined by employees.

4.2.8 If the proposed Selection Criteria take into account an employee's willingness to relocate, then Costco will apply any relocation criteria in a non-discriminatory, job-related manner.

4.2.9 <u>AGM Selection Criteria and Assessment Tools</u> – Costco will, absent a good-faith concern, implement any Selection Criteria and Assessment Tools that the Independent Consultant proposes for promotions into AGM positions. Costco will incorporate implemented proposals, where and as appropriate, into the job descriptions, performance evaluations, and promotion process for AGM.

4.2.10 <u>Consideration of Proposed GM Selection Criteria and Assessment Tools</u> – Costco will, in good faith, consider for implementation any proposed Selection Criteria and Assessment Tools for GM promotions. This Agreement requires Costco to consider suggested changes in the GM selection process, in good faith, but does not require Costco to make any such changes.

4.2.11 Counsel for the Parties will jointly meet with the Independent Consultant to resolve any good-faith concern Costco may have about proposed Selection Criteria or Assessment Tools.

AMENDED CLASS ACTION SETTLEMENT

4.2.12 The Independent Consultant, in cooperation with Costco, may pilot or otherwise test the adopted Selection Criteria and Assessment Tools for the AGM position.

4.2.13 <u>Post-Implementation Assessment</u> – The Independent Consultant will work with Costco to evaluate job-relatedness of the Selection Criteria and Assessment Tools and decide whether to propose modifications to them. Costco, in exercising good faith, may accept or reject a proposal. If Class Counsel dispute Costco's good faith in rejecting a proposal, then counsel for the Parties will confer with the Independent Consultant in an effort to resolve any issue that prompted Costco's stated concern.

4.2.14 Costco may, particularly in light of the significance and complexity of the jobs at issue, and the need to fill them efficiently, exercise a right to deny, in good faith, proposals or work product presented by the Independent Consultant, subject to the dispute resolution process described in Section 13.9,

4.2.15 Class Counsel may initiate the dispute resolution procedure (in Section 13.9) if, after conferring with Costco and the Independent Consultant, Class Counsel contend that Costco's rejection of a proposal is not in good faith.

4.3    Posting and Registration of Interest

4.3.1    Posting of AGM Positions in U.S. warehouses

4.3.1.1    Absent compelling business reasons for using a shorter posting period, Costco will post each AGM opening it intends to fill with a promotion no fewer than ten days before filling it. Each job posting will contain the location of the opening, job description, selection criteria, and the designated minimum qualifications for that opening.

4.3.1.2    An open AGM position that Costco intends to fill with a promotion will be posted within a district or other objectively defined area, to be broad enough to encompass at least ten warehouses or a 50-mile radius. The posting will be available to be viewed by all U.S. warehouse Senior Staff managers (i.e., each Front End Manager, Administration Manager, Receiving Manager, and Merchandise Manager) within that area, whether or not they meet the minimum qualifications for the position.

4.3.1.3    Costco will provide a mechanism for an employee who meets the posted minimum qualifications to apply for the posted AGM position. Costco will audit U.S. warehouses for compliance with the job posting policy, including the retention of documents recording the names of qualified candidates who apply for each AGM opening.

4.3.1.4    Each qualified employee who exercised the right to apply for a posted AGM opening in a particular warehouse will be informed of the identity of any individual who is selected for that opening.

4.3.1.5 Costco will, within 90 days after adopting AGM Selection Criteria and Assessment Tools, implement the AGM posting system.

4.3.2 Registration of Interest for GM Positions:

4.3.2.1 Costco will implement a system that allows AGMs to directly register interest in GM positions that may become available at any U.S. warehouse location. An AGM can register this interest twice per year: (1) in connection with each annual performance review, and (2) six months thereafter. Registration will be accomplished by the AGM providing his or her personal email address in that connection. Each registration of interest will expire after one year unless renewed. Costco will act in good faith to put the registration system into electronic form by the Implementation Date.

4.3.2.2 Costco, in filling a GM position by promoting an AGM, will review the list of AGMs deemed qualified for promotion who have registered interest in that position. Costco will notify registered AGMs of the identity of individuals selected for those positions. Notice of these identities will not be required if Costco already is publicizing those individuals to all current AGMs through other means.

4.3.3 Merchandising Class

4.3.3.1 Within one year of the Effective Date, Costco will offer a merchandising training class for Senior Staff managers who have not obtained merchandising experience in their current or prior positions.

4.3.3.2 Completion of training is not intended as a substitute for experience in a merchandise manager position, or as a mandatory requisite for further promotions. Rather, it is intended to be an introduction to merchandising and will be used by Costco to encourage employees to pursue the merchandising management experience relevant to promotion to AGM and GM.

4.4 Promotion Process

4.4.1 Costco will use any Selection Criteria and Assessment Tools that it has adopted through the procedures described above.

4.4.2 Costco ordinarily will conduct personal or telephonic interviews with all applicants who meet the posted minimum qualifications for an open AGM position.

4.4.3 If more than five candidates for an AGM opening meet the minimum posted qualifications, then Costco may limit the number of interviews to five based upon non-discriminatory criteria. The criteria used to limit the interview pool will be communicated to eligible applicants who were not interviewed.

AMENDED CLASS ACTION SETTLEMENT

4.4.4 Costco will maintain records of every AGM promotion, including the identities of qualified applicants (those who met posted minimum qualifications), the identities of the applicants interviewed, the identities of decision-makers, the identities of candidates who received offers, the identity of the candidate who received the position, and the reason for the selection.

4.4.5 Costco will maintain information about Selection Criteria and Assessment Tools on its intranet, accessible to warehouse management employees.

4.5 Training

4.5.1 Within a reasonable time of implementation, Costco will train managers responsible for AGM and GM selections regarding the AGM job posting system and the GM registration of interest system.

4.5.2 Within a reasonable time of implementation, Costco will train managers responsible for AGM and GM selections regarding any Selection Criteria and Assessment Tools that it has adopted through the procedures described above.

4.6 Communication On Posting, Registration of Interest, Selection Criteria, and Assessment Tools

4.6.1 Within a reasonable time of implementation, Costco will inform U.S. Senior Staff managers and AGMs about the AGM job posting system and the GM registration of interest system.

4.6.2 Within a reasonable time of implementation, Costco will inform U.S. Senior Staff managers and AGMs about any Selection Criteria and Assessment Tools that it has adopted through the procedures described above.

4.7 Recordkeeping

4.7.1 Costco will maintain records necessary to monitor its compliance with the terms of this Agreement.

4.8 General Non-Discrimination Provisions

4.8.1 As stated in Costco's policies, sex discrimination with respect to promotion into AGM or GM positions is prohibited.

4.9 Costco's Retained Discretion

4.9.1 Except insofar as the terms of this Agreement may specify otherwise, nothing in this Agreement shall limit Costco's exercise of its managerial discretion to select, transfer, promote, compensate, discipline, or dismiss any employee, including any Class Member, in accordance with law.

4.10 Duration

AMENDED CLASS ACTION SETTLEMENT

4.10.1 The programmatic terms described in this Section 4 will take effect on the Effective Date and will remain in effect for two years after the Implementation Date.

5. Monetary Claims Process

    5.1 Arbitrators

        5.1.1 Qualifications – The arbitrators will be experienced in employment discrimination disputes. The arbitrators selected must have a reputation such that they are generally acceptable according to a consensus of the plaintiffs' bar and the defense bar.

        5.1.2 Selection – The Parties will attempt to agree upon persons to act as arbitrators for all Claims. If the Parties are unable to agree, then the Parties will submit separate proposals to Mark Rudy, and he will appoint the arbitrators.

        5.1.3 Replacement – In the event that an arbitrator becomes unavailable to fulfill her or his duties, the Parties will meet and confer in an attempt to agree on a replacement. If the Parties are unable to agree, then the Parties will submit separate proposals to Mark Rudy, and he will appoint the arbitrator.

        5.1.4 Number of Arbitrators – Once the type and number of Claims is determined, the Parties will attempt to agree upon the number of persons to act as arbitrators for all Claims. No arbitrator will be selected to hear more than five Claims, absent agreement of the Parties. If the Parties cannot agree, then they will submit separate proposals to Mark Rudy, and he will determine the number.

        5.1.5 Removal – Any arbitrator may be removed by agreement of the Parties, or by petition from either party to Mark Rudy. He will grant the petition only upon a showing of good cause. If the arbitrator is removed, then the Parties will confer on a replacement. If the Parties cannot agree, then they will submit separate proposals to Mark Rudy, who will appoint the arbitrator.

        5.1.6 Unavailability of Mark Rudy – If Mark Rudy is unavailable to perform any of the tasks noted above or the process set forth in Section 5.5.7, then Hunter Hughes will serve instead.

        5.1.7 Compensation for Arbitrators – Costco will pay arbitrators' fees and costs except the Parties will pay whatever fees are incurred by Mark Rudy or Hunter Hughes to resolve the selection of arbitrators. An arbitrator's fee will be a flat fee in the amount of $10,000 for a Claim by Written Submission and $25,000 for a Claim by Formal Arbitration.

        5.1.8 Limitation of Authority – The arbitrator shall decide only whether the Claimant was discriminated against, on the basis of her gender, with respect to a promotion to AGM or GM. The arbitrator has no authority to issue injunctive relief or determine the amount of damages.

    5.2 Making Claims

AMENDED CLASS ACTION SETTLEMENT

5.2.1 The Monetary Claims Process will include two Claim formats: Claim by Written Submission and Claim by Formal Arbitration. A Class Member can elect to file her Claim in one format only. Claims must be submitted by the Claim Form Submission Deadline. A Claimant may win one Claim only, and if she has multiple Claims she can assert them in the order she chooses.

5.2.2 Choice of law – The law to apply will be Title VII of the Civil Rights Act of 1964, as amended.

5.2.3 By the Effective Date, the Parties will agree on a list of the AGM and GM promotions within the Class Period, including the warehouse number, location, the date of promotion, the position, and the person selected.

5.2.4 As to any Claim, Costco will, 30 days before any deadline applying to the Parties' submission of papers or deposition, whichever is earlier, pertaining to the particular promotion in question, produce personnel files for the Claimant and the person selected, and any document explaining the reasons for that promotion.

5.2.5 Process for Filing a Claim

    5.2.5.1 Any Class Member intending to file a Claim must file the Claim by the Claim Form Submission Deadline.

    5.2.5.2 The Claim, to be valid, must identify, for each promotion challenged, the warehouse, the position (AGM or GM), the approximate date of the promotion, and the name of the man promoted.

    5.2.5.3 The Claim Form shall identify which promotions the Claimant challenges, in the order of the Claimant's preference.

    5.2.5.4 If multiple Claimants challenge the same promotion, then the priorities established in Section 5.4 will apply.

5.3 Number of Challenges – Each Class Member may challenge at least one promotion. A Class Member may make a second challenge provided that she, immediately before the date of the challenged promotion, had at least five years of continuous experience in the relevant feeder position or comparable Costco position or big box retail management position. A Class Member may make a third challenge if she was, immediately before the date of the challenged promotion, continuously employed in a feeder position or comparable Costco position or big box retail management position for ten years at any time since April 1999.

5.4 Overlapping Challenges – A Claimant's number of months of experience in the relevant feeder position breaks any tie, to avoid multiple challenges to the same promotion. Nonetheless, if the result of this tie-breaking provision is that a Claimant is left with no promotion to challenge, then she is entitled to challenge one other promotion not otherwise challenged.

5.5 Remedies Available in Monetary Claims Process

5.5.1 The remedies available to Claimants will be limited to economic damages only, resulting from a denial of promotion found to be the result of unlawful gender discrimination. Otherwise stated, the remedies available do not include compensatory damages, punitive damages, or instatement.

5.5.2 Economic damages will be measured by a formula addressing the difference in salary, bonus, and stock-grant value, plus interest. Claimants shall not be entitled to awards of RSUs or shares of stock, as distinct from the cash value of such units or shares.

5.5.3 Unless the Parties agree otherwise under Section 5.5.7, for the purpose of computing the value of RSUs or stock, the rules and practices applicable to grants to GMs and AGMs during the class period should be followed, including without limitation rules and practices relating to grants, vesting, tax withholding, and forfeiture.

5.5.4 To determine interest, the Class Administrator will apply non-compounded annual simple interest at a rate of 3% for the years 2002-2006 and 1% for the years 2007 forward.

5.5.5 Damages end as of the date of the arbitrator's award for a current employee, and as of the date of termination of employment for a former employee.

5.5.6 Evidence of damages will be resolved through stipulations without requiring expert foundation. Costco and Claimant's counsel will confer to stipulate, soon after a Claim is submitted, to the amount of the Award that should issue if the arbitrator finds for the Claimant. That stipulation will include, for tax purposes, an allocation of the amounts between wages and interest.

5.5.7 By the Effective Date, the Parties will agree on an economic damages formula to achieve the purposes of this Section 5.5. If the Parties cannot agree, then they will mediate the matter with Mark Rudy. If they still cannot agree, then Mark Rudy will resolve the matter by choosing to select either the final formula proposed by Plaintiffs or the final formula proposed by Costco.

5.6 Claimant's Right to Legal Representation for Monetary Claims Process

5.6.1 In making a Monetary Claim, a Claimant may choose to be represented by Class Counsel, who will seek no compensation from her for either legal fees or expenses, whether she wins or loses her claim.

5.6.2 A Claimant is entitled to be represented by counsel other than Class Counsel, under whatever terms she may negotiate with that counsel. But Costco would not be liable for fees and costs for that lawyer's work, except as provided in either Section 5.10.6 or Section 5.11.12.

5.6.3 If a Claimant chooses to be represented by counsel other than Class Counsel, that counsel will be given access to the same information and documents obtained by Class Counsel through discovery.

5.6.4 Class Counsel may decline representation of a Claimant where accepting representation would be inconsistent with Class Counsel's professional responsibilities.

5.7 Burdens of Proof in Monetary Claims Process

5.7.1 The Claimant has the burden to prove by a preponderance of the evidence that she was interested in and qualified for each promotion that she challenges. For promotions into AGM, a Claimant may make a showing that she was denied, because of her gender, the opportunity to rotate into the merchandise manager position, which prevented her from being qualified at the time of the promotion.

5.7.2 If the Claimant meets her burden, then Costco will have the burden to prove by a preponderance of the evidence that gender was not a motivating factor in her non-selection for the promotion in question.

5.8 Page limitations

5.8.1 For briefs and position statements subject to page limitations, the arbitrator will enforce the page limitations (as to margins, font sizes, line spacing, etc.) by referring to the local rules of the United States District Court for the Northern District of California.

5.9 Context Information Briefs

5.9.1 The Parties will submit to the arbitrators simultaneous Context Information Briefs (up to 30 pages) to describe the relevant policies and practices and any claimed context of the decision-making that either side wishes to advance. Each side will have 30 days to submit a 15-page response brief. The Parties may attach supporting materials, including documents, statistical analyses, deposition testimony, and expert testimony and reports.

5.9.2 Each Party has another 30 days to submit a reply brief, of ten (10) pages, limited to the scope of any data or documents not previously produced in the litigation that was the subject of the other Party's response brief.

5.9.3 The Parties shall negotiate in good faith on deadlines for the filing of Context Information Briefs.

5.9.4 Each arbitrator has the discretion to decide what weight, if any, the Context Information deserves. The same Context Information Briefs and accompanying materials will be submitted for each Claim proceeding.

5.10 Claim by Written Submission

5.10.1 Claims by Written Submission may be confidential or non-confidential. The confidential option is available only to current employees.

5.10.2 Save for Section 5.9, documentary evidence will be limited to the Claimant's personnel file, the contested male's personnel file, and other documents that the arbitrator finds relevant to the Claimant's or the selectee's promotability to the contested position.

5.10.3 Each Claimant may present a position statement and supporting materials. Statements of fact by the Claimant will be made under penalty of perjury. Costco may submit a statement in opposition, and supporting materials. Statements of fact by Costco will be made under penalty of perjury. The Claimant may file a reply limited to the scope of the opposition and Costco may submit a sur-reply limited to the scope of the reply. Initial position statements shall not exceed twenty-five (25) pages and further statements shall not exceed fifteen (15) pages.

5.10.4 Non-Confidential Claim by Written Submission

    5.10.4.1 A Claimant prevailing on an AGM promotion Claim may receive a sum no greater than $150,000.

    5.10.4.2 A Claimant prevailing on a GM promotion may receive a sum no greater than $300,000.

5.10.5 Confidential Claim by Written Submission – Same as Non-Confidential Document Claims except:

    5.10.5.1 If a Claimant decides to proceed on a confidential basis for an AGM Claim, then her current AGM and current GM will not be advised of the class member's participation in the process.

    5.10.5.2 If a Claimant decides to proceed on a confidential basis for a GM Claim, then her current GM and current ROM will not be advised of the Claimant's participation in the process.

    5.10.5.3 The arbitrator shall lift confidentiality if Costco demonstrates that (a) the Claimant has alleged a specific incident as to a relevant AGM, GM, or ROM to support her Claim, or (b) the relevant AGM, GM, or ROM is the Costco employee best qualified to explain the reasons for the promotion at issue.

        5.10.5.3.1 If the arbitrator lifts confidentiality because of an allegation as to a specific incident, then the Claimant will have the choice of (i) converting her confidential Claim to a non-confidential Claim, (ii) deciding to challenge another promotion without making the allegation, or (iii) proceeding with the current, confidential Claim without making the allegation.

        5.10.5.3.2 If the arbitrator lifts confidentiality because the relevant AGM, GM, or ROM is the Costco employee best qualified to explain the reasons for the promotion at issue, then the Claimant will have the choice of (i) converting her confidential Claim to a non-confidential Claim, or (ii) deciding to challenge another promotion.

5.10.5.4  If a Claimant, in addressing the need to show her qualification for an AGM promotion, alleges (as per 5.7.1) that she was denied the opportunity to rotate into the position of merchandise manager because of her gender, then Costco may put the Claimant to the choice of (i) converting her confidential Claim to a non-confidential Claim, (ii) deciding to challenge another promotion without making the allegation, or (iii) proceeding with the current, confidential Claim without making the allegation.

5.10.5.5  For Claims submitted on a confidential basis, a class member challenging an AGM promotion may receive a sum no greater than $25,000.

5.10.5.6  For Claims submitted on a confidential basis, a class member challenging a GM promotion may receive a sum no greater than $50,000.

5.10.6  Fees and Costs for Prevailing Claims by Written Submission – Class members who prevail on Claims by Written Submission are entitled to seek, from Judge Edward Chen at the conclusion of the Monetary Claims Process, an award of attorneys' fees not to exceed $10,000 costs not to exceed $1,000 per successful Claimant, to be paid by Costco. The total attorney's fee award for Claims by Written Submission will not exceed $750,000.  Class Counsel and Costco may informally resolve the fee award without the necessity of a fee motion.

5.10.7  The arbitrator will, within thirty (30) days of receiving the Parties' written submissions, issue a written decision not to exceed three pages. The decision of the arbitrator is final and not subject to appeal.

5.11  Claim by Formal Arbitration

5.11.1  The arbitration hearing will be limited to two consecutive days of not more than 16 hours, and 8 hours for each side.

5.11.1.1  The arbitrator will keep track of the time that each side consumes, through presenting argument or interrogating or otherwise.

5.11.1.2  All witnesses shall be duly sworn and subject to cross-examination.

5.11.2  The Parties may file ten-page pre-arbitration briefs, beyond the standard Context Information brief, with supporting materials. At a reasonable time before the hearing, the parties must exchange lists of individuals they expect to call as witnesses, saving only rebuttal witnesses. Save for Section 5.9, documentary evidence will be limited to the class member's personnel file, the contested male's personnel file, and other documents that the arbitrator finds relevant to the Claimant's or the selectee's promotability to the contested position.

5.11.3  Each side can take one deposition, not to exceed four hours. Costco can take a deposition of the Claimant and the Claimant can take a deposition

of any individual Costco identifies as the most knowledgeable about the reasons for the promotion decision in question.

5.11.4 Unless otherwise agreed by the Parties, venue of the arbitration will be at a location closest to the site of the challenged promotion in each of the following cities: Seattle, San Francisco, Los Angeles, Chicago, Houston, Atlanta, Washington D.C., New York, and Boston. However, unless otherwise agreed by the Parties, Claimants who bring Claims implicating different geographical regions will have their Claims heard by different arbitrators in the respective locations.

5.11.5 The arbitrator will have authority to issue trial subpoenas, but not discovery subpoenas, except a deposition subpoena per Section 5.11.3 upon a showing of good cause. The subpoena power will be limited, with respect to current Costco employees, to (1) the person selected for the challenged promotion, (2) the decision-maker(s) identified by Costco or established through discovery, (3) other persons that the Parties agree have material information concerning the promotion at issue, and (4) upon a showing of good cause, one additional current Costco employee whom the Claimant demonstrates has knowledge that bears directly on her promotability as to the promotion at issue. For purposes of determining good cause, it is the intent of the Parties not to unduly limit relevant testimony but rather to ensure that Costco managers and executives are not subpoenaed for any unnecessary or abusive purpose.

5.11.6 The Federal Rules of Evidence will govern, except the arbitrator has the discretion to admit reliable hearsay and waive foundational requirements. The parties will endeavor to resolve all issues concerning the admissibility and authenticity of documents, other than rebuttal documents, in advance of the arbitration.

5.11.7 The arbitration hearing will proceed without being transcribed. There will be no post-hearing brief. Each side can make a closing argument, within the time limits set out in Section 5.11.1.

5.11.8 The arbitrator will issue a written decision not to exceed three pages within ten (10) business days of the arbitration.

5.11.9 The decision of the arbitrator is final and not subject to appeal.

5.11.10 A Claimant prevailing on an AGM promotion Claim by Formal Arbitration may receive a sum no greater than $250,000.

5.11.11 A Claimant prevailing on a General Manager promotion Claim by Formal Arbitration may receive a sum no greater than $600,000.

5.11.12 Attorneys' Fees and Costs For Prevailing Claims in Formal Arbitration – Claimants who prevail on Claims by Formal Arbitration are entitled to seek an award of reasonable attorneys' fees and costs, to be paid by Costco, from Judge Edward Chen at the conclusion of the Monetary Claims Process. Class Counsel and Costco may informally resolve the fee award without the necessity of a fee motion.

5.12    Aggregate Award Amounts And Settlements Exceeding Net Settlement Fund – To the extent that the total Award Amounts or Settlements exceed the Net Settlement Fund, they will be reduced pro rata.

5.13    Total Award Amounts And Claim Settlements Amounting to Less than Net Settlement Fund

    5.13.1  Claim Settlements. Costco and any Claimant may, in lieu of awaiting an Award, agree to settle a Claim. The amount of a Claim Settlement is not subject to an enhancement as per Section 5.13.2 or otherwise. A Claim Settlement will be paid from the Net Settlement Fund, and is subject to a potential pro rata reduction per Section 5.12. This provision does not apply to any settlement of a claim brought pursuant to Section 10.2.

    5.13.2  Enhancement of Awards Up to Second Cap – If Award Amounts in the aggregate do not reach the amount of the Net Settlement Fund, then individual Award Amounts will be increased as follows. Each Claimant with economic damages greater than the applicable individual cap will receive the full amount of those damages up to the first caps, plus an additional amount of her economic damages, up to the following Second Caps: for confidential written Claims, $12,500 AGM and $25,000 GM; for non-confidential written Claims, $100,000 AGM and $200,000 GM; and for formal arbitration, $175,000 AGM and $300,000 GM. If, as a result of crediting these additional amounts the aggregate of Award Amounts would exceed the Net Settlement Fund, then the additional Award Amounts would be reduced pro rata to ensure that the Award Amounts in the aggregate equal the net settlement fund.

    5.13.3  Distribution of Excess After Application of Second Cap – See Section 3.5.

5.14    Confidentiality of Monetary Claims Process Outcomes

    5.14.1  All outcomes in the Monetary Claims Process will be confidential, and may not, absent court order, be used in any subsequent proceeding.

    5.14.2  Should the Court require either party to submit information about the Monetary Claims Process outcomes, the Parties shall jointly seek the Court's permission to file the information under seal.

    5.14.3  Confidentiality of Awards

        5.14.3.1  The "Notice of Class Action Settlement" will inform Class Members that the Awards and Award Amounts are confidential.

        5.14.3.2  Upon filing a Claim, a Claimant will execute a specific confidentiality agreement. Witnesses presented by either side will execute a similar agreement before or during the arbitration proceeding. The Claimant will execute a further confidentiality agreement if the Claim is resolved in her favor.

        5.14.3.3  The confidentiality agreements will advise the Claimant or the witness of the legal consequences resulting from any breach of

confidentiality as to whether the arbitrator ruled for Costco or for the Claimant, as described below.

5.14.3.4  Costco may not sue for a breach of confidentiality unless it receives, from the arbitrator who decided the Claimant's Claim, a certificate that Costco has good cause to believe that the Claimant has breached the confidentiality agreement.

5.14.3.5  If, after receiving the certification from the arbitrator, Costco proves in a court in the Claimant's home jurisdiction by clear and convincing evidence that the Claimant breached the confidentiality agreement, then she will be liable for liquidated damages in the amount of 20% of the Award Amount. If Costco does not prevail, then Costco will pay the Claimant's reasonable attorneys' fees and costs.

5.14.3.6  The Claimant may not sue for a breach of confidentiality unless she receives, from the arbitrator who decided her Claim, a certificate that she has good cause to believe that Costco has breached the confidentiality agreement.

5.14.3.7  If, after receiving the certification from the arbitrator, the Claimant proves in a court in the Claimant's home jurisdiction by clear and convincing evidence that Costco breached the confidentiality agreement, then Costco will be liable for liquidated damages in the amount of 20% of the Award Amount or, in the event that the Award was in favor of Costco, $25,000. If the Claimant does not prevail, then the Claimant will pay Costco's reasonable attorneys' fees and costs.

5.14.3.8  Nothing in this provision restricts any Party from seeking appropriate injunctive relief for breach of confidentiality.

5.14.3.9  Nothing in this provision prohibits a Party to disclose Awards and Award Amounts (a) to persons for whom such information is necessary to effectuate the provisions of the Agreement (and who shall be advised of its confidentiality and agree to this provision), (b) to those employees and outside professional advisors (e.g., accountants, lawyers, tax advisors) who need to be aware of this Agreement or its terms in the ordinary course of business to perform their duties and to properly advise the parties, (c) to the extent such disclosure is required for enforcement of this Agreement, (d) as required by federal or state law or other applicable laws or rules, including, for example, compliance with legally authorized discovery procedures or the notice requirements of securities laws, (e) to Costco's corporate affiliates, and (f) the Claimant's immediate family members (who shall be advised of confidentiality and agree to this provision).

5.15  Statute of Limitations

Any Claim challenging a promotion to AGM or GM is time-barred if the promotion was filled prior to January 3, 2002.

AMENDED CLASS ACTION SETTLEMENT

6.   Release of Claims by Class Members

6.1   The settlement, upon the Effective Date, will release all Claims for systemic injunctive relief for the Claims alleged in the case on behalf of the Injunctive Relief Class.

6.2   Class Members who submit Claims through the Monetary Claims Process shall, as of the date of their Claims, thereby release any Claim for failure to promote to AGM or GM not pursued through that process.

6.3   Each Member of the Monetary Relief Class who does not Opt Out and who does not submit a timely Claim will, by operation of the law and this Agreement, release, as of the Claim Form Submission Deadline, any claim that Costco, on the basis of her gender, denied her promotion to AGM or GM at any time since January 3, 2002.

6.4   Upon Final Approval, a judgment shall be entered dismissing, with prejudice, all claims of Class Members for denial of promotion to AGM or GM.

6.5   The Court will retain jurisdiction to enforce the Parties' rights and obligations under this Agreement. See Section 14.

7.   Class Administration

7.1   The Class Administrator will discharge all duties customarily required of a class administrator, including, without limitation, mailing notices and calculating any required payments.

7.2   Within ten (10) days of the Effective Date, the Class Administrator will establish a Qualified Settlement Fund for the administration of any payments to be made under this Agreement. The Class Administrator will consult with the Parties regarding the methods for funding and distributing any payments.

7.3   The expenses of the Class Administrator shall be borne by the Gross Settlement Fund.

7.4   Within twenty-one (21) days of the complete funding of the Gross Settlement Fund (see Section 3.2), the Class Administrator will calculate the amount owing, if any, to each Claimant. The Claims Administrator will provide Class Counsel and Costco with a proposed distribution schedule, which each side will approve or propose any corrections to within five (5) business days. The Claims Administrator will then generate and mail checks to Claimants.  Check distribution shall be accomplished by a first-class mailing to the last known address of record.

7.5   All checks shall expire one hundred-twenty (120) calendar days after initial issuance by the Class Administrator.

7.6   Class Notice Claims and Opt-Out Processes

7.6.1   The Class Administrator shall administer the notice program.

7.6.2   Costco will, within seven (7) days of Preliminary Approval, give the Class Administrator the names, social security numbers, and last-known postal

addresses of all Class Members. Class Counsel will provide any updated addresses to the Class Administrator. The Class Administrator may take reasonable steps to determine the most recent address of each Class Member.

7.6.3    The Class Administrator will mail the Notice Packet to Class Members by post-marked First Class U.S. Mail within seven (7) calendar days of receiving Costco's list of the names and addresses.

7.6.4    The Notice Packet will include the Notice of Class Action Settlement and the Opt-Out Form. The Parties will, prior to Final Approval, agree to the content of Claims Form, using the same resolution process as provided in Section 5.5.7.

7.6.5    The Notice of Class Action Settlement shall be substantially in the form attached hereto as Exhibit 1.

7.6.6    Opt Outs. The Opt-Out Form shall be substantially in the form copied as Exhibit 2. Class Members will have sixty (60) days from the date of the mailing of the Notice Packet in which to postmark their notice of opting out (the "Opt-Out Deadline"). Any Class Member who does not timely request exclusion shall be bound by the terms of this Agreement.

> 7.6.6.1    To the extent permitted by rules of professional responsibility, Class Counsel shall not solicit representation of Opt Outs in order to sue Costco.

> 7.6.6.2    The Parties will not encourage or attempt to influence any Class Member to opt out or to object to the settlement. Nothing in this provision will limit the ability of Class Counsel to provide legal advice to Class Members, upon their request, about their options under the Settlement Agreement and the Notice of Class Action Settlement.

> 7.6.6.3    Nothing herein inhibits in any way the ability of Class Counsel or other counsel to represent Settlement Class Members who wish to prosecute Claims under Section 5.

7.6.7    Objectors. Class Members shall have sixty (60) days from the date of mailing of the Notice Packet in which to postmark their notice of objection to the Settlement. Any Class Member who does not timely serve an objection by the Objection Deadline shall be deemed to have waived any objection thereto. Any Class Member filing a written Objection has the right to appear at the Fairness Hearing in person or through her own legal representative. She or her representative must notify the Class Administrator of her intention to appear and present her objection at least ten (10) days prior to the Fairness Hearing.

7.6.8    To provide the best notice practicable, any Notice Packet returned to the Class Administrator as non-delivered shall be sent by post-marked First Class U.S. Mail to any forwarding address provided on the returned letter, if any. If no forwarding address is provided for a Notice Packet that is returned as non-deliverable, within two (2) days of receipt of any undeliverable Notice Packet, the Class Administrator will search to locate

a current address and will then mail the Notice Packet to the current address. If no current address is located, then the Notice Packet for that individual will be deemed undeliverable.

7.6.9 The entire period for objecting to the Settlement and timely submitting Opt-Out forms shall not exceed sixty (60) days from the date that the Class Administrator finishes the first mailing of the Notice Packet to the Class.

7.6.10 The Class Administrator shall record postmark dates for the original mailing of the Notice Packet, the mailing of later Notice Packets following a reliable computer search method, and the Class Members who did not receive a Notice Packet for want of a valid address.

7.6.11 Costco is responsible, at its own expense, to give notices to the relevant government agencies as required by the Class Action Fairness Act (CAFA). Costco will cause the CAFA notice and exhibits to be mailed no later than 10 days after the Court has issued the Preliminary Approval Order.

7.6.12 Upon completion of administration, the Class Administrator shall provide written certification of such to counsel for the Parties.

7.6.13 Minimization of Administrative Costs. The Parties agree to make all reasonable efforts to minimize the costs of administering this Agreement.

7.6.14 All mailings to Class Members shall be by First Class U.S. Mail, with a postmark date on the envelope for each individual mailing.

7.7 Tax Treatment and Reporting Of Award Amount Payments

7.7.1 The Class Administrator shall pay to appropriate taxing authorities any applicable taxes that must be withheld for the Claimants, including employee FICA taxes.

7.7.2 The Class Administrator will ensure that payment of wages, subject to withholdings required by law, will be reported on IRS Form W2.

7.7.3 The Class Administrator will ensure that payments of Service Payments and interest, if any, will be reported appropriately on IRS Form 1099 or otherwise.

7.7.4 Settlement Class Members will be responsible for any individual taxes due on payments to them pursuant to this Agreement

7.7.5 Costco will be responsible for paying the employer's share of all applicable payroll taxes.

8. Procedure for Court Approval and Class Notice

8.1 Once this Agreement is fully executed, the Parties shall take all necessary steps to obtain preliminary approval. The Parties will confer on the form of the proposed order for preliminary approval. The Parties shall cooperate in Plaintiffs' filing of a

motion for preliminary approval as soon as practicable, in any event no later than December 17, 2013.

8.2     The proposed form of Preliminary Approval Order shall set a date for a hearing ("Fairness Hearing") of May 22, 2014, at which the Court will determine whether the proposed Settlement should be finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members; and whether a final judgment should be entered dismissing all Claims in the Action with prejudice, subject to Section 14.

8.3     If the Court does not approve this Agreement, then the Agreement will terminate and be of no effect, unless the Parties agree to modify this Agreement in a manner necessary to obtain Court approval.

9.      Costco's Right to Rescind

9.1     If ten or more Class Members opt out, or if the United States Equal Employment Opportunity Commission initiates any enforcement proceeding alleging gender discrimination in connection with promotions that are the subject of this Action, then Costco, at its option, may rescind the Settlement Agreement.

9.2     Costco may exercise its right to rescind at any time up to ten (10) days before the date of Final Approval.

10.     Relief for the Named Plaintiffs

10.1    The named plaintiffs (Ellis, Horstman, and Sasaki), may pursue rights in addition to those available to class members generally, by choosing to proceed under either 10.2 or 10.3 below.

10.2    A named plaintiff may choose to adjudicate her Claims asserted against Costco in this litigation by trial before Judge Edward Chen. Any back pay, damages, interest or attorneys' fees awarded on these Claims will not be taken out of the Gross Settlement Fund. All Parties reserve whatever rights to jury trial they have.

10.3    A named plaintiff may, in lieu of proceeding under Section 10.2 and seeking all the Claims asserted in the complaint, choose to submit only her promotion Claims through the Monetary Claims Process described herein. Any damages awarded on these Claims will be taken out of the Gross Settlement Fund.

10.4    In addition, the named plaintiffs may ask the district court to award to each of them a service payment of up to $10,000 to be paid from the Gross Settlement Fund. This service payment is not damages for discrimination, which Costco denies, but rather compensation for services that the named plaintiffs have rendered to the class.

11.     Attorneys' Fees and Costs

11.1    Costco has no obligation under this Agreement to pay for the attorneys' fees or costs of Plaintiffs or Class Members, except as expressly set forth in this Agreement, including Sections 5.10.6, 5.11.12, 10.2, or 11.2

11.2    Plaintiffs may, in connection with their motion for Preliminary Approval, apply for an award of reasonable attorneys' fees and costs for the litigation up to the

date of final approval of the Class Action Settlement, to be paid by Costco. Plaintiffs may also seek an award of reasonable attorneys' fees and costs for their anticipated services in monitoring and administrating the settlement, to be paid by Costco. Subject to any other order of the Court regarding timing of the motion, Class Counsel will submit a motion for an award of such fees and costs to the district court in conjunction with the motion for preliminary approval of the settlement.

11.3 No attorneys' fees or costs to Class Counsel can be awarded without approval of this Class Action Settlement Agreement. But approval of this Class Action Settlement Agreement is not conditioned on the award of attorneys' fees or costs to Class Counsel. Provisions of the Class Action Settlement Agreement for the award of attorneys' fees are severable from the remaining provisions.

11.4 Fees awarded pursuant to Section 11.2 shall be paid by Costco to Class Counsel within thirty (30) days of the day on which no timely appeal of the Final Approval is still possible. Fees awarded in an order pursuant to Sections 5.10.6, 5.11.12, or 10.2 shall be paid by Costco to Class Counsel within thirty (30) days of the day on which no timely appeal from that order is still possible.

12. **Publicity**

12.1 The Parties and their counsel will not initiate any comments to the media regarding the Agreement and will limit their comments to the media to the following effect: "We can confirm that the parties have submitted a proposed settlement agreement for the court's approval. Under the terms of their agreement, the parties have agreed not to share any details and to instead refer the media to the court papers on file."

12.2 Beyond the foregoing, nothing in this Agreement will be construed to limit Class Counsel in exercising whatever rights they may have to comment on the fact of their representation in this case or to refer to public information concerning the litigation.

13. **Compliance Procedure**

13.1 The Court will, upon the written request of any Party, appoint, pursuant to Federal Rule of Civil Procedure 53 ("Rule 53") a Compliance Special Master to provide oversight of the implementation by Costco of the terms in this Agreement.

13.2 Costco will submit, on each of two anniversaries of the Implementation Date, a report to Class Counsel. The report will include status information on the work of the Independent Consultant, and statistical information by gender of applicants for AGM positions, candidates interviewed for AGM positions, and employees selected for AGM and GM positions. In addition, Costco will provide information that it otherwise prepares in the normal course of business on attrition by gender from the AGM and GM positions.

13.3 Within thirty (30) calendar days of the submission of the report, Costco and Class Counsel will confer on whether Costco has exercised good faith in complying with its obligations under the terms of the Settlement Agreement. If the Parties disagree, then Class Counsel will submit to the Compliance Special Master, within fifteen (15) calendar days, a statement of position contending that Costco has failed to act in good faith with respect to complying with its obligations under

the Settlement Agreement. Costco may, within fifteen (15) days of receiving that statement of position, submit its response to the Compliance Special Master.

13.4 Within thirty (30) days of receiving the Parties' submissions, the Compliance Special Master will conclude in writing either that Costco has met its obligation to act in good faith under this Agreement, or inform the Parties of any aspect of non-compliance in that regard.

13.5 If Class Counsel fail to demonstrate to the Compliance Special Master that Costco has failed to act in good faith, then no further action is required at that time. Class Counsel may file objections to the Compliance Special Master's conclusion as described below.

13.6 If Class Counsel demonstrates to the Compliance Special Master that Costco has failed to act in good faith, then Costco will promptly bring itself into compliance. In the alternative, Costco may file objections to the Compliance Special Master's conclusion as described below.

13.7 Pursuant to Rule 53, the Parties may file objections to the Compliance Special Master's recommendation with the Court no later than twenty-one (21) days after a copy of the Compliance Special Master's recommendation is served.

13.8 The fees and costs of the Compliance Special Master will be paid by Costco.

13.9 Dispute Resolution

13.9.1 The Parties will work diligently and in good faith to resolve all disputes that may arise during the term of this Agreement concerning the rights, obligations and duties of the Parties to this Agreement.

13.9.2 If the Parties cannot resolve their dispute, then they will mediate the dispute within thirty (30) calendar days. Absent other agreement, Mark Rudy shall mediate the dispute. Costco will pay the costs of mediation.

13.9.3 If mediation is unsuccessful, then the Parties will, within seven (7) calendar days, submit a joint statement to the Compliance Special Master describing the Parties' dispute and each Party's position on how the dispute should be resolved. The Compliance Special Master will then, within fourteen (14) days of receipt of the Parties' submission, resolve the dispute in writing. If the Compliance Special Master determines that Costco has not acted in good faith with regard to Section 4 of this Agreement, then the Compliance Special Master may order Costco to come into compliance.

13.9.4 Pursuant to Rule 53, either party may file comments or objections to the Compliance Special Master's conclusion with the Court no later than twenty-one (21) days after a copy of the Compliance Special Master's conclusion is served.

13.9.5 Nothing in this Settlement Agreement authorizes any court or master to impose any change in Costco's GM selection process.

14.     Retention of Jurisdiction

14.1    The Court will retain jurisdiction of this matter after these claims are dismissed to enforce the terms of this Class Action Settlement Agreement.

15.     Miscellaneous Provisions

15.1    No Admissions

This Agreement shall not constitute an admission on behalf of Costco of any form of liability or the accuracy of any allegations against it.

15.2    No Third Party Rights

Nothing in this Agreement creates rights for any person other than the Parties. The right to enforce this Agreement is vested exclusively in the Parties. The Parties will cooperate with each other to resist any efforts by non-parties to enforce this Agreement.

15.3    No Retaliation

Costco agrees it will not retaliate against any Class Member because of participation in this Settlement, or because of receiving any award in connection with this Agreement, or otherwise because of being a Class Member in this Action.

15.4    Advice of Counsel

The Parties agree that this Agreement reflects a good-faith compromise of all Claims raised in this Action, based upon their assessment of the mutual risks and costs of further litigation and the assessments of their respective counsel.

15.5    Extensions of Time

Unless otherwise ordered by the Court, the Parties may jointly agree, in a writing executed by counsel for the Parties, to reasonable extensions of time to carry out any provisions of this Agreement.

15.6    Integration

This Agreement, including all exhibits, constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

15.7    Representative Capacity

Each person executing this Agreement in a representative capacity represents and warrants that he or she is empowered to do so.

15.8    Counterparts

This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Copies and facsimile transmission of signatures shall be considered the same as original signatures.

15.9    Cooperation of Parties

The Parties to this Agreement agree to prepare and execute all documents, to seek Court approvals, to defend Court approvals, and to do all things reasonably necessary to complete the Settlement described in this Agreement and to secure approval of the Settlement, including without limitation, seeking such relief from any stay of proceedings as may be warranted to secure approval of the Settlement through the trial court.

15.10    Notifications

15.10.1 All notices to Class Counsel provided for herein shall be sent by electronic mail to Jocelyn Larkin at The Impact Fund, with hard copies by U.S. mail.

15.10.2 All notices to Costco provided for herein shall be sent by electronic mail to Ken Youmans and David Kadue at Seyfarth Shaw LLP, with hard copies by U.S. mail.

15.10.3 Upon the request of any Party, the Parties and the Class Administrator agree to promptly provide each other copies of all objections, requests for exclusion, or other filings received in response to the Notice Packet.

15.10.4 This Agreement may be modified only by a written instrument signed by the Parties' counsel and approved by the Court.

15.11    Time

Any calculation of time shall be in accordance with the Federal Rules of Civil Procedure.

AGREED AND ACCEPTED AS OF DECEMBER 17, 2013, AS AMENDED EFFECTIVE

JANUARY 30, 2014.

**FOR PLAINTIFFS AND THE CERTIFIED CLASSES**:

_____
Jocelyn D. Larkin
The Impact Fund


_____
Elaine Sasaki
Named Plaintiff


_____
Shirley "Rae" Ellis
Named Plaintiff

Leah Horstman
Named Plaintiff


**FOR DEFENDANT COSTCO WHOLESALE CORPORATION:**


Richard J. Olin
Senior Vice President and General Counsel


David D. Kadue
Seyfarth Shaw LLP

16745949v.3

AMENDED CLASS ACTION SETTLEMENT

15.9    Cooperation of Parties

The Parties to this Agreement agree to prepare and execute all documents, to seek Court approvals, to defend Court approvals, and to do all things reasonably necessary to complete the Settlement described in this Agreement and to secure approval of the Settlement, including without limitation, seeking such relief from any stay of proceedings as may be warranted to secure approval of the Settlement through the trial court.

15.10   Notifications

15.10.1 All notices to Class Counsel provided for herein shall be sent by electronic mail to Jocelyn Larkin at The Impact Fund, with hard copies by U.S. mail.

15.10.2 All notices to Costco provided for herein shall be sent by electronic mail to Ken Youmans and David Kadue at Seyfarth Shaw LLP, with hard copies by U.S. mail.

15.10.3 Upon the request of any Party, the Parties and the Class Administrator agree to promptly provide each other copies of all objections, requests for exclusion, or other filings received in response to the Notice Packet.

15.10.4 This Agreement may be modified only by a written instrument signed by the Parties' counsel and approved by the Court.

15.11   Time

Any calculation of time shall be in accordance with the Federal Rules of Civil Procedure.


AGREED AND ACCEPTED AS OF DECEMBER 17, 2013, AS AMENDED EFFECTIVE

JANUARY 30, 2014.


**FOR PLAINTIFFS AND THE CERTIFIED CLASSES:**

_____
Jocelyn D. Larkin
The Impact Fund

_____
Elaine Sasaki
Named Plaintiff

_____
Shirley "Rae" Ellis
Named Plaintiff

AMENDED CLASS ACTION SETTLEMENT

**15.9    Cooperation of Parties**

The Parties to this Agreement agree to prepare and execute all documents, to seek Court approvals, to defend Court approvals, and to do all things reasonably necessary to complete the Settlement described in this Agreement and to secure approval of the Settlement, including without limitation, seeking such relief from any stay of proceedings as may be warranted to secure approval of the Settlement through the trial court.

**15.10    Notifications**

15.10.1 All notices to Class Counsel provided for herein shall be sent by electronic mail to Jocelyn Larkin at The Impact Fund, with hard copies by U.S. mail.

15.10.2 All notices to Costco provided for herein shall be sent by electronic mail to Ken Youmans and David Kadue at Seyfarth Shaw LLP, with hard copies by U.S. mail.

15.10.3 Upon the request of any Party, the Parties and the Class Administrator agree to promptly provide each other copies of all objections, requests for exclusion, or other filings received in response to the Notice Packet.

15.10.4 This Agreement may be modified only by a written instrument signed by the Parties' counsel and approved by the Court.

**15.11    Time**

Any calculation of time shall be in accordance with the Federal Rules of Civil Procedure.

AGREED AND ACCEPTED AS OF DECEMBER 17, 2013, AS AMENDED EFFECTIVE

JANUARY 30, 2014.


**FOR PLAINTIFFS AND THE CERTIFIED CLASSES**:


_____
Jocelyn D. Larkin
The Impact Fund

_____
Elaine Sasaki
Named Plaintiff

_____
Shirley "Rae" Ellis
Named Plaintiff

AGREED AND ACCEPTED AS OF DECEMBER 17, 2013, AS AMENDED EFFECTIVE
JANUARY 30, 2014.

FOR PLAINTIFFS AND THE CERTIFIED CLASSES:

_____

Jocelyn D. Larkin
The Impact Fund

_____

Elaine Sasaki
Named Plaintiff

_____

Shirley "Rae" Ellis
Named Plaintiff

_____

Leah Horstman
Named Plaintiff

**FOR DEFENDANT COSTCO WHOLESALE CORPORATION:**

_____

Richard J. Olin
Senior Vice President and General Counsel

_____

David D. Kadue
Seyfarth Shaw LLP

16745949v.3

Leah Horstman
Named Plaintiff

**FOR DEFENDANT COSTCO WHOLESALE CORPORATION:**

Richard J. Olin
Senior Vice President and General Counsel

David D. Kadue
Seyfarth Shaw LLP

16581073v.2

AMENDED CLASS ACTION SETTLEMENT

T000/T000 ☑                                    XAF MA 55:8 ÞI0Z/0E/T0

Named Plaintiff

_____

Leah Horstman
Named Plaintiff

FOR DEFENDANT COSTCO WHOLESALE CORPORATION:

_____
Richard J. Olin
Senior Vice President and General Counsel

_____
David D. Kadue
Seyfarth Shaw LLP

16745949v.3

29

# EXHIBIT 1

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA
*ELLIS V. COSTCO WHOLESALE CORP.*, NO. 04-3341

# If you are a woman and are (or were) employed in a U.S. Costco warehouse as a Senior Staff Manager or Assistant General Manager, then a proposed class action settlement could affect your rights.

**If you take no action, you will be bound by the settlement. Your rights will be impacted.**

*The federal court authorized this notice.*

- Read this notice carefully. This notice is *different* from the notice that you may have received in December 2012. This notice explains the lawsuit, the settlement, and your legal rights.

- This notice describes a proposed class action settlement that, if approved by the Court, would provide for certain changes in Costco's system for promotions to Assistant General Manager ("AGM") and for an assessment of possible changes in Costco's system for promotions to General Manager ("GM"). (See Section 7)

- The proposed settlement, if approved by the Court, also would create an arbitration claims process in which women may make claims for economic damages resulting from unlawful denial of promotions because of their sex. Unless you win your claim, you will not receive any money. The proposed settlement provides a fund to compensate women who bring successful claims. (See Section 8).

- The court has not decided whether Costco did anything wrong. But your legal rights may be affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **DO NOTHING; REMAIN PART OF THE SETTLEMENT** | If you are satisfied with the terms of the proposed settlement, then you do not need to do anything now. If the Court approves the settlement, then you will receive a claims notice. You can file a claim seeking money in a claims process if you believe you were unlawfully denied a promotion because of your sex, or you can choose not to file a claim. An arbitrator will decide if your claim has merit. |
| **OPT OUT** | If you want to file your own lawsuit against Costco for sex discrimination for denying you an AGM or GM promotion, or if you do not want to be bound by this lawsuit, then you should exclude yourself ("opt-out") from the settlement. |
| **OBJECT** | If you are not satisfied with the terms of the proposed settlement, then you may write about that to the Class Administrator. You may also appear in Court to explain why you don't like it. |

- These rights and options—and the deadlines to exercise them—are explained in this notice.

Table of Contents

Page

| | WHAT THIS NOTICE CONTAINS |
|---|---|

Basic Information  - 1 -

| 1. | Why Did I Get This Notice? | - 1 - |
|---|---|---|
| 2. | What Is This Lawsuit About? | - 1 - |
| 3. | What Is a Class Action? | - 1 - |
| 4. | Why Is There a Settlement? | - 1 - |
| 5. | How Do I Know If I am Part of the Settlement? | - 1 - |

**The Proposed Settlement — Essential Terms** ... **- 2 -**

| 6. | What Are the Terms of the Proposed Settlement? | - 2 - |
|---|---|---|

**Program Changes** ... **- 2 -**

| 7. | What Changes Will Costco Make to the AGM and GM Promotion System? | - 2 - |
|---|---|---|

**The Claims Process** ... **- 3 -**

| 8. | How Does the Claims Process Work? | - 3 - |
|---|---|---|
| 9. | How Much Will I Get If I Win? | - 3 - |
| 10. | What Happens If I Lose My Claim? | - 4 - |
| 11. | How Does the Claims Process Differ from Having My Own Case in Federal Court? | - 4 - |
| 12. | Do I Need to Decide Now Whether to File a Claim or Which Kind of Claim to File? | - 4 - |
| 13. | Can I Get Help in Deciding What Kind of Claim to File? Will I Have a Lawyer in the Claims Process? | - 4 - |
| 14. | Will My Job or Future Promotions Be Affected If I Participate in the Claims Process? | - 5 - |
| 15. | Can I File a Claim If I Have Been Promoted to AGM or GM But I Believe That I Should Have Been Promoted Sooner? | - 5 - |
| 16. | If I Win, Then Can The Arbitrator Order Costco to Promote Me? | - 5 - |
| 17. | Can I Make a Confidential Claim? | - 5 - |
| 18. | If I Win My Claim, Then When Would I Get My Payment? | - 6 - |
| 19. | If I Win My Claim, Then Will Everyone Know How Much I Got? Or, If I Lose My Claim, Will Everyone Know that I Lost? | - 6 - |
| 20. | Under What Circumstances Can My Award Be Increased or Decreased? | - 6 - |

Table of Contents (continued)

Page

21. What Happens If The Total of The Award Amounts Is Less Than $8 Million?.................................................................................................................. - 6 -

22. What Claims Are Released by the Settlement? ........................................................... - 7 -

**Named Plaintiffs** ....................................................................................................................... **- 7 -**

23. What Can the Three Named Plaintiffs Get Under the Settlement? ......................... - 7 -

**The Lawyers Representing You** ............................................................................................. **- 7 -**

24. Do I have a Lawyer in this Case? ................................................................................. - 7 -

25. How Will the Lawyers be Paid? ................................................................................... - 7 -

**Opting Out of the Settlement** ................................................................................................ **- 8 -**

26. Who Should Opt Out of the Class?............................................................................. - 8 -

27. How Do I Opt Out of the Class? ................................................................................. - 8 -

**Objecting to the Settlement** .................................................................................................... **- 8 -**

28. How Do I Tell the Court That I Don't Like the Settlement? .................................... - 8 -

29. What's the Difference Between Objecting and Opting Out?..................................... - 9 -

**The Court's Fairness Hearing** ............................................................................................... **- 9 -**

30. When and Where Will the Court Decide Whether to Approve the Settlement?..................................................................................................................... - 9 -

31. Do I Have to Come to the Hearing?............................................................................ - 9 -

32. May I Speak at the Hearing?........................................................................................ - 9 -

**If You Do Nothing** ................................................................................................................... **- 9 -**

33. What Happens if I Do Nothing at All? ....................................................................... - 9 -

**Getting More Information** ................................................................................................... **- 10 -**

34. How Do I Get More Information? ............................................................................. - 10 -

# BASIC INFORMATION

## 1. Why Did I Get This Notice?

Costco's records show that you now work for Costco as either a Senior Staff Manager or an AGM in a U.S. warehouse, or have worked in one of those positions at some time on or after January 3, 2002.

This notice advises you of a proposed settlement of this class action lawsuit, and about your options, before the Court decides whether to approve the settlement. If the Court approves the settlement, and after objections and appeals (if any) are resolved, then there will be a claims process and arbitrators will decide who, if anyone, was unlawfully denied an AGM promotion or a GM promotion because of her sex and entitled to compensation.

## 2. What Is This Lawsuit About?

This lawsuit claims that Costco unlawfully discriminated against female employees based on their sex, by denying them opportunities for promotion to AGM or GM.

Costco denies it did anything wrong and no court has found that Costco did anything wrong. Costco retains its right to defend itself against any claim brought against it.

## 3. What Is a Class Action?

In a class action, one or more people, called Named Plaintiffs (in this case, Shirley "Rae" Ellis, Leah Horstman, and Elaine Sasaki), bring a lawsuit on behalf of people who a court finds have similar claims. These people, considered members of the same Class, are called Class Members. One court resolves the case for all Class Members, except for those who exclude themselves from the Class.

## 4. Why Is There a Settlement?

**The Court did not decide in favor of Plaintiffs or in favor of Costco**. Instead, both sides agreed to a settlement to avoid a court trial, to provide a process to re-evaluate and change, as appropriate, the promotion process, and to create a way to resolve money claims through a relatively quick arbitration process. The Named Plaintiffs and the attorneys appointed to represent the Class think the settlement is best for everyone in the Class.

## 5. How Do I Know If I am Part of the Settlement?

The class is defined as all current or former female Costco employees employed at any U.S. Costco warehouse at any time on or after January 3, 2002 who have ever been Senior Staff Managers or Assistant General Managers.

Some women who have already excluded themselves from the lawsuit (called "opting out") are not Class Members and are not part of the settlement.

If you aren't sure about your status, then you can contact Class Counsel at 1-866-501-2300 or at the email address below or the Class Administrator at the address identified in Section 28 below.

## THE PROPOSED SETTLEMENT — ESSENTIAL TERMS

| **6. What Are the Terms of the Proposed Settlement?** |
| --- |

The settlement provides a process to evaluate and implement program changes and an arbitration process to resolve claims of discriminatory denial of promotions.

**Program Changes -** Costco will implement job posting for AGM vacancies and will permit AGMs to formally register interest in specific GM positions. Costco will, in good faith, consider changes in its processes for making promotions to AGM and GM.

**Claims Process for Money -** If you bring a claim and an arbitrator decides that you were denied an AGM or GM promotion because of your sex, then you will receive compensation. The proposed settlement would create an $8 million fund, from which any successful claimants would be paid. (For more description, see Sections 18-22).

## PROGRAM CHANGES

| **7. What Changes Will Costco Make to the AGM and GM Promotion System?** |
| --- |

(1) An agreed-upon outside expert will analyze the AGM and GM jobs, evaluate the promotion process for these jobs, and recommend to Costco written selection criteria and tools for the AGM and GM promotion process.

(2) Costco has agreed to post openings for AGM promotions within the geographic area where the opening occurs and candidates who meet the posted qualifications will be allowed to apply for the position.

(3) Costco has agreed to implement a system that will allow AGMs to register an interest in GM positions in specific warehouses. Costco will consult the list of those who have registered an interest in that warehouse when it makes a GM selection. Registering an interest will help ensure that Costco is aware of who is interested in being considered for the promotion.

(4) Costco will offer a merchandising training class for current Senior Staff managers who have not received merchandising experience relevant to promotion to AGM as a way of encouraging acquisition of that experience.

(5) Costco will communicate with and train its managers concerning any program changes.

(6) Costco will submit reports about these changes for two years after they are made.

These changes will apply to both women and men applying for promotions to AGM and GM.

# THE CLAIMS PROCESS

| 8. How Does the Claims Process Work? |
|---|

You will have two different ways to make a claim if you choose to make one. You can make a written claim (called a Claim by Written Submission) or you can make a claim in person before a neutral arbitrator (called a Claim by Formal Arbitration).

If you are a current employee, then you also may choose to make a written claim confidentially so that your current AGM and GM (if you are a Senior Staff Manager) and your GM and Regional Operating Manager (if you are an AGM), will not know you are making a claim.

Every Claimant can challenge at least one specific promotion that she did not receive. She may challenge up to two additional promotions if she meets certain experience requirements stated in Section 5.3 of the Settlement Agreement.

The arbitrator will be given information about why you believe that you were interested and qualified for promotion to a specific AGM or GM position and why you believe the decision not to promote you to that position was a result of unlawful sex discrimination. Costco, too, may submit information to the arbitrator that Costco believes shows that your sex was not a factor in the decision not to promote you to that position. The arbitrator will decide whether or not you were denied promotion because of your sex.

If you choose, Class Counsel will represent you. If you win your claim, then Class Counsel will be entitled to ask that certain fees and costs be paid by Costco. You may instead hire your own lawyer and, if you win your claim, your lawyer will be entitled to ask that certain fees and costs be paid by Costco.

Whether you win or lose, you will not be charged any fee for participating in the claims process.

| 9. How Much Will I Get If I Win? |
|---|

If you win, you will receive your actual losses up to a cap: lost salary, bonus, and the value of restricted stock units plus interest. Under certain circumstances, your award amount may be increased up to a second cap or decreased, which is explained in Section 20.

| Type of Claim | Denial of Promotion into Which Position | Actual Damages Up to First Cap |
|---|---|---|
| Written | AGM | $150,000 cap |
| Written | GM | $300,000 cap |

| Arbitration | AGM | $250,000 cap |
| Arbitration | GM | $600,000 cap |

Lower award amounts apply if you make a confidential claim. (See Section 17.)

The settlement does not provide for an award of emotional distress or punitive damages.

## 10. What Happens If I Lose My Claim?

You will receive no money if the arbitrator finds that your claim is not valid.

## 11. How Does the Claims Process Differ from Having My Own Case in Federal Court?

In the Claims Process, an arbitrator rather than a judge will decide your claim. Class Counsel will represent you without charge. Claims decided by an arbitrator often are resolved more quickly than claims decided by a judge or jury. Your wage loss is capped, as explained in Sections 9 and 21. You cannot seek emotional distress or punitive damages or an order giving you a promotion. If you choose to make an arbitration claim, there are limits on how long the arbitration lasts, what discovery tools your lawyer can use to get information, and what evidence can be used to support your claim. The number of promotions you may challenge is explained in Section 8. The outcome of the Claims Process is confidential. Neither side can appeal the result.

If you brought your own lawsuit in federal court, then your case would be decided by a jury or a judge. You would have to find a lawyer to represent you. The limits on discovery tools and evidence that apply in the Claims Process would not apply in the same way in court. You would be entitled to seek emotional distress and punitive damages (up to a cap of $300,000) in addition to your wage loss and an order promoting you. The number of promotions you could challenge would not be subject to any limits and would depend on the evidence. The court proceedings and the outcome would be public. Either side could appeal the result.

## 12. Do I Need to Decide Now Whether to File a Claim or Which Kind of Claim to File?

No. Right now, the only decision you need to make is whether to opt out of the settlement or to object to the settlement. Both of those options are explained below.

## 13. Can I Get Help in Deciding What Kind of Claim to File? Will I Have a Lawyer in the Claims Process?

If the Court approves the settlement, then you will be able to consult with Class Counsel and decide if you will file a claim, and what kind of claim to file. There is information available about the past promotions, and who was selected, that will assist you in making a decision. There is no charge to you for consulting with the lawyers to decide whether to file a claim, or for preparing your claim. If you do decide to file a claim, Class Counsel will represent you through all stages of the Claims Process at no charge to you. You also can choose to hire your own lawyer.

| **14. Will My Job or Future Promotions Be Affected If I Participate in the Claims Process?** |
| --- |

No. Costco supports the right of Class Members who believe they have been subject to sex discrimination in promotion to have their claims determined by a neutral arbitrator in the Claims Process. Retaliation is illegal. If you believe that you are being subjected to any kind of retaliation in connection with the case or the Claims Process, then you can notify Class Counsel, notify your own independent counsel, or use Costco's Open Door process (if you are a current Costco employee).

| **15. Can I File a Claim If I Have Been Promoted to AGM or GM But I Believe That I Should Have Been Promoted Sooner?** |
| --- |

Yes. If you win your claim, your economic losses would be based on the time period before you received the promotion.

| **16. If I Win, Then Can The Arbitrator Order Costco to Promote Me?** |
| --- |

No. The Claims Process provides for only money damages. By staying in the case and not opting out, you give up your right to have a court order that you be promoted to AGM or GM.

| **17. Can I Make a Confidential Claim?** |
| --- |

If you are a current Costco employee, then you can choose to make a written claim on a confidential basis so that the manager directly above you, and his or her direct manager, will not know about your claim. If you choose to make a confidential claim, then the maximum that you can receive if you are successful is:

| Type of Claim | Denial of Promotion into Which Position | Actual Damages Up to Cap |
| --- | --- | --- |
| Written/Confidential | AGM | $25,000 cap |
| Written/Confidential | GM | $50,000 cap |

Under certain circumstances, where Costco takes the position that it would be unfair for the claim to be heard on a confidential basis, Costco may ask the arbitrator to remove the confidentiality. If the arbitrator removes the confidentiality, then you will have the right to change your claim to non-confidential or to withdraw it.

## 18. If I Win My Claim, Then When Would I Get My Payment?

Payments will be made at the completion of the Claims Process, which may be more than a year after the Court approves the settlement.

## 19. If I Win My Claim, Then Will Everyone Know How Much I Got? Or, If I Lose My Claim, Will Everyone Know that I Lost?

No. All outcomes in the claims process (win or lose) will be kept confidential. To participate in the claims process, you will sign an agreement to keep the outcome confidential (with a few exceptions like your spouse or tax advisor). The agreement will explain the legal and financial consequences if you do not keep the outcome confidential.

Costco is bound by the same duty to keep the outcomes confidential.

## 20. Under What Circumstances Can My Award Be Increased or Decreased?

If the total amount of successful claims results in award amounts of less than $8 million, then the award amounts will be increased as follows. Any Claimant whose actual award amount exceeded the first cap (see Section 9) will get the rest of her award amount, subject to a second cap.

| Type of Claim | Denial of Promotion into Which Position | Actual Damages Over First Cap Up to Additional Second Cap |
|---|---|---|
| Written Confidential | AGM | $12,500 |
| Written Confidential | GM | $25,000 |
| Written | AGM | $100,000 cap |
| Written | GM | $200,000 cap |
| Arbitration | AGM | $175,000 cap |
| Arbitration | GM | $300,000 cap |

If the total amount of successful claims results in award amounts exceeding $8 million, then each successful claimant's award amount will be reduced pro rata.

## 21. What Happens If The Total of The Award Amounts Is Less Than $8 Million?

If the total of the award amounts does not reach $8 million, then all of the money not allocated to award amounts and certain settlement-related expenses will be donated to Network for Executive Women, Consumer Products/Retail to fund scholarships or otherwise assist women pursuing leadership roles in retail management.

## 22. What Claims Are Released by the Settlement?

All class members who do not opt out of the settlement are giving up (also called "releasing") their rights to sue Costco for money damages for gender discrimination in connection with a failure to promote them to AGM or GM since January 3, 2002.  Class members give up these rights whether or not they choose to make a claim in the Claims Process. Class members who are current employees also give up their individual rights to seek certain injunctive relief, i.e., a court order that requires an employer to change its promotion practices.

# NAMED PLAINTIFFS

## 23. What  Can the Three Named Plaintiffs Get Under the Settlement?

The three Named Plaintiffs may make a promotion claim in the Claims Process or may choose a trial before the Court.

They also may ask the Court to award a service payment of $10,000 each, to be paid from the settlement fund. A service payment is not for damages for discrimination, but would be a payment for services the Named Plaintiffs have provided to the Class in obtaining the settlement. The Court may grant this payment, approve the request at a lower amount, or award no service payment.

# THE LAWYERS REPRESENTING YOU

## 24. Do I have a Lawyer in this Case?

The Court appointed the law firms of the Impact Fund; Lewis, Feinberg, Lee, Renaker & Jackson, PC; Lieff Cabraser, Heimann & Bernstein, LLP; Davis, Cowell & Bowe, LLP; and Altshuler Berzon, LLP to represent you and other Class Members. Together, the lawyers are called Class Counsel.

## 25. How Will the Lawyers be Paid?

Class Counsel will ask the Court for an award of attorneys' fees and costs, to be paid by Costco, in the amount of $4,583,959.64 for the services that they have provided to the Class up to the date that the proposed settlement agreement is approved by the Court. They also will ask for fees for anticipated services in monitoring and administering the settlement in the amount of $300,000.

You can review the request for attorneys' fees at www.GenderClassActionAgainstCostco.com. You can submit a written objection to the request. The Court will examine the fees request of Class Counsel at the Fairness Hearing, as well as any objections to that request, and determine the amount of fees to award, if any.

Attorneys' fees and costs will not be paid from the settlement fund.

# OPTING OUT OF THE SETTLEMENT

| 26. Who Should Opt Out of the Class? |
| --- |

If (1) you want to keep the right to sue or continue to sue Costco on your own for sex discrimination in unlawfully denying an AGM or GM promotion, or (2) you do not want to be bound by the settlement of this lawsuit, then you should take steps to get out of the settlement. This is called "opting out."

| 27. How Do I Opt Out of the Class? |
| --- |

To opt out of the settlement, you must complete the Opt Out form included with this notice. Be sure to include your name, address, telephone number, and your signature. You must mail your completed Opt Out form postmarked no later than **DATE**, **2014** to:

*Ellis v. Costco* Opt Outs
Settlement Services, Inc.
Post Office Box 10847
Tallahassee, Florida 32302-2847

You cannot opt out by phone or email.

If you ask to opt out, then you cannot participate in the Claims Process, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

You cannot exclude yourself from the program changes called for by the proposed settlement.

# OBJECTING TO THE SETTLEMENT

| 28. How Do I Tell the Court That I Don't Like the Settlement? |
| --- |

If you're a Class Member, then you can object to the settlement if you don't like any part of it, and the Court will consider your views.

To object, you must send a letter saying that you object to the *Ellis v. Costco* proposed settlement. Be sure to include your name, address, telephone number, signature, and the reasons you object to the proposed settlement. Mail your objection to the Class Administrator postmarked no later than **DATE**, **2014**.

Ellis v. Costco Objections
Settlement Services, Inc.
Post Office Box 10847
Tallahassee, Florida 32302-2847

## 29. What's the Difference Between Objecting and Opting Out?

If you **object**, then you are telling the Court that you don't like something about the proposed settlement. You can object only if you stay in the Class.

If you **opt out**, then you are telling the Court that you don't want to be bound by this settlement.  If you opt out, then you cannot object to the proposed settlement, because then the case would no longer affect you.

# THE COURT'S FAIRNESS HEARING

## 30. When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a Fairness Hearing at TIME on DAY, DATE, 2014, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA in Courtroom 5.

At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, then the Court will consider them. The Court will decide whether to approve the proposed settlement. We do not know how long these decisions will take.

## 31. Do I Have to Come to the Hearing?

No. Class Counsel and Costco's counsel will answer questions the judge may have of them. If you send an objection, then you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. However, you may appear in person or have your own lawyer attend.

## 32. May I Speak at the Hearing?

You may ask the Court for permission to speak at the Fairness Hearing or hire your own lawyer to speak for you. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Ellis v. Costco*." Be sure to include your name, address, telephone number, and signature. Your Notice of Intention to Appear must be postmarked no later than **DATE, 2014**, and be sent to the Class Administrator, at the address in Section 28.

# IF YOU DO NOTHING

## 33. What Happens if I Do Nothing at All?

If you do nothing, then you'll be entitled to file a claim in the claims process or choose not to file a claim.

You will be releasing your right to bring your own independent lawsuit, continue with such a lawsuit, or be part of any other lawsuit against Costco about the legal issues in this case.

# GETTING MORE INFORMATION

| 34. How Do I Get More Information? |
| --- |

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can get a copy by contacting Class Counsel identified below, by visiting the case website, www.GenderClassActionAgainstCostco.com, or by calling Costco Human Resources to leave a message at extension 6095 or by sending an email to bweber@Costco.com.

Do not contact the Court for information.

| COURT | CLASS COUNSEL | COSTCO COUNSEL |
| --- | --- | --- |
| Clerk of the Court<br>U.S. District Court for<br>the Northern District<br>of California<br>450 Golden Gate Ave.<br>San Francisco, CA<br>94102-3489 | Jocelyn Larkin<br>The Impact Fund<br>125 University Avenue<br>Suite 102<br>Berkeley, CA 94710<br>www.GenderClassActionAgainstCostco.com | David D. Kadue<br>Seyfarth Shaw LLP<br>2029 Century Park East<br>Suite 3500<br>Los Angeles, CA 90067 |

# EXHIBIT 2

### *Ellis v. Costco Wholesale Corporation*

No. 04-3341 EMC

(United States District Court, Northern District of California)

## Opt-Out Request

     I received the Notice of Class Action Settlement in *Ellis v. Costco Wholesale*

*Corporation*.

     I want to opt-out of the proposed class action settlement.


Signature: _____

Name: _____

Date: _____

Address: _____

Telephone Number: _____


This Opt-Out Request must be **postmarked no later than _____, 2014** and mailed to:

Class Administrator

*Ellis v. Costco Wholesale Corp.*

Settlement Services, Inc.

P.O. Box 10847

Tallahassee, FL. 32302-2847

| | |
|---|---|
| **THE IMPACT FUND** | **SEYFARTH SHAW LLP** |
| Jocelyn D. Larkin (SBN 110817) | Kenwood C. Youmans (SBN 68258) |
| Robert Schug (SBN 249640) | David D. Kadue (SBN 113578) |
| 125 University Avenue, Suite 102 | 2029 Century Park East, Suite 3500 |
| Berkeley, CA 94710 | Los Angeles, California 90067-2901 |
| Telephone: (510) 845-3473 | Telephone: (310) 201-5211 |
| Facsimile: (510) 845-3654 | Facsimile: (310) 201-5219 |
| jlarkin@impactfund.org | dkadue@seyfarth.com |

**LEWIS, FEINBERG, LEE,**
**RENAKER & JACKSON, P.C.**
Bill Lann Lee (SBN 108452)
Lindsay Nako (SBN 239090)
476 9th Street
Oakland, CA 94607
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
blee@lewisfeinberg.com

[Additional Counsel Listed on
Signature Page]

Attorneys for Plaintiffs and Certified Classes

**SEYFARTH SHAW LLP**
Gerald L. Maatman (*admitted pro hac vice*)
Annette Tyman (*admitted pro hac vice*)
131 South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 460-5965
Facsimile: (312) 460-7965
gmaatman@seyfarth.com

**SEYFARTH SHAW LLP**
Thomas J. Wybenga (*admitted pro hac vice*)
c/o Costco Wholesale Corporation
999 Lake Drive
Issaquah, WA 98027-5367
Telephone: (425) 313-6794
Facsimile: (425) 313-6922
twybenga@seyfarth.com

Attorneys for Defendant Costco Wholesale
Corporation

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY "RAE" ELLIS, et al., | ) Case No. C04 3341 EMC |
| | ) |
| Plaintiffs, | ) **STIPULATION REGARDING** |
| | ) **AMENDED SETTLEMENT** |
| v. | ) **AGREEMENT AND CLASS NOTICE** |
| | ) |
| COSTCO WHOLESALE CORPORATION | ) |
| | ) |
| Defendant. | ) |
| | ) |

STIP. RE: AM. SETTLEMENT AGREEMENT
AND CLASS NOTICE
Case No.: C04 3341 EMC

**STIPULATION**

On January 12, 2013, Plaintiffs filed a motion for preliminary settlement approval in the above-captioned matter. The parties' Amended Class Action Settlement Agreement was subsequently filed with the Court as Exhibit A to the January 30, 2014 Declaration of Jocelyn Larkin. (ECF No. 776-1.) Pursuant to the Court's suggestion at the February 6, 2014 hearing on preliminary settlement approval, the parties, through their counsel, hereby stipulate and agree that the Amended Class Action Settlement Agreement is further amended as follows:

1. **Amended Settlement Agreement § 13.** The standard of review on objections, if any, to recommendations of the Compliance Special Master in § 13 of the Amended Settlement Agreement shall be "abuse of discretion."

2. **Notice of Class Action Settlement (Exhibit 1).** The text following the third bullet on page 1 of the Notice of Class Action Settlement will be bold, and will read:

> **The proposed settlement, if approved by the Court, also would create an arbitration claims process in which women may make claims for economic damages resulting from unlawful denial of promotions because of their sex. Unless you win your claim, you will not receive any money. The proposed settlement provides a fund up to $8 million to compensate women who bring successful claims. (See Sections 6 and 8).**

**IT IS SO STIPULATED.**

Dated: February 10, 2014     /s/ Jocelyn Larkin
                             Counsel for Plaintiffs

Dated: February 10, 2014     /s/ David Kadue
                             Counsel for Defendant

Additional Counsel for Plaintiffs:

LIEFF, CABRASER, HEIMANN
& BERNSTEIN, LLP
Kelly Dermody (SBN 171716)
Daniel Hutchinson (SBN 239458)

2

Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
kdermody@lchb.com

DAVIS, COWELL & BOWE, LLP
Steve Stemerman (SBN 067690)
Elizabeth A. Lawrence (SBN 111781)
595 Market Street, #1400
San Francisco, CA 94105
Telephone: (415) 597-7200
Facsimile: (415) 597-7201
eal@dcbsf.com

ALTSHULER BERZON LLP
James M. Finberg (SBN 114850)
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
jfinberg@altshulerberzon.com
Additional Counsel for Defendant

SEYFARTH SHAW LLP
David B. Ross (*admitted pro hac vice*)
620 8th Avenue
32nd Floor
New York, New York 10018
(212) 218-5500
dross@seyfarth.com

3

STIP. RE: AM. SETTLEMENT AGREEMENT
AND CLASS NOTICE
Case No.: C04 3341 EMC