UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **JANE DOE # 1, on behalf of herself and all others similarly situated,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**MG FREESITES, LTD, d/b/a "PORNHUB" et al.,**<br><br>    **Defendants.** | Case No.: 7:21-cv-00220-RDP |

## ORDER

This matter is before the court on Defendants' Motion to Decertify the Plaintiff Class. (Doc. # 264).

On December 19, 2023, the Hon. L. Scott Coogler (Ret.) granted Plaintiff's Motion for Class Certification Under Federal Rule of Civil Procedure 23. (Doc. # 95). Judge Coogler certified a class under Rule 23(b)(2) and (b)(3) consisting of "[a]ll persons who were under the age of 18 when they appeared in a video or image that has been made available for viewing on any website owned or operated by Defendants anytime from February 12, 2011, through the present." (Doc. # 147 at 53).

Class actions are "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979). For that reason, "[t]he party seeking class certification has a burden of *proof*, not a burden of pleading." *Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1234 (11th Cir. 2016) (emphasis in original). Under Rule 23, the proponent of class certification must prove four things: (1) he has

standing to represent the putative class; (2) the class is adequately defined and ascertainable; (3) the requirements of Rule 23(a) are met, meaning the class satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation; and (4) the class can be certified under at least one of Rule 23(b)'s categories. *Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883, 888 (11th Cir. 2023), *cert. denied sub nom. Brinker Int'l, Inc. v. Steinmetz*, 144 S. Ct. 1457 (2024); *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012). The district court is tasked with conducting a "rigorous analysis" to determine whether the proponent of class certification has proved that these requirements are in fact satisfied. *Green-Cooper*, 73 F.4th at 888 (quoting *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013)). "[I]f doubt remains about whether the [Rule 23] standard is satisfied, the party with the burden of proof loses." *Brown*, 817 F.3d at 1233 (internal quotations and citation omitted).

The district court may reevaluate previous findings as to class certification "in the light of new or changing circumstances." *Shin v. Cobb Cnty. Bd. of Educ.*, 248 F.3d 1061, 1064 (11th Cir. 2001) (citing Fed. R. Civ. P. 23(c) ("An order [on class certification] . . . may be altered or amended before the decision on the merits."); and *Richardson v. Byrd*, 709 F.2d 1016, 1019 (5th Cir. 1983) ("The district judge must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts.")); *see also Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation.").

The court has carefully reviewed Judge Coogler's Memorandum of Opinion and Order Granting Plaintiff's Motion for Class Certification (Doc. # 147) as well as the parties' briefing on Defendants' Motion to Decertify. (Docs. # 264, 265, 270, 273). The court agrees with Judge Coogler's findings and conclusions as to the initial certification of the class. (Doc. # 147). And,

further, Defendants have not established that new or changing circumstances warrant decertifying the plaintiff class. Accordingly, their Motion to Decertify (Doc. # 264) is **DENIED**.

To the extent that there are any trial management issues that the court must take up, the court will address those issues once it receives oral argument on the parties' submissions regarding trial structure (*see* Doc. # 284) and when this case is ultimately set for a pretrial conference.

**DONE** and **ORDERED** this May 6, 2025.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE