FILED

2025 Jul-07  PM 08:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| JANE DOE #1, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO: 7:21-cv-00220-RDP |
| MG FREESITES, LTD, d/b/a "PORNHUB"; MG FREESITES II LTD; MINDGEEK S.A.R.L.; MINDGEEK USA INCORPORATED; MG CY HOLDINGS LTD; MINDGEEK CONTENT RT LIMITED; 9219-QUEBEC, INC., d/b/a MINDGEEK; MG BILI LTD, | ) ) ) ) ) ) ) ) ) | Honorable Chief Judge R. David Proctor |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANTS' MOTION TO CONTINUE TRIAL

Plaintiff Jane Doe ("Plaintiff") opposes Defendants MG Billing LTD, MG CY Holdings LTD, MG Freesites II LTD, MG Freesites LTD, Mindgeek Content RT Limited, Mindgeek S.A.R.L., and Mindgeek USA Incorporated (collectively "Defendants") Motion to Continue the Trial Date. Doc. 299. Plaintiff has been fighting for justice for over four years, and delaying trial will only continue to deny the justice she has been so patiently and bravely seeking for herself and the class. The timing of trial is also crucial to protecting more children from becoming victims.

Moreover, Defendants' personal conflicts are not so significant to prohibit the entirety of the defense team from adequately preparing the case for trial. Ms. Turner's two potentially

1

conflicting trials are not certain to go forward and are in cases that have been pending half as long as this one. And subject to the Court's approval, Plaintiff would consent to experts testifying through trial depositions or via Zoom, thus eliminating any issues with the current trial schedule.

## I.    RELEVANT HISTORY

This case was filed over four years ago on February 11, 2021.  In the history of the lawsuit, Defendants have changed counsel three times. Docs. 17, 18, 105-11, 161, 211-14, 219. The Court originally set this case for jury trial on June 19, 2023. Doc. 33. On September 7, 2022, the Court stayed the case while the parties attempted to mediate, but that attempt was ultimately unsuccessful. On January 10, 2023, the Court again set this case for trial "[f]ive months after the dispositive motion deadline[]" which ended up being September 6, 2024. Doc. 66 at 3; doc. 271 at 1. The trial date for this case was thus reset for February 6, 2025. On February 20, 2025, Plaintiff's counsel indicated they would be ready for trial by July of 2025, Doc. 275 at 3, and Defendants' counsel proposed that trial "be set in late September." Doc. 275 at 4. On June 9, 2025, this Court wrote that it "anticipate[d]" setting the trial for September 2, 2025. Doc. 293. And, the Court confirmed this intention through informal communications with counsel for the parties.

## II.    THE COURT SHOULD NOT POSTPONE THE TRIAL ANY FURTHER.

### A. Trial is necessary to obtain injunctive relief that will protect children from being exploited.

This Court should deny Defendants' Motion to Continue Trial because further delay of this matter will prejudice Plaintiff and the members of the class. Plaintiff seeks injunctive relief and has argued throughout the course of the lawsuit that "[e]very day of delay is another day in which new minor victims will be exploited." Doc. 126 at 2. On November 2, 2023, Plaintiff

2

moved to set a status conference to request the Court expedite ruling on class certification as it related to injunctive relief with the hope of expediting a ruling on injunctive relief. Doc. 126. This litigation has revealed that thousands of images of CSAM were on the Defendants' websites during the relevant time period. Plaintiff, and the class, have alleged from the beginning of this lawsuit that Pornhub's moderation and safety policies were insufficient.. Despite Plaintiff's claims, Plaintiff contends Defendants have resisted improving their policies to the extent that it would prevent the sexual exploitation of children on their websites. For example, despite this litigation beginning in 2021, MindGeek still did not suggest it was requiring age and consent verification for every video upload on the Pornhub website until January 2024 - three years later. Exhibit A, *Co-Performer Verification: Proof of Consent*, Pornhub, March 18, 2024, https://www.pornhub.com/blog/co-performer-verification-proof-of-consent. Furthermore, this change applied to only uploads made after January 2024, leaving older videos on the site that had not undergone this age or consent verification process. Defendants did not remove such unverified videos until June 30 of this year, 2025. Exhibit B, Michael McGrady Jr, *Aylo to Remove All Unverified Pornhub Content by June 30*, Adult Video Network, May 15, 2025, https://avn.com/news/legal/aylo-to-remove-all-unverified-pornhub-content-by-june-30-179524. Plaintiff has not seen evidence that Defendants current processes have been sufficiently modified to prevent CSAM from being disseminated and exploited by Defendants or that transparent auditing processes have been developed and implemented. Plaintiff contends the trial is necessary so that injunctive relief can be enforced against Defendants to ensure that sufficient safety measures become permanent and are enforceable.

Further delaying trial would thus only further delay the injunctive relief necessary to protect victims of child sexual abuse material.

**B. Defendants' counsels' personal conflicts leading up to the trial should not affect the trial date.**

While Plaintiff's counsel is sensitive to the personal conflicts that Defendants' counsel have outlined leading up to the trial date, doc. 299 at 7-8, Defendants currently have eight counsel of record representing them in this lawsuit. To the extent that certain counsel for Defendants have vacations or professional obligations in the months prior to trial, this Court should not accept that as sufficient justification to further delay trial because the other members of the defense team should be available to prepare for trial in light of temporary absences of some of Defendants' counsel.

**C. Ms. Turner's potential trial conflicts should not affect the trial date.**

This Court should likewise not accept Ms. Sara M. Turner's potential trial conflicts as sufficient justification to further delay trial. This case has been pending over two years longer than both of Ms. Turner's other cases. *See Exhibit C, Docket Sheet of J.H. v. Motel 6 Operating L.P., et. al.*, No. 230601009 (Pa. Ct. Com. Pl. Phila. Cnty.) at 8 (showing case filed on June 9, 2023); Exhibit D, Docket Sheet of *S.W. v. Tinicum Lodging, Inc., et al.*, No. 00986 (Pa. Ct. Com. Pl. Phila. Cnty.) at 9 (showing case also filed on June 9, 2023). While the trials in Ms. Turner's other cases have already been moved once, the trial in this case has been moved twice. *See* ex. C at 15-16, 33, and ex. D at 23, 47.

Further, in *J.H.* and *S.W.*, there are multiple pending motions for summary judgment that have yet to be ruled so it is uncertain if the trials will proceed in September or if Ms. Turner's clients will still be a Defendant in those cases. There are currently two pending motions for summary judgment in *J.H.* that were filed two months ago on May 6, 2025, *see* Ex. C at 40-41, which were not assigned to the court until June 10, 2025, *see id* at 46-47. Ms. Turner's client filed one of those motions. Ex. C at 42-42. There are three motions for summary judgment

currently pending in *S.W.* that were also filed two months ago on May 6, 2025, *see* Ex. D at 50-52, which were assigned to the court for review on June 27, 2025, *see id.* at 60. Mrs. Turner's client filed one of those motions in *S.W.* as well. Ex. D at 52.

Finally, neither of Ms. Turner's trials have been provided "a date certain." In the Philadelphia County Court of Common Pleas:

> Protracted and complex cases will be listed for dates certain. Those cases classified as standard and expedited typically will be assigned to a trial pool for a given pool month within the appropriate program. . . . [w]hether a given case is assigned a date certain or a pool month date is within the sound discretion of the Program team leader . . . .

Pa. Ct. Com. Pl. Phila. Cnty. L. Civ. R. 215(2).  Unlike this case, in which this Court specifically confirmed to counsel for the parties of its plan to start trial on September 2, 2025, the *J.H.* and *S.W.* cases have not yet been provided with a date certain for trial, *see generally* Exs. C & D. Instead, it has simply been ordered that "[i]t is expected that th[e] case[s] shall be ready for trial by 01-SEP-2025." Ex. C at 22; Ex. C at 47.

### D. Defendants' Expert Sherrie Caltagirone can provide testimony through deposition or Zoom.

Finally, this Court should not postpone trial on the basis of Defendants' expert Sherrie Caltagirone's unavailability. Doc. 299 at 4, 7. Plaintiff has six expert witnesses; Defendants have four expert witnesses, and twenty-two fact witnesses have been deposed in this case or in related cases. There are so many potential trial witnesses that it will be very challenging to find a trial date that will accommodate the availability of every single witness. For this reason, Plaintiff is open to allowing trial witnesses to testify by video deposition or live by Zoom during trial to accommodate any conflicts that expert or fact witnesses, including Ms. Caltagirone, may have.

## III.    CONCLUSION

For all of the reasons stated above, Plaintiff respectfully requests that this Court deny Defendants' Motion to Continue Trial.


Date: July 7, 2025

/s/ *Gregory Zarzaur*
Gregory Zarzaur (ASB-0759-E45Z)
Denise Wiginton (ASB-5905-D27W)
Kelsie Overton (ASB-1791-F80L)
THE ZARZAUR LAW FIRM
2850 Cahaba Road, Suite 220
Birmingham, Alabama 35223
T: (205) 983-7985
E: gregory@zarzaur.com
   kelsie@zarzaur.com
   denise@zarzaur.com

Joshua P. Hayes
Daniel Blake Williams
PRINCE GLOVER HAYES
701 Rice Mine Road
Tuscaloosa, Alabama 35406
T: (205) 345-1234
E: jhayes@princelaw.net
   bwilliams@princelaw.net

Kimberly Lambert Adams*
James Michael Papantonio
LEVIN PAPANTONIO RAFFERTY
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
T: (850) 435-7056
E: kadams@levinlaw.com
   mpapantonio@levinlaw.com
*pro hac vice

Victor Paul Bucci II*
Gaetano D'Andrea*
Jill P. Roth*
M. Stewart Ryan*
Alexandria MacMaster*
LAFFEY BUCCI D'ANDREA REICH & RYAN

6

1100 Ludlow Street, Suite 300
Philadelphia, PA 19107
T: (215) 399-9255
E: pbucci@lbk-law.com
   gdandrea@lbk-law.com
   jroth@lbk-law.com
   sryan@lbk-law.com
   amacmaster@lbk-law.com
*pro hac vice

Benjamin W. Bull*
Dani Bianculli Pinter*
Christen M. Price*
Peter A. Gentala*
NATIONAL CENTER ON SEXUAL EXPLOITATION
1201 F Street NW, Suite 200
Washington, D.C. 20004
T: (202) 393-7245
E: lawcenter@ncose.com
*pro hac vice

Kevin Dooley Kent*
Mark B. Schoeller*
Vanessa L. Huber*
CLARK HILL PLC
2001 Market Street, Suite 2620
Philadelphia, PA 19103
T: (215) 640-8500
E: kkent@clarkhill.com
   mschoeller@clarkhill.com
   vhuber@clarkhill.com
*pro hac vice

*Counsel for Plaintiff*

7

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this 7th day of July 2025, this document was served on all counsel of record.


*/s/ Gregory Zarzaur*
Gregory Zarzaur