FILED

2025 Jul-08  PM 10:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

JANE DOE #1, on behalf of herself and all
others similarly situated,

Plaintiffs,

v.

MG FREESITES, LTD, d/b/a "PORNHUB";
MG FREESITES II LTD; MINDGEEK
S.A.R.L.; MINDGEEK USA
INCORPORATED; MG CY HOLDINGS
LTD;
MINDGEEK CONTENT RT LIMITED; 9219-1
QUEBEC, INC., d/b/a MINDGEEK; MG BILL
LTD,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO:
7:21-cv-00220-RDP

Honorable Chief Judge R. David Proctor

**PLAINTIFF'S AND DEFENDANTS' JOINT TRIAL MANAGEMENT PLAN**

Pursuant to the Court's Order dated June 23, 2025 (Doc. 300), Plaintiff and Defendants respectfully submit this Joint Trial Management Plan for the trial currently scheduled to begin in this matter on September 2, 2025.  The parties jointly submit this Plan while reserving all rights to contest and to appeal any prior rulings in this case at the appropriate time.

Plaintiff and Defendants agree that this case should be bifurcated into at least two phases (Phase One and Phase Two), and that Phase One should be resolved at the trial currently scheduled for September 2, 2025.  The parties further agree on some, but not all, of the claims and issues that should be resolved at the upcoming trial in Phase One.

**A.      Phase One (the Trial Scheduled for September 2, 2025)**

   **1.   Points of Agreement**

The parties agree that the following claims and issues should be included in Phase One:

1

    a. <u>Defendants' liability on all claims</u>

        (1) Jury determination of whether Defendants are liable for Plaintiff's TVPRA claim; and

        (2) Jury determination of whether Defendants violated 18 U.S.C. §§ 2252 and/or2252A (the "Child Pornography claim").

        (3) A finding of liability on the Child Pornography claims (18 U.S.C. §§ 2252 and 2252A) grants Jane Doe and any class member the right to choose between pursuing their actual damages or receiving liquidated damages under 18 U.S.C. § 2255.

    b. <u>Injunctive relief</u>--Court determination of

        (1) entitlement to injunctive relief (after, and only if, the jury finds Defendants liable on one or more of the claims); and

        (2) Scope, content, and entry of an injunction if the Court finds that the evidence demonstrates that the elements for injunctive relief are satisfied.

**2.  Points of Disagreement**

    a. <u>TVPRA Damages:</u>

It is Plaintiff's position that a finding of liability under the TVPRA grants Jane Doe and any class member the right to choose between pursuing their actual damages or receiving liquidated damages under 18 U.S.C. § 2255. Defendants dispute that Plaintiff or the class may seek liquidated damages under 18 U.S.C. § 2255 upon a finding of liability for a beneficiary liability claim under 18 U.S.C. § 1595.

    b. <u>Punitive Damages</u>

        (1) <u>Plaintiff's Position</u>: Plaintiff submits that a determination of punitive damages should be included in Phase One.  Punitive damages are available on civil claims for violations of the TVPRA and §§ 2252 and 2252A.  *See* 18 U.S.C. §§ 2255(a) & 2252A(f)(2)(B). As the Court has noted in this case, punitive damages are a class-wide common issue because the "focus [of punitive damages] is on the character of the [defendant's] conduct." *Doe v. MG Freesites, LTD*, 707 F.3d 1157, 1183 (N.D. Ala. 2023) (alterations in original) (quoting *Hoever v. Marks*, 993 F.3d 1353, 1359 (11th Cir. 2021)).[1]

---

[1]    *See also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 492 (2008) ("[P]unitives are aimed not at compensation but principally at retribution and deterring harmful conduct."); *Hoever*, 993 F.3d

Since the "focus" of Defendants' liability is also based on Defendants' own conduct, it makes sense to try and to resolve questions of liability and punitive damages at the same time, in one trial.[2] This is especially true here where a finding of liability establishes that the victims are entitled to at least the statutory minimum of $150,000 per claim in compensatory damages pursuant to 18 U.S.C. § 2255(a).

(2) <u>Defendants' Position</u>: Defendants object to Plaintiff's proposal to try punitive damages in Phase One before compensatory damages have been determined because doing so inverts the constitutional requisites for an award of punitive damages. Punitive damages must "bear a 'reasonable relationship' to compensatory damages," which requires the Court to know what the "actual damages were." *See EEOC v. W&O Inc.*, 213 F.3d 600, 615 (11th Cir. 2000). "There can, of course, be no award of punitive damages before causation and compensatory damages are determined, both because punitive damages cannot be awarded without a finding of liability for compensatory damages and because a court cannot assess the excessiveness of a punitive damages award until it has a compensatory damages award with which to compare it." *Burkhart v. R.J. Reynolds Tobacco Co.*, No. 3:09-cv-10727-WGY, HTS, 2014 U.S. Dist. LEXIS 192258, *11-*12 (M.D. Fla. Sept. 16, 2014). An award of punitive damages must rest on a holistic evaluation of both the reprehensibility of the defendant's conduct and the specific injuries of the persons to whom it is awarded. *See Philip Morris USA v. Williams*, 549 U.S. 346, 353 (2007) (overturning punitive damages award based on injury to non-parties); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 428 (2003) (overturning punitive damages award that was disproportionately large in relation to compensatory damages); *BMW of North America Inc. v. Gore*, 517 U.S. 559, 575 (1996) (same). Plaintiff's proposed trial plan, by inverting the compensatory and punitive damages determinations, would require determination of punitive damages in a vacuum, depriving the jury

---

at 1360 (citing *Calhoun v. DeTella*, 319 F.3d 936, 942 (7th Cir. 2003)) ("[P]unitive damages are not awarded to a plaintiff 'for' compensation of his mental or emotional injury; they are imposed on a defendant 'for' deterrence and punishment of his egregious misconduct.").

[2]   *See Ellis v. Costco Wholesale Corp.*, 285 F.R.D. 492, 543 (N.D. Cal. 2012) (holding that jury should determine "potentially overlapping issues of liability and entitlement to punitive damages" in the same trial because both focused on "Defendant's conduct with respect to the class as a whole" and collecting cases supporting same); *Maney v. State*, 2022 WL 986580, at *25 (D. Or. Apr. 1, 2022) (holding that "[t]he Phase One jury will decide the issue of punitive damages along with liability" in § 1983 class action); *Velez v. Novartis Pharmaceuticals Corp.*, 2010 WL 4877852, at *3 (E.D.N.Y. Nov. 30, 2010) (employment discrimination action in which jury found defendants liable for disparate treatment discrimination and also "awarded $250 million in punitive damages to the Class as a whole").

of an indispensable measuring stick for the appropriateness and reasonableness of punitive damages.

Given these constitutional concerns, Plaintiff's proposed approach is highly disfavored for trial of class claims. *See Simon II Litig. v. Philip Morris USA Inc.*, 407 F.3d 125, 138 (2d Cir. 2005) (expressing concern with trial plan that called for the jury to determine a lump sum punitive-damages award for the entire class prior to any determination of actual injury to individual plaintiffs). Accordingly, "several courts and commentators have declined to adopt the 'punitives first' bifurcation procedure proposed by" Plaintiff here. *EEOC v. Sterling Jewelers, Inc.*, 788 F. Supp. 2d 83, 90-91 (W.D.N.Y. 2011) (collecting cases). Given its practical and constitutional infirmities, the Court should reject Plaintiff's proposal here, too.

c. Plaintiff's Damages

(1) Plaintiff's Position: As to the TVPRA and child pornography claims, a finding of liability on any claim would entitle any victim the right to choose between pursuing actual damages or receiving liquidated damages under 18 U.S.C. § 2255(a) for each violation. After hearing Plaintiff's testimony and the class-wide evidence, the jury will be asked to award damages to plaintiff and the Class, with an aggregate damages award to the Class based on the minimum statutory damages required under the statute, $150,000 per claim under which the Defendants are found liable.[3] After hearing Plaintiff's testimony, the jury will be asked to award actual damages to the Plaintiff. If that amount exceeds $150,000 per claim, Plaintiff should receive her actual damages.[4] For any other class members that wish to pursue actual damages, there can be a separate phase of trial to assess any damages in excess of the statutory minimum. MindGeek's proposal is inefficient and overly burdensome because the evidence demonstrating Plaintiff's harm is coextensive with the classwide evidence and it would be both efficient and practical to assess actual damages in Phase One. Also, this would be a trauma-informed approach as opposed to deferring consideration of her actual damages and requiring her to go through another proceeding and again presenting highly sensitive and intimate evidence regarding her personal harm at an undetermined later time.

---

[3] *See Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 651 (4th Cir. 2019) (affirming award of aggregate damages for claims involving statutory damages); *Hilao v. Est. of Marcos*, 103 F.3d 767, 787 (9th Cir. 1996) (affirming aggregate damages awards for 10,000 victims who suffered human rights violations); *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 534 (6th Cir. 2008) (affirming award of aggregate damages in an antitrust class action where each plaintiff suffered a 16.4 percent overcharge).

[4] *See Velez*, 2010 WL 4877852, at *3 (jury determined defendants' liability, class-wide punitive damage award, *and* actual damage award for each named plaintiff that testified at trial).

<u>Defendants' Position</u>: Defendants object to Plaintiff's proposal to try her individual damages claim in Phase One because that claim is both irrelevant and unfairly prejudicial to the trial of classwide issues in that phase.[5]

Plaintiff's individual damages are irrelevant to any classwide issue and thus should be excluded from Phase One of the trial. Classwide claims must be proved with classwide evidence. *See Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) ("A common question is one where the same evidence will suffice for each member to make a *prima facie* showing or the issue is susceptible to generalized, classwide proof" (cleaned up)). And so where injuries and damages are individualized, individual damages evidence is irrelevant to classwide liability and must be excluded. *See Navelski v. Int'l Paper Co.*, No. 3:14-cv-445/MCR/CJK, 2018 U.S. Dist. LEXIS 240770, at *8-9 (N.D. Fla. Feb. 1, 2018) (evidence of individual plaintiffs' injuries and damages was "inadmissible as irrelevant during the classwide liability trial in this case"); *Schaffer v. Litton Loan Servicing, LP*, No. 05-cv-07673 MMM (CTx), 2009 U.S. Dist. LEXIS 133081, at *41 (C.D. Cal. Jan. 20, 2009) (excluding evidence of individual class members' actual damages at classwide liability trial because "plaintiffs identify no common evidence they will present"). Because Plaintiff admits that the actual damages here are individualized and require separate individual determinations for each class member—hence her proposal to bifurcate the actual damages determination for absent class members—evidence of Plaintiff's individual injuries is indisputably not relevant to classwide liability.

Moreover, allowing evidence of Plaintiff's individualized injuries during the classwide liability phase would also be prejudicial because it creates a likelihood that the jury's merits deliberations would be improperly influenced by her non-representative evidence. Federal Rule of Evidence 403 allows courts to exclude relevant evidence if its probative value is "substantially outweighed" by risk of unfair prejudice. Courts have excluded damages evidence in the liability phase of bifurcated trials for similar reasons. *See, e.g.*, *Gilbert v. State Farm Mut. Auto. Ins. Co.*, 311 F.R.D. 685, 687 (M.D. Fla. 2015) (bifurcating trial into liability and damages phases to "avoid[] any potential prejudice caused by evidence of Plaintiff's severe injuries"); *Bauer v. Crete Carriers Corp.*, 2019 U.S. Dist. LEXIS 83264, at *7-8 (D. Colo. May 16, 2019) (excluding evidence of plaintiffs' injury during liability phase because it "would be highly prejudicial and would defeat the purposes of bifurcation").

Further, even if classwide punitive damages are tried in Phase One (and, as set forth above, they should not be), evidence of Jane Plaintiff's individual damages would still be unfairly prejudicial and should thus be excluded. *See* Fed. R. Evid. 403. Punitive damages must "bear a 'reasonable

---

[5] As noted in Section 2. a. above, Defendants also dispute that Plaintiff or the class may seek liquidated damages under 18 U.S.C. § 2255 upon a finding of liability for a beneficiary liability claim under 18 U.S.C. § 1595.

relationship' to compensatory damages," which requires the Court to know what the "actual damages were." *See W&O Inc.*, 213 F.3d at 615. "The compensatory damages awarded to sample plaintiffs, even if supplemented by statistics, say nothing about . . . damages sustained by[] absent class members, particularly where key elements of each class member's claims are individualized." 2 *McLaughlin on Class Actions* § 8:18 (21st ed.). If punitive damages are tried in Phase One, Plaintiff's individualized and non-representative injury claims would bear an outsized role in the punitive damages determination, to the potential prejudice of Defendants and the class alike. For that reason as well, the Court should reject Plaintiff's proposal to try her individual damages claim in Phase One.

**B.**     <u>**Phase Two (Remaining Issues)**</u>

If the jury returns a verdict finding that Defendants are not liable on all of Plaintiff's claims, this Court would not have to conduct any other proceedings.

If the jury returns a verdict finding Defendants liable on one or more of Plaintiff's claims, the issues that will need to be addressed after Phase One include:

- Notice to the class about the result of the trial in Phase One;

- Claims administration

  - Submission of claims by the class members;

  - Resolution of actual damages for class members who do not elect to receive statutory damages (*e.g.*, by mini-trials, stipulation, special master review and recommendation);

  - Distribution of awards to class members.

- Petitions for attorneys' fees and costs.

The parties agree that the foregoing issues will need to be addressed if the jury returns a verdict in favor of Plaintiff on any of her claims, but they have not yet come to an agreement or understanding regarding the details or their respective positions on any of these Phase Two issues. The parties also agree that a judgment will need to be entered at some point after the Phase One trial is completed, although the timing of the judgment may be affected by the outcome of Phase One and whatever proceedings may be required in Phase Two, if any. As resolution of the Phase

One trial pursuant to the foregoing plan almost certainly will advance the ultimate resolution of this dispute and crystallize what issues will remain to be addressed, if any, the parties respectfully submit that final determination of the details of Phase Two need not be decided at this time. Of course, the parties will confer further and provide more specifics regarding Phase Two whenever the Court requests them do so.

*/s/ Gregory Zarzaur*

Gregory Zarzaur (ASB-0759-E45Z)
Denise Wiginton (ASB-5905-D27W)
Kelsie Overton (ASB-1791-F80L)
**ZAR.LAW**
2850 Cahaba Road, Suite 220
Birmingham, Alabama 35223
T: (205) 983-7985
E: gregory@zarzaur.com
denise@zarzaur.com
kelsie@zarzaur.com

Kimberly Lambert Adams*
James Michael Papantonio*
**LEVIN PAPANTONIO RAFFERTY**
316 S. Bavlen Street, Suite 600
Pensacola, FL 32502
T: (850) 435-7056
E: kadams@levinlaw.com
mpapantonio@levinlaw.com
*pro hac vice*

Benjamin W. Bull*
Dani Bianculli Pinter*
Christen M. Price*
Peter A. Gentala*
**NATIONAL CENTER ON SEXUAL**

Joshua P. Hayes
Daniel Blake Williams
**PRINCE GLOVER HAYES**
701 Rice Mine Road
Tuscaloosa, Alabama 35406
T: (205) 345-1234
E: jhayes@princelaw.net
bwilliams@princelaw.net

Victor Paul Bucci II*
Gaetano D'Andrea*
Jill P. Roth*
M. Stewart Ryan*
Alexandria MacMaster*
**LAFFEY BUCCI D'ANDREA REICH & RYAN**
1100 Ludlow Street, Suite 300
Philadelphia, PA 19107
T: (215) 399-9255
E: pbucci@lbk-law.com
gdandrea@lbk-law.com
jroth@lbk-law.com
sryan@lbk-law.com
amacmaster@lbk-law.com
*pro hac vice*

Kevin Dooley Kent*
Mark B. Schoeller*
Vanessa Huber*
**CLARK HILL, PLC**
2 Commerce Square, Ste. 2620

7

**EXPLOITATION**
1201 F Street NW, Suite 200
Washington, D.C. 20004
T: (202) 393-7245
E: lawcenter@ncose.com
*pro hac vice*

Philadelphia, PA 19103
T: (215) 640-8412
E: kkent@clarkhill.com
mschoeller@clarkhill.com
vhuber@clarkhill.com
*pro hac vice*

*Counsel for the Plaintiffs*

/s/ Sara Turner

Sara M. Turner (ASB-4388-R58T)
**BAKER, DONELSON,
BEARMAN, CALDWELL &
BERKOWITZ, P.C.**
1901 Sixth Avenue North
Suite 2600
Birmingham, Alabama 35203
Tel: (205) 328-0480
Fax: (205) 322-8007
smturner@bakerdonelson.com

Seth R. Goldman*
**MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY and POPEO, P.C.**
919 Third Avenue
New York, New York 10022
Tel: (212) 692-6845
Fax: (212) 983-3115
SRGoldman@mintz.com
*Pro Hac Vice*

Kevin M. McGinty*
**MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY and POPEO, P.C.**
One Financial Center
Boston, Massachusetts 02111
Tel. (617) 348-1688
Fax. (617) 542-2241
KMMcginty@mintz.com
*Pro Hac Vice*

Arameh Zargham O'Boyle*
Esteban Morales*
**MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY and POPEO, P.C.**
2049 Century Park East, Suite 300
Los Angeles, California 90067
Tel:  (310) 586-3200
Fax: (310) 586-3200
AZOboyle@mintz.com
Emorales@mintz.com
*Pro Hac Vice*

*Counsel for Defendants MG Freesites Ltd, MG Freesites II, Ltd, MindGeek S.à r.l., MindGeek
USA Incorporated, MG CY Holdings Ltd, MG Content RT Limited, 9219-1568 Quebec Inc., and
MG Billing Limited*

8