FILED

2025 Jul-14  PM 12:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| JANE DOE #1, on behalf of herself and all others similarly situated,<br><br>               Plaintiffs,<br><br>     v.<br><br>MG FREESITES, LTD, d/b/a "PORNHUB"; MG FREESITES II LTD; MINDGEEK S.A.R.L.; MINDGEEK USA INCORPORATED; MG CY HOLDINGS LTD; MINDGEEK CONTENT RT LIMITED; 9219-1568 QUEBEC, INC., d/b/a MINDGEEK; MG BILLING LTD,<br><br>               Defendants. | CIVIL ACTION NO:<br>7:21-cv-00220-RDP<br><br><br>Honorable Chief Judge R. David Proctor |

## <u>REPLY IN SUPPORT OF DEFENDANTS' MOTION TO CONTINUE TRIAL</u>

Defendants MindGeek S.à r.l., MG Freesites Ltd, MG Freesites II Ltd, MindGeek USA Inc., MG CY Holdings Ltd, MindGeek Content RT Ltd, 9219-1568 Quebec Inc., and MG Billing Ltd (collectively, "Defendants") submit this Reply in support of their Motion to Continue Trial ("Motion"). Doc. 302.[1] Plaintiff's Opposition argues that continuation of the trial in this action will permit CSAM to continue to proliferate on Defendant's websites. That is categorically false. As Plaintiff is well aware, Defendants' robust Trust and Safety measures prevent any content depicting minors to be uploaded to its websites. Additionally, Defendant's primary expert, Sherrie Caltagirone is entirely unavailable September 7, 2025 – September 12, 2025, due a previously scheduled professional engagement, and her absence from trial will severely prejudice Defendants.

---

[1] Defendants' submission as Doc. 302 also sought continuance of the pretrial conference, which part of the Motion the Court granted. The Court deferred decision on the request to continue the trial date until the date of the continued pretrial conference. This memorandum is in support of that portion of the relief sought in Doc. 302.

Finally, Defendants' lead local counsel, who has been closely involved in this action since its inception and is anticipated to play a significant role at trial, is scheduled to be in trial in two other cases in Philadelphia in September. For these reasons, Defendants request a continuance of the currently scheduled trial date.

I.    **Continuation of the trial will not result in child exploitation due to Defendants' extensive trust and safety measures.**

Plaintiff's argument that the trial date should not be continued because doing so would subject children to exploitation via Defendants' websites improperly prejudges the merits of the dispute to be tried in a manner wholly inconsistent with the facts of record. Defendants have always had a zero-tolerance policy towards content featuring persons under the age of 18. Defendants have implemented robust Trust and Safety measures to combat and prevent CSAM on their platforms. Defendants' evolving Trust and Safety measures make it virtually impossible for any content depicting minors to be uploaded and viewed on their websites. Defendants' use of CSAM detection technology, identity verification measures, and human moderators allows for the identification and removal of potential CSAM as well as the banning of users who upload the content.

Defendants' efforts to combat CSAM are persistent and continuously evolving. In order to upload content to Pornhub.com, an uploader must create an account and provide identification documentation that is verified using sophisticated and robust tools. Uploaders must also submit identification documentation for anyone else appearing in the content, as well as proof of consent forms for all performers and co-performers. As of June 30, 2025, any videos that do not meet these verification requirements were removed from the platform. Content identified as potential CSAM is fingerprinted to prevent re-upload and reported to the National Center for Missing and Exploited

Children (NCMEC).[2]

Defendants' websites utilize safety and moderation practices which are considered the best in the industry. As Defense expert Sherrie Caltagirone's expert report notes, relative to other adult entertainment companies, Defendant is an industry leader with respect to their content moderation program. Defendants' combination of hash matching, AI or machine learning tools, and human content moderation are unmatched in the industry. Defendants' content moderation practices and procedures are not only reasonable relative to the adult entertainment industry but also far exceed the tools used by peer companies. Defendants take seriously and share Plaintiff's goal to protect children from having CSAM depicting them appear on any websites operated by a MindGeek company. Because of the practices and procedures used by Defendants, continuing the trial date will not pose the risk of further victimization that Plaintiff now alleges.

## II.    Defendants will be severely prejudiced if trial is not continued to accommodate the schedule of their expert, Sherrie Caltagirone.

Sherrie Caltagirone, founder and executive director of the Global Emancipation Network, is critical to Defendants' ability to rebut Plaintiff's allegations and her absence at trial will severely prejudice Defendants. Sherrie Caltagirone is currently unavailable from Sunday September 7, 2025, through Friday September 12, 2025. She is presenting and teaching at Splunk's annual conference in Boston.[3] Because she is running presentations and workshops throughout the week at the conference, Ms. Caltagirone will be unavailable during the day to appear via Zoom. This conflict is unavoidable as it cannot be rescheduled or missed. Defendants will be prejudiced if they are unable to present Ms. Caltagirone's testimony live to the jury.

---

[2] https://help.pornhub.com/hc/en-us/articles/33098088051475-2024-Transparency-Report-First-Half

[3] https://www.splunk.com/en_us/customers/success-stories/global-emancipation-network.html

Good cause exists to continue the trial to allow Ms. Caltagirone to participate. Sherrie Caltagirone is a central expert witness in Defendants' case, testifying to Defendants' extensive Trust and Safety measures and industry-leading practices to combat and prevent the dissemination of CSAM on its websites. This evidence is critical to rebut Plaintiff's allegations of willful ignorance by Defendants. Her testimony is also pertinent to the defense of Plaintiff's demand for injunctive relief and, not coincidentally, addresses the primary ground that Plaintiff advances in opposition to this motion.

Immediately following this Court's scheduling of a September 2, 2025 trial, Defense counsel contacted Ms. Caltagirone to notify her of the trial setting. Upon learning of Ms. Caltagirone's unavoidable conflict, Defendants immediately notified the Court via their Motion to Continue, filed on June 20, 2025. *See* Doc. 299. Should the Court grant a brief continuance to accommodate Ms. Caltagirone's schedule, Ms. Caltagirone will be able to attend trial to provide expert testimony critical to Defendants' case.

### III.    Sara M. Turner's presence at trial is critical to the Defendants' presentation of their case.

Sara M. Turner is lead local counsel in this case, and her presence at trial is critical to the presentation of Defendants' case. Ms. Turner is not only the most familiar with the local region from which the jury pool will be drawn, she was also one of the defense counsel that argued before the Eleventh Circuit in the seminal cases *Jane Does #1 – #4 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021),[4] concerning 18 U.S.C. § 1595 claims, which are binding on this Court. She has appeared before numerous federal district courts as well as the JPML with respect to her defense

---

[4] There were four cases (one for each of the Jane Doe plaintiffs) pending before the Eleventh Circuit, which issued a single consolidated opinion addressing all four cases. Ms. Turner argued in three of these cases.

of human trafficking civil claims. Her ability to be involved in the trial of this matter is critical to Defendants. Significantly, she is the only member of the Defense counsel's team that has been involved with this matter from its inception and has experience litigating these cases against many of these same plaintiffs' lawyers in other jurisdictions. There is no question that her absence would be a stark advantage to Plaintiff's counsel in this case.

While it is true that a trial date certain has not yet been provided by the court in the *J.H.* and *S.W.* cases pending in Philadelphia state court, that is merely a function of the manner in which the state courts in Philadelphia set cases for trial. The currently pending orders of the Philadelphia court mandate that counsel be prepared to take both of those cases to trial during the September trial term, which directly conflicts with the case schedule of this trial. While Ms. Turner has alerted the court in the cases of *J.H.* and *S.W.* of this Court's conflicting trial setting, the Philadelphia court has not taken any action as of the date of this filing to reschedule the trial setting of those cases, both of which were set for the September trial term long before this one. That summary judgment motions that are presently pending in *J.H.* and *S.W.* in no way permits Ms. Turner's client or her trial team to ignore the need to be prepared to try those cases beginning during a two-to-three-week period in September, as the Philadelphia court has ordered. These considerations, combined with the unavailability of Defendants' expert Sherrie Caltagirone, explain why the parties have filed the present motion to continue in this Court. Regardless, the fact that lead local counsel has been and will be required to engage in trial preparation for multiple cases at the same time is highly prejudicial and has the potential to negatively impact Defendants' ability to present a robust defense here.

## IV.     Conclusion

Defendants respectfully request that this Court continue the trial of this action presently set for September 2, 2025.

Dated: July 14, 2025

Respectfully submitted,

*/s/ Sara M. Turner*

Sara M. Turner (ASB-4388-R58T)
**BAKER, DONELSON,
BEARMAN, CALDWELL &
BERKOWITZ, P.C.**
1901 Sixth Street North
Suite 2600
Birmingham, Alabama 35203
Tel: (205) 328-0480
Fax: (205) 322-8007
smturner@bakerdonelson.com

*Counsel for MG Freesites Ltd, MG Freesites II, Ltd, MindGeek S.à r.l., MindGeek USA Incorporated, MG CY Holdings Ltd, MG Content RT Limited, 9219-1568 Quebec Inc., and MG Billing Limited*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on July 14, 2025, the document was filed conventionally with the Clerk of the United States District Court for the Northern District of Alabama and that copies of the sealed documents it references have been served electronically by Defendants to all participants of record.

*/s/ Sara M. Turner*
Sara M. Turner