UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JANE DOE # 1, on behalf of herself and all others similarly situated, | } } } |
| Plaintiff, | } } |
| v. | } Case No.: 7:21-cv-00220-RDP } |
| MG FREESITES LTD, d/b/a "PORNHUB" et al., | } } } |
| Defendants. | } |

# MEMORANDUM OPINION AND ORDER

This matter is before the court on the Motion to Intervene and Request for Leave to File a Brief as Amicus Curiae filed by Tim Fredrickson. (Doc. # 305). For the reasons explained below, the Motion (Doc. # 305) is due to be denied.

**I.    Background**

On February 11, 2021, Plaintiff, on behalf of herself and all others similarly situated, filed this action against Defendants alleging that Defendants violated federal sex trafficking and child pornography laws by owning, operating, and profiting from websites that provide public video platforms to share and view illegal child sexual abuse material ("CSAM"). (*See* Docs. # 1, 22). After four years of litigation and ruling on various dispositive motions, the court held a status conference with the parties on July 15, 2025 to discuss setting this matter for trial. At the status conference, the parties informed the court that they are actively engaged in settlement discussions.

On August 12, 2025, Fredrickson filed the instant motion. (Doc. # 305). Fredrickson's motion to intervene is difficult for the court to decipher. He states that he "realistically fears that at any moment prosecutors will subpoena PornHub.com's business records and thereby obtain [IP]

addresses to learn who even unwittingly viewed what was believed to be legal adult images – and bring criminal charges" and he "is now unequivocally chilled from observing any adult content on any medium." (*Id.* at 1). He further states that he "has an interest in the outcome of this case, or at least foundational procedural rulings, and will extend a defense that does not depend on the defendant's associational standing to protect citizens." (*Id.*).

Fredrickson's proposed amicus brief is equally as difficult to decipher. (*See* Doc. # 305-1). The brief appears to generally discuss the intersection between pornography (particularly, CSAM) and First Amendment rights. (*See generally id.*).

## II.     Discussion

A party wishing to intervene in an action has two options: intervention as of right under Federal Rule of Civil Procedure 24(a) and intervention by permission under Rule 24(b). *See* Fed. R. Civ. P. 24. Fredrickson has not specified whether he seeks to intervene as of right or by permission. (*See* Doc. # 305 at 1 ("requesting that this court permit intervention in the above captioned case pursuant to Civil Rule 24")). Therefore, the court evaluates both types of intervention. After addressing whether Fredrickson may intervene under Rule 24 (a) or (b), the court considers whether Fredrickson should be granted leave to file his amicus curiae brief.

### A.     Intervention of Right

Federal Rule of Civil Procedure 24(a) allows for intervention of right and details when the court should allow it:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

2

Fed. R. Civ. P. 24(a). There is no federal statute conferring an unconditional right to intervene in this case; therefore, the court must look to the tests developed to decide if a party may intervene under Rule 24(a)(2).

Rule 24(a)(2) requires that a party establish each of the following in order to intervene as a matter of right: (1) the application to intervene is timely; (2) the party "has an interest relating to the property or transaction which is the subject of the action;" (3) the party "is so situated that the disposition of the action, as a practical matter, may impede or impair his ability to protect that interest;" and (4) the party's "interest is represented inadequately by the existing parties to the suit." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).

In determining whether a motion to intervene is timely, a court should consider the following factors:

> (1) the length of time during which the proposed intervenor knew or reasonably should have known of the interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if the motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that their motion was timely.

*Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1250 (11th Cir. 2002). The same analysis applies whether the court is considering a motion for intervention as a matter of right or permissive intervention. *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1516 (11th Cir. 1983).

The instant case was filed on February 11, 2021. (Doc. # 1). Fredrickson filed his motion to intervene on August 12, 2025. (Doc. # 305). Thus, Fredrickson seeks to intervene over four years after this case was commenced. His motion is clearly untimely.

Even if Fredrickson's motion was timely, he has not shown that he has an "interest in the subject matter of the litigation [that] is direct, substantial and legally protectable." *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (quoting *Georgia*, 302 F.3d

3

at 1249). "A legally protectable interest is an interest that derives from a legal right." *Id.* To be clear, CSAM is illegal contraband as it stems from the sexual abuse of a child; it is not protected under the First Amendment. *See* 18 U.S.C. §§ 2251, 2252; *New York v. Ferber*, 458 U.S. 747, 764 (1982). Thus, to the extent Fredrickson asserts that he is entitled to some sort of immunity related to the distribution, receipt, or possession of CSAM, no such immunity exists. Accordingly, Fredrickson's motion to intervene as a matter of right is due to be denied.

### B. Permissive Intervention

Federal Rule of Civil Procedure 24(b) permits a party to intervene if, by timely motion, the party asserts "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Ultimately, the decision to allow a party to permissively intervene is "wholly discretionary with the court." *Worlds v. Dep't of Health and Rehabilitative Servs.*, 929 F.2d 591, 595 (11th Cir. 1991). "In exercising its discretion [to allow permissive intervention under Rule 24(b)] the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(3); *see also Georgia*, F.3d at 1250; *Chiles*, 865 F.2d at 1213.

As explained above, (1) Fredrickson's motion is clearly untimely and (2) he has not shown that he has a legally protectable interest in this case. Moreover, even if his motion was timely and he had a legally protectable interest, allowing intervention at the eleventh hour of this aged litigation would unduly delay and prejudice the adjudication of the rights of the original parties, and could delay or adversely affect settlement negotiations or proceedings. Therefore, the court concludes that Fredrickson should not be allowed to intervene under Rule 24(b).

### C. Amicus Curiae Brief

Amicus curiae briefs are proffered more frequently in circuit courts (or even the Supreme Court) than in district courts. One court has suggested that "[d]istrict courts have inherent authority to appoint or deny *amici* which is derived from Rule 29 of the Federal Rules of Appellate Procedure." *Mobile Cnty. Water, Sewer, & Fire Prot. Auth., Inc. v. Mobile Area Water & Sewer Sys., Inc.*, 567 F. Supp. 2d 1342, 1344 n.1 (S.D. Ala. 2008) (quoting *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008)). Rule 29 of the Federal Rules of Appellate Procedure requires that the proposed brief state "the movant's interest" and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3). Although the movant's interest and the relevance of the amicus brief are considered, ultimately the decision whether to permit the filing of an amicus brief is within the district court's discretion. *Maples v. Thomas*, 2013 WL 5350669, at *2-3 (N.D. Ala. Sept. 23, 2013).

After reviewing Fredrickson's proposed amicus curiae brief, the court concludes that the information in the brief would not be helpful to the court in adjudicating this action. Therefore, Fredrickson's motion to file his amicus curiae brief is due to be denied.

### III. Conclusion

For the foregoing reasons, Fredrickson's Motion (Doc. # 305) is **DENIED**.

**DONE** and **ORDERED** this August 14, 2025.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE