FILED
2026 Nov-04 PM 08:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

FILED
2026 OCT 29 P 3:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

JANE DOE #1, on behalf of herself and all others similarly situated,

Plaintiffs,

v.

MG FREESITES, LTD, d/b/a "PORNHUB"; MG FREESITES II LTD; MINDGEEK S.A.R.L.; MINDGEEK USA INCORPORATED; MG CY HOLDINGS LTD; MINDGEEK CONTENT RT LIMITED; 9219-1568 QUEBEC, INC., d/b/a MINDGEEK; MG BILLING LTD,

Defendants.

CIVIL ACTION NO: 7:21-cv-00220-ACA

Honorable Annemarie Carney Axon

**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL**

Defendants MG Freesites Ltd, MG Freesites II, Ltd, MindGeek S.à r.l., MindGeek USA Incorporated, MG CY Holdings Ltd, MG Content RT Limited, 9219-1568 Quebec Inc., and MG Billing Limited (collectively "Defendants" or "Aylo") respectfully move this Court, pursuant to the Protective Order entered in this action (ECF No. 61), for an order granting leave to file under seal: (1) Defendants' Motion for Temporary Restraining Order Restricting Publication of Sealed Information (the "TRO Motion" or "TRO Mot."); (2) the Declaration of Kevin M. McGinty in Support of the TRO Motion (the "McGinty Declaration" or "McGinty Decl.") and Exhibit A thereto; and (3) the Declaration of Anthony Penhale in Support of the TRO Motion (the "Penhale Declaration" or "Penhale Decl.," and together with the McGinty Declaration, the "Declarations") and Exhibit A thereto (collectively, the "Sealed Filings"). The TRO Motion seeks to prevent the publication of materials that this Court ordered filed and maintained under seal, but that became publicly accessible for a period solely because of an administrative error in the docketing of those materials. The Sealed Filings necessarily describe, quote, and characterize the sealed materials and identify individuals whose privacy and safety the Court's sealing order protects. Filing them on the public record would accomplish the very disclosure the TRO Motion seeks to prevent.

## RELEVANT BACKGROUND

### A. The Protective and Sealing Orders

Plaintiff commenced this action on February 11, 2021. Shortly thereafter, the Court granted Plaintiff leave to proceed pseudonymously, finding that Plaintiff's privacy interests outweighed the presumption of open judicial proceedings. ECF No. 7 at 5.

On June 2, 2022, the Court entered a Protective Order requiring the parties to redact Plaintiff's identifying information from public filings and prohibiting the public filing of protected material absent leave of Court. ECF No. 61 ¶ 13.3.

On September 12, 2024, Plaintiff filed exhibits in support of her motion for partial summary judgment. McGinty Decl. ¶ 4. Pursuant to the Protective Order, Plaintiff moved to file those exhibits under seal, and the Court granted the request, ordering the exhibits maintained under seal (the "Sealing Order"). ECF Nos. 224, 229. The sealed exhibits contain highly sensitive information, including identifying information concerning individuals who allege they were depicted in child sexual abuse material, as well as Defendants' confidential business information. McGinty Decl. ¶¶ 5–6.

All exhibits were designated and filed as sealed materials, and the Sealing Order remains in full force and effect. *Id.* ¶¶ 7–8. The Court has never determined that any portion of the exhibits should be publicly disclosed. *Id.* The Sealing Order

protects not only Plaintiff's privacy interests, but also the safety and privacy of Aylo employees identified in the materials. Penhale Decl. ¶¶ 6–8.

**B. The Docketing Error**

Although all 122 exhibits associated with Dkt. 235 were intended to be filed under seal, only the first set of exhibits was successfully restricted on the Court's electronic docket. McGinty Decl. ¶¶ 10–11. Due to an administrative error, the remaining exhibits were publicly accessible from September 12, 2024 until May 5, 2025.

**C. Defendants' Remedial Efforts**

Since discovering the disclosure, Defendants have undertaken substantial efforts to contain further dissemination. *Id.* ¶ 17. Defendants secured removal of the materials from third-party platforms and, with the Court's approval, issued subpoenas to numerous entities that may have obtained or retained copies of the sealed documents, including legal research services, docket-monitoring platforms, news organizations, and the PACER Service Center. *Id.* ¶¶ 18–19.

**D. Settlement and Retained Jurisdiction**

The parties subsequently resolved this action and a related California class action through a proposed class-wide settlement. *Id.* ¶ 21. On June 12, 2026, the Court administratively closed this matter pending settlement approval while expressly retaining jurisdiction. ECF No. 312; McGinty Decl. ¶ 22. A preliminary

approval hearing is presently scheduled in the California Action for November 6, 2026. *Id.* ¶ 23.

### E. The ICIJ Inquiry and This Motion

On October 21, 2026, David Kenner of the International Consortium of Investigative Journalists ("ICIJ") informed Aylo that he had reviewed documents that he understood had been released in this litigation. Penhale Decl. ¶¶ 11–14. His inquiry quoted and referenced information contained in exhibits subject to the Sealing Order, including internal communications, deposition testimony, and employee-identifying information. *Id.* Defendants' counsel advised Mr. Kenner that the referenced materials remain subject to the Sealing Order and requested that he destroy any copies and refrain from publishing information derived from them. McGinty Decl. ¶¶ 28–29; Penhale Decl. ¶¶ 17–18. Mr. Kenner has not responded. McGinty Decl. ¶¶ 30–31; Penhale Decl. ¶¶ 19–20.

Defendants initially raised this issue by confidential letter on October 28, 2026. ECF No. 313. The Court construed that submission as a TRO application and denied it without prejudice for procedural reasons. ECF No. 315. Defendants now renew their request with supporting declarations and evidence concerning their communications with Mr. Kenner and ICIJ. Plaintiff does not oppose the motion.

## LEGAL STANDARD

Attachments to pretrial motions that require judicial resolution on the merits are subject to the common law right of access to judicial proceedings. *See Chicago Tribune* v. *Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). A party may overcome the common-law right of access by a showing of good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). "In determining whether to seal court filings and other materials, a district court must balance competing interests—a party's interest in keeping information confidential and the public's legitimate interest in the subject matter and conduct of the proceedings." *See United States v. Lee Mem'l Health Sys.*, 2018 WL 4492271, at *4 (M.D. Fla. Sept. 19, 2018) (*citing Chicago Tribune Co.*, 263 F.3d at 1315). Specifically, the Eleventh Circuit has explained:

> [C]ourts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *See In re Alexander Grant Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987); *Shingara v. Skiles*, 420 F.3d 301, 305–06 (3d Cir. 2005); [*United States v.*] *Amodeo*, 71 F.3d [1044,] 1050–51 [(11th Cir. 1995)]. A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 HARV. L. REV. 427, 464–74 (1991).

*Romero*, 480 F.3d at 1246 (11th Cir. 2007).

Courts in the Eleventh Circuit have long recognized that, even during litigation, there remain strong individual privacy interests, such as in one's medical records and information. *Carbiener v. Lender Processing Servs., Inc.*, etc., No. 13-cv-970, 2015 WL 12835680, at *2 (M.D. Fla. Mar. 6, 2015) (*citing OPIS Mgmt. Resources, LLC v. Sec., Fla. Agency for Health Care Admin.*, 713 F.3d 1291, 1294 (11th Cir. 2013)). Indeed, certain subject matters have been found to implicate unique individual privacy concerns. *E.g. Globe Newspaper v. Superior Court*, 457 U.S. 596, 607 (1982) (recognizing the governmental interest in the protection of minor victims of sex crimes from further trauma and embarrassment).

Additionally, courts routinely permit parties to file confidential business information under seal where public access could "violate the parties' privacy or proprietary interests." *Patent Asset Licensing LLC, v. Bright House Networks, LLC*, No. 15-cv-742, 2016 WL 2991057, at *2 (M.D. Fla. May 24, 2016). The same is true for sensitive and confidential business information that is proprietary. *See, e.g., Corbett v. Transportation Security Administration*, 767 F.3d 1171, 1183 (11th Cir. 2014) (sealing operations manual for advanced imaging scanner because it expressly prohibited disclosure and required written permission for reproduction); *Local Access, LLC v. Peerless Network, Inc.*, No. 14-cv-399, 2017 WL 2021761, *2–3 (M.D. Fla. May 12, 2017) (permitting sealing of proprietary financial and business information). Lastly, courts have always carefully guarded trade secrets. *Barnes v.*

*Woodard*, No. 20-cv-00230, 2020 WL 6273895, at *2 (M.D. Ala. Oct. 26, 2020), *citing Beard v. Dolgencorp, LLC*, No. 10-cv-1956, 2013 WL 12253571, at *3 (N.D. Ala. Mar. 29, 2013).

## ARGUMENT

### A. The Sealed Filings Concern Information This Court Has Already Ordered Sealed.

Sealing is warranted because the Court has already determined that the Dkt. 235 materials should remain under seal. In entering the Sealing Order, the Court found that the exhibits contained sensitive information concerning individuals who allege they were depicted in child sexual abuse materials ("CSAM"), as well as Defendants' confidential, proprietary, and trade-secret information, including employee identities. ECF Nos. 224, 229; McGinty Decl. ¶¶ 4–8.

The Sealed Filings necessarily discuss, describe, and, in some instances, reproduce information contained in those materials, including the categories of protected information they contain, the documents and testimony on which Mr. Kenner's inquiries rely, and the identities of Aylo employees identified therein. Public filing would disclose indirectly what the Sealing Order prohibits disclosing directly.

The Protective Order independently supports sealing. It requires redaction of identifying information concerning Plaintiff and prohibits the public filing of protected material absent filing under seal. ECF No. 61 ¶ 13.3. Information already

designated confidential and sealed does not lose that protection merely because it is later described, quoted, or summarized.

**B. Public Filing Would Frustrate the Relief Sought and Create a Significant Risk of Harm.**

The TRO Motion seeks to prevent publication of sealed information and information derived from it before further disclosure occurs. Publicly filing the Motion and supporting papers would defeat that objective by placing the disputed information into the public record.

The risk is not hypothetical. The Dkt. 235 filing error already resulted in third-party access to sealed materials, publication concerning those materials, and possession of the exhibits by a media organization. McGinty Decl. ¶¶ 15–20, 24–26. Once disclosed, sealed information cannot be effectively retrieved. Penhale Decl. ¶ 21.

The interests favoring sealing are substantial. The filings concern protected court records, identifiable individuals, and Aylo employees who have been subjected to threats and harassment. They also discuss information whose public disclosure would undermine the Court's ability to enforce its Sealing Order and preserve the effectiveness of the relief requested. By contrast, sealing will not deprive interested parties of notice or an opportunity to be heard because Defendants are serving redacted copies on Mr. Kenner and counsel and have requested expedited proceedings as necessary.

### C. Each Filing Warrants Sealing.

Each of the Sealed Filings relies upon, quotes, summarizes, or otherwise reveals information protected by the Sealing Order and Protective Order.

The TRO Motion describes the sealed materials and the harms arising from their potential disclosure. The McGinty Declaration recounts the Sealing Order, the inadvertent public filing, the resulting dissemination of sealed materials, and Defendants' remedial efforts. The Penhale Declaration discusses the confidential information contained in the sealed exhibits, the identities and safety concerns of Aylo personnel, and the information reflected in Mr. Kenner's communications. The accompanying exhibits contain communications that reference sealed materials, identify Aylo employees, discuss confidential information, and disclose sensitive information concerning non-parties.

Because the protected information is intertwined throughout these submissions, each filing independently warrants sealing.

### D. No Less Restrictive Alternative Is Adequate

Redaction is not a practical alternative. The protected information permeates the Sealed Filings, including discussions of the sealed exhibits, information derived from those exhibits, and the identities of protected individuals. Redactions sufficient to eliminate the protected information would leave little meaningful content for

public filing, while more limited redactions would risk disclosure of the very information the Sealing Order and TRO Motion seek to protect.

The requested relief is narrowly tailored. Defendants are providing appropriately redacted copies to Mr. Kenner and otherwise seek sealing only to the extent necessary to protect information already subject to the Court's Sealing Order and Protective Order. Should the Court determine that any portion of the filings should appear on the public docket, Defendants request leave to file public versions with appropriate redactions.

## CONCLUSION

Defendants respectfully request that this Court enter an order granting leave for Defendants to file under seal the above-referenced materials.

Dated: October 29, 2026

Respectfully submitted,

John D. Saxon, Jr. (ASB-5374-H63S)
Sara M. Turner (ASB-4388-R58T)
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
1901 Sixth Street North
Suite 2600
Birmingham, Alabama 35203
Tel: (205) 328-0480

Fax: (205) 322-8007
smturner@bakerdonelson.com

Kevin M. McGinty (*pro hac vice*)
**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
KMMcginty@mintz.com
Massachusetts Bar 556780
One Financial Center
Boston, Massachusetts 02111
Phone: (617) 348-1688
Fax: (617) 542-2241

Arameh Z. O'Boyle (*pro hac vice*)
azoboyle@mintz.com
Esteban Morales (*pro hac vice*)
emorales@mintz.com
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Phone: (310) 586-3200

Seth M. Goldman (*pro hac vice*)
srgoldman@mintz.com
919 Third Avenue
New York, NY 10022
Phone: (212) 935-3000

*Counsel for MG Freesites Ltd, MG Freesites II Ltd, MindGeek S.à r.l., MindGeek USA Incorporated, MG CY Holdings Ltd, MindGeek Content RT Limited, 9219-1568 Quebec Inc., and MG Billing Limited*

**CERTIFICATE OF SERVICE**

I certify that on this day, October 29, 2026, this document was filed with the Clerk of the United States District Court for the Northern District of Alabama and will be served electronically by the Defendants to all participants of record.

John D. Saxon, Jr.