FILED
2026 Nov-03 PM 04:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JANE DOE #1, *et al.*,** | ] | |
| | ] | |
| **Plaintiffs,** | ] | |
| | ] | |
| **v.** | ] | **7:21-cv-220-ACA** |
| | ] | |
| **MG FREESITES LTD, *et al.*,** | ] | |
| | ] | |
| **Defendants.** | ] | |

# ORDER

Non-parties International Consortium of Investigative Journalists ("ICIJ") and David Kenner move to file their response to the motion for a temporary restraining order under seal. (Doc. 327). They state that they "do not believe that sealing . . . is necessary or legally appropriate" but they nevertheless seek to file their response under seal because (1) the motion for a temporary restraining order was filed under seal and (2) the court has entered a "sealing order." (Doc. 327 at 1–2).

First, although ICIJ and Mr. Kenner filed the motion to seal at 12:01 PM on November 3, 2026 (*id.*), they did not file the response in conventional paper format until 3:35 PM that day.

Second, the court has not entered an order sealing all documents in this case, or even all documents relating to the motion for a temporary restraining order. A party seeking to seal a document and thereby overcome the public's right of access

to judicial records must establish that good cause warrants sealing the document. *See Comm'r, Ala. Dep't of Corr. v. Advance Loc. Media, LLC*, 918 F.3d 1161, 1169 (11th Cir. 2019); *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021). ICIJ and Mr. Kenner's disavowal of any belief that sealing is necessary does not establish the requisite good cause. The court therefore **DENIES** the motion.

Although the court recognizes the narrow grounds upon which sealing judicial records is appropriate, Defendants MG Freesites LTD, Mindgeek S.A.R.L., Mindgeek USA Incorporated, MG CY Holdings LTD, Mindgeek Content RT Limited, 9219-1568 Quebec Inc., and MG Billing LTD (collectively, "Aylo") has consistently asserted that documents relating to the motion for a temporary restraining order should be filed under seal. The court will defer entering the response on the docket to allow Aylo time to review it and determine whether an appropriate basis for moving to seal it exists. If Aylo files a motion to seal, that motion must address the good cause standard set out in Eleventh Circuit precedent and identify the specific parts of the response brief that should be sealed under that standard. The motion should also address why redacting sensitive information is not sufficient. That motion is due **on or before 3:35 PM on November 4, 2026**.

**DONE** and **ORDERED** this November 3, 2026.

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE